UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE:<br><br>    LYMAN-CUTLER, LLC<br>           Debtor | )<br>)<br>)<br>)<br>) | Chapter 11<br>Case No. 15-13881 FJB |
| LYMAN-CUTLER, LLC,<br><br>           Plaintiff,<br><br>   v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP. and<br>PROEXCAVATION CORP.<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Case No. 1:16-ap-01120 |

## ALEX FILIPPOV AND NICK LIPETSKER'S MOTION TO INTERVENE

Alex Filippov ("Filippov") and Nick Lipetsker ("Lipetsker") are the two primary members of Debtor and Plaintiff Lyman-Cutler, LLC (the "Company"), together owning more than 97% of the interest in the Company. As the two primary owners, they have a direct interest in the disposition of these proceedings and, in particular, with regard to the fraudulent proofs of claim filed by Defendants Vadim Kagan, Tatiana Kagan, Kagan Development KDC Corp., and ProExcavation Corp. (together, the "Defendants"). Resolving these claims without the involvement of Filippov and Lipetsker will impair or impede their ability to protect their financial interest in the Company, particularly where the Company's dissolution date as set forth in the Operating Agreement has passed. Accordingly, pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(1)(B), made applicable to this proceeding through Fed. R. Bankr. P. 7024, Filippov and

Lipetsker respectfully move to intervene in the adversary proceeding and join the Company as plaintiffs against the Defendants.

## FACTUAL BACKGROUND

The underlying facts of this dispute are set forth in the Complaint filed by the Company and are incorporated herein by reference.  In sum, the Defendants, comprised of husband and wife Vadim and Tatiana Kagan and entities with whom they are affiliated or control, have acted together in a self-dealing conspiracy to defraud the Company and its two primary members, Filippov and Lipetsker, by knowingly and intentionally inflating purported construction charges and executing knowingly unauthorized and fraudulent contracts, including a purported contract between the Company and KDC and a listing agreement for two homes formerly owned by the Company.  The Kagans have caused KDC to file a wholly false and fraudulent mechanic's lien against the properties in a bad faith effort to force the Company to pay their fraudulent construction charges, which actions ultimately forced the Company to file for chapter 11 relief in this Court and to ultimately sell its only assets – two large single family homes – at a significant discount.

By the terms of the Operating Agreement, the Company was set to dissolve on November 30, 2015.  As a result of this specified dissolution date, the Court, in connection with the underlying bankruptcy proceeding, ruled that it is Filippov and Lipetsker, and not the Company, who have standing to object to and challenge the claims brought by the Defendants.  Because it is Filippov and Lipetsker who have standing to challenge the Defendants' criminally fraudulent

proofs of claim[1], they likewise have standing to assert the claims presented in this Adversary Proceeding.

## ARGUMENT

The Bankruptcy Rules of Civil Procedure permit a third party to intervene in an action as a matter of right when that third party claims an interest relating to the property that is the subject of the action, and is so situated that disposing of the action may impair or impede the third party's ability to protect its interest. *Fed. R. Bankr. P. 7024; see also Fed. R. Civ. P. 24(a)(2)*; *In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001) ("Intervention is appropriate as of right when the disposition of an action may impair or impede the applicant's cognizable interest"). A third party who "has a claim or defense that shares with the main action a common question of law or fact" may also intervene with the Court's permission. *Fed. R. Civ. P. 24(b)(1)(B)*.

Here, the claims brought in the adversary proceeding are challenges to the fraudulent claims asserted against the Company by the Defendants. The disposition of these claims will materially affect and be determinative of the financial interests of the Company's two primary members. Although the claims are brought against the Company, and it is the Company that originally brought this Adversary Proceeding, the Court's ruling that the Company lacks standing to object to the claims as a result of its dissolution date puts into question the Company's standing to challenge the claims through this Adversary Proceeding. If the Company does not have standing to challenge the claims through this Adversary Proceeding, it cannot adequately represent the interests of the two primary members. As a result, it is necessary for

---

[1] As the Bankruptcy Court's model proof of claim warned the Defendants, it is a crime to file a fraudulent proof of claim that carries a 5 year prison sentence. *18 U.S.C. § 152*.

Filippov and Lipetsker to intervene in this adversary proceeding and join as plaintiffs under Rules 19 and 24 to promote the efficient resolution of this dispute. *See Fed. R. Civ. P. 20(a)(1)(A) and (B)* (persons may join as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action"); *Local 589, Amalgamated Transit Union v. Mass. Bay Transp. Auth.*, 2015 U.S. Dist. LEXIS 157248, *7 (D. Mass. 2015) ("The purpose of permissive joinder is to promote trial convenience and expedite the final determination of disputes"); *Santiago Ortiz v. Rivera Lugo*, 503 B.R. 13, 16-17 (Bankr. D.P.R. 2013) (noting that permissive joinder should be liberally construed in order to promote the broadest scope of action consistent with fairness to the parties").

## CONCLUSION

For the foregoing reasons, the Court should allow Filippov and Lipetsker's motion to intervene and to join the Adversary Proceeding as plaintiffs against the Defendants.

        ALEX FILIPPOV and
        NICKOLAY LIPETSKER

        By their attorneys,

        */s/ Sean T. Carnathan*_____
        Sean T. Carnathan (BBO # 636889)
        *scarnathan@ocmlaw.net*
        Joseph Calandrelli (BBO #666128)
        *jcalandrelli@ocmlaw.net*
        O'Connor Carnathan and Mack LLC
        1 Van De Graaff Drive, Suite 104
        Burlington, MA 01803
        Telephone:  781.359.9000
        Facsimile:  781.359.9001

Dated:  July 22, 2016

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 22, 2016.

*/s/ Sean T. Carnathan*

4815-9165-5477, v. 2