| CLERK'S NOTICE | DOCKET NUMBER<br>1581CV03977 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Lyman-Cutler, LLC et al vs. Vadim Kagan et al | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| TO:<br>Sean Terrance Carnathan, Esq.<br>O'Connor, Carnathan and Mack LLC<br>Landmark One<br>1 Van de Graaff Dr., Suite 104<br>Burlington, MA 01803 | | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |

You are hereby notified that on 10/06/2015 the following entry was made on the above referenced docket:

MEMORANDUM & ORDER:

MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS: Which see (6) pages ORDER: Defendants' motion to dismiss are both ALLOWED IN PART with respect to the claim for fraud in Count IV of Plaintiffs' and the claim for conspiracy in Count V, which are hereby dismissed without prejudice, and are both DENIED IN PART with respect to the other claims asserted in the complaint. Dated: October 2, 2015

| DATE ISSUED<br>10/06/2015 | ASSOCIATE JUSTICE/ ASSISTANT CLERK<br>Hon. Kenneth W Salinger | | SESSION PHONE#<br>(781)939-2745 |
|---|---|---|---|

Date/Time Printed: 10-06-2015 11:22:20

SCV016_X1\ 08/2014

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                              SUPERIOR COURT.
                                                            1581CV03977

LYMAN-CUTLER, LLC, ALEX FILIPPOV, and NICKOLAY LIPETSKER

v.

VADIM KAGAN, TATIAN KAGAN, CENTURY 21 COMMONWEALTH,
KAGEN DEVELOPMENT KDC, CORP., and PROEXCAVATION CORP.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS

This case concerns the development, construction, and marketing of two single family homes in Brookline, Massachusetts. The Defendants have moved to dismiss all eleven claims asserted in this action. Defendant Century 21 Commonwealth filed its own motion to assert the claims against it in counts III, IV, V, VI, and IX. The other four defendants (the "Kagan Defendants") have separately moved to dismiss all claims against them.

**1. Legal Standard.** To survive a motion to dismiss under Mass. R. Civ. P. 12(b)(6), a complaint or counterclaim must allege facts that, if true, would "plausibly suggest[] ... an entitlement to relief." *Lopez* v. *Commonwealth*, 463 Mass. 696, 701 (2012), quoting *Iannacchino* v. *Ford Motor Co.*, 451 Mass. 623, 636 (2008), and *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 557 (2007). For the purpose of deciding the motion to dismiss the Bender Trust's counterclaims, the Court must assume that the factual allegations in the counterclaims and any reasonable inferences that may be drawn from the facts alleged are true. See *Golchin* v. *Liberty Mut. Ins. Co.*, 460 Mass. 222, 223 (2011). In so doing, however, it must "look beyond the conclusory allegations in the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief." *Curtis* v. *Herb Chambers I–95, Inc.*, 458 Mass. 674, 676 (2011).

"For purposes of surviving a motion to dismiss, ... a party may allege facts based on 'information and belief'" and the court must "assume the truth of such allegations." *Polay* v. *McMahon*, 468 Mass. 379, 383 n.5 (2014). Of course, a wholly conclusory allegation based on information and belief "will not suffice." *Bell Atl.*

*Corp.* v. *Twombly*, 550 U.S. at 551, 556 (ordering dismissal of antitrust complaint alleging on information and belief that defendants conspired to stifle competition). But "[t]he *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from "pleading facts alleged 'upon information and belief'" where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible" [internal citations omitted]. *Arista Records, LLC* v. *Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010), quoting *Boykin* v. *KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008).

  2. **Filippov's Authority to Sue on Behalf of the LLC.** There is no merit to the Kagan Defendant's assertion that Mr. Filippov lacked the power to initiate this suit on behalf of the LLC. By statute, members of an LLC may bring suit on behalf of and in the name of the LLC if they are authorized to sue by vote of members who own more than half of the LLC. See G.L. c. 156C, § 56(a). It is undisputed that Mr. Filippov owns 80 percent of the LLC. There is no statutory requirement that a formal vote be taken before initiating suit where, as here, a single member can decide to bring the suit. In any case, it is undisputed that after this suit was filed a formal member meeting took place at which Mr. Filippov and Mr. Lipetsker voted to authorize this suit. The assertion that Mr. Filippov's vote must be excluded under § 56(a) because his interest is adverse to the LLC is without merit. Filippov brought this suit seeking relief on behalf of the LLC. It is Mr. Kagan's vote that would have to be excluded, because he is making claims against and thus adverse to the LLC.

