UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: )<br>)<br>LYMAN-CUTLER, LLC )<br>Debtor )<br>) | Chapter 11<br>Case No. 15-13881 FJB |
| )<br>LYMAN-CUTLER, LLC, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VADIM KAGAN, TATIANA KAGAN, )<br>KAGAN DEVELOPMENT KDC, CORP. and )<br>PROEXCAVATION CORP. )<br>)<br>Defendants. )<br>) | Adv. Case No. 1:16-ap-01120 |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY RELATING TO THE LITIGATION PRIVILEGE ARGUMENT BY DEFENDANTS IN THEIR MOTION TO <u>DISMISS THE ADVERSARY COMPLAINT</u>**

Plaintiffs Lyman-Cutler, LLC, Alex Filippov, and Nickolay Lipetsker ("Plaintiffs") respectfully notify the Court of a recent decision, which was not available to the Parties before the October 13, 2016 hearing on the Defendants' Motion to Dismiss the Adversary Complaint.

On October 12, 2016, Judge Stearns issued an opinion in *58 Swansea Mall Drive, LLC v. Gator Swansea Property, LLC*, 2016 U.S. Dist. LEXIS 141384 (D. Mass. Oct. 12, 2016), a copy of which is attached as **<u>Exhibit A</u>**.  In the decision, Judge Stearns discusses the litigation privilege in detail.  In that case, a commercial tenant filed suit against its landlord under Chapter 93A, alleging that four statements contained in the landlord's notice of default were made in bad faith in a concerted campaign to force it out of the lease. *Id.*, *2.  The landlord moved to dismiss

1

the Complaint, arguing that the tenant's claims were barred because the letters, which were written by the landlord's counsel in anticipation of litigation, were protected by the litigation privilege. *Id.*, *2-3. Judge Stearns flatly rejected this argument as "meritless." *Id.*, *3. The Court went on to explain that:

> [t]he law draws a distinction between holding a speaker liable for the content of her speech, on the one hand, and using that speech as evidence of her misconduct, on the other. The litigation privilege applies in the former context, but not the latter. To give an illustration, the most common application of the privilege is to bar defamation actions brought against a speaker based on her statements in the course of a lawsuit for fear of undermining the truth-seeking function of the judicial process. Other cause of action that might impede the participation of litigations, counsel, or witnesses in the judicial process are also barred insofar as they rest on the content of a speaker's statements. . . . [But] [w]here a party uses legal mechanisms, such as letters from counsel, to terminate a contract in bad faith or to extract concessions from a plaintiff in arguable violation of Chapter 93A, the litigation privilege does not shield it from liability.

*Id.*, *3, *citing Capital Allocation Partners v. Michaud*, 81 Mass. App. Ct. 1139 (2012) (additional internal citations omitted). Noting that the tenant's claims were using the letter as evidence of the landlord's bad faith conduct, and neither targeted the speaker (e.g., including the landlord's counsel as a defendant) nor based its claims on the content of the speech itself, the Court ruled that the litigation privilege did not apply. *Id.*, *4.

The Defendants' argument in this case is virtually identical to the landlord's argument that was rejected in *58 Swansea Mall Drive*. The Defendants assert that they cannot be held liable for seeking to recover fraudulent charges against the Plaintiffs because their demand was contained in letters written by their counsel. As Judge Stearns explained, the litigation privilege does not immunize the Defendants' conduct simply because it was contained in a letter written by their counsel. Plaintiffs have not asserted a claim for defamation nor have they sought to

2

name the author of the letter as a defendant.  Where, as here, the letter itself is evidence of the Defendants' bad faith and fraudulent conduct, the litigation privilege will not shield them from liability.  If anything, the inapplicability of the litigation privilege is even more apparent here where the Defendants have asserted and continued to assert not only the false and fraudulent charges enumerated in the May 2015 letter, but over a million dollars in other false and fraudulent charges as well.

| ALEX FILIPPOV and NICKOLAY LIPETSKER, By their attorneys, | LYMAN-CUTLER, LLC, By its attorney, |
|---|---|
| */s/ Sean T. Carnathan* <br> Sean T. Carnathan, BBO No. 636889 <br> scarnathan@ocmlaw.net <br> Joseph P. Calandrelli, BBO No. 666128 <br> jcalandrelli@ocmlaw.net <br> O'Connor, Carnathan & Mack, LLC <br> 1 Van de Graaff Dr., Suite 104 <br> Burlington, MA 01803 | */s/ Peter Tamposi* <br> Peter N. Tamposi, BBO No. 639497 <br> The Tamposi Law Group, P.C. <br> 159 Main Street <br> Nashua, NH 03060 <br> (603) 204-5513 |

Dated:  October 27, 2016

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 27, 2016.

                              */s/ Sean T. Carnathan*