# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### Proceeding Memorandum/Order

In Re: Lyman-Cutler, LLC v. Kagan et al

**Case/AP Number** 16-01120 **-FJB**
Chapter

Rescheduled Hearing
#13 Motion filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. to Dismiss Adversary Proceeding Re: 1 Complaint. (Condon, Christopher)

#22 Objection filed by Plaintiff Lyman-Cutler, LLC. (Tamposi, Peter)
#24 Reply Memorandum filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. Re: 22 Objection filed by Plaintiff Lyman-Cutler, LLC Re:

**COURT ACTION:**

_____Hearing held

_____Granted        _____Approved        _____Moot

_____Denied         _____Denied without prejudice        _____Withdrawn in open court

_____Overruled      _____Sustained

_____Continued to _____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by_____

_____No appearance by _____

Show Cause Order        _____Released        _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held on 10/13/2016. At the time of the hearing, the claims that the plaintiff debtor, Lyman-Cutler, LLC ("the Debtor") asserts in this adversary proceeding belonged to the the Debtor's bankruptcy estate, and therefore only the chapter 7 trustee had standing to prosecute them. In view of the Debtor's lack of standing, the court lacked subject matter jurisdiction over the adversary proceeding and over this Rule 12(b)(6) motion to dismiss, which seeks a disposition on the merits.

On April 7, 2017, the chapter 7 trustee filed a notice of abandonment as to "all of the Debtor's interest in any and all claims or potential claims that the Debtor may have against" (among others) the four defendants (the "Claims"). No objection having been filed to that notice of abandonment, the Claims are now deemed abandoned to the Debtor, and consequently the Debtor now has standing to prosecute the Claims it asserts in this adversary proceeding.

For the following reasons, however, the abandonment casts in doubt the Court's continuing subject matter jurisdiction over such Claims. The abandonment, by definition, has removed the Claims from the bankruptcy estate. Their adjudication can neither increase nor decrease the estate, the distribution to creditors, or the surplus for return to the Debtor. Adjudication of the Claims would have no effect on the estate or this bankruptcy case. The Claims therefore fall outside the outer limits of the Bankruptcy Court's "related to" jurisdiction as set forth in 28 U.S.C. § 1334(b) and construed in the widely-accepted test set forth in Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984) ("related to" jurisdiction extends to any matter that conceivably may have an effect on the estate in bankruptcy).

For these reasons, the parties are hereby ORDERED TO SHOW CAUSE in writing on or before May 19, 2017, why the Bankruptcy Court should not dismiss the claims asserted in this adversary proceeding without prejudice for lack of subject matter jurisdiction or, in the alternative, abstain under 28 U.S.C. § 1334(c)(1) from adjudicating the claims. The Court would exercise its discretion to abstain under 28 U.S.C. § 1334(c)(1) because (i) subject matter jurisdiction over the claims is at best highly uncertain, (ii) the issues in question arise under state law, were the subject of a civil action in state court before this bankruptcy case was commenced, and can be resolved in a state court, and (iii) no bankruptcy purpose would be served by this court's adjudicating the claims. In these circumstances, the interests of justice and of comity with the state courts appear to warrant abstention.

The Court will hold a hearing on this Order to Show Cause on May 31, 2017, at 11:30 a.m. If no response is filed to the above order to show cause, the Court may cancel the hearing and, without a hearing, dismiss the adversary proceeding without prejudice for lack of subject matter jurisdiction or abstain under § 1334(c)(1) from adjudicating the adversary proceeding.

IT IS SO ORDERED:

_____          Dated: 04/28/2017
Frank J. Bailey
United States Bankruptcy Judge