United States Bankruptcy Court
District of Massachusetts

Lyman-Cutler, LLC,
    Plaintiff

Kagan,
    Defendant

Adv. Proc. No. 16-01120-fjb

# CERTIFICATE OF NOTICE

District/off: 0101-1    User: jlavalley    Page 1 of 1    Date Rcvd: Apr 28, 2017
    Form ID: pdf012    Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 30, 2017.
```
ip         +Alex Filippov,    130 Trapelo Road,    Belmont, Ma 02478-1873
dft        +Kagan Development KDC, Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
pla        +Lyman-Cutler, LLC,    Lyman-Cutler, LLC,    130 Trapelo Rd.,    Belmont, MA 02478-1873
ip         +Nickolay Lipetsker,    52 Stony Brae Road,    Newton, MA 02461-1727
dft        +ProExcavation Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
dft        +Tatiana Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
dft        +Vadim Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust         +E-mail/Text: ustpregion01.bo.ecf@usdoj.gov Apr 28 2017 23:19:18      John Fitzgerald,
              Office of the US Trustee,    J.W. McCormack Post Office & Courthouse,
              5 Post Office Sq., 10th Fl, Suite 1000,    Boston, MA 02109-3901
                                                                                             TOTAL: 1
```

      \*\*\*\*\* BYPASSED RECIPIENTS \*\*\*\*\*
NONE.    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 30, 2017    Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 28, 2017 at the address(es) listed below:
```
              Christopher M. Candon    on behalf of Defendant Tatiana   Kagan ccandon@sheehan.com,
               ntoli@sheehan.com
              Christopher M. Candon    on behalf of Defendant    ProExcavation Corp. ccandon@sheehan.com,
               ntoli@sheehan.com
              Christopher M. Candon    on behalf of Defendant    Kagan Development KDC, Corp. ccandon@sheehan.com,
               ntoli@sheehan.com
              Christopher M. Candon    on behalf of Defendant Vadim   Kagan ccandon@sheehan.com,
               ntoli@sheehan.com
              Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Nickolay   Lipetsker
               jcalandrelli@ocmlaw.net,    hwolti@ocmlaw.net
              Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Alex   Filippov jcalandrelli@ocmlaw.net,
               hwolti@ocmlaw.net
              Peter N. Tamposi    on behalf of Plaintiff    Lyman-Cutler, LLC peter@thetamposilawgroup.com,
               Judy@tlgnh.com
              Sean T. Carnathan    on behalf of Intervenor-Plaintiff Nickolay   Lipetsker scarnathan@ocmlaw.net,
               hwolti@ocmlaw.net
              Sean T. Carnathan    on behalf of Plaintiff    Lyman-Cutler, LLC scarnathan@ocmlaw.net,
               hwolti@ocmlaw.net
              Sean T. Carnathan    on behalf of Intervenor-Plaintiff Alex   Filippov scarnathan@ocmlaw.net,
               hwolti@ocmlaw.net
                                                                                             TOTAL: 10
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

**In Re:** Lyman-Cutler, LLC v. Kagan et al          **Case/AP Number** 16-01120 -FJB
**Chapter**

Rescheduled Hearing
#13 Motion filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. to Dismiss Adversary Proceeding Re: 1 Complaint. (Candon, Christopher)

#22 Objection filed by Plaintiff Lyman-Cutler, LLC. (Tamposi, Peter)
#24 Reply Memorandum filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. Re: 22 Objection filed by Plaintiff Lyman-Cutler, LLC Re:

**COURT ACTION:**

_____ Hearing held
_____ Granted         _____ Approved          _____ Moot
_____ Denied          _____ Denied without prejudice        _____ Withdrawn in open court
_____ Overruled       _____ Sustained
_____ Continued to _____
_____ Proposed order to be submitted by _____
_____ Stipulation to be submitted by _____
_____ No appearance by _____
Show Cause Order      _____ Released    _____ Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

    Hearing held on 10/13/2016. At the time of the hearing, the claims that the plaintiff debtor, Lyman-Cutler, LLC ("the Debtor") asserts in this adversary proceeding belonged to the the Debtor's bankruptcy estate, and therefore only the chapter 7 trustee had standing to prosecute them. In view of the Debtor's lack of standing, the court lacked subject matter jurisdiction over the adversary proceeding and over this Rule 12(b)(6) motion to dismiss, which seeks a disposition on the merits.
    On April 7, 2017, the chapter 7 trustee filed a notice of abandonment as to "all of the Debtor's interest in any and all claims or potential claims that the Debtor may have against" (among others) the four defendants (the "Claims"). No objection having been filed to that notice of abandonment, the Claims are now deemed abandoned to the Debtor, and consequently the Debtor now has standing to prosecute the Claims it asserts in this adversary proceeding.
    For the following reasons, however, the abandonment casts in doubt the Court's continuing subject matter jurisdiction over such Claims. The abandonment, by definition, has removed the Claims from the bankruptcy estate. Their adjudication can neither increase nor decrease the estate, the distribution to creditors, or the surplus for return to the Debtor. Adjudication of the Claims would have no effect on the estate or this bankruptcy case. The Claims therefore fall outside the outer limits of the Bankruptcy Court's "related to" jurisdiction as set forth in 28 U.S.C. § 1334(b) and construed in the widely-accepted test set forth in Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984) ("related to" jurisdiction extends to any matter that conceivably may have an effect on the estate in bankruptcy).
    For these reasons, the parties are hereby ORDERED TO SHOW CAUSE in writing on or before May 19, 2017, why the Bankruptcy Court should not dismiss the claims asserted in this adversary proceeding without prejudice for lack of subject matter jurisdiction or, in the alternative, abstain under 28 U.S.C. § 1334(c)(1) from adjudicating the claims.  The Court would exercise its discretion to abstain under 28 U.S.C. § 1334(c)(1) because (i) subject matter jurisdiction over the claims is at best highly uncertain, (ii) the issues in question arise under state law, were the subject of a civil action in state court before this bankruptcy case was commenced, and can be resolved in a state court, and (iii) no bankruptcy purpose would be served by this court's adjudicating the claims. In these circumstances, the interests of justice and of comity with the state courts appear to warrant abstention.
    The Court will hold a hearing on this Order to Show Cause on May 31, 2017, at 11:30 a.m. If no response is filed to the above order to show cause, the Court may cancel the hearing and, without a hearing, dismiss the adversary proceeding without prejudice for lack of subject matter jurisdiction or abstain under § 1334(c)(1) from adjudicating the adversary proceeding.

IT IS SO ORDERED:

_____    Dated: 04/28/2017
Frank J. Bailey
United States Bankruptcy Judge