UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* ) <br> ) <br>     LYMAN-CUTLER, LLC ) <br> ) <br>     Debtor. ) <br> ) | Case No. 15-13881 (Chapter 7) |

| | |
|---|---|
| ) <br> LYMAN-CUTLER, LLC, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VADIM KAGAN, TATIANA KAGAN, ) <br> KAGAN DEVELOPMENT KDC, CORP. ) <br> And PROEXCAVATION CORP. ) <br> ) <br>     Defendants. ) <br> ) | Adv. Case No. 1:16-ap-01120 |

**LYMAN-CUTLER, LLC, ALEX FILIPPOV, AND NICKOLAY LIPETSKER'S
JOINT STATEMENT REGARDING THE COURT'S JURISDICTION**

The debtor and adversary proceeding plaintiff, Lyman-Cutler, LLC (the "Company"), and objectors and proposed adversary proceeding plaintiffs[1], Alex Filippov ("Filippov") and Nickolay Lipetsker ("Lipetsker") (collectively referred to as "Plaintiffs"), hereby submit this joint statement regarding the Bankruptcy Court's jurisdiction pursuant to the Court's four show

---

[1] Filippov and Lipetsker have previously sought to intervene as plaintiffs in the Adversary Proceeding [Case No. 16-01120, Doc. 5.] Their motion, to which the Defendants have never objected, remains pending.

1

cause orders issued on April 28, 2017 (the "Orders") [Case No. 16-01120, Doc. 29; Case No. 15-13881, Doc. Nos. 218, 219, 220.]

## ARGUMENT[2]

In its Orders, the Court questioned its continuing jurisdiction over the Company's adversary proceeding and the proofs of interest filed by Filippov, Lipetsker, and Defendant Vadim Kagan ("Kagan"). The Plaintiffs respectfully state that this Court can and should retain jurisdiction over this matter under 28 U.S.C. § 157(b)(2)(C) because it is in the nature of a counterclaim filed by the debtor that is inextricably intertwined with the issues that will need to be resolved in connection with the various proof of claims, and because the Defendants have already consented to this Court's jurisdiction over these matters. Abstaining from this matter would serve only to create duplicative litigation and thereby waste court resources, unnecessarily increase costs, and further disrupt third parties who will have to testify in two separate proceedings.

**I.    The Court Has Jurisdiction Because The Counterclaim Will Be Resolved Through the Evidence Presented In The Claims Objections and Because the Defendants Consented To Jurisdiction By Seeking Relief from the Court and Failing to Timely Object on Jurisdictional Grounds.**

It is well-settled that "related to" jurisdiction in the Bankruptcy Court is quite broad and encompasses any civil action that could "conceivably have any effect on the estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984); *see also Gupta v. Quincy Med. Ctr.*, 858 F.3d 657, 663 (1st Cir. 2017) (discussing the breadth of bankruptcy court "related to" jurisdiction); *In re New England Compounding Pharm., Inc.*, 2014 U.S. Dist. LEXIS 67213, at *27-28 (D. Mass. 2014) (retaining jurisdiction in light of filing of proofs of claim). Related to jurisdiction may

---

[2] The underlying facts and procedural history of this action are well known to the Court. Only pertinent facts having to do with the Court's jurisdictional question are discussed herein.

2

exist where recovery from a third party may reduce the amount a creditor may claim from the estate. *Butler v. Moore*, 2015 U.S. Dist. LEXIS 39416, at *169 (D. Mass. 2015). The fact that there is a surplus does not by itself remove this case from the Bankruptcy Court's jurisdiction. *Id.*, at *18-19.

Indeed, regardless of whether there is a surplus in the estate, the Bankruptcy Code expressly grants this Court statutory jurisdiction to enter a final judgment on a counterclaim filed by the debtor against persons or entities filing claims against the bankrupt estate. *28 U.S.C. § 157(b)(2)(C)*. The counterclaim must be asserted by way of filing an adversary proceeding. *Fed. R. Bankr. P. 3007(b)*; *see also Fed. R. Bankr. P. 7001(1)*; *Mahon v. IRS*, 2017 Bankr. LEXIS 419, *5 (Bankr. D. Mass. 2017) ("A proceeding to recover money is an adversary proceeding, Fed. R. Bankr. P. 7001(1)"); *Caldor Corp. v. S. Plaza Assocs.*, 217 B.R. 121, 128 (Bankr. S.D.N.Y. 1998) ("Caldor's use of an adversary proceeding to press its claim against S Plaza is appropriate here because a claim objection coupled with counterclaims seeking affirmative relief is treated as an adversary proceeding"). The fact that the dispute may involve state law claims does not necessitate a finding that the Court lacks jurisdiction. *28 U.S.C. § 157(b)(3)* (dispute involving state law claim does not necessitate finding that dispute is non-core); *Caldor*, 217 B.R. at 126-127; *Bedford Computer Corp. v. Ginn Pub., Inc.*, 63 B.R. 79, 80-81 (D.N.H. 1986) (adversary proceeding filed in response to creditor's proof of claim was a core proceeding as a counterclaim filed by the estate).

