# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# (EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC<br>        Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>    Defendants. | Adv. Proc. No. 16-01120-FJB |

## REPLY TO LYMAN-CUTLER, LLC, ALEX FILIPPOV, AND NICKOLAY LIPETSKER'S JOINT STATEMENT REGARDING THE COURT'S JURISDICTION

Vadim Kagan, Tatiana Kagan, Kagan Development KDC, Corp., and ProExcavation Corp. (collectively, the "Kagan Parties"), by and through their undersigned attorneys, respectfully submit this reply to the Joint Statement Regarding the Court's Jurisdiction [Docket No. 231, Adv. Proc. Docket No. 38] filed on August 21, 2017 (the "Jurisdiction Statement") by Lyman-Cutler, LLC (the "Debtor"), Alex Filippov ("Filippov") and Nickolay Lipetsker ("Lipetsker").  In support of this Reply, the Kagan Parties state as follows:

The Kagan Parties concur with the Court's analysis and support dismissal of the Adversary Proceeding for lack of subject matter jurisdiction or abstention under 28 U.S.C. §

{S1016276.2}

1334(c)(1).  See Show Cause Order [Adv. Proc. Docket No. 29].  Similarly, the Kagan Parties concur with the Court's analysis and support overruling or abstaining from adjudicating the proofs of interest filed by the members of the Debtor for lack of subject matter jurisdiction or abstention under 28 U.S.C. § 1334(c)(1).  See Show Cause Order [Docket No. 218].

The Court properly identified that the adjudication of the claims brought in the Adversary Proceeding as well as the proofs of interest would have no conceivable effect on the bankruptcy estate and, as such, are outside of its subject matter jurisdiction or, alternatively, warrant abstention under 28 U.S.C. § 1334(c)(1).  It is not disputed that this Court has jurisdiction over the pending claims.  But even those contested matters are only between the Kagan Parties and Filippov and Lipetsker.  The Court has already ruled that the Debtor does not have standing to object to the Kagan Parties' claims [Document Nos. 131-34].  Moreover, as it currently stands, the Adversary Proceeding has the Debtor seeking to recover for the benefit of the estate, although the Trustee abandoned the estate's interest in the claims.  In addition to being improper, this Court correctly concluded that any outcome from the Adversary Proceeding would neither change the bankruptcy case or the distribution to creditors.  Using the ghost of a Debtor to establish any sort of standing is improper.  The real parties are Filippov and Lipetsker; there is no Debtor still in existence.  If Filippov and Lipetsker wish to raise certain objections to the Kagan Parties' claims, those matters are before this Court.  If they wish to pursue affirmative relief against the Kagan Parties, they will have to do so in another court.  It was Filippov's and Lipetsker's decision to put the Debtor in bankruptcy, but in doing so they do not get the benefit of this Court to pursue non-debtor litigation that has no bearing on the bankruptcy case.  To the extent they wish to seek a resolution of those disputes, which are entirely based in state law, they should be forced to do so in state court after the bankruptcy claims are resolved.

The Jurisdiction Statement filed by the Debtor, Filippov and Lipetsker failed to adequately respond to the Court. Their response raises three main points, (i) the Adversary Proceeding is the equivalent of a counterclaim, (ii) the Kagan Parties have consented to the jurisdiction of this Court and (iii) efficiency of proceedings. None of these reasons should alter this Court's inclination to dismiss for lack of jurisdiction or abstain from adjudicating the Adversary Proceeding or the proofs of interest.

First, as noted above, the Court has already ruled that the Debtor does not have standing to object to the Kagan Parties' claims. The Debtor cannot create standing in the form of a counterclaim/objection to the Kagan Parties' claims where it was already ruled not to exist. As this Court has observed, the Debtor is a fiction at this point. Filippov and Lipetsker will pursue the claim objections, but any request for affirmative relief will have to be pursued in the state court.

Second, "parties cannot confer subject matter jurisdiction on a federal court by waiver or consent." Quinn v. City of Boston, 325 F.3d 18, 26 (1st Cir. 2003); see also Sheridan v. Michels (In re Sheridan), 362 F.3d 96, 100 (1st Cir. 2004) (citing to Quinn). Moreover, "[a] litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance." Kontrick v. Ryan, 540 U.S. 443, 455 (2004) (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)). Any argument that the Kagan Parties' have consented to or waived any defect in this Court's subject matter jurisdiction is not possible.

Finally, Filippov and Lipetsker argue that legal efficiency and judicial resources will be preserved if this Court retains and rules on the claims in the Adversary Proceeding and the contested proofs of interest. Efficiency does not create jurisdiction. Filippov and Lipetsker seek

{S1016276.2}                                 3

to bring affirmative claims against the Kagan Parties. They chose the bankruptcy forum for the resolution of estate claims but the Court is not a forum for non-debtor litigation, especially when such litigation will have no effect on the bankruptcy case and bankruptcy estate.

This Court should dismiss the Adversary Proceeding for lack of subject matter jurisdiction or abstention under 28 U.S.C. § 1334(c)(1). The Court should overrule or abstain from adjudicating the proofs of interest filed by the members of the Debtor for lack of subject matter jurisdiction or abstention under 28 U.S.C. § 1334(c)(1).

Dated:  September 1, 2017

Respectfully submitted,

VADIM KAGAN
TATIANA KAGAN
KAGAN DEVELOPMENT KDC, CORP.
PROEXCAVATION CORP.

By their Attorneys,

/s/ Christopher M. Candon
Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  603-627-8168
Fax: 603-641-8768
E-mail: ccandon@sheehan.com

Case 16-01120   Doc 44   Filed 09/01/17   Entered 09/01/17 16:08:15   Desc Main
Document      Page 5 of 5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September, 2017, a copy of the foregoing was served upon the parties listed below via ECF and/or first class mail, postage prepaid.

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
8 New England Executive Park
Suite 310
Burlington, MA 01803

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

Amy M. McCallen
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

/s/ Christopher M. Candon
Christopher M. Candon

{S1016276.2}