UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* ) | |
| ) | |
| LYMAN-CUTLER, LLC ) | |
| Debtor ) | |
| ) | |
| | |
| ) | |
| LYMAN-CUTLER, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Case No. 1:16-ap-01120 |
| ) | |
| VADIM KAGAN, TATIANA KAGAN, ) | |
| KAGAN DEVELOPMENT KDC, CORP. and ) | |
| PROEXCAVATION CORP. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SUPPLEMENT TO ALEX FILIPPOV AND NICK LIPETSKER'S
MOTION TO INTERVENE**

In accordance with this Court's order dated April 12, 2017  (the "Order"), as

supplemented by the Court's order on August 31, 2017, Alex Filippov ("Filippov") and Nickolay

Lipetsker ("Lipetsker") submit this supplement to the Motion to Intervene [Doc. 5] originally

filed on July 22, 2016.

As set forth in their Motion to Intervene, which has never been opposed, Mr. Filippov

and Mr. Lipetsker seek to intervene in the adversary proceeding to protect their respective

financial interests in Plaintiff Lyman-Cutler, LLC (the "Company") following this Court's

suggestion that it was Mr. Filippov and Mr. Lipetsker who personally had standing to object to

the proofs of claim filed by Defendants Vadim Kagan, Tatiana Kagan, Kagan Development

KDC, Corp. and ProExcavation Corp. ("Defendants").  Mr. Filippov and Mr. Lipetsker also seek

to prosecute their own, individual claims against Defendants.  The claims Mr. Filippov and Mr.

Lipetsker seek to prosecute are most of the same as those originally asserted by the Company

and are based on the same set of underlying facts.  *See Proposed Adversary Complaint with*

*Intervenors*, attached as **Exhibit A**.  The only new claim – which is based on the same set of

facts – is one for equitable subordination.  Mr. Filippov and Mr. Lipetsker seek to have any of

the Defendants' claims or interests equitably subordinated to theirs due to the Defendants'

unlawful conduct described in the Adversary Proceeding Complaint and objections to the

Defendants' various claims.

Mr. Filippov and Mr. Lipetsker do not seek to join in as plaintiffs to the G.L. c. 93A

claim (Count VI) or the breach of contract claim that is based upon a breach of the construction

contract (Count VII).  Those claims properly lie with the Company, which is statutorily

authorized to prosecute these and the other claims as part of the corporate wind up process.  *G.L.*

*c. 156C, § 45(b)* ("Upon dissolution and notwithstanding the filing of a certificate of cancellation

pursuant to section 14, a limited liability company may continue its existence but shall not carry

on any business except as necessary to wind up its affairs or distribute its assets which may

include, but shall not be limited to, prosecuting and defending suits . . ."); *see also Beliveau v.*

*Ware*, 87 Mass. App. Ct. 615, 619 (2015) ("General Laws c. 156C, § 43, requires a formal

'winding up' of the affairs of a limited liability company"); *In re Kane*, 2011 Bankr. LEXIS

2007, *17 (Bankr. D. Mass. 2011) (LLC remained in existence following administrative

dissolution to wind up affairs).

Mr. Filippov and Mr. Lipetsker, however, do have standing to join in the claims for

breach of the operating agreement (Count I), breach of fiduciary duty (Count II), aiding and

abetting breach of fiduciary duty (Count III), fraud (Count IV), and conspiracy (Count V).  They

2

were each parties to the operating agreement, Mr. Kagan owed them a fiduciary duty as individual members of the Company, and the Defendants' fraud and conspiracy was directed at them as well as the Company since it personally affected their decision to invest and the subsequent damage caused to their financial interests in the Company.  Therefore, to the extent their financial interests have been harmed, they should be allowed to intervene as a matter of right to protect these individual interests.  *See Fed. R. Bankr. P. 7024; see also Fed. R. Civ. P. 24(a)(2); In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001) ("Intervention is appropriate as of right when the disposition of an action may impair or impede the applicant's cognizable interest").  Mr. Filippov and Mr. Lipetsker should be permitted to join under the Court's discretionary power as well, because a third party who "has a claim or defense that shares with the main action a common question of law or fact" may intervene with the Court's permission.  *Fed. R. Civ. P. 24(b)(1)(B)*; *see also Fed. R. Civ. P. 20(a)(1)(A) and (B)* (persons may join as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action").

Filippov's and Lipetsker's claims are inextricably intertwined with the pending dispute, and this Court has jurisdiction over all of these claims for the reasons set forth in the LLC, Mr. Filippov, and Mr. Lipetsker's Joint Statement Regarding the Court's Jurisdiction [Ch. 7 Doc. 231], which is incorporated herein by reference.  Importantly, the Defendants **expressly consented** to the Court's jurisdiction in the Rule 26 report filed on September 16, 2016 [Doc. 195] ("The Parties consent to the Court's jurisdiction to enter a final order on all controversies between the Parties").  In addition, due to the inequitable conduct of the Defendants, the Court should equitably subordinate their claims (if any prove valid to any extent whatsoever) to the

3

claims and equity interest of Filippov and Lipetsker, which determination is uniquely within the

expertise of this Court.

## <u>CONCLUSION</u>

For the foregoing reasons, and for the reasons set forth in their previously filed Motion to

Intervene, Mr. Filippov and Mr. Lipetsker respectfully request that the Court allow their motion

and permit Mr. Filippov and Mr. Lipetsker to intervene as plaintiffs in the manner set forth in

<u>Exhibit A</u>.

                                        ALEX FILIPPOV and
                                        NICKOLAY LIPETSKER,
                                        By their attorneys,


                                        */s/ Sean T. Carnathan*
                                        Sean T. Carnathan, BBO No. 636889
                                        *scarnathan@ocmlaw.net*
                                        Joseph P. Calandrelli, BBO No. 666128
                                        *jcalandrelli@ocmlaw.net*
                                        O'Connor, Carnathan & Mack, LLC
                                        1 Van de Graaff Dr., Suite 104
                                        Burlington, MA 01803

Dated:  September 15, 2017


## <u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing and
paper copies will be sent to those indicated as non-registered participants on September 15, 2017.


                                        */s/ Joseph P. Calandrelli*


                                4845-3102-2407, v. 1