# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# (EASTERN DIVISION)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| LYMAN-CUTLER, LLC | ) | No. 15-13881-FJB |
| Debtor. | ) | |
| | ) | |
| | ) | |
| LYMAN-CUTLER, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. 16-01120-FJB |
| v. | ) | |
| | ) | |
| VADIM KAGAN, TATIANA KAGAN, | ) | |
| KAGAN DEVELOPMENT KDC, CORP. | ) | |
| and PROEXCAVATION CORP. | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY TO ALEX FILIPPOV, AND NICKOLAY LIPETSKER'S SUPPLEMENT TO MOTION TO INTERVENE

Vadim Kagan, Tatiana Kagan, Kagan Development KDC, Corp., and ProExcavation Corp. (collectively, the "Kagan Parties"), by and through their undersigned attorneys, respectfully submit this reply to the Supplement to Alex Filippov and Nick Lepetsker's Motion to Intervene [Docket No. 46] filed on September 15, 2017 (the "Supplement") by Alex Filippov ("Filippov") and Nickolay Lipetsker ("Lipetsker"). In support of this Reply, the Kagan Parties state as follows:

{S1029422.2}

As set forth in an earlier pleading,[1] the Kagan Parties concur with the Court's analysis and support dismissal of the Adversary Proceeding for lack of subject matter jurisdiction or abstention under 28 U.S.C. § 1334(c)(1).  See Show Cause Order [Adv. Proc. Docket No. 29]. The Court properly identified that the adjudication of the claims brought in this Adversary Proceeding would have no conceivable effect on the bankruptcy estate and, as such, are outside of its subject matter jurisdiction or, alternatively, warrant abstention under 28 U.S.C. § 1334(c)(1).

The Supplement does nothing to alter the Court's analysis.  Rather, it only highlights that the claims sought to be brought by Filippov and Lipetsker can and should be resolved in state court and have no bankruptcy purpose.  Recognizing this impediment, Filippov and Lipetsker propose to amend the complaint to add a new, equitable subordination claim and argue that the assertion of this claim provides a basis for intervention and creates jurisdiction over the action.[2] But subordination is a remedy in which the order of payment rather than the existence of the debt is at issue.  Moreover, under Section 510(c) of the Bankruptcy Code, allowed claims may be subordinated to allowed claims, but allowed claims may not be subordinated to interests.  11 U.S.C. §510(c); see also Shubert v. Lucent Techs. Inc. (In re Winstar Communications, Inc.), 554 F.3d 382, 414 (3d Cir. 2009)("a creditor's claim can be subordinated only to the claims of other creditors, not equity interests"); Adelphia Recovery Trust v. Bank of America, N.A., 390 B.R. 80, 99 (S.D.N.Y. 2008)("a given claim may not be subordinated to an equity interest, but

---

[1] Kagan Parties' Reply to Lyman-Cutler, LLC, Alex Filippov, and Nickolay Lipetsker's Joint Statement Regarding the Court's Jurisdiction dated September 1, 2017 [Docket No. 44].  The Kagan Parties incorporate that statement by reference with this Reply.

[2] Filippov and Lipetsker are presently not parties to this action.  A motion to intervene requires the identification of the existing claims that intervention is sought.  Fed. R. Civ. P. 24(c).  Here, Filippov and Lipetsker identify certain existing claims and also propose a new claim. The Kagan Parties reserve their right to oppose any motion to amend the complaint.

{S1029422.2}                                    2

only to another claim").

The deadline for filing claims in the Debtor's case was May 3, 2016. Filippov and Lipetsker filed proofs of interest. However, Lipetsker did not file a proof of claim and Filippov only filed a late claim for a purported mortgage in the amount of $208,333. [Claim No. 9]. The Kagan Parties have objected to the Filippov claim. [Docket No. 167]. Given that Lipetsker did not file a claim and Filippov's late-filed claim is the subject of an objection, neither Lipetsker or Filippov have standing to assert equitable subordination claims, and the suggestion that the Kagan Parties' claims could be equitably subordinated to their interests is not authorized by Section 510(c). Moreover, even if jurisdiction exists for the case to proceed and equitable subordination was appropriate (it is not), since the estate has more than $3 million dollars to distribute for the payment of allowed claims, any re-ordering of the payment of such claims is likely a meaningless exercise. Filippov and Lipetsker have preserved their right to object to the claims filed by the Kagan Parties. But if they wish to pursue affirmative relief and, as they state in the Supplement, "to prosecute their own, individual claims against [the Kagan Parties]," Supplement at pp. 1-2, they will have to do so in another court.

It was Filippov's and Lipetsker's decision to put the Debtor in bankruptcy, but in doing so they do not get the benefit of this Court to pursue non-debtor litigation that has no bearing on the bankruptcy case. To the extent they wish to seek a resolution of those disputes, which are entirely based in state law, they should be forced to do so in state court after the bankruptcy claims are resolved. This Court should deny Filippov's and Lipetsker's Motion to Intervene and dismiss this Adversary Proceeding for lack of subject matter jurisdiction or abstention under 28 U.S.C. § 1334(c)(1).

Dated:   September 29, 2017            Respectfully submitted,

                                                  VADIM KAGAN
                                                  TATIANA KAGAN
                                                  KAGAN DEVELOPMENT KDC, CORP.
                                                  PROEXCAVATION CORP.

                                                  By their Attorneys,

                                                  <u>/s/ Christopher M. Candon</u>
                                                  Christopher M. Candon, BBO# 650855
                                                  John H. Perten, BBO# 548728
                                                  SHEEHAN PHINNEY BASS & GREEN, PA
                                                  255 State Street, 5th Floor
                                                  Boston, MA  02109
                                                  Tel:  603-627-8168
                                                  Fax: 603-641-8768
                                                  E-mail: ccandon@sheehan.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2017, a copy of the foregoing was served upon the parties listed below via ECF and/or first class mail, postage prepaid.

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
8 New England Executive Park
Suite 310
Burlington, MA 01803

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

Amy M. McCallen
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

/s/ Christopher M. Candon
Christopher M. Candon

{S1029422.2}