UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

**In Re:** Lyman-Cutler, LLC v. Kagan et al        **Case/AP Number** 16-01120 -FJB
**Chapter**

Rescheduled Hearing:
#29 Order dated 4/28/2017 Re: [13] Motion filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. to Dismiss Adversary [1] Complaint.
#38 Joint Statement Regarding The Court's Jurisdiction filed by Plaintiff Lyman-Cutler, LLC. (Calandrelli, Joseph)
#44 Reply filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. (Candon, Christopher)

**COURT ACTION:**

_____ Hearing held

_____ Granted       _____ Approved       _____ Moot

_____ Denied        _____ Denied without prejudice      _____ Withdrawn in open court

_____ Overruled     _____ Sustained

_____ Continued to _____

_____ Proposed order to be submitted by _____

_____ Stipulation to be submitted by _____

_____ No appearance by _____

Show Cause Order       _____ Released       _____ Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held on October 31, 2017.

After consideration of the parties' responses to the Court's order to show cause regarding subject matter jurisdiction and abstention [doc. #29], the Court now is satisfied that it should not abstain as to this adversary proceeding and determines that it has jurisdiction over the same, at least to the extent that the counterclaims asserted herein by the debtor against the defendants operate as defenses in the nature of setoff to the considerable claims asserted by those same defendants in the bankruptcy case. The adjudication of the counts asserted by the defendants are, to the extent that they are asserted as defenses of setoff, intrinsic to the Debtors' objections to the Kagan parties' claims in the bankruptcy case and therefore are, just as the claims objections are, core proceedings. The Court's jurisdiction as to any affirmative recovery, over and above what is necessary to wholly setoff the claim of a particular defendant, is less certain, and the Court reserves judgment on such jurisdiction until the close of the evidence. In addition, the new count, for equitable subordination, arises in the bankruptcy case and is itself a core proceeding, necessary to a determination of the priority of claims and interests.

IT IS SO ORDERED:

_/s/ Frank J. Bailey_   Dated: 11/01/2017
Frank J. Bailey
United States Bankruptcy Judge