United States Bankruptcy Court
District of Massachusetts

Lyman-Cutler, LLC,
       Plaintiff

Adv. Proc. No. 16-01120-fjb

Kagan,
       Defendant

# CERTIFICATE OF NOTICE

```
District/off: 0101-1          User: jlavalley              Page 1 of 1               Date Rcvd: Nov 03, 2017
                              Form ID: pdf012              Total Noticed: 9
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 05, 2017.
```
tr             +David Madoff,    Madoff & Khoury LLP,    124 Washington Street,    Foxboro, MA 02035-1368
ip             +Alex Filippov,    130 Trapelo Road,    Belmont, Ma 02478-1873
dft            +Kagan Development KDC, Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
pla            +Lyman-Cutler, LLC,    Lyman-Cutler, LLC,    130 Trapelo Rd.,    Belmont, MA 02478-1873
ip             +Nickolay Lipetsker,    52 Stony Brae Road,    Newton, MA 02461-1727
dft            +ProExcavation Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
dft            +Tatiana Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
dft            +Vadim Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust            +E-mail/Text: ustpregion01.bo.ecf@usdoj.gov Nov 03 2017 16:53:50     John Fitzgerald,
                 Office of the US Trustee,   J.W. McCormack Post Office & Courthouse,
                 5 Post Office Sq., 10th Fl, Suite 1000,    Boston, MA 02109-3901
                                                                                              TOTAL: 1
```

        ***** BYPASSED RECIPIENTS *****
NONE.        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 05, 2017        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 3, 2017 at the address(es) listed below:
```
              Christopher M. Candon    on behalf of Defendant Vadim   Kagan ccandon@sheehan.com,
               ntoli@sheehan.com
              Christopher M. Candon    on behalf of Defendant Tatiana   Kagan ccandon@sheehan.com,
               ntoli@sheehan.com
              Christopher M. Candon    on behalf of Defendant    ProExcavation Corp. ccandon@sheehan.com,
               ntoli@sheehan.com
              Christopher M. Candon    on behalf of Defendant    Kagan Development KDC, Corp. ccandon@sheehan.com,
               ntoli@sheehan.com
              David B. Madoff    on behalf of Trustee David   Madoff madoff@mandkllp.com,  alston@mandkllp.com
              Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Nickolay   Lipetsker
               jcalandrelli@ocmlaw.net,   hwolti@ocmlaw.net
              Joseph P. Calandrelli    on behalf of Plaintiff    Lyman-Cutler, LLC jcalandrelli@ocmlaw.net,
               hwolti@ocmlaw.net
              Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Alex   Filippov jcalandrelli@ocmlaw.net,
               hwolti@ocmlaw.net
              Peter N. Tamposi    on behalf of Plaintiff    Lyman-Cutler, LLC peter@thetamposilawgroup.com,
               Judy@tlgnh.com
              Sean T. Carnathan    on behalf of Intervenor-Plaintiff Nickolay   Lipetsker scarnathan@ocmlaw.net,
               hwolti@ocmlaw.net
              Sean T. Carnathan    on behalf of Plaintiff    Lyman-Cutler, LLC scarnathan@ocmlaw.net,
               hwolti@ocmlaw.net
              Sean T. Carnathan    on behalf of Intervenor-Plaintiff Alex   Filippov scarnathan@ocmlaw.net,
               hwolti@ocmlaw.net
                                                                                             TOTAL: 12
```

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**Proceeding Memorandum/Order**

In Re: Lyman-Cutler, LLC v. Kagan et al        Case/AP Number 16-01120 -FJB
                                                Chapter

> Rescheduled Hearing:
> #29 Order dated 4/28/2017 Re: [13] Motion filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. to Dismiss Adversary [1] Complaint.
> #38 Joint Statement Regarding The Court's Jurisdiction filed by Plaintiff Lyman-Cutler, LLC. (Calandrelli, Joseph)
> #44 Reply filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. (Candon, Christopher)

**COURT ACTION:**

_____ Hearing held

_____ Granted        _____ Approved        _____ Moot

_____ Denied         _____ Denied without prejudice        _____ Withdrawn in open court

_____ Overruled      _____ Sustained

_____ Continued to _____

_____ Proposed order to be submitted by _____

_____ Stipulation to be submitted by_____

_____ No appearance by _____

Show Cause Order     _____ Released     _____ Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held on October 31, 2017.

After consideration of the parties' responses to the Court's order to show cause regarding subject matter jurisdiction and abstention [doc. #29], the Court now is satisfied that it should not abstain as to this adversary proceeding and determines that it has jurisdiction over the same, at least to the extent that the counterclaims asserted herein by the debtor against the defendants operate as defenses in the nature of setoff to the considerable claims asserted by those same defendants in the bankruptcy case.  The adjudication of the counts asserted by the defendants are, to the extent that they are asserted as defenses of setoff, intrinsic to the Debtors' objections to the Kagan parties' claims in the bankruptcy case and therefore are, just as the claims objections are, core proceedings.  The Court's jurisdiction as to any affirmative recovery, over and above what is necessary to wholly setoff the claim of a particular defendant, is less certain, and the Court reserves judgment on such jurisdiction until the close of the evidence.  In addition, the new count, for equitable subordination, arises in the bankruptcy case and is itself a core proceeding, necessary to a determination of the priority of claims and interests.

IT IS SO ORDERED:

_/s/ Frank J. Bailey_        Dated: 11/01/2017
_____
Frank J. Bailey
United States Bankruptcy Judge