# EXHIBIT 1

UNITED STATES BANKRTUPCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* ) <br> ) <br> LYMAN-CUTLER, LLC, ) <br>     Debtor, ) <br> _____) <br> ) <br> LYMAN-CUTLER, LLC, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VADIM KAGAN, TATIANA KAGAN, ) <br> KAGAN DEVELOPMENT KDC CORP., ) <br> and PROEXCAVACTION CORP., ) <br> ) <br>     Defendants. ) <br> _____) | Chapter 7 <br> No. 15-13881-FJB <br><br> A.P. No. 16-1120 |

**ALEX FILIPPOV'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO KAGAN DEVELOPMENT KDC CORP.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable to this proceeding through Federal Rules of Bankruptcy Procedure 7026 and 7034, and this Court's Pre-Trial Order, Alex Filippov ("Filippov") requests that Claimant and Adversary Proceeding Defendant Kagan Development KDC, Corp. ("KDC") produce the following documents and things to the offices of Filippov's counsel within thirty days of receipt.

1

## **DEFINITIONS AND INSTRUCTIONS**

1. "Lyman-Cutler, LLC" or the "LLC" shall refer to Lyman-Cutler, LLC, as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

2. "Kagan" shall refer to Vadim Kagan and any and all of his agents, servants, representatives, employees, attorneys, or other persons or entities acting on his behalf.

3. "Tatiana" shall refer to Tatiana Kagan, and any and all of her agents, servants, representatives, employees, attorneys or other persons or entities acting on her behalf.

4. "Century 21" shall refer to Century 21 Commonwealth, as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

5. "Filippov" shall refer to Alex Filippov, and any and all of his agents, servants, representatives, employees, attorneys or other persons or entities acting on his behalf.

6. "Lipetsker" shall refer to Nickolay Lipetsker, and any and all of his agents, servants, representatives, employees, attorneys or other persons or entities acting on his behalf.

7. "Project" shall refer to the LLC's real estate development project involving property on Lyman and Cutler Roads in Brookline, Massachusetts in which Filippov and Lipetsker invested in the fall of 2012.

8. "KDC," "you" or "your" shall refer to Kagan Development KDC, Corp., as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

9. "ProExcavation" shall refer to ProExcavation, as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

10. "The Properties" shall refer to the two properties that were the subject of the Project, specifically, the properties located at 55 Lyman Road, Brookline, Massachusetts and 88 Cutler Lane, Brookline, Massachusetts.

11. "Rockland" shall refer to Rockland Trust Bank, as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

12. "Other Construction Project" means any home construction project on which KDC worked between December 1, 2012 and June 2015, regardless of when the project was commenced or completed.

13. "Project Documents" means documents sufficient to reflect the budget, forecast, cost of construction, date of completion, date of sale and selling price for each Other Construction Project.

14. All of the terms defined in the federal and District of Massachusetts local rules are hereby incorporated by reference in their entirety.

15. Each document requested below shall also be produced in its native, electronic form.

16. If any of the requested documents requested has been previously produced, please state so expressly and identify the previous production by Bates Number.

## DOCUMENT REQUESTS

### Request No. 1

All documents concerning the Project, including but not limited to contracts or agreements with the LLC or any subcontractor, supplier, or vendor, change orders, financial records, bank records, government filings, permits, certificates and inspections, budgets, forecasts, estimates, plans, specifications, drawings, schedules, and correspondence.

**Request No. 2**

All documents concerning costs or expenses you incurred on the Project, including but not limited to applications for payment, invoices, estimates, or any other request for payment issued to KDC by any subcontractor, supplier, or vendor, and all documents reflecting payments thereon, including all bank statements, wire transfer records, credit card statements, cancelled checks, and 1099s.

**Request No. 3**

To the extent not produced in connection with Request No. 2, all documents concerning costs incurred by KDC for all Other Construction Projects, including but not limited to all supply, material, labor, and equipment invoices, and all bank statements, credit card statements and cancelled checks.

**Request No. 4**

All documents concerning payments received by KDC for the Project, including but not limited to applications for payment, invoices, or any other request for payment issued by or on behalf of KDC, and any payments thereon.

**Request No. 5**

All communications with Tatiana or Century 21 from November 1, 2012 to date.

**Request No. 6**

All communications concerning the Project, the Properties, the LLC, Filippov or Lipetsker.

**Request No. 7**

All books and records for KDC, including but not limited to the native, electronic versions of the company's QuickBook files from November 1, 2012 to date.

**Request No. 8**

KDC's state and federal tax returns for the years 2013 through the present.

**Request No. 9**

All documents which you contend support the amount claimed owed in your proof of claim.

**Request No. 10**

All American Express credit card statements for any account with regard to which KDC has or had the right to incur charges for the period November 1, 2012 to October 7, 2015.

4

**Request No. 11**

All licenses and/or bonds provided by any of the subcontractors, suppliers, or vendors on the Projects.

**Request No. 12**

The Project Documents for each Other Construction Project.

**Request No. 13**

All documents concerning Kristina Brusenkova, including but not limited to all documents concerning her employment and any litigation in which KDC is or has been involved with Ms. Brusenkova.

**Request No. 14**

All communications with Boris Maiden from July 1, 2012 to the present date.

**Request No. 15**

All communications with Rockland Bank from July 1, 2012 to the present date.


ALEX FILIPPOV
By his attorneys,


*/s/ Sean T. Carnathan*
Sean T. Carnathan, BBO No. 636889
*scarnathan@ocmlaw.net*
Joseph P. Calandrelli, BBO No. 666128
*jcalandrelli@ocmlaw.net*
**O'Connor, Carnathan and Mack LLC**
Landmark One, Suite 104
1 Van de Graaff Dr.
Burlington, Massachusetts 01803

Dated:  September 12, 2017          T:  (781) 359-9000

5

<u>Certificate of Service</u>

      I, Sean T. Carnathan, certify that a copy of the foregoing document was served by electronic and first-class mail, postage prepaid, to Defendants' counsel on September 12, 2017.

                                            <u>*/s/ Sean T. Carnathan*</u>
                                            Sean T. Carnathan