# EXHIBIT 2

UNITED STATES BANKRTUPCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* )<br>)<br>LYMAN-CUTLER, LLC, )<br>     Debtor, )<br>_____)<br>)<br>LYMAN-CUTLER, LLC, )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>VADIM KAGAN, TATIANA KAGAN, )<br>KAGAN DEVELOPMENT KDC CORP., )<br>and PROEXCAVACTION CORP., )<br>)<br>     Defendants. )<br>_____) | Chapter 7<br>No. 15-13881-FJB<br><br>A.P. No. 16-1120 |

**ALEX FILIPPOV'S**
**FIRST SET OF INTERROGATORIES TO KAGAN DEVELOPMENT KDC CORP.**

    Pursuant to Federal Rules of Civil Procedure 26 and 33, made applicable to this proceeding through Federal Rules of Bankruptcy Procedure 7026 and 7033, and this Court's Pre-Trial Order, Alex Filippov ("Filippov") requests that Claimant and Adversary Proceeding Defendant Kagan Development KDC, Corp. ("KDC") answer the following interrogatories within thirty days of receipt.

**DEFINITIONS**

    1.    "Lyman-Cutler, LLC" or the "LLC" shall refer to Lyman-Cutler, LLC, as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

    2.    "Kagan" shall refer to Vadim Kagan and any and all of his agents, servants, representatives, employees, attorneys, or other persons or entities acting on his behalf.

1

3. "Tatiana" shall refer to Tatiana Kagan, and any and all of her agents, servants, representatives, employees, attorneys or other persons or entities acting on her behalf.

4. "Century 21" shall refer to Century 21 Commonwealth, as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

5. "Filippov" shall refer to Alex Filippov, and any and all of his agents, servants, representatives, employees, attorneys or other persons or entities acting on his behalf.

6. "Lipetsker" shall refer to Nickolay Lipetsker, and any and all of his agents, servants, representatives, employees, attorneys or other persons or entities acting on his behalf.

7. "Project" shall refer to the LLC's real estate development project involving property on Lyman and Cutler Roads in Brookline, Massachusetts in which Filippov and Lipetsker invested in the fall of 2012.

8. "KDC," "you" or "your" shall refer to Kagan Development KDC, Corp., as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

9. "ProExcavation" shall refer to ProExcavation, as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

10. "The Properties" shall refer to the two properties that were the subject of the Project, specifically, the properties located at 55 Lyman Road, Brookline, Massachusetts and 88 Cutler Lane, Brookline, Massachusetts.

11. "Other Construction Project" means any home construction project on which KDC worked between December 1, 2012 and June 2015, regardless of when the project was commenced or completed.

12. All of the terms defined in the Federal Rules of Civil Procedure and Local Rules of the Bankruptcy Court for the District of Massachusetts are hereby incorporated by reference in their entirety.

## INTERROGATORIES

### Interrogatory No. 1

Identify all subcontractors, vendors, laborers, architects, engineers, or suppliers that either performed work on, or provided materials or supplies to, the Project. For each such individual or entity identified, describe the work performed or materials or supplies provided by that individual or entity and the dates on which that individual or entity performed the work or provided the materials or supplies.

### Interrogatory No. 2

For each individual or entity identified in response to Interrogatory No. 1, identify: (i) the date and full dollar amount that individual or entity billed, invoiced, or otherwise requested payment from KDC; (ii) the full dollar amount KDC paid that individual or entity; and (iii) the dates of any payments made by KDC to that individual or entity.

### Interrogatory No. 3

Identify all Other Construction Projects, including the street address of each project, the owner of the project, the name of the individual or entity with whom KDC had a verbal or written contract to perform construction work, and the beginning and ending dates on which KDC performed any work on the project.

### Interrogatory No. 4

Identify all subcontractors, vendors, laborers, architects, engineers, or suppliers that either performed work on, or provided materials or supplies to, Other Construction Projects. For each such individual or entity identified, identify the particular project(s) on which that individual or entity performed work or provided materials or supplies, describe the work performed or materials or supplies provided by that individual or entity, and the dates on which that individual or entity performed the work or provided the materials or supplies.

**Interrogatory No. 5**

For each individual or entity identified in response to Interrogatory No. 4, identify: (i) the date and full dollar amount that individual or entity billed, invoiced, or otherwise requested payment from KDC; (ii) the full dollar amount KDC paid that individual or entity; and (iii) the dates of any payments made by KDC to that individual or entity.

**Interrogatory No. 6**

Identify any individual or entity that has held any ownership interest in KDC at any time.

**Interrogatory No. 7**

Identify the job title held by Tatiana in KDC at any time from January 1, 2012 to the present date, and describe her job functions in that title.

**Interrogatory No. 8**

Identify each person KDC intends to call as an expert witness at trial. For each such witness, state:

(a) the expert's full name, present address, and present place of employment;
(b) the subject matter on which the expert is expected to testify;
(c) the substance of the facts and opinions to which the expert is expected to testify; and
(d) a detailed summary of the grounds of any such opinion.

**Interrogatory No. 9**

Identify the precise amount of money you seek to recover against the LLC in this bankruptcy proceeding.

**Interrogatory No. 10**

State the complete factual basis for your contention that you are entitled to the dollar amount specified in your Answer to Interrogatory No. 9.

4

ALEX FILIPPOV
By his attorneys,

*/s/ Sean T. Carnathan*
Sean T. Carnathan, BBO No. 636889
*scarnathan@ocmlaw.net*
Joseph P. Calandrelli, BBO No. 666128
*jcalandrelli@ocmlaw.net*
**O'Connor, Carnathan and Mack LLC**
Landmark One, Suite 104
1 Van de Graaff Dr.
Burlington, Massachusetts 01803
T: (781) 359-9000

Dated: September 13, 2017

<br>

Certificate of Service

I, Sean T. Carnathan, certify that a copy of the foregoing document was served by electronic and first-class mail, postage prepaid, to Defendants' counsel on September 13, 2017.

*/s/ Sean T. Carnathan*
Sean T. Carnathan

4817-1651-4383, v. 1

5