# EXHIBIT 5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>    Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>    Defendants. | Adv. Pro. No. 16-01120 |

**KAGAN DEVELOPMENT KDC, CORP.'S RESPONSES TO
ALEX FILIPPOV'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, made applicable to this proceeding through Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, Defendant Kagan Development KDC, Corp. ("KDC") hereby responds to Alex Filippov's ("Filippov") First Request for Production of Documents ("Request"). As a threshold matter, the Request overreaches because the vast majority of documents requested are wholly irrelevant to the claims and defenses raised in this case, including documents concerning other construction projects that have nothing to do with the project that is the subject of this action. It is clear that Filippov is using the Request to harass KDC and its affiliates to further his goal of harming Defendants' businesses. Finally, it is unclear whether this Court will even allow the Adversary Proceeding to go forward as it has

raised questions of jurisdiction and there is a pending motion to dismiss, making discovery related to the claims asserted therein premature.

KDC further objects to the instructions and definitions within the request to the extent that they seek to impose obligation beyond those required under the applicable Rules.

**REQUEST NO. 1**

All documents concerning the Project, including but not limited to contracts or agreements with the LLC or any subcontractor, supplier, or vendor, change orders, financial records, bank records, government filings, permits, certificates and inspections, budgets, forecasts, estimates, plans, specifications, drawing, schedules, and correspondence.

**RESPONSE NO. 1**

KDC objects to this request to the extent it seeks documents subject to the attorney-client privilege and/or work product doctrine. Further objecting, KDC states that it has already produced the vast majority of the discoverable documents responsive to this Request and it is interposed largely to needlessly run up costs. Specifically, KDC has provided organized binders containing hundreds of pages of backup documentation for the costs incurred in connection with the Project at issue. Without waiving said objections, KDC will produce non-privileged responsive documents related to the project at issue that were not previously produced, if any, that are in its possession, custody or control.

**REQUEST NO. 2**

All documents concerning costs or expenses you incurred on the Project, including but not limited to applications for payment, invoices, estimates, or any other request for payment issued to KDC by any subcontractor, supplier, or vendor, and all documents reflecting payments

thereon, including all bank statements, wire transfer records, credit card statements, cancelled checks, and 1099's.

**RESPONSE NO. 2**

KDC objects to this request to the extent it seeks documents subject to the attorney-client privilege and/or work product doctrine. It also objects to this request as overly broad and unduly burdensome. Further objecting, KDC states that it has already produced the vast majority of the discoverable documents responsive to this Request and it is interposed largely to needlessly run up costs. Specifically, KDC has provided organized binders containing hundreds of pages of backup documentation for the costs incurred in connection with the Project at issue. Without waiving said objections, KDC will produce non-privileged documents related to the project at issue that were not previously produced, if any, that are in its possession, custody or control.

**REQUEST NO. 3**

To the extent not produced in connection with Request No. 2, all documents concerning costs incurred by KDC on all Other Construction Projects, including but not limited to all supply, material, labor, and equipment invoices, and all bank statements, credit card statements and cancelled checks.

**RESPONSE NO. 3**

KDC objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it is not narrowly tailored to the project at issue in this action nor does it provide a relevant time frame. Documents concerning "Other Construction Projects" are irrelevant to this action and information relating to time periods well before and well after the work on subject project are not a proper subject for discovery. Moreover, this information is private and confidential to KDC.

3

**REQUEST NO. 4**

All documents concerning payments received by KDC for the Project, including but not limited to applications for payment, invoices, or any other request for payment issued by or on behalf of KDC, and any payments thereon.

**RESPONSE NO. 4**

KDC objects to this request to the extent it seeks documents subject to the attorney-client privilege and/or work product doctrine. It also objects to this request as overly broad and unduly burdensome. Further objecting, KDC states that it has already produced the vast majority of the discoverable documents responsive to this Request. Specifically, KDC has provided organized binders containing hundreds of pages of backup documentation for the costs incurred in connection with the Project at issue. Additionally, Filippov has already been provided with copies of the LLC financial books and records as well as copies of bank statements and checks. Without waiving said objections, KDC will produce non-privileged documents related to the project at issue that were not previously produced, if any, that are in its possession, custody or control.

**REQUEST NO. 5**

All communications with Tatiana or Century 21 from November 1, 2012 to date.

**RESPONSE NO. 5**

KDC objects to this request to the extent it seeks documents subject to the attorney-client privilege, joint defense privilege, and/or work product doctrine. It also objects to this request as overly broad and unduly burdensome and seeks documents that have already been produced by Century 21 in connection with the State Court Litigation. This request overreaches because it seeks all communications between KDC and Tatiana Kagan regardless of the time or subject

4

matter. Further objecting, KDC states that it has already produced the vast majority of the discoverable documents responsive to this request and this Request is interpose largely to needlessly run up costs. Without waiving said objections, KDC will produce non-privileged responsive documents related to the project at issue that were not previously produced, if any, that are in its possession, custody or control.

**REQUEST NO. 6**

All communications concerning the Project, the Properties, the LLC, Filippov or Lipetsker.

**RESPONSE NO. 6**

KDC objects to this request as an improper compound interrogatory request designed to circumvent the Court's discovery order. Without waiving said objections, KDC will produce non-privileged documents related to the project at issue that were not previously produced, if any, that are in its possession, custody or control.

