# EXHIBIT 6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants. | Adv. Pro. No. 16-01120 |

### KAGAN DEVELOPMENT KDC CORP.'S RESPONSES TO
### ALEX FILIPPOV'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, made applicable to this proceeding through Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, Defendant Kagan Development KDC, Corp. ("KDC") hereby responds to Alex Filippov's ("Filippov") First Set of Interrogatories ("Interrogatories"). As a threshold matter, the Interrogatories overreach because the vast majority of information requested is wholly irrelevant to the claims and defenses raised in this case, including information concerning other construction projects that have nothing to do with the Project that is the subject of this action. It is clear that Filippov is using the Interrogatories to harass KDC and its affiliates to further his goal of harming Defendants' businesses. Finally, it is unclear whether this Court will even allow the Adversary Proceeding to go forward as it has

raised questions of jurisdiction and there is a pending motion to dismiss, making discovery related to the claims asserted therein premature.

KDC further objects to the instructions and definitions within the Interrogatories to the extent that they seek to impose obligation beyond those required under the applicable Rules.

**INTERROGATORY NO. 1**

Identify all subcontractors, vendors, laborers, architects, engineers, or suppliers that either performed work on, or provided materials or supplies to, the Project. For each such individual or entity identified, describe the work performed or materials or supplies provided by that individual or entity and the dates on which that individual or entity performed the work or provided the materials or supplies.

**RESPONSE NO. 1**

KDC objects to this interrogatory because Filippov has already been provided responsive information and this request is overly broad and unduly burdensome. Specifically, KDC has provided binders to Filippov that include itemized breakdowns of the costs incurred in connection with the Project at issue and hundreds of pages of backup documentation supporting these expenditures and the persons or entities who provided the goods or services. Thus, this interrogatory appears to be interposed largely to needlessly run up costs. Pursuant to Fed. R. Civ. P. 33(d), KDC refers to the binders produced through counsel that contain information responsive to this interrogatory from which the response can be determined through equal effort by Filippov.

**INTERROGATORY NO. 2**

For each individual or entity identified in response to Interrogatory No. 1, identify: (i) the date and full dollar amount that individual or entity billed, invoiced, or otherwise requested

payment from KDC; (ii) the full dollar amount KDC paid that individual or entity; and (iii) the dates of any payments made by KDC to that individual or entity.

**RESPONSE NO. 2**

Please see our response to Interrogatory No. 1.

**INTERROGATORY NO. 3**

Identify all Other Construction Projects, including the street address of each project, the owner of the project, the name of the individual or entity with whom KDC had a verbal or written contract to perform construction work, and the beginning and ending dates on which KDC performed any work on the project.

**RESPONSE NO. 3**

KDC objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it is not narrowly tailored to the Project at issue in this action nor does it provide a relevant time frame. Information concerning "Other Construction Projects" is irrelevant to this action and information relating to time periods well before and well after the work on the subject project is not a proper subject for discovery. This interrogatory is a patent fishing expedition as there is no relevancy to the issues or matters in question and is an obvious effort to needless complicate matters and run up costs. Moreover, it seeks confidential and private information.

**INTERROGATORY NO. 4**

Identify all subcontractors, vendors, laborers, architects, engineers, or suppliers that either performed work on, or provided materials or supplies to, Other Construction Projects. For each such individual or entity identified, identify the particular project(s) on which that individual or entity performed work or provided materials or supplies, describe the work

3

performed or materials or supplies provided by that individual or entity, and the dates on which that individual or entity performed the work or provided the materials or supplies.

**RESPONSE NO. 4**

KDC objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it is not narrowly tailored to the Project at issue in this action nor does it provide a relevant time frame. Information concerning "Other Construction Projects" is irrelevant to this action and information relating to time periods well before and well after the work on the subject project is not a proper subject for discovery. This interrogatory is a patent fishing expedition as there is no relevancy to the issues or matters in question and is an obvious effort to needless complicate matters and run up costs. Moreover, it seeks confidential and private information.

**INTERROGATORY NO. 5**

For each individual or entity identified in response to Interrogatory No. 4, identify: (i) the date and full dollar amount that individual or entity billed, invoiced, or otherwise requested payment from KDC; (ii) the full dollar amount KDC paid that individual or entity; and (iii) the dates of any payments made by KDC to that individual or entity.

