# EXHIBIT 7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>  Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>  Defendants. | Adv. Pro. No. 16-01120 |

**PROEXCAVATION CORP.'S RESPONSES TO ALEX FILIPPOV'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, made applicable to this proceeding through Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, Defendant ProExcavation Corp. ("ProExcavation") hereby responds to Alex Filippov's ("Filippov") First Request for Production of Documents ("Request"). As a threshold matter, the Request overreaches because the vast majority of documents requested are wholly irrelevant to the claims and defenses raised in this case, including documents concerning other construction projects that have nothing to do with the Project that is the subject of this action. Filippov is using the Request to harass ProExcavation and its affiliates to further his goal of harming Defendants' businesses. Finally, it is unclear whether this Court will even allow the Adversary Proceeding to go forward as it has

raised questions of jurisdiction and there is a pending motion to dismiss, making discovery related to the claims asserted therein premature.

ProExcavation further objects to the instructions and definitions within the request to the extent that they seek to impose obligation beyond those required under the applicable Rules.

## REQUEST NO. 1

All documents concerning the Project, including but not limited to estimates, plans, budgets, photographs, videos, drawings, contracts, schedules, invoices, payments, time records, subcontracts, bank statements, cancelled checks, lien releases, permits, inspections, and correspondence.

## RESPONSE NO. 1

ProExcavation objects to this request to the extent it seeks documents subject to the attorney-client privilege and/or work product doctrine. It also objects to this request as overly broad and unduly burdensome. Further objecting, ProExcavation states that it has already produced the vast majority of the discoverable documents responsive to this request and this duplicative request is interposed solely to harass ProExcavation and needlessly run up expenses. Without waiving said objections, ProExcavation will produce non-privileged documents related to the Project at issue that were not previously produced, if any, that are in its possession, custody or control.

## REQUEST NO. 2

All communications with Filippov.

## RESPONSE NO. 2

ProExcavation does not have responsive documents within its possession, custody or control.

**REQUEST NO. 3**

All communications with Lipetsker.

**RESPONSE NO. 3**

ProExcavation does not have responsive documents within its possession, custody or control.

**REQUEST NO. 4**

Documents sufficient to reflect the identity of all ProExcavation employees from January 1, 2012 to date.

**RESPONSE NO. 4**

ProExcavation objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. The identity of persons employed by ProExcavation from 2012 to present date, especially employees who did not work on the Project at issue, is wholly irrelevant to this dispute. Moreover, the time frame is overbroad as it encompasses periods well before and years after the work on the subject Project was completed. Construction occurred during parts of 2013 and 2014. Additionally, this request seeks confidential and private information regarding ProExcavation's employees.

**REQUEST NO. 5**

Documents sufficient to reflect the identity of all ProExcavation subcontractors from January 1, 2012 to date.

**RESPONSE NO. 5**

ProExcavation objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it is not narrowly tailored to the Project at issue in this action nor does it provide a relevant time frame.

3

Documents concerning ProExcavation subcontractors who worked on other construction projects are irrelevant to this action, and information relating to time periods well before and well after the work on subject project are not a proper subject for discovery. Construction on this project occurred during parts of 2013 and 2014. This request is a patent fishing expedition and effort to needless complicate matters and run up costs. Accordingly, ProExcavation will only produce documents responsive to this request that relate to the Project at issue in this case that have not been produced already, if any, that are in its possession, custody, or control.

**REQUEST NO. 6**

Documents sufficient to reflect the identity of all ProExcavation vendors from November 1, 2012 to date.

**RESPONSE NO. 6**

ProExcavation objects to this request as overly broad and unduly burdensome to the extent it is not properly limited in scope to the single Project at issue in this action nor limited to the time period during which ProExcavation worked on the relevant Project. Documents concerning ProExcavation vendors on other construction projects and during time periods well before and long after the instant Project are irrelevant to this action. Construction of this project occurred during parts of 2013 and 2014. This request is a patent fishing expedition and an effort to needlessly complicate matters and run up costs. Accordingly, ProExcavation will only produce documents responsive to this request that relate to the Project at issue in this case that have not been produced already, if any, that are in its possession, custody, or control.

**REQUEST NO. 7**

Documents sufficient to reflect the identity of all ProExcavation clients from November 1, 2012 to date.

4

### RESPONSE NO. 7

ProExcavation objects to this request as it is overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible information, and seeks documents containing wholly irrelevant information and documents containing confidential, private, and sensitive information. The only "client" of ProExcavation at issue in this case is KDC. ProExcavation's relationship with other "clients" is outside of the purview of proper discovery in this case. Moreover, the time frame, November 2012 to present is overly broad as the project was completed in 2014. This request is patent overreaching and an attempt to engage in a fishing expedition for irrelevant information.

