# EXHIBIT 8

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants. | Adv. Pro. No. 16-01120 |

**PROEXCAVATION CORP.'S RESPONSES TO
<u>ALEX FILIPPOV'S FIRST SET OF INTERROGATORIES</u>**

Pursuant to Fed. R. Civ. P. 33, made applicable to this proceeding through Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, Defendant ProExcavation Corp. ("ProExcavation") hereby responds to Alex Filippov's ("Filippov") First Set of Interrogatories ("Interrogatories"). As a threshold matter, the Interrogatories overreach because the vast majority of information requested is wholly irrelevant to the claims and defenses raised in this case, including information concerning other construction projects that have nothing to do with the Project that is the subject of this action. It is clear that Filippov is using the Interrogatories to harass ProExcavation and its affiliates to further his goal of harming Defendants' businesses. Finally, it is unclear whether this Court will even allow the Adversary Proceeding to go forward

as it has raised questions of jurisdiction and there is a pending motion to dismiss, making discovery related to the claims asserted therein premature.

ProExcavation further objects to the instructions and definitions within the Interrogatories to the extent that they seek to impose obligation beyond those required under the applicable Rules.

**INTERROGATORY NO. 1**

Describe in detail all work performed by ProExcavation on the Project, including the dates on which ProExcavation performed its work, and all personnel who worked on the project.

**RESPONSE NO. 1**

ProExcavation objects to this interrogatory for being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Filippov has already received documents and information regarding ProExcavation's work on the Project that are responsive to this interrogatory. Further, the company notes that the primary issue in this case regarding ProExcavation is whether it is entitled to indemnity and Filippov's heavy-handed discovery requests regarding ProExcavation are simply a fishing expedition to gain information about ProExcavation that he believes may be useful to harass the company or its vendors. Pursuant to Fed. R. Civ. P. 33(d), ProExcavation refers Filippov to the binders provided to him, which contain documents and information concerning its work on the Project.

**INTERROGATORY NO. 2**

With respect to the Project, identify: (i) the date and full dollar amount that ProExcavation billed, invoiced, or otherwise requested payment from KDC; (ii) the full dollar amount KDC paid ProExcavation; and (iii) the dates of any payments made by KDC to ProExcavation.

**RESPONSE NO. 2**

Please see Response No. 1.

**INTERROGATORY NO. 3**

Identify all Other Construction Projects for which ProExcavation performed any work, including the street address of each project, the owner of the project, the name of the individual or entity with whom ProExcavation had a verbal or written contract to perform work, and the beginning and ending dates on which ProExcavation performed any work on the project.

**RESPONSE NO. 3**

ProExcavation objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Documents concerning "Other Construction Projects" are irrelevant to this action and information relating to time periods well before and well after the work on subject project are not a proper subject for discovery. This interrogatory is a patent fishing expedition as there is no relevancy to the issues or matters in question and is an obvious effort to needless complicate matters and run up costs.

**INTERROGATORY NO. 4**

For each Other Construction Project identified in response to Interrogatory No. 3, identify: (i) the date and full dollar amount that ProExcavation billed, invoiced, or otherwise requested payment from the individual or entity responsible for paying ProExcavation; (ii) the full dollar amount that ProExcavation was paid by the individual or entity; and (iii) the dates of any payments made to ProExcavation.

**RESPONSE NO. 4**

Please see our response to Request No. 3.

3

**INTERROGATORY NO. 5**

Identify any individual or entity that has held any ownership interest in ProExcavation at any time.

**RESPONSE NO. 5**

ProExcavation objects to this interrogatory as it seeks information that is irrelevant to the claims and defenses in this case. Moreover, this interrogatory is not properly limited in time, Notwithstanding said objection, it states that Vadim Kagan and Tatiana Kagan held ownership interests in ProExcavation during the pertinent time frame.

**INTERROGATORY NO. 6**

Identify any job title held by Tatiana in ProExcavation at any time from January 1, 2012 to the present date, and describe her job functions in that title.

**RESPONSE NO. 6**

ProExcavation objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waving the state objection, ProExcavation states that Tatiana was and remains a Director.

