UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>      Debtor. | ) ) ) ) ) ) ) | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and NICKOLAY<br>LIPETSKER,<br><br>      Plaintiffs,<br><br>      v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adv. Proc. No. 16-01120 |

**DECLARATION OF DANIEL GERSH IN SUPPORT
OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL**

     I, Daniel Gersh, declare and state on my own personal knowledge and based upon my personal review of the pertinent books and records under my custody and control as follows:

1. I run the accounting department for Kagan Development KDC, Corp. ("KDC"). I also manage the financial books and records for ProExcavation Corp. ("ProExcavation")

2. The construction of the Lyman-Cutler, LLC ("Debtor") project was largely funded by two construction loans issued by the Rockland Trust Company (the "Bank"). As construction proceeded, after inspection, the Bank disbursed the loan proceeds into the Debtor's account. The Debtor used those funds to directly pay some subcontractors and suppliers, and to reimburse KDC for monies advanced to pay ongoing construction costs.

3. According to the books and records I have personally reviewed, the certificates of occupancy for the two homes issued on October 2, 2014. I am aware that there is a

receipt for the purchase of plumbing supplies from Ferguson Enterprises carrying a date of October 9, 2014. It is not uncommon in our industry for there to be some ongoing expenses even after the issuance of the certificates of occupancy.

4. I understand that the plaintiffs are seeking invoices and other documentation relating to each of the twenty other projects on which KDC and ProExcavation worked during the pendency of the Debtor's project. KDC and ProExcavation are both small companies. To locate, organize, and copy the requested documents, especially as those projects are closed and predate many of the accounting systems we now have in place, would take several hundred hours. We do not have the manpower to undertake this endeavor without incurring significant costs and damage to our ability to focus on our ongoing projects.

5. Complying with the plaintiffs' earlier discovery requests in the state court action and in these proceedings has already been extremely disruptive to KDC's business as it has forced me and others to spend hundreds of hours assembling and organizing extensive backup documentation that I understand has been produced to the plaintiffs.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 4, 2018

                                                      /s/ Daniel Gersh
                                                      Daniel Gersh