UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants. | Adv. Proc. No. 16-01120 |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO QUASH SUPBOENA DUCES TECUM
<u>SERVED ON JASON GORDON, S. GORDON CORPORATION</u>**

Defendants Vadim Kagan ("Kagan"), Tatiana Kagan, Kagan Development KDC, Corp. ("KDC") and ProExcavation ("ProExcavation") submit the following Reply to Plaintiffs' Opposition to Defendants' Motion to Quash Subpoena Duces Tecum Served on Jason Gordon, S. Gordon Corporation ("Gordon").

1. Plaintiffs have materially misrepresented their conversation with Gordon's counsel, Attorney Peter Nechtem. As set forth in the Declaration of Peter Nechtem filed herewith, Attorney Nechtem categorically denies that he ever told Attorney Calandrelli that

{S1080895.1}

Gordon "would be happy to produce whatever he has." (Opposition at p. 3). Instead, Attorney Nechtem, as expected and because of his knowledge of the ongoing discovery dispute, informed Attorney Calendrelli that Gordon would produce whatever documents were required upon resolution of the dispute.

2.   Similarly, Plaintiffs' argument that the Defendants waited a month before filing their motion is also misleading. Conspicuous by its absence is any mention of the fact that the parties first conferenced this discovery dispute on November 28, 2017. On December 1, 2017, Defendants wrote to this Court requesting an informal, off-the-record, conference regarding the Gordon subpoena. That conference was held on December 11, 2017. The motion was filed during the following week. Far from sitting on their hands, the Defendants moved expeditiously and appropriately.

3.   Plaintiffs claim that "Defendants are fully aware that the subpoena does not seek documents from 'dozens of other potentially responsive entities'" and is narrowly tailored to KDC and ProExcavation only. (Opposition at p. 5). Plaintiffs ignore the definition of KDC and ProExcavation they set forth in the subpoena which included not just the entities themselves but also their "affiliates, parent companies, or subsidiaries." The term "affiliates" naturally casts a much broader net and improperly attempts to bring all Kagan related entities into the Plaintiffs meritless action.

## CONCLUSION

For these reasons and those set forth in the original motion, Defendants request that the subpoena served on Jason Gordon, S. Gordon Corporation be quashed.

Dated:  January 5, 2018

Respectfully submitted,

VADIM KAGAN,
TATIANA KAGAN,
KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP.,

By their Attorneys,

/s/ John H. Perten
Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  617-897-5600
Fax: 617-439-9363
E-mail: jperten@sheehan.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of January, 2018, a copy of the foregoing was served upon the parties listed below via ECF and/or first class mail, postage prepaid.

Eric K. Bradford
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

Amy M. McCallen
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

/s/ John H. Perten
John H. Perten

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | ) ) ) ) ) ) ) ) | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN, KAGAN DEVELOPMENT KDC, CORP. and PROEXCAVATION CORP.<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adv. Proc. No. 16-01120 |

## DECLARATION OF PETER C. NECHTEM, ESQ.

I, Peter C. Nechtem, declare and state as follows:

1. I am an attorney and a member in good standing of the bar of the Commonwealth of Massachusetts. I make this affidavit on my own personal knowledge. I represent Jason Gordon, S. Gordon Corporation who was served with a subpoena duces tecum, which I understand is the subject of a motion to quash filed by the above-named defendants.

2. I have reviewed the Affidavit of Attorney Joseph Calandrelli dated January 4, 2018, which I understand was submitted as part of the plaintiffs' opposition to the motion to quash the subpoena served on my client. I focus in particular on Paragraph 3 and the annexed Exhibit B to that affidavit, which purport to recount a telephone conversation that I had with Attorney Calandrelli on December 5, 2017. The averments contained therein are not entirely accurate, and, I believe, mischaracterize the telephone conversation between Attorney Calandrelli and me.

3. I did speak with Attorney Calandrelli on December 5, 2017 to request an extension of time for my client to respond to the subpoena. I did not simply state that my client "would be happy to produce whatever he has." Attorney Calandrelli and I discussed the fact that I understood that there was a dispute between the parties as to the scope of the subpoena and that it was my understanding that a motion to quash or limit the scope of the subpoena was going to be filed. I told Attorney Calandrelli that my client would be happy to produce whatever he is **required** to produce. I did not, nor would I ever, simply agree to produce "whatever he has" before I even saw the documents that might potentially be responsive, and before the dispute as to the scope of the subpoena was resolved.

4. While I do not believe I used the word "onerous" to describe the subpoena, I did tell Attorney Calandrelli that given the volume of potentially responsive documents that were subpoenaed, my client would need more time to respond.

5. Exhibit B to Attorney Calandrelli's affidavit is only a portion of our e-mail communication following our December 5, 2017 telephone conversation. Attached hereto as Exhibit 1 is the complete e-mail chain between Attorney Calandrelli and I. On December 19, 2017, I advised Attorney Calandrelli that my client would need sixty days from that date to comply with the subpoena.

