UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
**Proceeding Memorandum/Order**

**In Re:** Lyman-Cutler, LLC v. Kagan et al    **Case/AP Number** 16-01120 -FJB
**Chapter**

#73 Motion filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. to Quash Subpoena Duces Tecum Served on Jason Gordon. (Perten, John)
#77 Opposition filed by Intervenor-Plaintiffs Alex Filippov, Nickolay Lipetsker, Plaintiff Lyman-Cutler, LLC. (Carnathan, Sean)
#78  Affidavit of Joseph Calandrelli Re: [77] Opposition filed by Intervenor-Plaintiffs Alex Filippov, Nickolay Lipetsker, Plaintiff Lyman-Cutler, LLC (Calandrelli, Joseph)
#86 Reply filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp.,

**COURT ACTION:**

_____Hearing held

_____Granted    _____Approved    _____Moot

_____Denied    _____Denied without prejudice    _____Withdrawn in open court

_____Overruled    _____Sustained

_____Continued to_____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by_____

_____No appearance by _____

Show Cause Order    _____Released    _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held. For the reasons stated on the record, the motion to quash is denied in part as follows: Jason Gordon and S. Gordon Corporation (collectively "Gordon") shall produce the documents requested in the subpoena by February 9, 2018 or as otherwise agreed to by Gordon and the Intervenor-Plaintiffs. At this time, the definition of "Other Construction Projects" shall be limited to 5 other construction projects which are to be selected by the Intervenor-Plaintiffs. The defendants shall provide a list of the 20 "Other Construction Projects" to the Intervenor-Plaintiffs on or before January 16, 2018.  The definition of "Other Construction Projects" may be expanded by the Court upon a showing of good cause by the Intervenor-Plaintiffs.

The defendants request that the Intervenor-Plaintiffs be required to pay the costs of producing documents is denied.  Cost-shifting should rarely be used to offset the expense of actual parties responding to discovery and the defendants have not established cause for that extraordinary relief here.

Gordon estimates that the time he will need to spend complying with the subpoena is approximately 25 hours.  While this is a reasonable cost of doing business for any professional service provider, Gordon is a non-party.  The Intervenor-Plaintiffs shall pay Gordon $117.50 (half his hourly rate) per hour to compensate him for his time spent responding to the subpoena, up to 25 hours.

IT IS SO ORDERED:

_Frank J Bailey_____Dated: 01/09/2018

Frank J. Bailey
United States Bankruptcy Judge