UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

**In Re:** Lyman-Cutler, LLC v. Kagan et al          **Case/AP Number** 16-01120 **-FJB**
                                                    **Chapter**

> #75 Motion filed by Intervenor-Plaintiffs Alex Filippov, Nickolay Lipetsker, Plaintiff Lyman-Cutler, LLC to Compel Production of Documents and Answers to Interrogatories by Defendants Kagan Development KDC Corp. and ProExcavation Corp. (Carnathan, Sean)
> #83 Opposition filed by Defendants Kagan Development KDC, Corp., ProExcavation Corp. (Perten, John)

**COURT ACTION:**

_____Hearing held

_____Granted         _____Approved         _____Moot

_____Denied          _____Denied without prejudice         _____Withdrawn in open court

_____Overruled       _____Sustained

_____Continued to_____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by_____

_____No appearance by _____

Show Cause Order        _____Released         _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held. For the reasons stated on the record, the motion to compel is granted. Because the parties were not optimistic about their ability to agree on a mutually acceptable schedule for compliance with the requested discovery, the court orders as follows:

1. by January 16, 2018, KDC and ProEx must identify the other projects they worked on during the years 2012 through 2015;

2. by January 16, 2018, ProEx must identify its subcontractors, vendors, and clients during the years 2012 through 2015;

3. KDC, ProEx, and Kagan shall produce all of the documents requested in the motion to compel that concern the Project (as defined in the Plaintiffs' discovery requests); and

4. KDC, ProEx, and Kagan shall produce all of the documents requested in the motion to compel that concern "Other Construction Project(s)."

For the time being, the phrase "Other Construction Project(s)" shall mean the 5 construction projects selected by the Intervenor-Plaintiffs from the list of other projects identified by KDC and ProEx. This definition may be expanded for good cause shown.

The parties shall confer and agree on the date and manner in which the documents will be produced by KDC, ProEx, and Kagan.

The defendants request that the Intervenor-Plaintiffs be required to pay the costs of producing documents is denied. Cost-shifting should rarely be used to offset the expense of parties responding to discovery and the defendants have not established cause for that extraordinary relief here.

IT IS SO ORDERED:

_/s/ Frank J. Bailey_____ Dated: 01/09/2018
Frank J. Bailey
United States Bankruptcy Judge