UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

**In Re:** Lyman-Cutler, LLC v. Kagan et al

**Case/AP Number** 16-01120 **-FJB**
**Chapter**

#53 Motion filed by Defendant Tatiana Kagan to Dismiss [52] Amended Complaint
#55 Motion filed by Defendant Kagan Development KDC, Corp. to Dismiss (Re: 52 Amended Complaint)
#57 Motion filed by Defendant ProExcavation Corp. to Dismiss (Re: 52 Amended Complaint)
#59 Motion filed by Defendant Vadim Kagan to Dismiss (Re: 52 Amended Complaint)

**COURT ACTION:**

_____Hearing held

_____Granted  _____Approved  _____Moot

_____Denied  _____Denied without prejudice  _____Withdrawn in open court

_____Overruled _____Sustained

_____Continued to_____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by_____

_____No appearance by _____

Show Cause Order  _____Released _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held on January 9, 2018. For the reasons stated on the record, the motion to dismiss the amended complaint is denied. After the Intervenor-Plaintiffs Alex Filippov, Nickolay Lipetsker and Plaintiff Lyman-Cutler, LLC (collectively the "Plaintiffs") filed an amended complaint, the Defendants, Vadim Kagan, Tatiana Kagan, ProExcavation Corp., and Kagan Development KDC Corp. (collectively the "Defendants"), filed motions to dismiss the amended complaint on a series of grounds, principally under Fed. R. Civ. P. 12(b)(6), made applicable to these proceedings by Fed. R. Bankr. P. 7012. In support of the motions to dismiss, the Defendants attached to their memoranda of law: the LLC Operating Agreement, a Contract to Build Two Houses, Alex Filippov's Answers to Interrogatories, Lyman Cutler LLC's Answers to Interrogatories, and Nickolay Lipetsker's Answers to Interrogatories (collectively the "Matters Outside the Pleadings").

[CONTINUED ON THE NEXT PAGE]

IT IS SO ORDERED:

*Frank J Bailey* (signature)

_____ Dated: 01/11/2018
Frank J. Bailey
United States Bankruptcy Judge

Under Fed. R. Civ. P. 12(d), unless the court excludes the Matters Outside the Pleadings, the motion is converted to one under Fed. R. Civ. P. 56.  However, as is clear from the other matters on for hearing on January 9, 2018, the Defendants have challenged the discovery efforts of the Plaintiffs even as they have received and relied upon discovery from the Plaintiffs in these motions to dismiss.  Moreover, although clearly aware that by supplementing the record with the Matters Outside the Record, they have required the court to invoke Fed. R. Civ. P. 12(d), the Defendants have not complied with MLBR 7056 – 1, that in turn incorporates D. Mass. LR 56.1 and its procedures.   Without the important machinery of D. Mass. LR 56.1 (e.g., a concise statement of the material facts as to which the moving party contends there is no genuine issue, with page references to appropriate documentation), the court is in no position to adjudicate the motions to dismiss.  See *Rodi v. So. New Eng. School of Law*, 389 F.3d 5, 11 (1st Cir. 2004) (parties' extraneous materials in support of motion to dismiss present a quandary to the court).  At the hearing, the Defendants stated that the court could just ignore the interrogatory answers that they filed in support of their motions, but that is an unhelpful offer because the briefs are intertwined with arguments that rely on those extraneous materials.   If those materials were indeed unnecessary to the determination of the motions to dismiss, why were they filed at all?  Based on the following reasons, the motions are denied: (a) although the motions were converted to motions for summary judgment by the Defendants' submissions, the Defendants have not complied with D. Mass. LR 56.1; (b) while relying on the fruits of their discovery efforts, the Defendants have not provided discovery to the Plaintiffs; and (c) it is impossible for the court to unravel the confusion created by the supplementation of the record on a motion to dismiss.

The Defendants also requested that the court dismiss the amended complaint because, they argue, this court lacks subject matter jurisdiction.  But, as explained in this court's Order [#48] dated November 1, 2017, the matters raised by the Plaintiffs are core proceedings under 28 U.S.C. § 157(b)(2)(B), at least to the extent that they operate as offsets to the claims of the Defendants.  See Order [#48].  Nothing has changed since the November 1, 2017 Order.

The Defendants also challenge the standing of the Debtor Lyman Cutler, LLC to prosecute the claims it has raised in the amended complaint.  When the chapter 7 trustee abandoned claims in the complaint, they were abandoned to the Debtor.  Thus, the Debtor has standing, at least to wind up its affairs.

The Defendants shall file their answer(s) to the amended complaint and any counterclaims by January 30, 2018 at 4:30 p.m. Responses to the counterclaims are due by February 6, 2018 at 4:30 p.m. The parties shall submit a proposed revised scheduling order by February 14, 2018 at 4:30 p.m.