United States Bankruptcy Court
District of Massachusetts

Lyman-Cutler, LLC,
    Plaintiff

Adv. Proc. No. 16-01120-fjb

Kagan,
    Defendant

## CERTIFICATE OF NOTICE

District/off: 0101-1   User: ncalvo   Page 1 of 1   Date Rcvd: Jan 10, 2018
                  Form ID: pdf012   Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 12, 2018.
```
tr            +David Madoff,    Madoff & Khoury LLP,    124 Washington Street,    Foxboro, MA 02035-1368
ip            +Alex Filippov,    130 Trapelo Road,    Belmont, Ma 02478-1873
dft           +Kagan Development KDC, Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
pla           +Lyman-Cutler, LLC,    Lyman-Cutler, LLC,    130 Trapelo Rd.,    Belmont, MA 02478-1873
ip            +Nickolay Lipetsker,    52 Stony Brae Road,    Newton, MA 02461-1727
dft           +ProExcavation Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
dft           +Tatiana Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
dft           +Vadim Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust           +E-mail/Text: ustpregion01.bo.ecf@usdoj.gov Jan 10 2018 23:42:59      John Fitzgerald,
                Office of the US Trustee,    J.W. McCormack Post Office & Courthouse,
                5 Post Office Sq., 10th Fl, Suite 1000,    Boston, MA 02109-3901
                                                                                             TOTAL: 1
```

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 12, 2018                                Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 10, 2018 at the address(es) listed below:
```
          Christopher M. Candon    on behalf of Defendant Vadim  Kagan ccandon@sheehan.com,
           ntoli@sheehan.com
          Christopher M. Candon    on behalf of Defendant    ProExcavation Corp. ccandon@sheehan.com,
           ntoli@sheehan.com
          Christopher M. Candon    on behalf of Defendant Tatiana  Kagan ccandon@sheehan.com,
           ntoli@sheehan.com
          Christopher M. Candon    on behalf of Defendant    Kagan Development KDC, Corp. ccandon@sheehan.com,
           ntoli@sheehan.com
          David B. Madoff    on behalf of Trustee David  Madoff madoff@mandkllp.com,   alston@mandkllp.com
          John  Perten    on behalf of Defendant Vadim  Kagan jperten@sheehan.com
          John  Perten    on behalf of Defendant    ProExcavation Corp. jperten@sheehan.com
          John  Perten    on behalf of Defendant    Kagan Development KDC, Corp. jperten@sheehan.com
          John  Perten    on behalf of Defendant Tatiana  Kagan jperten@sheehan.com
          Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Nickolay  Lipetsker
           jcalandrelli@ocmlaw.net,    hwolti@ocmlaw.net
          Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Alex  Filippov jcalandrelli@ocmlaw.net,
           hwolti@ocmlaw.net
          Joseph P. Calandrelli    on behalf of Plaintiff    Lyman-Cutler, LLC jcalandrelli@ocmlaw.net,
           hwolti@ocmlaw.net
          Peter N. Tamposi    on behalf of Plaintiff    Lyman-Cutler, LLC peter@thetamposilawgroup.com,
           Judy@tlgnh.com
          Sean T. Carnathan    on behalf of Intervenor-Plaintiff Nickolay  Lipetsker scarnathan@ocmlaw.net,
           hwolti@ocmlaw.net
          Sean T. Carnathan    on behalf of Plaintiff    Lyman-Cutler, LLC scarnathan@ocmlaw.net,
           hwolti@ocmlaw.net
          Sean T. Carnathan    on behalf of Intervenor-Plaintiff Alex  Filippov scarnathan@ocmlaw.net,
           hwolti@ocmlaw.net
                                                                                             TOTAL: 16
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

In Re: Lyman-Cutler, LLC v. Kagan et al

Case/AP Number 16-01120 -FJB
Chapter

#75 Motion filed by Intervenor-Plaintiffs Alex Filippov, Nickolay Lipetsker, Plaintiff Lyman-Cutler, LLC to Compel Production of Documents and Answers to Interrogatories by Defendants Kagan Development KDC Corp. and ProExcavation Corp. (Carnathan, Sean)
#83 Opposition filed by Defendants Kagan Development KDC, Corp., ProExcavation Corp. (Perten, John)

**COURT ACTION:**

_____ Hearing held
_____ Granted         _____ Approved         _____ Moot
_____ Denied          _____ Denied without prejudice         _____ Withdrawn in open court
_____ Overruled       _____ Sustained
_____ Continued to _____
_____ Proposed order to be submitted by _____
_____ Stipulation to be submitted by _____
_____ No appearance by _____
Show Cause Order       _____ Released       _____ Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held. For the reasons stated on the record, the motion to compel is granted.  Because the parties were not optimistic about their ability to agree on a mutually acceptable schedule for compliance with the requested discovery, the court orders as follows:

1. by January 16, 2018, KDC and ProEx must identify the other projects they worked on during the years 2012 through 2015;

2. by January 16, 2018, ProEx must identify its subcontractors, vendors, and clients during the years 2012 through 2015;

3. KDC, ProEx, and Kagan shall produce all of the documents requested in the motion to compel that concern the Project (as defined in the Plaintiffs' discovery requests); and

4. KDC, ProEx, and Kagan shall produce all of the documents requested in the motion to compel that concern "Other Construction Project(s)."

For the time being, the phrase "Other Construction Project(s)" shall mean the 5 construction projects selected by the Intervenor-Plaintiffs from the list of other projects identified by KDC and ProEx.  This definition may be expanded for good cause shown.

The parties shall confer and agree on the date and manner in which the documents will be produced by KDC, ProEx, and Kagan.

The defendants request that the Intervenor-Plaintiffs be required to pay the costs of producing documents is denied.  Cost-shifting should rarely be used to offset the expense of parties responding to discovery and the defendants have not established cause for that extraordinary relief here.

IT IS SO ORDERED:

_/s/ Frank J. Bailey_____  Dated: 01/09/2018
Frank J. Bailey
United States Bankruptcy Judge