United States Bankruptcy Court
District of Massachusetts

Lyman-Cutler, LLC,
      Plaintiff

Adv. Proc. No. 16-01120-fjb

Kagan,
      Defendant

# CERTIFICATE OF NOTICE

District/off: 0101-1     User: ncalvo     Page 1 of 1     Date Rcvd: Jan 11, 2018
                 Form ID: pdf012     Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 13, 2018.

```
tr          +David Madoff,    Madoff & Khoury LLP,    124 Washington Street,    Foxboro, MA 02035-1368
ip          +Alex Filippov,    130 Trapelo Road,    Belmont, Ma 02478-1873
dft         +Kagan Development KDC, Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
pla         +Lyman-Cutler, LLC,    Lyman-Cutler, LLC,    130 Trapelo Rd.,    Belmont, MA 02478-1873
ip          +Nickolay Lipetsker,    52 Stony Brae Road,    Newton, MA 02461-1727
dft         +ProExcavation Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
dft         +Tatiana Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
dft         +Vadim Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust          +E-mail/Text: ustpregion01.bo.ecf@usdoj.gov Jan 11 2018 23:46:10      John Fitzgerald,
               Office of the US Trustee,   J.W. McCormack Post Office & Courthouse,
               5 Post Office Sq., 10th Fl, Suite 1000,   Boston, MA 02109-3901
```
                                                                                                                                                                   TOTAL: 1

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 13, 2018                                       Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 11, 2018 at the address(es) listed below:

```
          Christopher M. Candon    on behalf of Defendant Vadim  Kagan ccandon@sheehan.com,
           ntoli@sheehan.com
          Christopher M. Candon    on behalf of Defendant   ProExcavation Corp. ccandon@sheehan.com,
           ntoli@sheehan.com
          Christopher M. Candon    on behalf of Defendant Tatiana  Kagan ccandon@sheehan.com,
           ntoli@sheehan.com
          Christopher M. Candon    on behalf of Defendant   Kagan Development KDC, Corp. ccandon@sheehan.com,
           ntoli@sheehan.com
          David B. Madoff    on behalf of Trustee David  Madoff madoff@mandkllp.com,  alston@mandkllp.com
          John  Perten    on behalf of Defendant Vadim  Kagan jperten@sheehan.com
          John  Perten    on behalf of Defendant   ProExcavation Corp. jperten@sheehan.com
          John  Perten    on behalf of Defendant   Kagan Development KDC, Corp. jperten@sheehan.com
          John  Perten    on behalf of Defendant Tatiana  Kagan jperten@sheehan.com
          Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Nickolay  Lipetsker
           jcalandrelli@ocmlaw.net,  hwolti@ocmlaw.net
          Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Alex  Filippov jcalandrelli@ocmlaw.net,
           hwolti@ocmlaw.net
          Joseph P. Calandrelli    on behalf of Plaintiff   Lyman-Cutler, LLC jcalandrelli@ocmlaw.net,
           hwolti@ocmlaw.net
          Peter N. Tamposi    on behalf of Plaintiff   Lyman-Cutler, LLC peter@thetamposilawgroup.com,
           Judy@tlgnh.com
          Sean T. Carnathan    on behalf of Intervenor-Plaintiff Nickolay  Lipetsker scarnathan@ocmlaw.net,
           hwolti@ocmlaw.net
          Sean T. Carnathan    on behalf of Plaintiff   Lyman-Cutler, LLC scarnathan@ocmlaw.net,
           hwolti@ocmlaw.net
          Sean T. Carnathan    on behalf of Intervenor-Plaintiff Alex  Filippov scarnathan@ocmlaw.net,
           hwolti@ocmlaw.net
```
                                                                                                                                                                                                 TOTAL: 16

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order**

In Re: Lyman-Cutler, LLC v. Kagan et al            Case/AP Number 16-01120 -FJB
                                                   Chapter

> #53 Motion filed by Defendant Tatiana Kagan to Dismiss [52] Amended Complaint
> #55 Motion filed by Defendant Kagan Development KDC, Corp. to Dismiss (Re: 52 Amended Complaint)
> #57 Motion filed by Defendant ProExcavation Corp. to Dismiss (Re: 52 Amended Complaint)
> #59 Motion filed by Defendant Vadim Kagan to Dismiss (Re: 52 Amended Complaint)

