UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| *In re:* | |
| LYMAN-CUTLER, LLC, | Chapter 7 |
|       Debtor | Case No. 15-13881 FJB |
| | |
| LYMAN-CUTLER, LLC, ALEX FILIPPOV, and NICKOLAY LIPETSKER, | |
|       Plaintiffs, | |
|       v. | Adv. Case No. 1:16-ap-01120 |
| VADIM KAGAN, TATIANA KAGAN, KAGAN DEVELOPMENT KDC, CORP. and PROEXCAVATION CORP. | |
|       Defendants. | |

**PLAINTIFFS' MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH THIS COURT'S JANUARY 10, 2018 ORDER**

Pursuant to Fed. R. Civ. P. 26 and 37(b)(2), and Bankr. Rule 7037, Plaintiffs respectfully move for imposition of such sanctions as this Court deems just and appropriate against Defendants Kagan Development KDC, Corp. ("KDC") and ProExcavation Corp. ("ProEx") (together, the "Defendants"). In further support of this Motion, the Plaintiffs state as follows:

1. On January 10, 2018, after informal discovery conference, motion practice and hearing, this Court entered its Order (A.P. Doc. 95) allowing the Plaintiffs' Motion to Compel. to produce documents and answer interrogatories.

2. Among the discovery that this Court ordered was that:

1

       1. by January 16, 2018, KDC and ProEx must identify the other projects they worked on during the years 2012 through 2015; [and]

       2. by January 16, 2018, ProEx must identify its subcontractors, vendors, and clients during the years 2012 through 2015;

       3.       On January 16, 2018, at 6:23 p.m. KDC and ProEx produced the attached supplemental disclosure (<u>Exhibit 1</u> hereto). The cover letter provided an unsworn laundry list of names purporting to constitute ProEx's clients, vendors and subcontractors, without providing any further identifying information or distinguishing among the names as to which were clients, vendors and/or subcontractors. The Court may note that ProEx's disclosures include such nonsense as CVS, D'Angelos, Dunkin Donuts, Panera Bread, Papa Gino's, and Starbucks (presumably "vendors"), which gives a clear picture of the Defendants' attitude toward their discovery obligations. In response to the Order obligating KDC and ProEx to identify the Other Construction Projects, the Defendants similarly provided only a list of addresses without any further identifying information as to what the project was or who owned the properties at issue.

       4.       On January 17, 2018 at 10:16 a.m., the Plaintiffs wrote to the Defendants demanding complete information, notably including: (1) a sworn disclosure by ProEx of its clients, vendors and subcontractors, distinguishing them into categories and providing sufficient information – such as addresses – for the Plaintiffs to identify the individuals and business named; and (2) full information identifying the Other Construction Projects as requested in the Interrogatories the Defendants were ordered to answer. This information notably would include identification of the project owners and the parties to any construction contracts involved in the project. The identities of the owners of the projects is critical because Kagan sometimes finances

projects by himself and sometimes has partners/investors. This makes an obvious difference in how he would treat the project.[1] A true copy of the correspondence is attached as <u>Exhibit 2.</u>

5.      On January 17, 2018 at 4 p.m., at the request of the Defendants, the Parties conferred, at which time they agreed that the dates of purchase and sale of each property would be adequate for identifying the beginning and end dates of each project as requested in the interrogatories. The Parties further agreed that ProEx would make its supplemental disclosure of its clients, vendors and subcontractors under oath. The Defendants asked for additional time to make the supplemental disclosures and the Plaintiffs agreed to extend the time for disclosure until Monday, January 22, 2018.

6.      Contemporaneously, the Defendants asked that the Plaintiffs agree to enter into a confidentiality agreement. Plaintiffs agreed that if the terms were not burdensome, they would still enter into a confidentiality agreement (even though their prior offer to do so was in connection with a negotiated resolution of the discovery dispute when the Defendants refused to negotiate). True copies the correspondence relating to the confidentiality agreement are attached hereto as <u>Exhibit 3</u>.

7.      After the close of business on January 18, 2018, the Defendants stated that they were prepared to make the additional disclosures, but would only do so if the Plaintiffs' counsel agreed not to share the information "outside of your office." Plaintiff's counsel refused, pointing out that the input of the Plaintiffs and their expert would be necessary to select the five projects with regard to which the Court ordered complete disclosure. When the Defendants later that evening sent their further revisions to the draft confidentiality agreement, they included

---

[1] In anticipation of further evasions by Kagan, Plaintiffs emphasize that the identification of the owners must include the members of the LLC or other entity and not simply an LLC name, which by Kagan's common practice will simply be the address of the project.

3

limitations unacceptable to the Plaintiffs. True copies of the related correspondence are attached hereto as Exhibit 4.

8. The Court-ordered preliminary disclosures were not predicated on a confidentiality agreement and the disclosure of the Other Construction Projects is not confidential information in any event. The Defendants continue to delay disclosure of core information in this dispute which should never have been the subject of controversy in the first place. They are abusing the discovery process and should be sanctioned. At the January 9, 2018 hearing, this Court stated its intention to bring this case to trial by spring or early summer 2018. Plaintiffs fear that the continued delay and discovery abuse by the Defendants will prejudice their ability to have this case properly prepared on the schedule outlined by the Court.

9. Federal Rule of Civil Procedure 32(b)(2) affords this Court broad discretion in imposing sanctions for failure to comply with its Orders, up to and including defaulting the offending party and/or dismissing its claims. Plaintiffs respectfully suggest that this Court should order that: (a) the confidentiality of information produced in discovery in this case be governed by the proposed order attached hereto as Exhibit 5; (b) the Defendants be allowed two business days to produce the ordered disclosures or suffer dismissal of their proofs of claim; (c) any further failure to comply with the Court's discovery orders will result in dismissal of the Defendants' proofs of claim; and (d) the Plaintiffs be awarded their reasonable attorney's fees incurred in connection with the Defendants' failure to comply with the Court's January 10, 2017 Order and this Motion.

WHEREFORE, the Plaintiffs respectfully request that the Court enter sanctions against the Defendants and award such other and further relief as it deems just.

| | |
|---|---|
| LYMAN-CUTLER, LLC, <br> By its attorney, | ALEX FILIPPOV and <br> NICKOLAY LIPETSKER, <br> By their attorneys, |
| */s/ Peter Tamposi* <br> Peter N. Tamposi, BBO No. 639497 <br> The Tamposi Law Group, P.C. <br> 159 Main Street <br> Nashua, NH 03060 <br> T: (603) 204-5513 | */s/ Sean T. Carnathan* <br> Sean T. Carnathan, BBO No. 636889 <br> *scarnathan@ocmlaw.net* <br> Joseph P. Calandrelli, BBO No. 666128 <br> *jcalandrelli@ocmlaw.net* <br> O'Connor, Carnathan and Mack, LLC <br> 1 Van de Graaff Dr. Suite 104 <br> Burlington, MA 01803 <br> T:  781-359-9000 |

Dated:  January 23, 2018

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 23, 2018.

*/s/ Sean T. Carnathan*

4816-8028-3994, v. 1