# EXHIBIT 2

# Holly Wolti

| | |
|---|---|
| **From:** | Holly Wolti |
| **Sent:** | Wednesday, January 17, 2018 10:16 AM |
| **To:** | 'jperten@sheehan.com' |
| **Cc:** | Sean T. Carnathan; Joseph Calandrelli; 'Peter@thetamposilawgroup.com' |
| **Subject:** | Lyman Cutler, LLC et al. v. Vadim Kagan, et al. |
| **Attachments:** | 2018.01.17 Carnathan to Perten re Interrogatory Answers; 4852-0858-9658.pdf |

On behalf of Sean Carnathan, please find the attached letter regarding the above-referenced matter.

Holly A. Wolti
*Legal Assistant*
O'Connor, Carnathan and Mack LLC
Landmark One
1 Van de Graaff Drive, Suite 104
Burlington, MA 01803
Direct Dial 781-359-9035
Fax 781-359-9001



**O'Connor Carnathan and Mack LLC**

Landmark One
1 Van De Graaff Drive
Suite 104
Burlington, MA 01803

Tel: 781.359.9000
Fax: 781.359.9001

www.ocmlaw.net

Sean T. Carnathan
Direct Line: 781.359.9002
scarnathan@ocmlaw.net

January 17, 2018

*By First Class Mail and E-mail*

John H. Perten, Esq.
Sheehan Phinney Bass + Green
255 State Street
Boston, MA 02109

    Re:    **Lyman Cutler, LLC et al. v. Vadim Kagan, et al.
Chapter 7 No. 15-13881-FJB, A.P. No. 16-1120**

Dear John:

    I write in response to your letter dated January 16, 2018 ("your Letter"), enclosing Supplemental Interrogatory Responses on behalf of ProExcavation Corp. ("ProEx") and Kagan Development KDC Corp. ("KDC") and purporting to provide additional information in accordance with the Court's order granting the Plaintiffs' Motion to Compel.

    The Supplemental Responses do not answer the applicable interrogatories and do not comply with the Court's order. Interrogatory No. 3 to both KDC and ProEx requests the following information:

> Identify all Other Construction Projects, including the street address of each project, the owner of the project, the name of the individual or entity with whom KDC [or ProEx, as applicable] had a verbal or written contract to perform construction work, and the beginning and ending dates on which KDC [or ProEx, as applicable] performed any work on the project.

    Simply listing the addresses of the Other Construction Projects does not answer the interrogatories and does not provide sufficient information for the Plaintiffs to select the five Other Construction Projects with regard to which they must receive complete documentation and information.

    In addition, your laundry list response to the Court's order that ProEx identify its subcontractors, vendors and clients for the period 2012-2015 is insufficient. The reason it does not map precisely to a particular interrogatory is the accommodation being made to allow ProEx to provide complete information with regard to only five Other Construction Projects. At minimum, you must break the response into the three categories, telling us which is a

John H. Perten, Esq.
January 17, 2018
Page 2

subcontractor, a vendor and/or a client and further provide addresses sufficient to identify the entity or person beyond simply listing a name (many of which appear partial). This information must be provided by the Client under oath.

Please provide complete, sworn information and answers to interrogatories in compliance with the Court's order by the close of business tomorrow (January 18, 2018) or we will seek further Court intervention and sanctions.

Very truly yours,

Sean T. Carnathan

cc:   Peter Tamposi, Esq.

4813-4294-8698, v. 1