# EXHIBIT 3

**From:** Sean T. Carnathan
**Sent:** Tuesday, January 16, 2018 1:05 PM
**To:** 'John Perten' <jperten@sheehan.com>
**Cc:** Peter Tamposi <Peter@thetamposilawgroup.com>; Christopher M. Candon <ccandon@sheehan.com>; Joseph Calandrelli <jcalandrelli@ocmlaw.net>
**Subject:** RE: Lyman-Cutler

Hi John,

We offered that in the context of a negotiated resolution of the discovery dispute and your clients refused to negotiate. The court did not order us to enter into one in denying your motions and granting ours.

Nevertheless, I think we would agree to something simple and non burdensome. If you want to propose something, you are welcome to but I am not going to take the laboring oar on drafting it.

Best, Sean

Sean T. Carnathan
O'Connor, Carnathan and Mack LLC
1 Van De Graaff Dr. Suite 104
Burlington, MA  01803
Tel:  781-359-9002
Fax:  781-359-9001
www.ocmlaw.net

**From:** John Perten [mailto:jperten@sheehan.com]
**Sent:** Sunday, January 14, 2018 9:58 AM
**To:** Sean T. Carnathan <scarnathan@ocmlaw.net>
**Cc:** Peter Tamposi <Peter@thetamposilawgroup.com>; Christopher M. Candon <ccandon@sheehan.com>
**Subject:** Lyman-Cutler

This message was sent securely using ZixCorp.

Sean, in accordance with your offer of a confidentiality agreement relative to discovery, can you please forward a proposed draft?  Thanks.

John

**John H. Perten, Esq.**

## SHEEHAN PHINNEY

Sheehan Phinney Bass & Green
255 State Street, 5th Floor
Boston, MA  02109
T 617.897.5641
F 617.439.9363
jperten@sheehan.com
www.sheehan.com



**SHEEHAN PHINNEY BASS & GREEN PRIVILEGED AND CONFIDENTIAL:** This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please notify the sender immediately by reply e-mail and delete the transmission. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

-------------------------------------------------------------------------

This message was secured by ZixCorp(R).

**From:** John Perten [mailto:jperten@sheehan.com]
**Sent:** Tuesday, January 16, 2018 1:40 PM
**To:** Sean T. Carnathan <scarnathan@ocmlaw.net>
**Subject:** Confidentiality Agreement

This message was sent securely using ZixCorp.

Sean, attached is a draft confidentiality agreement.  Let me know if this works for you, or whether you have any comments.  Thanks.

John

John H. Perten, Esq.

# SHEEHAN PHINNEY

Sheehan Phinney Bass & Green
255 State Street, 5th Floor
Boston, MA  02109
T 617.897.5641
F 617.439.9363
jperten@sheehan.com
www.sheehan.com

**SHEEHAN PHINNEY BASS & GREEN PRIVILEGED AND CONFIDENTIAL:** This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please notify the sender immediately by reply e-mail and delete the transmission. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

--------------------------------------------------------------------------
This message was secured by **ZixCorp**(R).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | No. 15-13881-FJB |
| LYMAN-CUTLER, LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |

|  |  |  |
|---|---|---|
| LYMAN-CUTLER, LLC, | ) |  |
| ALEX FILIPPOV and | ) |  |
| NICKOLAY LIPETSKER, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | Adv. Proc. No. 16-01120 |
| v. | ) |  |
|  | ) |  |
| VADIM KAGAN, TATIANA KAGAN, | ) |  |
| KAGAN DEVELOPMENT KDC, CORP. | ) |  |
| and PROEXCAVATION CORP. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## STIPULATION AND ORDER FOR THE PRODUCTION,
## EXCHANGE, AND FILING OF CONFIDENTIAL INFORMATION

NOW COME Vadim Kagan, Tatiana Kagan, Kagan Development KDC, Corp.,

ProExcavation Corp. (collectively, the "Kagan Parties"), and the Debtor, Alex Filippov and

Nickolay Lipetsker (collectively, the "Filippov Parties") and enter into this Stipulation to Govern

the Production, Exchange, and Filing of Confidential Information.

