UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | No. 15-13881-FJB |
| LYMAN-CUTLER, LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

|  |  |  |
|---|---|---|
| LYMAN-CUTLER, LLC, | ) |  |
| ALEX FILIPPOV and | ) |  |
| NICKOLAY LIPETSKER, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | Adv. Proc. No. 16-01120 |
| v. | ) |  |
|  | ) |  |
| VADIM KAGAN, TATIANA KAGAN, | ) |  |
| KAGAN DEVELOPMENT KDC, CORP. | ) |  |
| and PROEXCAVATION CORP. | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS FOR
FAILURE TO COMPLY WITH COURT'S JANUARY 10, 2018 ORDER**

Defendants Vadim Kagan ("Kagan"), Tatiana Kagan, Kagan Development KDC, Corp.

("KDC") and ProExcavation ("ProExcavation") submit the following Opposition to Plaintiffs'

Motion for Sanctions for Failure to Comply with this Court's January 10, 2018 Order.

**I.**
**Plaintiffs' Request for Sanctions is Unwarranted.**

1.      Without engaging in a meet-and-confer and without requesting an informal

discovery conference pursuant to Fed. R. Civ. P. 37, Plaintiffs move for sanctions even though

Defendants offered to provide the information Plaintiffs requested so long as the parties would

continue to negotiate over a confidentiality stipulation.  Had Plaintiffs merely agreed to maintain

the status quo temporarily, while fully reserving their rights to reject the proposed confidentiality

stipulation, Plaintiffs' counsel would have received the information Plaintiffs requested.  Instead,

Plaintiffs filed their motion for sanctions.

2.      Although Defendants disagreed with Plaintiffs' contention that the initial response

was lacking and believed they had complied with the Court's order, Defendants nevertheless

agreed to provide further detail concerning the "Other Construction Projects."[1]  Even though the

list of ProExcavation clients, vendors and suppliers did not fit within the scope of an

Interrogatory propounded by Plaintiffs, Defendants agreed to manufacture a verification to

accompany the response to accede to Plaintiffs' insistence that the response be provided under

oath.  That information was ready for transmittal on January 22, 2018, as the parties agreed.[2]

3.      The parties had discussed entering a confidentiality stipulation on several

occasions and Plaintiffs offered one in their prior motion to compel (Docket No. 75).  Indeed,

Plaintiffs' counsel indicated during a prior informal discovery conference that Plaintiffs would

agree to one.  On January 16, 2018, Plaintiffs again indicated a willingness to consider such a

stipulation.  *See* Ex. 3 to Pl.'s Mot. at pg. 2 (Attorney Carnathan wrote: "Nevertheless, I think we

would agree to something simple and non burdensome.  If you want to propose something, you

are welcome to but I am not going to take the laboring oar on drafting it.").

---

[1] The Court ordered that, on or before January 16, 2018: (1) Defendants identify the projects that KDC and ProExcavation worked on between 2012 and 2015; and (2) identify ProExcavation's clients, vendors, and subcontractors.  Defendants did so.  *See* Ex. 1 to Pl.'s Motion for Sanctions, at pg. 4.

[2] As the parties discussed during their January 17, 2018 conference call, Defendants were unclear as Plaintiffs' request for the dates on which KDC and ProExcavation worked on a given project and determining dates for some of the work could be difficult to ascertain given the passage of time.  The conference call concluded with an agreement regarding which data points would be acceptable to Plaintiffs and Defendants thereafter endeavored to compile that information.

4.    Thirty-five minutes after Plaintiffs reiterated they were open to a confidentiality

stipulation, Defendants counsel transmitted a draft confidentiality stipulation.  *See* Ex. 3 to Pl.'s

Mot. at pg. 4-15.  Six days passed without any comment from Plaintiffs.  On January 22, 2018,

the day Defendants planned on disclosing information and having not heard from Plaintiffs,

Defendants inquired again as to whether Plaintiffs had any comments or revisions to the

proposed confidentiality stipulation.  *See* Ex. 3 to Pl.'s Mot. at pg. 16.  Later that afternoon,

Plaintiffs provided revisions to the proposed confidentiality stipulation.  *See* Ex. 3 to Pl.'s Mot.

at pg. 28.  As discussed below, some of Plaintiffs' proposed revisions are acceptable and some

are not.  For example, Plaintiffs insisted that information designated as "confidential" be freely

shared with the clients, and Defendants agreed to that significant change.  Other revisions

proposed by Plaintiff effectively eviscerated the confidentiality protections because Plaintiffs

would not agree to limit the use of the information to just this litigation and they wanted the

freedom to disclose confidential information to law enforcement.

