UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>        Debtor. | ) ) ) ) ) ) ) | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>        Plaintiffs,<br><br>        v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adv. Proc. No. 16-01120 |

**STIPULATION AND ORDER FOR THE PRODUCTION,
EXCHANGE, AND FILING OF CONFIDENTIAL INFORMATION**

NOW COME Vadim Kagan, Tatiana Kagan, Kagan Development KDC, Corp., ProExcavation Corp. (collectively, the "Kagan Parties"), and the Debtor, Alex Filippov and Nickolay Lipetsker (collectively, the "Filippov Parties") and enter into this Stipulation to Govern the Production, Exchange, and Filing of Confidential Information.

WHEREAS, the Kagan Parties and the Filippov Parties (collectively, the "Parties") expect that the matters pending before the Bankruptcy Court, No. 15-13881-FJB and Adversary Proceeding No. 16-01120 (collectively with any related state court or other proceedings among

{S1098122.1}

the Parties, "the Litigation") may involve the production, service or filing of certain information and documents that a Party believes is confidential and contains sensitive personal, commercial, proprietary, financial, or business information.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties hereto, and ordered by the Court, that the following Stipulation and Order for the Production, Exchange and Filing of Confidential Information (the "Stipulation and Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and other information or material produced, served, or filed in connection with the Litigation ("Litigation Material"):

1. Any Party or third party producing, serving, or filing Litigation Material in the Litigation (a "Producing Party") may designate such Litigation Material as "Confidential" if the Producing Party believes in good faith that such Litigation Material contains or reflects non-public confidential, personal, financial, or commercially sensitive information (all such designated material being referred to as "Confidential Material").

2. The designation of Litigation Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner:

>   a. In the case of documents (apart from depositions or other pretrial testimony): by affixing the legend "Confidential-Subject to Protective Order" to each page containing any Confidential Material; provided, however, that if a Producing Party inadvertently produces Litigation Material that it considers to be "Confidential" without such designation, the Producing Party may designate such Litigation Material as "Confidential" by delivering written notice of such designation and properly designated copies of such Litigation Material

promptly after discovering that the information was inadvertently produced without being marked "Confidential," with the effect that such Litigation Material will thereafter be subject to the protections afforded by this Stipulation and Order to Confidential Material; the Receiving Party shall incur no liability for any failure to treat Confidential Material as such prior to said Litigation Material being designated as Confidential.

b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to counsel for the opposing Party within ten (10) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Material. All deposition transcripts and other pretrial testimony shall be treated as Confidential Material until the expiration of the tenth business day after receipt by counsel of a copy of the transcript thereof.  Thereafter, only those portions of the transcripts designated as "Confidential" in the Litigation shall be deemed Confidential Material.  The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

c. Litigation Material that is designated "Confidential" in accordance with this Stipulation and that is produced by a Party or non-party subsequent to the Parties' execution of this Stipulation but prior to the Court's endorsement of

{S1098122.1} 3

same shall be considered "Confidential" and subject to the terms of this Agreement as if same had been so executed.

3. Confidential Material may be provided only to counsel of record for the Parties and, unless otherwise directed by the Court, may be disclosed only to the following persons:

    a. The Parties;

    b. Witnesses during examination at deposition or trial;

    c. Experts, consultants, or investigators and their staff (collectively, "Experts") retained or consulted by counsel for the Parties to assist in the preparation of the Litigation, in accordance with the terms of Paragraph 5 below;

    d. Persons with prior knowledge or familiarity with the documents or the confidential information contained therein, and their agents;

    e. Court reporters, including stenographers and video technicians transcribing proceedings in the Litigation;

    f. Other persons pursuant to lawful process after notice to the Producing Party or Parties;

    g. Any court of competent jurisdiction before which the Litigation is pending;

    j. Outside copy and computer services personnel for purposes of copying, imaging, or indexing documents.

4. Every person given access to Confidential Material or information contained therein shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for use in connection with the Litigation, shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of

{S1098122.1} 4

this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order.

5. Confidential Material may be provided to persons listed in paragraph 3(a) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Litigation, provided that such expert or consultant is using said Confidential Material solely in connection with the Litigation and <u>provided further</u> that such expert or consultant signs an undertaking in the form attached as Exhibit A hereto.