  3. **Claim-by-Claim Discussion.**

    3.1. **Breach of Contract against Vadim Kagan (Count I).** This claim asserts that Vadim Kagan breached his obligations under the contract that created Lyman-Cutler LLC (the "LLC"). The complaint states that the only plaintiff asserting this claim is the LLC.

  Mr. Kagan argues that the LLC cannot sue to enforce this contract because it was not a party to the contract. The Court disagrees. The allegations in the complaint plausibly suggest that the LLC was an intended beneficiary of Mr. Kagan's contractual obligations to the LLC and therefore may sue to enforce the

- 2 -

contract. Cf. *The James Family Charitable Foundation* v. *State Street Bank and Trust Co.*, 80 Mass. App. Ct. 720, 724 (2011). Indeed, since the recovery sought against Mr. Kagan belongs to the LLC, and not to individual members of the company, the contract claim must be asserted on behalf of the LLC. See *Fronk* v. *Fowler*, 456 Mass. 317, 333 n.23 (2010) (emphasis in original).

**3.2. Breach of Fiduciary Duty against Vadim Kagan (Count II).** Mr. Kagan's assertion that he cannot be sued for breach of fiduciary duty because plaintiffs maintain that he was not the managing member of the LLC is without merit. The complaint adequately alleges that the LLC is a "close corporation" because it had "(1) a small number of stockholders [or members]; (2) no ready market for the corporate stock; and (3) substantial majority stockholder participation in the management, direction and operations of the corporation." *Pointer* v. *Castellani*, 455 Mass. 537, 549 (2009 (applying close corporation standards to LLC), quoting *Brodie* v. *Jordan*, 447 Mass. 866, 868-69 (2006), and *Donahue* v. *Rodd Electrotype Co. of New England, Inc.*, 367 Mass. 578, 586 (1975). Members of a closely held LLC owed each other the same fiduciary duties that partners and that stockholders in any close corporation owe each other. *Id.*

**3.3. Aiding and Abetting Breach of Fiduciary Duty (Count III).** This claim asserts that all defendants other than Mr. Kagan aided and abetted his breach of fiduciary duty. The factual allegations of the complaint plausibly suggest that the other defendants knew of and substantially assisted Mr. Kagan's alleged breach of fiduciary duty. The complaint therefore states a proper claim for aiding and abetting the breach of fiduciary duty. See, e.g., *Arcidi* v. *National Ass'n of Govt. Employees, Inc.*, 447 Mass. 616, 623-624 (2006).

The further arguments by Century 21 Commonwealth ("C21") to dismiss Count III are without merit. The complaint plausibly suggest that Tatiana Kagan knew that Mr. Kagan was breaching his fiduciary duty by entering into the disputed listing agreement with her, that she actively and deliberately helped Mr. Kagan do so breach his fiduciary duty, and that she was acting as C21's agent when she did so. That is sufficient to state a claim in Count III against C21.

**3.4. Fraud (Count IV).** The Court concludes that the plaintiffs have failed to plead their claim of fraud with the particularity required by Mass. R. Civ. P. 9(b). This rule of civil procedure "heightens the pleading requirements placed on plaintiffs who allege fraud and deceit." *Equipment & Systems for Industry, Inc.* v. *NorthMeadows Constr. Co., Inc.*, 59 Mass. App. Ct. 931, 932 (2003) (rescript). Thus, "at a minimum," the Plaintiffs must support their claim of fraud by specifically alleging "the identity of the person(s) making the" allegedly fraudulent "representation, the contents of the misrepresentation, and where and when it took place," and must also "specify the materiality of the misrepresentation, its reliance thereon, and resulting harm." *Id.* at 931-932. The complaint does not meet this heightened pleading requirement. The Court will therefore order that Count IV be dismissed without prejudice.

**3.5. Conspiracy (Count V).** This claim alleges that all of the Defendants "have conspired to defraud the Company." It is not clear what this adds to the claims in Counts I and II for breach of fiduciary duty and for aiding abetting Mr. Kagan's alleged breach of fiduciary duty. To the extent it is entirely duplicative, that alone is grounds for dismissing this claim without prejudice. *Young* v. *Wells Fargo Bank, N.A.*, 717 F.3d 224, 236-237 (1st Cir. 2013) (dismissing duplicative contract claim); see also *Smaland Beach Ass'n, Inc.* v. *Genova*, 461 Mass. 214, 228 (2012) (judicial construction of federal rules of civil procedure applies to parallel Massachusetts rules, "absent compelling reasons to the contrary or significant differences in content" (quoting *Strom* v. *American Honda Motor Co.*, 423 Mass. 330, 335 (1996), and *Rollins Envtl. Servs., Inc.*, v. *Superior Court*, 368 Mass. 174, 180 (1975)). To the extent that Plaintiffs intended to assert a conspiracy claim based on something other than aiding and abetting a breach of fiduciary duty, the Court cannot discern how the facts alleged in the complaint plausibly suggest such a conspiracy. The Court will therefore dismiss this claim without prejudice.

**3.6. G.L. c. 93A (Count VI).** The complaint adequately alleges that Tatiana Kagan and C21 engaged in unfair or deceptive acts or practices in violation

- 4 -

of G.L. c. 93A by procuring and acting under a listing agreement that they allegedly knew was obtained in violation of Mr. Kagan's fiduciary duty to the LLC.

The complaint also adequately alleges that Kagan Development KDC and ProExcavation engaged in unfair or deceptive practices by asserting fraudulent charges against the LLC and by filing a fraudulent mechanics lien, and that the LLC suffered damages as a result. Such a claim under c. 93A need not be alleged with particularity. *United States Funding, Inc.* v. *Bank of Boston Corp.*, 28 Mass. App. Ct. 404, 407 (1990).

The Court will therefore deny the motions to dismiss Count VI.

**3.7. Declaratory Judgment (Count VII).** The complaint plausibly suggests that there is an actual controversy about the topics raised in Count VII. This count states a viable claim for declaratory relief under G.L. c. 231A.

**3.8. Injunctive Relief (Count VIII).** Defendants' assertion that the complaint "fails to articulate any irreparable harm" is beside the point. If Plaintiffs were to prevail on their surviving claims they may be entitled to permanent injunctive relief even if they cannot prove that such relief is needed to avoid irreparable harm. Under Massachusetts law, irreparable harm is not always required to obtain permanent injunctive relief. See *Borne* v. *Haverhill Golf & Country Club, Inc.*, 58 Mass. App. Ct. 306 (2003).

**3.9. Negligence against Tatiana Kagan and C21 (Count IX).** The Court concludes that the complaint plausibly suggests that Tatiana Kagan (and thus C21, her alleged principal) were negligent in failing to tell Filippov or Lipetsker about an offer to purchase the 88 Cutler Road property, even though Ms. Kagan allegedly knew that the listing agreement she entered into with Mr. Kagan was invalid.

**3.10. Further Claims against KDC (Counts X and XI).** The only argument by the Kagan Development KDC for dismissing Counts X and XI is that Mr. Filippov purportedly lacked authority to bring this action on behalf of the LLC. That argument is without merit for the reasons stated above.

## ORDER

Defendants' motions to dismiss are both ALLOWED IN PART with respect to the claim for fraud in Count IV of Plaintiffs' complaint and the claim for conspiracy in Count V, which are hereby dismissed without prejudice, and are both DENIED IN PART with respect to the other claims asserted in the complaint.

October 2, 2015

Kenneth W. Salinger
Justice of the Superior Court