The Supreme Court's decision in *Stern v. Marshall*, 564 U.S. 462 (2011) made clear that this statutory grant of jurisdiction applies in full force when the resolution of the counterclaim will necessarily resolve the proofs of claim and objections thereto. A good example of this is this Court's recent decision in *Mahon*. There, the IRS had filed a proof of claim asserting

3

entitlement to certain back taxes owed by the debtor. The debtor objected to the claim on the basis that the IRS had failed to appropriately credit his past payments. The debtor also filed an adversary proceeding claiming that the IRS's failure to appropriately credit his payments resulted in an overpayment which must be returned or, at the very least, serve as an affirmative defense to the IRS's claim. This Court held that, although the counterclaim did not arise under the Bankruptcy Code, it was undisputedly related to the bankruptcy because, if successful, it would reduce the allowable amount of the IRS's claim. 2017 Bankr. LEXIS 419 at *11. The Court reasoned that because the same claim that constitutes the counterclaim also constitutes a basis for [the debtor's] objection to claim, "this is an instance in which the counterclaim would necessarily be resolved in the claims allowance process, and therefore *Stern* does not invalidate § 157(b)(1) as to this counterclaim. Therefore, even when the [adversary proceeding] is viewed as a counterclaim and not merely an objection to claim, the Court may therefore enter final judgment as to it." *Id.*, at *13.

Like *Mahon*, the adversary proceeding and the objections to the proofs of claim/interest in this dispute are the flip sides of the same coin. In each, the main dispute is whether Defendant Kagan Development KDC Corp. is entitled to all or any portion of the $2.4 million it claims it is entitled to for the alleged "overruns" it claims to have incurred in constructing the debtor's two former houses. The Defendants claim it is. The Company claims it is not, and that the entire $2.4 million is merely a fabricated, bad faith byproduct of a fraudulent scheme designed to bilk the Company and its two primary investors, Messrs. Filippov and Lipetsker, from the substantial equity and returns on investment the individuals were promised and reasonably anticipated. In addition to claiming that Kagan Development is not entitled to any of the $2.4 million it claims is owed, the Company is asserting its claims for additional damages that were caused by the

4

assertion of this fraudulent claim; notably, the forced filing of this bankruptcy and the significant reduction in value it unquestionably caused to the Company's only assets – the two homes.

The issues underlying the parties' claim objections and the adversary proceeding are the same. The evidence is the same. The witnesses are the same. The end resolution of each is completely dependent on each other. Indeed, this is <u>not</u> a situation where the Company could lose on its claims objection but prevail on its adversary proceeding complaint against Kagan Development. They are, as noted above, inextricably intertwined with each other. It is a case like this which demonstrates perfectly why the Supreme Court in *Stern* confirmed a bankruptcy court's jurisdiction for counterclaims that will be resolved in connection with proof of claim objections.

Any lingering concerns this Court may have regarding its jurisdiction should be allayed by the fact that Defendants have already consented to this Court's jurisdiction. Indeed, "[o]ur precedents make clear that litigants may validly consent to adjudication by bankruptcy courts." *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1942 (2015). The Defendants' consent need not be express. *Id.*, at 1947-1948. "Nothing in the Constitution requires that consent by adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent; it states only that a bankruptcy court must obtain 'the consent' – consent *simpliciter* – 'of all parties to the proceeding' before hearing and determining a non-core claim." *Id.* So long as the consent is knowing and voluntary, it will be enforced like any other waiver of personal right. *Id.*, at 1948.

A defendant's failure to timely object on jurisdictional grounds constitutes implied consent sufficient to confer jurisdiction over a non-core claim. *DeGirolamo v. Devonishre Fund, LLC (In re Myers)*, 2013 Bankr. LEXIS 4884, *31 (Bankr. N.D. Ohio 2013). For example, in

*DeGirolamo*, the adversary proceeding defendants – who did not file a proof of claim – filed a motion to dismiss raising numerous substantive arguments as to why the complaint failed as a matter of law.  The defendants supplemented their motion with a reply brief filed in response to the opposition.  Neither brief challenged the Bankruptcy Court's jurisdiction.  After the Court raised the jurisdictional question itself, it relied on numerous cases to support its finding that the Defendants had consented to the Court's jurisdiction by failing to object to it in either of the briefs they had previously submitted in support of their motion dismiss.  2013 Bankr. LEXIS 4884 at *34; *see also Cain P'ship, Ltd. v. Pioneer Inv. Services Co. (In re Pioneer Inv. Servs. Co.)*, 946 F.2d 445, 450 (6th Cir. 1991); *Mann v. Alexander Dawson, Inc. (In re Mann)*, 907 F.2d 923, 926 (9th Cir. 1990) (holding that a party consented to a bankruptcy court's jurisdiction in a noncore related action when documents were filed in the bankruptcy court that did not object to jurisdiction); *Alloy Metal Wire Works, Inc. v. Associated Screw & Mfg. Co. (In re Alloy Metal Wire Works, Inc.)*, 52 B.R. 39, 40 (E.D. Pa. 1985) (holding that the parties "implicitly consented to [bankruptcy] jurisdiction by failing to raise a timely objection").

The Company filed for bankruptcy in 2015.  The Adversary Proceeding was filed in July 2016.  At no point over the last two years have Defendants ever asserted an objection to the Court's jurisdiction.  Instead, just as in *DeGirolamo*, the Defendants sought specific relief from this Court by filing and arguing a comprehensive motion to dismiss, supplemented the motion with a reply, and never once challenging the Court's jurisdiction to hear this matter.  Furthermore, unlike *DeGirolamo* where the defendant was not also a creditor, each of the Defendants here have filed proofs of claim against the estate in the underlying bankruptcy

6

seeking affirmative recovery against the Company.[3]  Kagan has also filed a proof of interest seeking to establish his rights in any surplus the Company may have following payment of any claims.  Courts have long considered the filing of a proof of claim to be a creditor's voluntary act of subjecting itself to the jurisdiction of the Bankruptcy Court.  *Caldor*, 217 B.R. at 128; *Bedford Computer Corp.*, 63 B.R. at 82; *Rainey v. International Harvester Credit Corp.*, 59 B.R. 987 (N.D. Ill. 1986) (seeking affirmative relief in bankruptcy court is consent to its jurisdiction).

To the extent the Defendants choose now to reverse course and assert that they no longer consent to the Court's jurisdiction, the Court should reject their contention as untimely.  The unmistakeable fact is that they have litigated in this Court for nearly two years while they tried to get their claims allowed and the Adversary Proceeding dismissed on substantive grounds.  The Defendants have consented to this Court's jurisdiction and the Court has the statutory and constitutional authority to issue a final judgment.

## II.     Abstaining Would Serve Only To Create Inefficient and Duplicative Litigation that Would Increase Costs and Further Disturb Third Parties.

There is no good reason to voluntarily abstain from hearing these matters.  At some point in these proceedings, the Court will have to resolve each of the Defendants' claims against the Company and the objections thereto.  It will have to decide Kagan Development's alleged entitlement to its alleged overruns and whether, and to what extent, these alleged charges were either not validly incurred or are otherwise not collectable against the estate.   Resolution of these issues will necessarily resolve the Company, Filippov, and Lipetsker's affirmative claims against Kagan and the other defendants.  Abstaining from ruling on the Adversary Proceeding in particular will not make these proceedings more efficient.  The scope of discovery will be the

---

[3]     In addition to the claim filed by Kagan Development, each of the remaining Defendants filed a claim for indemnification.

7

same, the witnesses will be the same, and the cost for the litigants will be the same. The act of abstaining will serve only to increase the costs for all parties, lengthen the time needed to fully resolve the parties' competing claims, further disrupt any third parties that will be required to participate in both proceedings, and unnecessarily consume judicial resources by prosecuting two nearly identical actions in two separate courts. Concerns for efficiency and expediency lean heavily in favor of "getting this done in one." Accordingly, the Court should not abstain from hearing all aspects of this dispute.

## CONCLUSION

For the foregoing reasons, the Company, Filippov, and Lipetsker respectfully request that the Court find that jurisdiction exists over this matter and proceed with issuing a ruling on the Defendants' currently pending motion to dismiss.

ALEX FILIPPOV and  
NICKOLAY LIPETSKER,  
By their attorneys,

LYMAN-CUTLER, LLC,  
By its attorney,

*/s/ Sean T. Carnathan*  
Sean T. Carnathan, BBO No. 636889  
scarnathan@ocmlaw.net  
Joseph P. Calandrelli, BBO No. 666128  
jcalandrelli@ocmlaw.net  
O'Connor, Carnathan and Mack, LLC  
1 Van de Graaff Dr. Suite 104  
Burlington, MA 01803  
T:  781-359-9000

*/s/ Peter Tamposi*  
Peter N. Tamposi, BBO No. 639497  
The Tamposi Law Group, P.C.  
159 Main Street  
Nashua, NH 03060  
T:  (603) 204-5513

Dated:  August 21, 2017

CERTIFICATE OF SERVICE

       I, Sean Carnathan, hereby certify that on August 21, 2017, I caused copies of the foregoing document to be served electronically via the Court's CM/ECF system upon all parties that have requested such notice.

                                      /s/ *Sean Carnathan*
                                      Sean T. Carnathan