**REQUEST NO. 7**

All books and records for KDC, including but not limited to the native, electronic versions of the company's QuickBook files from November 1, 2012 to date.

**RESPONSE NO. 7**

KDC objects to this request as overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. It also objects to this request because it seeks confidential, private, and sensitive information that is irrelevant to this case and for time frames that are well before and well after the subject project. This request grossly overreaches and misunderstands how QuickBooks functions. QuickBooks is a software database, to which Filippov is not entitled to access under the rules. Accordingly, although KDC is willing to

5

provide standard reports from related to the project at issue, it will not allow Filippov access to its QuickBooks database, which consists mostly of information that is completely unrelated to this case or this project. KDC also notes that under Rule 34(b)(2)(E)(iii) a party need not produce electronically stored information in more than one form.

**REQUEST NO. 8**

KDC's state and federal tax returns for the years 2013 through the present.

**RESPONSE NO. 8**

KDC objects to this request as overly broad as it seeks documents that are wholly irrelevant to this action and is therefore overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. It also objects to this request to the extent it seeks state tax returns, which are privileged, and because the request seeks documents that contains private and confidential information having nothing to do with this case. KDC's tax returns, especially for calendar years that have nothing to do with this case, are beyond the scope of proper discovery. This request is a patent fishing expedition.

**REQUEST NO. 9**

All documents which you contend support the amount claimed owed in your proof of claim.

**RESPONSE NO. 9**

Kagan objects to this request to the extent it seeks documents subject to the attorney-client privilege, joint defense privilege, or work product doctrine. Further, KDC has provided organized binders containing hundreds of pages of backup documentation for the costs incurred in connection with the Project at issue. Subject to these objections, KDC will produce non-privileged documents responsive to this request that have not been previously

produced, if any, that are in its possession, custody, or control.

**REQUEST NO. 10**

All American Express credit card statements for any account with regard to which KDC has or had the right to incur charges for the period November 1, 2012 to October 7, 2015.

**RESPONSE NO. 10**

KDC objects to this request as overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, requesting "[a]ll American Express credit card statements for any account with regard to which KDC has or had the right to incur charges for the period November 1, 2012 to October 7, 2015" includes statements and information that have nothing to do with this case and for time frames that are well before and well after the subject project. Further, KDC has provided organized binders containing hundreds of pages of backup documentation, including American Express statements, for the costs incurred in connection with the Project at issue. Without waiving said objections, KDC will produce American Express statements pertaining to the project at issue that were not previously produced, if any, that are in its possession, custody or control.

**REQUEST NO. 11**

All licenses and/or bonds provided by any of the subcontractors, suppliers, or vendors on the Projects.

**RESPONSE NO. 11**

KDC objects to this request as overly broad and unduly burdensome. Without waiving said objections, it will produce non-privileged documents related to the project at issue that were not previously produced, if any, that are in its possession, custody or control.

**REQUEST NO. 12**

The Project Documents for each Other Construction Project.

**RESPONSE NO. 12**

KDC objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it is not narrowly tailored to the project at issue in this action nor does it provide a relevant time frame. Documents concerning "Other Construction Projects" are irrelevant to this action and information relating to time periods well before and well after the work on subject project are not a proper subject for discovery. This Request is a patent fishing expedition and effort to needless complicate matters and run up costs.

**REQUEST NO. 13**

All documents concerning Kristina Brusenkova, including but not limited to all documents concerning her employment and any litigation in which KDC is or has been involved with Ms. Brusenkova.

**RESPONSE NO. 13**

KDC objects to this request as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the request seeks information unrelated to the project at issue. This request is a patent fishing expedition and appears to be aimed at harassing KDC. Further responding, many documents responsive to this request are public records and can be obtained by Filippov through equal effort as by KDC.

**REQUEST NO. 14**

All communications with Boris Maiden from July 1, 2012 to the present date.

8

**RESPONSE NO. 14**

KDC objects to this request to the extent it seeks documents subject to the attorney-client privilege, joint defense privilege, and/or work product doctrine. It also objects to this request as overly broad and unduly burdensome to the extent it seeks documents related to other engagements. Without waiving said objections, KDC will produce non-privileged documents related to the project at issue that were not previously produced, if any, that are in its possession, custody or control.

**REQUEST NO. 15**

All communications with Rockland Bank from July 1, 2012 to the present date.

**RESPONSE NO. 15**

KDC objects to this request as overly broad and unduly burdensome to the extent it seeks documents related to other construction projects. It also objects because KDC's counsel provided Filippov's counsel a copy of all documents received from Rockland Bank pursuant to a Keeper of Records subpoena served on Rockland Bank. Without waiving said objections, KDC will produce non-privileged documents related to the Project at issue that were not previously produced, if any, that are in its possession, custody or control.

KAGAN DEVELOPMENT KDC, CORP.,

By its attorneys,

_____
Christopher M. Candon, Esq. (BBO #650855)
John H. Perten, Esq. (BBO# 548728)
Sheehan Phinney Bass & Green PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  (617) 897-5600
ccandon@sheehan.com
jperten@sheehan.com

Dated:  October 12, 2017

### CERTIFICATE OF SERVICE

I, John H. Perten, Esq., certify that I served the foregoing document on all counsel of record via email and first class mail.

_____
John H. Perten, Esq.

Dated:  October 12, 2017

10