**RESPONSE NO. 5**

KDC objects to this interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it is not narrowly tailored to the Project at issue in this action nor does it provide a relevant time frame. Information concerning "Other Construction Projects" is irrelevant to this action and information relating to time periods well before and well after the work on the subject project is not a proper subject for discovery. This interrogatory is a patent fishing expedition as there is no relevancy to

the issues or matters in question and is an obvious effort to needless complicate matters and run up costs. Moreover, it seeks private and confidential information.

**INTERROGATORY NO. 6**

Identify any individual or entity that has held any ownership interest in KDC at any time.

**RESPONSE NO. 6**

KDC objects to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The ownership of KDC is not at issue in this case. Further, the interrogatory is overly broad as it is not limited in time because it requests the identity of any owner of KDC "at any time." Without waiving these objections, KDC states that Vadim Kagan and Tatiana Kagan held an ownership interest in KDC during the pertinent time period that KDC worked on this project.

**INTERROGATORY NO. 7**

Identify the job title held by Tatiana in KDC at any time from January 1, 2012 to the present date, and describe her job functions in that title.

**RESPONSE NO. 7**

KDC objects to this interrogatory as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Tatiana's past or present position at KDC is not at issue in this case. Further, the interrogatory is overly broad because it requests the identity of any owner of KDC "at any time from January 1, 2012." Without waiving these objections, KDC states that Tatiana was a Director at KDC during the pertinent time period.

**INTERROGATORY NO. 8**

Identify each person KDC intends to call as an expert witness at trial. For each such witness, state:

a) The expert's full name, present address, and present place of employment;

b) The subject matter on which the expert is expected to testify;

c) The substance of the facts and opinions to which the expert is expected to testify; and

d) A detailed summary of the grounds of any such opinion.

**RESPONSE NO. 8**

KDC objects to this request as an improper compound request. To date, KDC has not identified an expert witness to testify at trial. If KDC retains an expert witness to testify at trial, it will update its response to this interrogatory as required by the Court's pre-trial order and the Rules of this Court.

**INTERROGATORY NO. 9**

Identify the precise amount of money you seek to recover against the LLC in this bankruptcy proceeding.

**RESPONSE NO. 9**

KDC refers to and incorporates its proofs of claim and, pursuant to Rule 33(d), the binders it provided containing backup documentation supporting its claims.

**INTERROGATORY NO. 10**

State the complete factual basis for your contention that you are entitled to the dollar amount specified in your Answer to Interrogatory No. 9.

**RESPONSE NO. 10**

KDC refers to and incorporates its proofs of claim and, pursuant to Rule 33(d), the binders it provided containing backup documentation supporting its claims. Answering further, KDC constructed the two homes for the Debtor pursuant to a valid contract. The homes were completed and sold, and the Debtor reaped the benefit of KDC's efforts. The construction contract was not a lump sum contract and provided that KDC would be reimbursed for all of its

construction costs as well as other monies specified therein. Despite having accepted KDC's work, which was done with the full knowledge of the Debtor and the understanding that KDC was not working for free, Debtor has refused to pay in accordance with the terms of the agreement, thereby breaching same. In addition, KDC seeks indemnification under the Operating Agreement of the Debtor, insofar as it was acting an agent of the LLC in constructing the houses on the property belonging to the LLC. The amount owed for indemnity is still accruing and has not yet been fixed.

## CERTIFICATION

I, Vadim Kagan, hereby certify the following: I am the President of Kagan Development KDC, Corp. ("KDC"), a party in the above-captioned action, and I sign the foregoing Answers to Interrogatories for and on behalf of KDC and am duly authorized to do so.

The matters stated in the foregoing Answers to Interrogatories are based in part upon KDC's business records and are not all within my personal knowledge.

I understand that the information set forth aforesaid Answers to Interrogatories are in accordance with the information available to KDC and the records maintained by the defendant and are true insofar as it is possible to verify them.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 13 DAY OF OCTOBER, 2017.

Vadim Kagan, President
Kagan Development KDC, Corp.

AS TO OBJECTIONS:

KAGAN DEVELOPMENT KDC, CORP.

By its attorneys,

Christopher M. Candon (BBO #650855)
John H. Perten, Esq. (BBO# 548728)
Sheehan Phinney Bass & Green PA
255 State Street, 5th Floor
Boston, MA  02109
Tel: (617) 897-5600
ccandon@sheehan.com
jperten@sheehan.com

Dated: October 13, 2017

8

## CERTIFICATE OF SERVICE

I, John H. Perten, Esq., certify that I served the foregoing document on all counsel of record via email and first class mail.

_____
John H. Perten, Esq.

Dated: October 13, 2017