### REQUEST NO. 8

Documents sufficient to reflect the scope, cost and billing with regard to all ProExcavation projects that were active at any time between November 1, 2012 and July 1, 2015, including but not limited to all supplies, material, labor, and equipment invoices, and all bank statements and cancelled checks with regard to each such project.

### RESPONSE NO. 8

ProExcavation objects to this request as overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Documents related to projects other than the one being developed by the Debtor are irrelevant to this action and the time frame is not tailored to the single Project at issue in this case. This project was completed in 2014. Further, this request seeks confidential and private financial information of ProExcavation. Thus, this request is a patent fishing expedition. As to the Project at issue in this action, ProExcavation refers Filippov to the binders already produced containing backup documentation for Project costs.

**REQUEST NO. 9**

All books and records for ProEx, including but not limited to the native, electronic versions of the Company's QuickBook files from November 1, 2012 to date.

**RESPONSE NO. 9**

ProExcavation objects to this request as overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. It also objects to this request because it seeks confidential, private, and sensitive information that is irrelevant to this case and for time frames that are well before and well after the subject Project. Moreover, this request grossly overreaches and misunderstands how QuickBooks functions. QuickBooks is a software database to which Filippov is not entitled to access under the rules. Finally, ProExcavation's only claim in this proceeding is for indemnity. The reports and information related to ProExcavation's QuickBooks are irrelevant to its claims for indemnification.

**REQUEST NO. 10**

All American Express credit card statements for any account with regard to which Pro Ex has or had the right to incur charges for the period November 1, 2012 to date.

**RESPONSE NO. 10**

ProExcavation objects to this request as overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, requesting "[a]ll American Express credit card statements for any account with regard to which Pro Ex has or had the right to incur charges for the period November 1, 2012 to date" includes statements and information that have nothing to do with this case and for time frames that are well before and well after the subject Project. Moreover, it seeks confidential and private information.

**REQUEST NO. 11**

ProEx's state and federal tax returns for calendar years 2013 through the present.

**RESPONSE NO. 11**

ProExcavation objects to this request as overly broad as it seeks documents that are wholly irrelevant to this action. Additionally, this request is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. It also objects to this request to the extent it seeks state tax returns, which are privileged, and because the request seeks documents that contains private and confidential information having nothing to do with this case. Finally, ProExcavation's tax returns, especially for calendar years that have nothing to do with this case, are beyond the scope of proper discovery and this request is a patent fishing expedition.

**REQUEST NO. 12**

All of ProEx's licenses and/or bonds provided on the Project.

**RESPONSE NO. 12**

ProExcavation objects to this request as overly broad and unduly burdensome. Without waiving said objections, ProExcavation has no documents responsive to this request.

**REQUEST NO. 13**

All contracts or agreements between ProExcavation on the one hand and KDC or any other company owned or controlled by Kagan on the other.

**RESPONSE NO. 13**

ProExcavation objects to this request as overly broad as it seeks documents that are wholly irrelevant to this action, overly broad and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Contracts and agreements concerning

other Projects and with other entities are irrelevant to this action and not a proper area of discovery. This request is a patent fishing expedition. Accordingly, ProExcavation will only produce documents responsive to this request that relate to the Project at issue in this case and its contract with KDC that have not been produced already, if any, that are in its possession, custody, or control.

**REQUEST NO. 14**

All communications with Century 21.

**RESPONSE NO. 14**

ProExcavation does not have responsive documents within its possession, custody or control.

**REQUEST NO. 15**

All documents you contend support ProEx's billing on the Project.

**RESPONSE NO. 15**

ProExcavation objects to this request as overly broad and unduly burdensome. Without waiving said objections, ProExcavation refers Filippov to the binders already produced which contain the support for the Project costs.

PROEXCAVATION, CORP.,

By its attorneys,

/s/ John H. Perten

Christopher M. Candon, Esq. (BBO #650855)
John H. Perten, Esq. (BBO# 548728)
Sheehan Phinney Bass & Green PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  (617) 897-5600
ccandon@sheehan.com
jperten@sheehan.com

Dated: October 12, 2017

8

## CERTIFICATE OF SERVICE

I, John H. Perten, Esq., certify that I served the foregoing document on all counsel of record via email and first class mail.

_____
John H. Perten, Esq.

Dated: October 12, 2017