**INTERROGATORY NO. 7**

Identify each person ProExcavation intends to call as an expert witness at trial. For each such witness, state:

a) the expert's full name, present address, and present place of employment;

b) the subject matter on which the expert is expected to testify;

c) the substance of the facts and opinions to which the expert is expected to testify; and

d) a detailed summary of the grounds of any such opinion.

**RESPONSE NO. 7**

ProExcavation objects to this interrogatory as an improper compound interrogatory designed to circumvent the Court's limitations on the parties' discovery requests. Further responding, ProExcavation states that, to date, it has not identified an expert witness to testify at trial. If it retains an expert witness to testify at trial, it will update its response to this interrogatory as required by the Court's pre-trial order and the Rules of this Court.

**INTERROGATORY NO. 8**

Identify the precise amount of money ProExcavation seeks to recover against the LLC in this bankruptcy proceeding.

**RESPONSE NO. 8**

ProExcavation objects to this interrogatory as its indemnity damages are ongoing and continue to accrue. Further responding, ProExcavation refers Filippov to its proof of claim filed in this action. Answering further, ProExcavation will supplement this response in accordance with the applicable Rules and Orders of this Court.

**INTERROGATORY NO. 9**

State the complete factual basis for ProExcavation's contention that it is entitled to the dollar amount specified in its Answer to Interrogatory No. 8.

**RESPONSE NO. 9**

ProExcavation objects to this interrogatory as its damages continue to accrue. Further responding, ProExcavation refers Filippov to its proof of claim filed in this action. Answering further, Section 10.2 of the Debtor's operating agreement provides indemnity to agents of the

Debtor or its members for attorneys' fees and costs incurred in defending against the baseless claims brought against ProExcavation in these proceedings.

**INTERROGATORY NO. 10**

Identify all employees of ProExcavation who were employed by it at any time between December 1, 2012 and June 30, 2015.

**RESPONSE NO. 10**

ProExcavation objects to this interrogatory as it seeks information that is wholly irrelevant to the claims and defenses to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, ProExcavation states that Vadim Kagan was the sole employee of ProExcavation that worked on the underlying project during the relevant time period from 2012 to 2014.

**INTERROGATORY NO. 11**

Identify ProExcavation's accountant.

**RESPONSE NO. 11**

ProExcavation objects to this interrogatory as it seeks information that is wholly irrelevant to the claims and defenses to this matter, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, ProExcavation states that its accountant is Jason M. Gordon, CPA, S. Gordon Corporation, 87 Terrace Hall Ave, Burlington, MA 01803.

**INTERROGATORY NO. 12**

Identify all equipment used by ProExcavation on the Project.

6

**RESPONSE NO. 12**

ProExcavation objects to this request as overly broad and unduly burdensome. It is impossible for it to identify with particularity <u>all</u> equipment used in light of the extensive work performed by ProExcavation. Without waiving these objections, pursuant to Fed. R. Civ. P. 33(d), ProExcavation refers Filippov to the binders provided to him, which contain documents and information concerning its work on the Project and equipment utilized.

## CERTIFICATION

I, Vadim Kagan, hereby certify the following: I am the President of ProExcavation Corp. ("ProExcavation") a party in the above-captioned action, and I sign the foregoing Answers to Interrogatories for and on behalf of ProExcavation and am duly authorized to do so.

The matters stated in the foregoing Answers to Interrogatories are based in part upon ProExcavation's business records and are not all within my personal knowledge.

I understand that the information set forth aforesaid Answers to Interrogatories are in accordance with the information available to ProExcavation and the records maintained by the defendant and are true insofar as it is possible to verify them.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 13 DAY OF OCTOBER, 2017.

ProExcavation Corp.
By: Vadim Kagan, President

AS TO OBJECTIONS:

PROEXCAVATION CORP.,

By its attorneys,

Christopher M. Candon (BBO #650855)
John H. Perten, Esq. (BBO# 548728)
Sheehan Phinney Bass & Green PA
255 State Street, 5th Floor
Boston, MA 02109
Tel: (617) 897-5600
ccandon@sheehan.com
jperten@sheehan.com

Dated: October 13, 2017

8

## CERTIFICATE OF SERVICE

I, John H. Perten, Esq., certify that I served the foregoing document on all counsel of record via email and first class mail.

_____
John H. Perten, Esq.

Dated: October 13, 2017