I declare under penalty of perjury that the foregoing is true and correct.

Dated January 5, 2018

_____
Peter C. Nechtem, Esq.

**Peter Nechtem**

**From:** Peter Nechtem
**Sent:** Tuesday, December 19, 2017 5:53 PM
**To:** Joseph Calandrelli
**Cc:** Sean T. Carnathan
**Subject:** RE: Jason Gordon/S. Gordon Corporation subpoena

Thank you Joe. As a practical matter, I am told that Mr. Gordon is going to need 60 days from today to comply with the subpoena. Please keep me advised.

Peter C. Nechtem, Esq.
MacLean Holloway Doherty, P.C.
8 Essex Center Drive
Peabody, MA 01960
(978) 774-7123

**From:** Joseph Calandrelli
**Sent:** Tuesday, December 19, 2017 4:53 PM
**To:** Peter Nechtem <pnechtem@mhdpc.com>
**Cc:** Sean T. Carnathan <scarnathan@ocmlaw.net>
**Subject:** RE: Jason Gordon/S. Gordon Corporation subpoena

Peter,

Thanks for checking in. We've agreed with opposing counsel that we would hold off on the date for compliance with the subpoena until the court rules on certain issues. I will be back in touch when that occurs.

-Joe

Joseph P. Calandrelli
**O'Connor, Carnathan & Mack, LLC**
1 Van de Graaff Dr., Ste. 104
Burlington, MA 01803
Direct: 781-359-9034
www.ocmlaw.net

CONFIDENTIALITY NOTICE: This electronic mail transmission and any documents accompanying this electronic mail transmission is intended by O'Connor, Carnathan and Mack, LLC for the use of the named addressee(s) to which it is directed and may contain information that is privileged, or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee(s) (or a person authorized to deliver it to the named addressee(s)). It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or by calling O'Connor, Carnathan and Mack, LLC at (781) 359-9000, so our address record can be corrected.

**From:** Peter Nechtem
**Sent:** Tuesday, December 19, 2017 10:44 AM
**To:** Joseph Calandrelli <jcalandrelli@ocmlaw.net>
**Subject:** FW: Jason Gordon/S. Gordon Corporation subpoena

1

Dear Attorney Calandrelli:

I haven't heard from you so I thought I would follow up regarding this matter. Can you please advise regarding the status of the Gordon subpoena. Thank you.

Peter C. Nechtem, Esq.
MacLean Holloway Doherty, P.C.
8 Essex Center Drive
Peabody, MA 01960
(978) 774-7123

**From:** Peter Nechtem
**Sent:** Tuesday, December 05, 2017 2:41 PM
**To:** 'jcalandrelli@ocmlaw.net' <jcalandrelli@ocmlaw.net>
**Subject:** Jason Gordon/S. Gordon Corporation subpoena

Dear Attorney Calandrelli:

Thank you for speaking with me today, and for your courtesy in granting a brief extension of the time for production of the subpoenaed documents in the Lyman-Cutler, LLC v. Kagan, et al. litigation. I look forward to speaking with you again after the discovery conference next week.

Peter C. Nechtem, Esq.
MacLean Holloway Doherty, P.C.
8 Essex Center Drive
Peabody, MA 01960
(978) 774-7123

IRS Circular 230 Notice (MacLean Holloway Doherty, P.C.): Any tax advice included in the text of this message, or in any attachment, (i) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any tax penalties that may be imposed under the Internal Revenue Code and (ii) should not be used in promoting, marketing, or recommending to another party any transaction or matter addressed herein. This communication is intended only for the use of the individual or entity named as the addressee. It may contain information which is privileged and/or confidential under applicable law. If you are not the intended recipient or such recipient's employee or agent, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately at (978) 774-7123 or via return internet email to sender and expunge this communication without making any copies. Thank you for your cooperation.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>      Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and NICKOLAY<br>LIPETSKER,<br><br>      Plaintiffs,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>      Defendants. | Adv. Proc. No. 16-01120 |

DECLARATION RE: ELECTRONIC FILING

PART I- DECLARATION OF PETITIONER

    I, Peter Nechtem, hereby declare under penalty of perjury that all of the information contained in my Declaration (singly or jointly the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

    I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: January 5, 2018                /s/ Peter Nechtem

PART II - DECLARATION OF ATTORNEY

I certify that the affiant(s) signed this form before I submitted the Document, I gave the affiant(s) a copy of the Document and this DECLARATION, and I have followed all other electronic filing requirements currently established by local rule and standing order. This DECLARATION is based on all information of which I have knowledge and my signature below constitutes my certification of the foregoing under Fed. R. Bankr. P. 9011. I have reviewed and will comply the provisions of MEFR 7.

Dated: January 5, 2018

/s/ John H. Perten

2