**COURT ACTION:**

_____ Hearing held
_____ Granted        _____ Approved           _____ Moot
_____ Denied         _____ Denied without prejudice    _____ Withdrawn in open court
_____ Overruled      _____ Sustained
_____ Continued to _____
_____ Proposed order to be submitted by _____
_____ Stipulation to be submitted by_____
_____ No appearance by _____
Show Cause Order    _____ Released    _____ Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held on January 9, 2018. For the reasons stated on the record, the motion to dismiss the amended complaint is denied. After the Intervenor-Plaintiffs Alex Filippov, Nickolay Lipetsker and Plaintiff Lyman-Cutler, LLC (collectively the "Plaintiffs") filed an amended complaint, the Defendants, Vadim Kagan, Tatiana Kagan, ProExcavation Corp., and Kagan Development KDC Corp. (collectively the "Defendants"), filed motions to dismiss the amended complaint on a series of grounds, principally under Fed. R. Civ. P. 12(b)(6), made applicable to these proceedings by Fed. R. Bankr. P. 7012. In support of the motions to dismiss, the Defendants attached to their memoranda of law: the LLC Operating Agreement, a Contract to Build Two Houses, Alex Filippov's Answers to Interrogatories, Lyman Cutler LLC's Answers to Interrogatories, and Nickolay Lipetsker's Answers to Interrogatories (collectively the "Matters Outside the Pleadings").

[CONTINUED ON THE NEXT PAGE]

                                    IT IS SO ORDERED:

                                    _/s/ Frank J. Bailey_____  Dated: 01/11/2018
                                    Frank J. Bailey
                                    United States Bankruptcy Judge

Under Fed. R. Civ. P. 12(d), unless the court excludes the Matters Outside the Pleadings, the motion is converted to one under Fed. R. Civ. P. 56.  However, as is clear from the other matters on for hearing on January 9, 2018, the Defendants have challenged the discovery efforts of the Plaintiffs even as they have received and relied upon discovery from the Plaintiffs in these motions to dismiss.  Moreover, although clearly aware that by supplementing the record with the Matters Outside the Record, they have required the court to invoke Fed. R. Civ. P. 12(d), the Defendants have not complied with MLBR 7056 – 1, that in turn incorporates D. Mass. LR 56.1 and its procedures.   Without the important machinery of D. Mass. LR 56.1 (e.g., a concise statement of the material facts as to which the moving party contends there is no genuine issue, with page references to appropriate documentation), the court is in no position to adjudicate the motions to dismiss.  See *Rodi v. So. New Eng. School of Law*, 389 F.3d 5, 11 (1st Cir. 2004) (parties' extraneous materials in support of motion to dismiss present a quandary to the court).  At the hearing, the Defendants stated that the court could just ignore the interrogatory answers that they filed in support of their motions, but that is an unhelpful offer because the briefs are intertwined with arguments that rely on those extraneous materials.   If those materials were indeed unnecessary to the determination of the motions to dismiss, why were they filed at all?  Based on the following reasons, the motions are denied: (a) although the motions were converted to motions for summary judgment by the Defendants' submissions, the Defendants have not complied with D. Mass. LR 56.1; (b) while relying on the fruits of their discovery efforts, the Defendants have not provided discovery to the Plaintiffs; and (c) it is impossible for the court to unravel the confusion created by the supplementation of the record on a motion to dismiss.

The Defendants also requested that the court dismiss the amended complaint because, they argue, this court lacks subject matter jurisdiction.  But, as explained in this court's Order [#48] dated November 1, 2017, the matters raised by the Plaintiffs are core proceedings under 28 U.S.C. § 157(b)(2)(B), at least to the extent that they operate as offsets to the claims of the Defendants.  See Order [#48].  Nothing has changed since the November 1, 2017 Order.

The Defendants also challenge the standing of the Debtor Lyman Cutler, LLC to prosecute the claims it has raised in the amended complaint.  When the chapter 7 trustee abandoned claims in the complaint, they were abandoned to the Debtor.  Thus, the Debtor has standing, at least to wind up its affairs.

The Defendants shall file their answer(s) to the amended complaint and any counterclaims by January 30, 2018 at 4:30 p.m. Responses to the counterclaims are due by February 6, 2018 at 4:30 p.m. The parties shall submit a proposed revised scheduling order by February 14, 2018 at 4:30 p.m.