WHEREAS, the Kagan Parties and the Filippov Parties (collectively, the "Parties")

expect that the matters pending before the Bankruptcy Court, No. 15-13881-FJB and Adversary

Proceeding No. 16-01120 (collectively, "the Litigation") may involve the production, service or

filing of certain information and documents that a Party believes is confidential and contains sensitive personal, commercial,  proprietary, financial, or business information.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties hereto, and ordered by the Court, that the following Stipulation and Order for the Production, Exchange and Filing of Confidential Information (the "Stipulation and Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and other information or material produced, served, or filed in connection with the Litigation ("Litigation Material"):

1.      Any Party or third party producing, serving, or filing Litigation Material in the Litigation (a "Producing Party") may designate such Litigation Material as "Confidential" if the Producing Party believes in good faith that such Litigation Material contains or reflects non-public confidential, personal, financial, or commercially sensitive information (all such designated material being referred to as "Confidential  Material").

2.      The designation of Litigation Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner:

    a.   In the case of documents (apart from depositions or other pretrial testimony): by affixing the legend "Confidential-Subject to Protective Order" to each page containing any Confidential Material; provided, however, that if a Producing Party inadvertently produces Litigation Material that it considers to be "Confidential" without such designation, the Producing Party may designate such Litigation Material as "Confidential" by delivering written notice of such designation and properly designated copies of such Litigation Material promptly after discovering that the information was inadvertently produced

without being marked "Confidential," with the effect that such Litigation
Material will thereafter be subject to the protections afforded by this
Stipulation and Order to Confidential Material; the Receiving Party shall incur
no liability for any failure to treat Confidential Material as such prior to said
Litigation Material being designated as Confidential.

b.   In the case of depositions or other pretrial testimony: (i) by a statement on the
record, by counsel, at the time of such disclosure; or (ii) by written notice,
sent by counsel to counsel for the opposing Party within ten (10) business
days after receiving a copy of the transcript thereof; and in both of the
foregoing instances, by directing the court reporter that the appropriate
confidentiality legend be affixed to the first page and all portions of the
original and all copies of the transcript containing any Confidential Material.
All deposition transcripts and other pretrial testimony shall be treated as
Confidential Material until the expiration of the tenth business day after
receipt by counsel of a copy of the transcript thereof.  Thereafter, only those
portions of the transcripts designated as "Confidential" in the Litigation shall
be deemed Confidential Material.  The Parties may modify this procedure for
any particular deposition, through agreement on the record at such deposition,
without further order of the Court.

c.   d.   Litigation Material that is designated "Confidential" in accordance with
this Stipulation and that is produced by a Party or non-party subsequent to the
Parties' execution of this Stipulation but prior to the Court's endorsement of

same shall be considered "Confidential" and subject to the terms of this Agreement as if same had been so executed.

3.     Confidential Material may be provided only to counsel of record for the Parties and, unless otherwise directed by the Court, may be disclosed only to the following persons:

a.   Experts, consultants, or investigators and their staff (collectively, "Experts") retained or consulted by counsel for the Parties to assist in the preparation of the Litigation, in accordance with the terms of Paragraph 5 below;

b.   Persons with prior knowledge or familiarity with the documents or the confidential information contained therein, and their agents;

c.   Court reporters, including stenographers and video technicians transcribing proceedings in the Litigation;

d.   Other persons to whom the Court specifically allows disclosure, after application by the Party seeking such disclosure and an opportunity to reply by the Producing Party or Parties;

e.   Any court of competent jurisdiction before which the Litigation is pending;

j.   Outside copy and computer services personnel for purposes of copying, imaging, or indexing documents.

4.     Every person given access to Confidential Material or information contained therein shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for use in connection with the Litigation, shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order.

5.      Confidential Material may be provided to persons listed in paragraph 3(a) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such expert or consultant is using said Confidential Material solely in connection with this Litigation and provided further that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto.

6.      In the event that counsel for any Party determines to file with the Court any Confidential Material, counsel shall file a motion for impoundment pursuant to Local Rule 9018-1. The Parties will assent to the filing of any motion to impound concerning any Confidential Material pursuant to this Stipulation and Order, without waiving any objections to the relevance or admissibility of such material, unless such Confidential Material is subject to a pending objection pursuant to Paragraph 8.  Only those documents or portions of documents containing Confidential Material shall be filed in a sealed envelope.

7.      All Confidential Material and any documents or information derived therefrom, shall be used solely for purposes of the Litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative, or arbitral proceeding.  Any Confidential Material may be used in any proceeding in the Litigation, including, if otherwise permissible, as evidence at any hearing or the trial of the Litigation, in open court, or on appeal, without violation of this Stipulation and Order, but Confidential Material shall not lose its status as Confidential Material through such use.  Nothing in this Stipulation and Order, however, shall preclude a Party from seeking an appropriate protective order from the Court should that Party seek to maintain the confidentiality of material used in

open court.  Further, nothing herein shall abridge a Producing Party's ability to disclose or use its own Litigation Material, including its own Confidential Material.

8.     Entering into or agreeing to this Stipulation and Order, and/or producing or receiving Confidential Material or otherwise complying with the terms of this Stipulation and Order, shall not prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence in this Litigation of any document, testimony, or other evidence subject to this Stipulation and Order.

9.     In the event that any party inadvertently produces documents or information subject to the attorney-client privilege or the work product doctrine, such inadvertent disclosure shall not constitute the waiver of the attorney-client privilege or the work product doctrine, and the Parties agree that the receiving party shall return such materials and any copies thereof.

10.     The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation.  Within 60 business days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including without limitation any appeals therefrom, all persons having received Confidential Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party of such Confidential Material or destroy all such Confidential Material and certify that fact to counsel for the Producing Party.  Outside and inside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential Material); provided, however, that such

counsel, and their employees, shall maintain the confidentiality thereof pursuant to the terms of this Stipulation and Order.

Dated:   January __, 2018

Respectfully submitted,

VADIM KAGAN,
TATIANA KAGAN,
KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP.,

By their Attorneys,

/s/ Christopher M. Candon
Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  603-627-8168
Fax: 603-641-8768
E-mail: ccandon@sheehan.com

LYMAN-CUTLER, LLC

ALEX FILIPPOV
NICKOLAY LIPETSKER

By its Attorney,

THE TAMPOSI LAW GROUP, P.C.



/s/ Peter N. Tamposi
Peter N. Tamposi, BBO# 639497
The Tamposi Law Group, P.C.
159 Main St.
Nashua, NH 03060
Tel: 603-204-5513
peter@thetamposilawgroup.com

By their Attorneys,

O'CONNOR, CARNATHAN AND
MACK, LLC



/s/ Sean T. Carnathan
Sean T. Carnathan, BBO# 636889
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772
Tel: 781-359-9021
scarnathan@ocmlaw.net


**SO ORDERED:**

_____
The Honorable _____

DATED: _____

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | No. 15-13881-FJB |
| LYMAN-CUTLER, LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |

|  |  |  |
|---|---|---|
| LYMAN-CUTLER, LLC, | ) |  |
| ALEX FILIPPOV and | ) |  |
| NICKOLAY LIPETSKER, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | Adv. Proc. No. 16-01120 |
| v. | ) |  |
|  | ) |  |
| VADIM KAGAN, TATIANA KAGAN, | ) |  |
| KAGAN DEVELOPMENT KDC, CORP. | ) |  |
| and PROEXCAVATION CORP. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production, Exchange and Filing of Confidential Information (the "Stipulation and Order"), and (ii) that I have read the Stipulation and Order. I understand the terms of the Stipulation and Order, and I agree to be fully bound by its terms. Upon the conclusion of the Litigation and any appeals related hereto, or when I no longer have any reason to possess the Confidential Material, whichever shall first occur, I hereby agree to return all copies of Confidential Material to the party who furnished the same to me or certify that the same has been destroyed.

Dated: _____     Signature: _____

Name: _____

**From:** David L. Hansen [mailto:dhansen@sheehan.com]
**Sent:** Monday, January 22, 2018 12:17 PM
**To:** Sean T. Carnathan <scarnathan@ocmlaw.net>
**Cc:** James P. Harris <JHARRIS@sheehan.com>
**Subject:** Lyman-Cutler Confidentiality Stipulation

This message was sent securely using ZixCorp.

Hello Sean, I just wanted to check in again regarding the attached draft stipulation.   Do you have any comments or changes regarding the stipulation?  Thank you.
-Dave

**David L. Hansen, Esq.**

# SHEEHAN PHINNEY

Sheehan Phinney Bass & Green PA
255 State Street
Boston, MA 02109
617-897-5674 (direct)
617-439-9363 (fax)
dhansen@sheehan.com
www.sheehan.com

Sheehan Phinney Bass & Green
A Regional Business Law Firm.
Innovative Approaches. Practical Solutions.

1

**SHEEHAN PHINNEY BASS & GREEN PRIVILEGED AND CONFIDENTIAL:** This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please notify the sender immediately by reply e-mail and delete the transmission. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

----------------------------------------------------------------------------
This message was secured by **ZixCorp**(R).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |

|  |  |
|---|---|
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants. | Adv. Proc. No. 16-01120 |

**STIPULATION AND ORDER FOR THE PRODUCTION,
EXCHANGE, AND FILING OF CONFIDENTIAL INFORMATION**

NOW COME Vadim Kagan, Tatiana Kagan, Kagan Development KDC, Corp.,

ProExcavation Corp. (collectively, the "Kagan Parties"), and the Debtor, Alex Filippov and

Nickolay Lipetsker (collectively, the "Filippov Parties") and enter into this Stipulation to Govern

the Production, Exchange, and Filing of Confidential Information.

WHEREAS, the Kagan Parties and the Filippov Parties (collectively, the "Parties")

expect that the matters pending before the Bankruptcy Court, No. 15-13881-FJB and Adversary

Proceeding No. 16-01120 (collectively, "the Litigation") may involve the production, service or

filing of certain information and documents that a Party believes is confidential and contains

sensitive personal, commercial,  proprietary, financial, or business information.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties hereto, and

ordered by the Court, that the following Stipulation and Order for the Production, Exchange and

Filing of Confidential Information (the "Stipulation and Order") shall govern the handling of

documents, depositions, deposition exhibits, interrogatory responses, admissions, and other

information or material produced, served, or filed in connection with the Litigation ("Litigation

Material"):

1.    Any Party or third party producing, serving, or filing Litigation Material in the

Litigation (a "Producing Party") may designate such Litigation Material as "Confidential" if the

Producing Party believes in good faith that such Litigation Material contains or reflects

non-public confidential, personal, financial, or commercially sensitive information (all such

designated material being referred to as "Confidential  Material").

2.    The designation of Litigation Material as "Confidential" for purposes of this

Stipulation and Order shall be made in the following manner:

a.    In the case of documents (apart from depositions or other pretrial testimony):

by affixing the legend "Confidential-Subject to Protective Order" to each page

containing any Confidential Material; provided, however, that if a Producing

Party inadvertently produces Litigation Material that it considers to be

"Confidential" without such designation, the Producing Party may designate

such Litigation Material as "Confidential" by delivering written notice of such

designation and properly designated copies of such Litigation Material

promptly after discovering that the information was inadvertently produced

without being marked "Confidential," with the effect that such Litigation

Material will thereafter be subject to the protections afforded by this

Stipulation and Order to Confidential Material; the Receiving Party shall incur

no liability for any failure to treat Confidential Material as such prior to said

Litigation Material being designated as Confidential.

b.   In the case of depositions or other pretrial testimony: (i) by a statement on the

record, by counsel, at the time of such disclosure; or (ii) by written notice,

sent by counsel to counsel for the opposing Party within ten (10) business

days after receiving a copy of the transcript thereof; and in both of the

foregoing instances, by directing the court reporter that the appropriate

confidentiality legend be affixed to the first page and all portions of the

original and all copies of the transcript containing any Confidential Material.

All deposition transcripts and other pretrial testimony shall be treated as

Confidential Material until the expiration of the tenth business day after

receipt by counsel of a copy of the transcript thereof.  Thereafter, only those

portions of the transcripts designated as "Confidential" in the Litigation shall

be deemed Confidential Material.  The Parties may modify this procedure for

any particular deposition, through agreement on the record at such deposition,

without further order of the Court.

c.   Litigation Material that is designated "Confidential" in accordance with this

Stipulation and that is produced by a Party or non-party subsequent to the

Parties' execution of this Stipulation but prior to the Court's endorsement of

same shall be considered "Confidential" and subject to the terms of this

Agreement as if same had been so executed.

3.    Confidential Material may be provided only to counsel of record for the Parties

and, unless otherwise directed by the Court, may be disclosed only to the following persons:

   a.  Experts, consultants, or investigators and their staff (collectively, "Experts")

       retained or consulted by counsel for the Parties to assist in the preparation of

       the Litigation, in accordance with the terms of Paragraph 5 below;

   b.  Persons with prior knowledge or familiarity with the documents or the

       confidential information contained therein, and their agents;

   c.  Court reporters, including stenographers and video technicians transcribing

       proceedings in the Litigation;

   d.  Other persons to whom the Court specifically allows disclosure, after

       application by the Party seeking such disclosure and an opportunity to reply

       by the Producing Party or Parties;

   e.  Any court of competent jurisdiction before which the Litigation is pending;

   j.  Outside copy and computer services personnel for purposes of copying,

       imaging, or indexing documents.

4.    Every person given access to Confidential Material or information contained

therein shall not make copies, duplicates, extracts, summaries or descriptions of such material, or

any portion thereof except for use in connection with the Litigation, shall be advised by the Party

providing such access that the information is being disclosed pursuant and subject to the terms of

this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof, and

each such copy is to be treated in accordance with the provisions of this Stipulation and Order.

5.      Confidential Material may be provided to persons listed in paragraph 3(a) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such expert or consultant is using said Confidential Material solely in connection with this Litigation and provided further that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto.

6.      In the event that counsel for any Party determines to file with the Court any Confidential Material, counsel shall file a motion for impoundment pursuant to Local Rule 9018-1.  The Parties will assent to the filing of any motion to impound concerning any Confidential Material pursuant to this Stipulation and Order, without waiving any objections to the relevance or admissibility of such material, unless such Confidential Material is subject to a pending objection pursuant to Paragraph 8.  Only those documents or portions of documents containing Confidential Material shall be filed in a sealed envelope.

7.      All Confidential Material and any documents or information derived therefrom, shall be used solely for purposes of the Litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative, or arbitral proceeding.  Any Confidential Material may be used in any proceeding in the Litigation, including, if otherwise permissible, as evidence at any hearing or the trial of the Litigation, in open court, or on appeal, without violation of this Stipulation and Order, but Confidential Material shall not lose its status as Confidential Material through such use.  Nothing in this Stipulation and Order, however, shall preclude a Party from seeking an appropriate protective order from the Court should that Party seek to maintain the confidentiality of material used in

open court.  Further, nothing herein shall abridge a Producing Party's ability to disclose or use its own Litigation Material, including its own Confidential Material.

8.      Entering into or agreeing to this Stipulation and Order, and/or producing or receiving Confidential Material or otherwise complying with the terms of this Stipulation and Order, shall not prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence in this Litigation of any document, testimony, or other evidence subject to this Stipulation and Order.

9.      In the event that any party inadvertently produces documents or information subject to the attorney-client privilege or the work product doctrine, such inadvertent disclosure shall not constitute the waiver of the attorney-client privilege or the work product doctrine, and the Parties agree that the receiving party shall return such materials and any copies thereof.

10.     The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation.  Within 60 business days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including without limitation any appeals therefrom, all persons having received Confidential Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party of such Confidential Material or destroy all such Confidential Material and certify that fact to counsel for the Producing Party.  Outside and inside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential Material); provided, however, that such

counsel, and their employees, shall maintain the confidentiality thereof pursuant to the terms of

this Stipulation and Order.

Dated:   January __, 2018                    Respectfully submitted,

                                             VADIM KAGAN,
                                             TATIANA KAGAN,
                                             KAGAN DEVELOPMENT KDC, CORP. and
                                             PROEXCAVATION CORP.,

                                             By their Attorneys,

                                             /s/ Christopher M. Candon
                                             Christopher M. Candon, BBO# 650855
                                             John H. Perten, BBO# 548728
                                             SHEEHAN PHINNEY BASS & GREEN, PA
                                             255 State Street, 5th Floor
                                             Boston, MA  02109
                                             Tel:  603-627-8168
                                             Fax: 603-641-8768
                                             E-mail: ccandon@sheehan.com

                                             ALEX FILIPPOV
LYMAN-CUTLER, LLC                            NICKOLAY LIPETSKER

By its Attorney,

THE TAMPOSI LAW GROUP, P.C.


/s/ Peter N. Tamposi
Peter N. Tamposi, BBO# 639497
The Tamposi Law Group, P.C.
159 Main St.
Nashua, NH 03060
Tel: 603-204-5513
peter@thetamposilawgroup.com

By their Attorneys,

O'CONNOR, CARNATHAN AND
MACK, LLC


/s/ Sean T. Carnathan
Sean T. Carnathan, BBO# 636889
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772
Tel: 781-359-9021
scarnathan@ocmlaw.net


**SO ORDERED:**

_____
The Honorable _____

DATED: _____

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | No. 15-13881-FJB |
| LYMAN-CUTLER, LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |

|  |  |  |
|---|---|---|
| LYMAN-CUTLER, LLC, | ) |  |
| ALEX FILIPPOV and | ) |  |
| NICKOLAY LIPETSKER, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | Adv. Proc. No. 16-01120 |
| v. | ) |  |
|  | ) |  |
| VADIM KAGAN, TATIANA KAGAN, | ) |  |
| KAGAN DEVELOPMENT KDC, CORP. | ) |  |
| and PROEXCAVATION CORP. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production, Exchange and Filing of Confidential Information (the "Stipulation and Order"), and (ii) that I have read the Stipulation and Order. I understand the terms of the Stipulation and Order, and I agree to be fully bound by its terms. Upon the conclusion of the Litigation and any appeals related hereto, or when I no longer have any reason to possess the Confidential Material, whichever shall first occur, I hereby agree to return all copies of Confidential Material to the party who furnished the same to me or certify that the same has been destroyed.

Dated: _____    Signature: _____

Name: _____

**From:** Sean T. Carnathan
**Sent:** Monday, January 22, 2018 12:29 PM
**To:** 'David L. Hansen' <dhansen@sheehan.com>
**Cc:** James P. Harris <JHARRIS@sheehan.com>; Joseph Calandrelli <jcalandrelli@ocmlaw.net>; Peter Tamposi <Peter@thetamposilawgroup.com>
**Subject:** confidentiality stipulation

Hi David,

Attached is a redline of the confidentiality stipulation with edits to make it acceptable to my clients.  Let me know if this will work for you.

Best, Sean

Sean T. Carnathan
O'Connor, Carnathan and Mack LLC
1 Van De Graaff Dr. Suite 104
Burlington, MA  01803
Tel:  781-359-9002
Fax:  781-359-9001
www.ocmlaw.net

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | No. 15-13881-FJB |
| LYMAN-CUTLER, LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

|  |  |  |
|---|---|---|
| LYMAN-CUTLER, LLC, | ) |  |
| ALEX FILIPPOV and | ) |  |
| NICKOLAY LIPETSKER, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | Adv. Proc. No. 16-01120 |
| v. | ) |  |
|  | ) |  |
| VADIM KAGAN, TATIANA KAGAN, | ) |  |
| KAGAN DEVELOPMENT KDC, CORP. | ) |  |
| and PROEXCAVATION CORP. | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**STIPULATION AND ORDER FOR THE PRODUCTION,
EXCHANGE, AND FILING OF CONFIDENTIAL INFORMATION**

NOW COME Vadim Kagan, Tatiana Kagan, Kagan Development KDC, Corp., ProExcavation Corp. (collectively, the "Kagan Parties"), and the Debtor, Alex Filippov and Nickolay Lipetsker (collectively, the "Filippov Parties") and enter into this Stipulation to Govern the Production, Exchange, and Filing of Confidential Information.

WHEREAS, the Kagan Parties and the Filippov Parties (collectively, the "Parties") expect that the matters pending before the Bankruptcy Court, No. 15-13881-FJB and Adversary Proceeding No. 16-01120 (collectively with any related state court or other proceedings among

the Parties, "the Litigation") may involve the production, service or filing of certain information

and documents that a Party believes is confidential and contains sensitive personal, commercial,

proprietary, financial, or business information.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties hereto, and

ordered by the Court, that the following Stipulation and Order for the Production, Exchange and

Filing of Confidential Information (the "Stipulation and Order") shall govern the handling of

documents, depositions, deposition exhibits, interrogatory responses, admissions, and other

information or material produced, served, or filed in connection with the Litigation ("Litigation

Material"):

1.      Any Party or third party producing, serving, or filing Litigation Material in the

Litigation (a "Producing Party") after the execution of this Stipulation by all Parties may

designate such Litigation Material as "Confidential" if the Producing Party believes in good faith

that such Litigation Material contains or reflects non-public confidential, personal, financial, or

commercially sensitive information (all such designated material being referred to as

"Confidential Material").

2.      The designation of Litigation Material as "Confidential" for purposes of this

Stipulation and Order shall be made in the following manner:

a.   In the case of documents (apart from depositions or other pretrial testimony):

by affixing the legend "Confidential-Subject to Protective Order" to each page

containing any Confidential Material; provided, however, that if a Producing

Party inadvertently produces Litigation Material that it considers to be

"Confidential" without such designation, the Producing Party may designate

such Litigation Material as "Confidential" by delivering written notice of such

2

designation and properly designated copies of such Litigation Material promptly after discovering that the information was inadvertently produced without being marked "Confidential," with the effect that such Litigation Material will thereafter be subject to the protections afforded by this Stipulation and Order to Confidential Material; the Receiving Party shall incur no liability for any failure to treat Confidential Material as such prior to said Litigation Material being designated as Confidential.

b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to counsel for the opposing Party within ten (10) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Material. All deposition transcripts and other pretrial testimony shall be treated as Confidential Material until the expiration of the tenth business day after receipt by counsel of a copy of the transcript thereof.  Thereafter, only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Material.  The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

c. d. Litigation Material that is designated "Confidential" in accordance with this Stipulation and that is produced by a Party or non-party subsequent to the

3

Parties' execution of this Stipulation but prior to the Court's endorsement of
same shall be considered "Confidential" and subject to the terms of this
Agreement as if same had been so executed.

3.  Confidential Material may be provided only to counsel of record for the Parties
and, unless otherwise directed by the Court, may be disclosed only to the following persons:

a.  The Parties;

b.  Witnesses during examination at deposition or trial;

b.c.Experts, consultants, or investigators and their staff (collectively, "Experts")
retained or consulted by counsel for the Parties to assist in the preparation of
the Litigation, in accordance with the terms of Paragraph 5 below;

c.d.Persons with prior knowledge or familiarity with the documents or the
confidential information contained therein, and their agents;

d.e.Court reporters, including stenographers and video technicians transcribing
proceedings in the Litigation;

e.f. Other persons pursuant to lawful process after notice to whom the Court
specifically allows disclosure, after application by the Party seeking such
disclosure and an opportunity to reply by the to the Producing Party or Parties;

f.g. Any court of competent jurisdiction before which the Litigation is pending;

j.  Outside copy and computer services personnel for purposes of copying,
imaging, or indexing documents.

4.  Every person given access to Confidential Material or information contained
therein shall not make copies, duplicates, extracts, summaries or descriptions of such material, or
any portion thereof except for use in connection with the Litigation, shall be advised by the Party

providing such access that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order.

5. Confidential Material may be provided to persons listed in paragraph 3(a) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such expert or consultant is using said Confidential Material solely in connection with the~~is~~ Litigation and provided further that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto.

6. In the event that counsel for any Party determines to file with the Court any Confidential Material, counsel shall file a motion for impoundment pursuant to Local Rule 9018-1. The Parties will assent to the filing of any motion to impound concerning any Confidential Material pursuant to this Stipulation and Order, without waiving any objections to the relevance or admissibility of such material, unless such Confidential Material is subject to a pending objection pursuant to Paragraph 8. Only those documents or portions of documents containing Confidential Material shall be filed in a sealed envelope. The Party filing Confidential Material with the Court shall be entitled to file such material regardless of the Court's ruling on the motion to impound.

7. All Confidential Material and any documents or information derived therefrom, shall be used solely for purposes of the Litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose or~~,~~ for dissemination to the media or the public.~~, or in connection with any unrelated~~other judicial, ~~administrative, or arbitral proceeding.~~ Any Confidential Material may be used in any proceeding

5

in the Litigation, including, if otherwise permissible, as evidence at any hearing or the trial of the
Litigation, in open court, or on appeal, without violation of this Stipulation and Order, but
Confidential Material shall not lose its status as Confidential Material through such use.  Nothing
in this Stipulation and Order, however, shall preclude a Party from seeking an appropriate
protective order from the Court should that Party seek to maintain the confidentiality of material
used in open court.  Further, nothing herein shall abridge a Producing Party's ability to disclose
or use its own Litigation Material, including its own Confidential Material.  Nothing herein shall
preclude a Party from challenging the designation of materials as Confidential by seeking an
order from the Court striking the designation.  Nothing herein shall preclude disclosure
Confidential Information in confidence to a Federal, State, or local government official, either
directly or indirectly, for the purpose of reporting or investigating a suspected violation of law.

8.      Entering into or agreeing to this Stipulation and Order, and/or producing or
receiving Confidential Material or otherwise complying with the terms of this Stipulation and
Order, shall not prejudice in any way the rights of any Party to object to the production of
documents or information it considers not subject to discovery or to object to the authenticity or
admissibility into evidence in this Litigation of any document, testimony, or other evidence
subject to this Stipulation and Order.

9.      In the event that any party inadvertently produces documents or information
subject to the attorney-client privilege or the work product doctrine, such inadvertent disclosure
shall not constitute the waiver of the attorney-client privilege or the work product doctrine, and
the Parties agree that the receiving party shall return such materials and any copies thereof in
accordance with Massachusetts law and upon timely notice of the inadvertent production.

10.     The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation.  Within 60 business days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including without limitation any appeals therefrom, all persons having received Confidential Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party of such Confidential Material or destroy all such Confidential Material and certify that fact to counsel for the Producing Party.  Outside and inside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential Material); provided, however, that such counsel, and their employees, shall maintain the confidentiality thereof pursuant to the terms of this Stipulation and Order.

Dated:   January __, 2018            Respectfully submitted,

                                     VADIM KAGAN,
                                     TATIANA KAGAN,
                                     KAGAN DEVELOPMENT KDC, CORP. and
                                     PROEXCAVATION CORP.,

By their Attorneys,

/s/ Christopher M. Candon
Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  603-627-8168
Fax: 603-641-8768
E-mail: ccandon@sheehan.com


LYMAN-CUTLER, LLC

By its Attorney,

THE TAMPOSI LAW GROUP, P.C.


/s/ Peter N. Tamposi
Peter N. Tamposi, BBO# 639497
The Tamposi Law Group, P.C.
159 Main St.
Nashua, NH 03060
Tel: 603-204-5513
peter@thetamposilawgroup.com


ALEX FILIPPOV
NICKOLAY LIPETSKER

By their Attorneys,

O'CONNOR, CARNATHAN AND
MACK, LLC


/s/ Sean T. Carnathan
Sean T. Carnathan, BBO# 636889
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772
Tel: 781-359-9021
scarnathan@ocmlaw.net


**SO ORDERED:**

_____
The Honorable _____

DATED: _____

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | No. 15-13881-FJB |
| LYMAN-CUTLER, LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

|  |  |  |
|---|---|---|
| LYMAN-CUTLER, LLC, | ) |  |
| ALEX FILIPPOV and | ) |  |
| NICKOLAY LIPETSKER, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | Adv. Proc. No. 16-01120 |
| v. | ) |  |
|  | ) |  |
| VADIM KAGAN, TATIANA KAGAN, | ) |  |
| KAGAN DEVELOPMENT KDC, CORP. | ) |  |
| and PROEXCAVATION CORP. | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production, Exchange and Filing of Confidential Information (the "Stipulation and Order"), and (ii) that I have read the Stipulation and Order. I understand the terms of the Stipulation and Order, and I agree to be fully bound by its terms. Upon the conclusion of the Litigation and any appeals related hereto, or when I no longer have any reason to possess the Confidential Material, whichever shall first occur, I hereby agree to return all copies of Confidential Material to the party who furnished the same to me or certify that the same has been destroyed.

Dated: _____    Signature: _____

Name:

4832-4218-0442, v. 1