5.    In an attempt to provide Plaintiffs' counsel with the data requested while still

allow the parties to maintain their respective positions vis-à-vis the confidentiality stipulation,

Defendants offered to transmit the data so long as Plaintiffs' counsel agree to temporarily refrain

from sharing it with anyone outside their law office.  Defendants' counsel wrote: "We are ready

to transmit the data described in my email from Friday.  Please advise whether you agree not to

share the information with anyone outside your office until we finalized the stipulation." *See* Ex.

4 to Pl.'s Mot. at pg. 2.

6.    Defendants' proposal would have allowed Plaintiffs' counsel to receive the data

and commence working with it while reserving Plaintiffs' right to reject the confidentiality

stipulation and even contest the designation of the material as confidential (as the proposed

confidentiality stipulation allowed for such challenges).   Defendants pointed out as much when

they wrote:

> We are requesting on a temporary basis for you to agree not to
> disclose the data outside your office for a day or so until we can
> finalize the confidentiality stip.   We will agree you can share it
> with your expert, if you need to do so in the interim, but we want
> your agreement not to use the information for anything outside this
> litigation until the confidentiality stip is finalized.
>
> We just received your comments on the stipulation this afternoon
> and are trying to reach a middle ground that allows you access to
> the data but preserves our rights to seek a confidentiality stip.

*See* Ex. 4 to Pl.'s Mot. at pg. 6.

7.     In a subsequent email, Defendants again reiterated that there would be no

prejudice to Plaintiffs:

> Again, we are willing to send the data to you, per below, with
> some minor, temporary agreements from you while both sides
> reserve their rights with respect to the confidentiality stip.   If we
> cannot agree ultimately on the stip, the parties can seek assistance
> from the court to iron out those details – and your office will have
> access to this data in the interim.

*See* Ex. 4 to Pl.'s Mot. at pg. 9.

8.     Rather than continue to attempt to reach an agreement, Plaintiffs refused to

provide substantive feedback on the confidentiality stipulation and filed their motion for

sanctions the following morning.   *See* Ex. 4 to Pl.'s Mot. at pg. 23 ("Your revisions to the

confidentiality stipulation are unacceptable.   We will proceed with our motion.").

9.     Given that Plaintiffs rejected a proposal that would not have caused them any

material prejudice and thereafter refused to continue to discuss the confidentiality stipulation, a

request for sanctions is inappropriate.   Defendants have no objection with providing the

information requested; they merely want to do so after designating it as confidential subject to an approved stipulation.

## II.
**Defendants' Proposed Confidentiality Stipulation is the More Reasonable Alternative**

10.     Plaintiff submitted with its motion for sanctions their proposed confidentiality stipulation and they ask the Court to approve it.  Unable to continue to communicate further with Plaintiffs about the confidentiality stipulation, Defendants are forced to file their version with this Opposition and it is attached hereto as Exhibit 1.[3]  For the reasons that follow and focusing just on the few areas of disagreement between the parties, Defendants' version better accomplishes the parties' respective goals.

11.     There are just a few areas of disagreement between the parties and they relate to changes Plaintiffs propose that would allow them to share and disclose information designated as confidential with parties outside this litigation, thereby completely undercutting the essential purpose of such a stipulation.  For example, in paragraph 7 of the confidentiality stipulation, Plaintiffs request the ability to use confidential information "in connection with any unrelated judicial, administrative or arbitral proceeding."  In that same paragraph, Plaintiffs desire the ability to provide confidential information to "a Federal, State or local government official, either directly or indirectly, for the purpose of reporting or investigating a suspected violation of law."  Obviously, neither of these uses has anything to do with this litigation and if these uses are permitted, the essential benefit of such a stipulation will have been eroded.  Defendants ask simply that confidential information supplied in this litigation be used for this litigation.

12.     Similarly, in paragraph 3.b, Plaintiffs request an unrestricted ability to show confidential information to witnesses during examination at deposition or trial.  Showing

---

[3] For the convenience of the Court, Defendants also submit as Exhibit 2 a redlined version of the confidentiality stipulation that shows the areas of disagreement among the parties.

information that is otherwise confidential to someone who has no prior obligation to preserve confidentiality and no ongoing obligation to maintain confidentiality defeats an essential purpose of the confidentiality stipulation. Plaintiffs could simply subpoena a non-party to attend a deposition, mark the otherwise confidential information as an exhibit at the deposition, and the confidentiality would be vitiated.

13.    Finally, Plaintiffs' requested change to paragraph 3.f is unclear and Defendants objected for that reason. Plaintiffs want the ability to share confidential information with non-parties "pursuant to lawful process." Defendants proposed to allow disclosure to other parties if and when the Court ordered such disclosure. The vague term "lawful process" is simply subject to too many differing interpretations. Defendants' language is more precise and allows this Court to exercise control over the expansion of the disclosure of confidential information.

14.    As whatever confidentiality stipulation is ultimately entered will govern discovery in this matter generally, it is important to view the competing versions with an eye toward the discovery that will be completed in the future, not just the transmittal of names and project information. The parties are on a path toward the disclosure of information pertaining to construction projects other than the one that is the subject of this suit. That will likely include business information about limited liability companies and owners that are not parties to this suit. Restricting the ability to use or disclose such information outside the context

WHEREFORE, Defendants respectfully request that this honorable Court:

 A.  Deny Plaintiffs' request for sanctions;

 B.  Enter the confidentiality stipulation provided by Defendants; and

 C.  Grant such additional and further relief as the Court deems necessary.

Dated:   January 23, 2018

Respectfully submitted,

VADIM KAGAN,
TATIANA KAGAN,
KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP.,

By their Attorneys,

/s/ Christopher M. Candon
Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  617-897-5600
Fax: 617-439-9363
E-mail: ccandon@sheehan.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2018, a copy of the foregoing was

served upon the parties listed below via ECF and/or first class mail, postage prepaid.

Eric K. Bradford
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Amy M. McCallen
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

/s/ Christopher M. Candon
Christopher M. Candon

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |

|  |  |
|---|---|
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants. | Adv. Proc. No. 16-01120 |

## STIPULATION AND ORDER FOR THE PRODUCTION, EXCHANGE, AND FILING OF CONFIDENTIAL INFORMATION

NOW COME Vadim Kagan, Tatiana Kagan, Kagan Development KDC, Corp.,

ProExcavation Corp. (collectively, the "Kagan Parties"), and the Debtor, Alex Filippov and

Nickolay Lipetsker (collectively, the "Filippov Parties") and enter into this Stipulation to Govern

the Production, Exchange, and Filing of Confidential Information.

WHEREAS, the Kagan Parties and the Filippov Parties (collectively, the "Parties")

expect that the matters pending before the Bankruptcy Court, No. 15-13881-FJB and Adversary

Proceeding No. 16-01120 (collectively with any related state court or other proceedings among

the Parties, "the Litigation") may involve the production, service or filing of certain information and documents that a Party believes is confidential and contains sensitive personal, commercial, proprietary, financial, or business information.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties hereto, and ordered by the Court, that the following Stipulation and Order for the Production, Exchange and Filing of Confidential Information (the "Stipulation and Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and other information or material produced, served, or filed in connection with the Litigation ("Litigation Material"):

1.      Any Party or third party producing, serving, or filing Litigation Material in the Litigation (a "Producing Party") may designate such Litigation Material as "Confidential" if the Producing Party believes in good faith that such Litigation Material contains or reflects non-public confidential, personal, financial, or commercially sensitive information (all such designated material being referred to as "Confidential Material").

2.      The designation of Litigation Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner:

> a.   In the case of documents (apart from depositions or other pretrial testimony): by affixing the legend "Confidential-Subject to Protective Order" to each page containing any Confidential Material; provided, however, that if a Producing Party inadvertently produces Litigation Material that it considers to be "Confidential" without such designation, the Producing Party may designate such Litigation Material as "Confidential" by delivering written notice of such designation and properly designated copies of such Litigation Material

promptly after discovering that the information was inadvertently produced without being marked "Confidential," with the effect that such Litigation Material will thereafter be subject to the protections afforded by this Stipulation and Order to Confidential Material; the Receiving Party shall incur no liability for any failure to treat Confidential Material as such prior to said Litigation Material being designated as Confidential.

b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to counsel for the opposing Party within ten (10) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Material. All deposition transcripts and other pretrial testimony shall be treated as Confidential Material until the expiration of the tenth business day after receipt by counsel of a copy of the transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

c. Litigation Material that is designated "Confidential" in accordance with this Stipulation and that is produced by a Party or non-party subsequent to the Parties' execution of this Stipulation but prior to the Court's endorsement of

3

same shall be considered "Confidential" and subject to the terms of this

Agreement as if same had been so executed.

3.      Confidential Material may be provided only to counsel of record for the Parties

and, unless otherwise directed by the Court, may be disclosed only to the following persons:

a.   The Parties;

b.   Witnesses during examination at deposition or trial so long as the witness at

issue was involved in the creation of the document or already had knowledge

of the confidential information at issue;

c.   Experts, consultants, or investigators and their staff (collectively, "Experts")

retained or consulted by counsel for the Parties to assist in the preparation of

the Litigation, in accordance with the terms of Paragraph 5 below;

d.   Persons with prior knowledge or familiarity with the documents or the

confidential information contained therein, and their agents;

e.   Court reporters, including stenographers and video technicians transcribing

proceedings in the Litigation;

f.   Other persons to whom the Court specifically allows disclosure after

application by the Party seeking such disclosure and an opportunity to reply

by the  Producing Party or Parties;

g.   Any court of competent jurisdiction before which the Litigation is pending;

j.   Outside copy and computer services personnel for purposes of copying,

imaging, or indexing documents.

4.      Every person given access to Confidential Material or information contained

therein shall not make copies, duplicates, extracts, summaries or descriptions of such material, or

any portion thereof except for use in connection with the Litigation, shall be advised by the Party

providing such access that the information is being disclosed pursuant and subject to the terms of

this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof, and

each such copy is to be treated in accordance with the provisions of this Stipulation and Order.

5.      Confidential Material may be provided to persons listed in paragraph 3(a) above

to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to

testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such

expert or consultant is using said Confidential Material solely in connection with the Litigation

and provided further that such expert or consultant signs an undertaking in the form attached as

Exhibit A hereto.

6.      In the event that counsel for any Party determines to file with the Court any

Confidential Material, counsel shall file a motion for impoundment pursuant to Local Rule 9018-

1. The Parties will assent to the filing of any motion to impound concerning any Confidential

Material pursuant to this Stipulation and Order, without waiving any objections to the relevance

or admissibility of such material, unless such Confidential Material is subject to a pending

objection pursuant to Paragraph 8.  Only those documents or portions of documents containing

Confidential Material shall be filed in a sealed envelope.  The Party filing Confidential Material

with the Court shall be entitled to file such material regardless of the Court's ruling on the

motion to impound.

7.      All Confidential Material and any documents or information derived therefrom,

shall be used solely for purposes of the Litigation and may not be used for any other purpose

whatsoever, including but not limited to any business or commercial purpose for dissemination

to the media or the public or in connection with any unrelated judicial, administrative, or arbitral

proceeding. Any Confidential Material may be used in any proceeding in the Litigation, including, if otherwise permissible, as evidence at any hearing or the trial of the Litigation, in open court, or on appeal, without violation of this Stipulation and Order, but Confidential Material shall not lose its status as Confidential Material through such use.  Nothing in this Stipulation and Order, however, shall preclude a Party from seeking an appropriate protective order from the Court should that Party seek to maintain the confidentiality of material used in open court.  Further, nothing herein shall abridge a Producing Party's ability to disclose or use its own Litigation Material, including its own Confidential Material. Nothing herein shall preclude a Party from challenging the designation of materials as Confidential by seeking an order from the Court striking the designation.

8.      Entering into or agreeing to this Stipulation and Order, and/or producing or receiving Confidential Material or otherwise complying with the terms of this Stipulation and Order, shall not prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence in this Litigation of any document, testimony, or other evidence subject to this Stipulation and Order.

9.      In the event that any party inadvertently produces documents or information subject to the attorney-client privilege or the work product doctrine, such inadvertent disclosure shall not constitute the waiver of the attorney-client privilege or the work product doctrine, and the Parties agree that the receiving party shall return such materials and any copies thereof in accordance with Massachusetts law and upon timely notice of the inadvertent production.

10.      The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the

conclusion of the Litigation. Within 60 business days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including without limitation any appeals therefrom, all persons having received Confidential Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party of such Confidential Material or destroy all such Confidential Material and certify that fact to counsel for the Producing Party. Outside and inside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential Material); provided, however, that such counsel, and their employees, shall maintain the confidentiality thereof pursuant to the terms of this Stipulation and Order.

Dated:   January __, 2018

Respectfully submitted,

VADIM KAGAN,
TATIANA KAGAN,
KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP.,

By their Attorneys,

_____

Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  603-627-8168
Fax: 603-641-8768
E-mail: ccandon@sheehan.com

LYMAN-CUTLER, LLC

By its Attorney,

THE TAMPOSI LAW GROUP, P.C.

ALEX FILIPPOV
NICKOLAY LIPETSKER

By their Attorneys,

O'CONNOR, CARNATHAN AND
MACK, LLC

_____

Peter N. Tamposi, BBO# 639497
The Tamposi Law Group, P.C.
159 Main St.
Nashua, NH 03060
Tel: 603-204-5513
peter@thetamposilawgroup.com

_____

Sean T. Carnathan, BBO# 636889
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772
Tel: 781-359-9021
scarnathan@ocmlaw.net

**SO ORDERED:**

_____

The Honorable _____

DATED: _____

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | No. 15-13881-FJB |
| LYMAN-CUTLER, LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

|  |  |  |
|---|---|---|
| LYMAN-CUTLER, LLC, | ) |  |
| ALEX FILIPPOV and | ) |  |
| NICKOLAY LIPETSKER, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | Adv. Proc. No. 16-01120 |
| v. | ) |  |
|  | ) |  |
| VADIM KAGAN, TATIANA KAGAN, | ) |  |
| KAGAN DEVELOPMENT KDC, CORP. | ) |  |
| and PROEXCAVATION CORP. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production, Exchange and Filing of Confidential Information (the "Stipulation and Order"), and (ii) that I have read the Stipulation and Order. I understand the terms of the Stipulation and Order, and I agree to be fully bound by its terms. Upon the conclusion of the Litigation and any appeals related hereto, or when I no longer have any reason to possess the Confidential Material, whichever shall first occur, I hereby agree to return all copies of Confidential Material to the party who furnished the same to me or certify that the same has been destroyed.

Dated: _____     Signature: _____
                                                    Name:

4832-4218-0442, v. 1

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |

|  |  |
|---|---|
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants. | Adv. Proc. No. 16-01120 |

## STIPULATION AND ORDER FOR THE PRODUCTION, EXCHANGE, AND FILING OF CONFIDENTIAL INFORMATION

NOW COME Vadim Kagan, Tatiana Kagan, Kagan Development KDC, Corp.,

ProExcavation Corp. (collectively, the "Kagan Parties"), and the Debtor, Alex Filippov and

Nickolay Lipetsker (collectively, the "Filippov Parties") and enter into this Stipulation to Govern

the Production, Exchange, and Filing of Confidential Information.

WHEREAS, the Kagan Parties and the Filippov Parties (collectively, the "Parties")

expect that the matters pending before the Bankruptcy Court, No. 15-13881-FJB and Adversary

Proceeding No. 16-01120 (collectively with any related state court or other proceedings among

the Parties, "the Litigation") may involve the production, service or filing of certain information and documents that a Party believes is confidential and contains sensitive personal, commercial, proprietary, financial, or business information.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties hereto, and ordered by the Court, that the following Stipulation and Order for the Production, Exchange and Filing of Confidential Information (the "Stipulation and Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and other information or material produced, served, or filed in connection with the Litigation ("Litigation Material"):

1.      Any Party or third party producing, serving, or filing Litigation Material in the Litigation (a "Producing Party") ~~after the execution of this Stipulation by all Parties~~ may designate such Litigation Material as "Confidential" if the Producing Party believes in good faith that such Litigation Material contains or reflects non-public confidential, personal, financial, or commercially sensitive information (all such designated material being referred to as "Confidential  Material").

2.      The designation of Litigation Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner:

a.  In the case of documents (apart from depositions or other pretrial testimony): by affixing the legend "Confidential-Subject to Protective Order" to each page containing any Confidential Material; provided, however, that if a Producing Party inadvertently produces Litigation Material that it considers to be "Confidential" without such designation, the Producing Party may designate such Litigation Material as "Confidential" by delivering written notice of such

2

designation and properly designated copies of such Litigation Material promptly after discovering that the information was inadvertently produced without being marked "Confidential," with the effect that such Litigation Material will thereafter be subject to the protections afforded by this Stipulation and Order to Confidential Material; the Receiving Party shall incur no liability for any failure to treat Confidential Material as such prior to said Litigation Material being designated as Confidential.

b.  In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to counsel for the opposing Party within ten (10) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Material. All deposition transcripts and other pretrial testimony shall be treated as Confidential Material until the expiration of the tenth business day after receipt by counsel of a copy of the transcript thereof.  Thereafter, only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Material.  The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

c.  d.—Litigation Material that is designated "Confidential" in accordance with this Stipulation and that is produced by a Party or non-party subsequent to the

Parties' execution of this Stipulation but prior to the Court's endorsement of

same shall be considered "Confidential" and subject to the terms of this

Agreement as if same had been so executed.

3.    Confidential Material may be provided only to counsel of record for the Parties

and, unless otherwise directed by the Court, may be disclosed only to the following persons:

a.    The Parties;

b.    Witnesses during examination at deposition or trial so long as the witness at

issue was involved in the creation of the document or already had knowledge

of the confidential information at issue;

b.c. Experts, consultants, or investigators and their staff (collectively, "Experts")

retained or consulted by counsel for the Parties to assist in the preparation of

the Litigation, in accordance with the terms of Paragraph 5 below;

c.d. Persons with prior knowledge or familiarity with the documents or the

confidential information contained therein, and their agents;

d.e. Court reporters, including stenographers and video technicians transcribing

proceedings in the Litigation;

e.f. Other persons pursuant to lawful process after notice to whom the Court

specifically allows disclosure, after application by the Party seeking such

disclosure and an opportunity to reply by the to whom the Court specifically

allows disclosure after application by the Party seeking such disclosure and an

opportunity to reply by the to the Producing Party or Parties;

f.g. Any court of competent jurisdiction before which the Litigation is pending;

      j.  Outside copy and computer services personnel for purposes of copying, imaging, or indexing documents.

4.     Every person given access to Confidential Material or information contained therein shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for use in connection with the Litigation, shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order.

5.     Confidential Material may be provided to persons listed in paragraph 3(a) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such expert or consultant is using said Confidential Material solely in connection with theis Litigation and provided further that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto.

6.     In the event that counsel for any Party determines to file with the Court any Confidential Material, counsel shall file a motion for impoundment pursuant to Local Rule 9018-1. The Parties will assent to the filing of any motion to impound concerning any Confidential Material pursuant to this Stipulation and Order, without waiving any objections to the relevance or admissibility of such material, unless such Confidential Material is subject to a pending objection pursuant to Paragraph 8. Only those documents or portions of documents containing Confidential Material shall be filed in a sealed envelope. The Party filing Confidential Material with the Court shall be entitled to file such material regardless of the Court's ruling on the motion to impound.

7.      All Confidential Material and any documents or information derived therefrom, shall be used solely for purposes of the Litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose ~~or,~~ for dissemination to the media or the public or in connection with any unrelated judicial, administrative, or arbitral proceeding. ~~, or in connection with any unrelatedother judicial, administrative, or arbitral proceeding.~~ Any Confidential Material may be used in any proceeding in the Litigation, including, if otherwise permissible, as evidence at any hearing or the trial of the Litigation, in open court, or on appeal, without violation of this Stipulation and Order, but Confidential Material shall not lose its status as Confidential Material through such use.  Nothing in this Stipulation and Order, however, shall preclude a Party from seeking an appropriate protective order from the Court should that Party seek to maintain the confidentiality of material used in open court.  Further, nothing herein shall abridge a Producing Party's ability to disclose or use its own Litigation Material, including its own Confidential Material. Nothing herein shall preclude a Party from challenging the designation of materials as Confidential by seeking an order from the Court striking the designation. ~~Nothing herein shall preclude disclosure Confidential Information in confidence to a Federal, State, or local government official, either directly or indirectly, for the purpose of reporting or investigating a suspected violation of law.~~

8.      Entering into or agreeing to this Stipulation and Order, and/or producing or receiving Confidential Material or otherwise complying with the terms of this Stipulation and Order, shall not prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence in this Litigation of any document, testimony, or other evidence subject to this Stipulation and Order.

9.      In the event that any party inadvertently produces documents or information

subject to the attorney-client privilege or the work product doctrine, such inadvertent disclosure

shall not constitute the waiver of the attorney-client privilege or the work product doctrine, and

the Parties agree that the receiving party shall return such materials and any copies thereof in

accordance with Massachusetts law and upon timely notice of the inadvertent production.

10.      The provisions of this Stipulation and Order shall, absent written permission of

the Producing Party or further order of the Court, continue to be binding throughout and after the

conclusion of the Litigation.  Within 60 business days after receiving notice of entry of an order,

judgment or decree finally ending the Litigation, including without limitation any appeals

therefrom, all persons having received Confidential Material shall either make a good faith effort

to return such material and all copies thereof (including summaries and excerpts) to counsel for

the Producing Party of such Confidential Material or destroy all such Confidential Material and

certify that fact to counsel for the Producing Party.  Outside and inside counsel for the Parties

shall be entitled to retain court papers, deposition and trial transcripts and attorney work product

(including discovery material containing Confidential Material); provided, however, that such

counsel, and their employees, shall maintain the confidentiality thereof pursuant to the terms of

this Stipulation and Order.

Dated:  January ___, 2018                Respectfully submitted,

                                          VADIM KAGAN,
                                          TATIANA KAGAN,
                                          KAGAN DEVELOPMENT KDC, CORP. and
                                          PROEXCAVATION CORP.,

                                          By their Attorneys,


                                          _____
                                          Christopher M. Candon, BBO# 650855
                                          John H. Perten, BBO# 548728
                                          SHEEHAN PHINNEY BASS & GREEN, PA
                                          255 State Street, 5th Floor
                                          Boston, MA  02109
                                          Tel:  603-627-8168
                                          Fax: 603-641-8768
                                          E-mail: ccandon@sheehan.com




LYMAN-CUTLER, LLC                         ALEX FILIPPOV
                                          NICKOLAY LIPETSKER

By its Attorney,                          By their Attorneys,

THE TAMPOSI LAW GROUP, P.C.               O'CONNOR, CARNATHAN AND
                                          MACK, LLC



_____          _____
Peter N. Tamposi, BBO# 639497             Sean T. Carnathan, BBO# 636889
The Tamposi Law Group, P.C.               O'Connor, Carnathan and Mack, LLC
159 Main St.                              1 Van De Graaff Drive
Nashua, NH 03060                          Suite 104
Tel: 603-204-5513                         Burlington, MA 01772
peter@thetamposilawgroup.com              Tel: 781-359-9021
                                          scarnathan@ocmlaw.net


8

**SO ORDERED:**

_____

The Honorable _____

DATED: _____

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>    Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>    Plaintiffs,<br><br>    v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Proc. No. 16-01120 |

    I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production, Exchange and Filing of Confidential Information (the "Stipulation and Order"), and (ii) that I have read the Stipulation and Order.  I understand the terms of the Stipulation and Order, and I agree to be fully bound by its terms.  Upon the conclusion of the Litigation and any appeals related hereto, or when I no longer have any reason to possess the Confidential Material, whichever shall first occur, I hereby agree to return all copies of Confidential Material to the party who furnished the same to me or certify that the same has been destroyed.

Dated: _____     Signature: _____

                                                           Name:

4832-4218-0442, v. 1