6. In the event that counsel for any Party determines to file with the Court any Confidential Material, counsel shall file a motion for impoundment pursuant to Local Rule 9018-1. The Parties will assent to the filing of any motion to impound concerning any Confidential Material pursuant to this Stipulation and Order, without waiving any objections to the relevance or admissibility of such material, unless such Confidential Material is subject to a pending objection pursuant to Paragraph 8. Only those documents or portions of documents containing Confidential Material shall be filed in a sealed envelope. The Party filing Confidential Material with the Court shall be entitled to file such material regardless of the Court's ruling on the motion to impound.

7. All Confidential Material and any documents or information derived therefrom, shall be used solely for purposes of the Litigation and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose for dissemination to the media or the public or in connection with any unrelated judicial, administrative, or arbitral proceeding, unless expressly authorized herein. Any Confidential Material may be used in any proceeding in the Litigation, including, if otherwise permissible, as evidence at any hearing or

the trial of the Litigation, in open court, or on appeal, without violation of this Stipulation and Order, but Confidential Material shall not lose its status as Confidential Material through such use. Nothing in this Stipulation and Order, however, shall preclude a Party from seeking an appropriate protective order from the Court should that Party seek to maintain the confidentiality of material used in open court. Further, nothing herein shall abridge a Producing Party's ability to disclose or use its own Litigation Material, including its own Confidential Material. Nothing herein shall preclude a Party from challenging the designation of materials as Confidential by seeking an order from the Court striking the designation. Nothing herein shall preclude disclosure of Confidential Information in confidence if compelled to do so by a lawful subpoena presented by a Federal, State or local government official investigating a suspected violation of law.

8. Entering into or agreeing to this Stipulation and Order, and/or producing or receiving Confidential Material or otherwise complying with the terms of this Stipulation and Order, shall not prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence in this Litigation of any document, testimony, or other evidence subject to this Stipulation and Order.

9. In the event that any party inadvertently produces documents or information subject to the attorney-client privilege or the work product doctrine, such inadvertent disclosure shall not constitute the waiver of the attorney-client privilege or the work product doctrine, and the Parties agree that the receiving party shall return such materials and any copies thereof in accordance with Massachusetts law and upon timely notice of the inadvertent production.

10. The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation. Within 60 business days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including without limitation any appeals therefrom, all persons having received Confidential Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party of such Confidential Material or destroy all such Confidential Material and certify that fact to counsel for the Producing Party. Outside and inside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential Material); provided, however, that such counsel, and their employees, shall maintain the confidentiality thereof pursuant to the terms of this Stipulation and Order.

Dated: February 1, 2018

Respectfully submitted,

VADIM KAGAN,
TATIANA KAGAN,
KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP.,

By their Attorneys,

/s/ Christopher M. Candon
Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  603-627-8168
Fax: 603-641-8768
E-mail: ccandon@sheehan.com

| | |
|---|---|
| LYMAN-CUTLER, LLC | ALEX FILIPPOV<br>NICKOLAY LIPETSKER |
| By its Attorney, | By their Attorneys, |
| THE TAMPOSI LAW GROUP, P.C. | O'CONNOR, CARNATHAN AND MACK, LLC |
| /s/ Peter N. Tamposi<br>Peter N. Tamposi, BBO# 639497<br>The Tamposi Law Group, P.C.<br>159 Main St.<br>Nashua, NH 03060<br>Tel: 603-204-5513<br>peter@thetamposilawgroup.com | /s/ Sean T. Carnathan<br>Sean T. Carnathan, BBO# 636889<br>O'Connor, Carnathan and Mack, LLC<br>1 Van De Graaff Drive<br>Suite 104<br>Burlington, MA 01772<br>Tel: 781-359-9021<br>scarnathan@ocmlaw.net |

**SO ORDERED:**

_____
The Honorable _____

DATED: _____

# Exhibit A

{S1098122.1} 9

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Proc. No. 16-01120 |

    I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production, Exchange and Filing of Confidential Information (the "Stipulation and Order"), and (ii) that I have read the Stipulation and Order. I understand the terms of the Stipulation and Order, and I agree to be fully bound by its terms. Upon the conclusion of the Litigation and any appeals related hereto, or when I no longer have any reason to possess the Confidential Material, whichever shall first occur, I hereby agree to return all copies of Confidential Material to the party who furnished the same to me or certify that the same has been destroyed.

    Dated: _____      Signature: _____
                                                                   Name: