UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| *In re:* ) | |
| ) | |
| LYMAN-CUTLER, LLC, ) | Chapter 7 |
|       Debtor ) | Case No. 15-13881 FJB |
| ) | |
| | |
| ) | |
| LYMAN-CUTLER, LLC, ALEX FILIPPOV, ) | |
| and NICKOLAY LIPETSKER, ) | |
| ) | |
|       Plaintiffs, ) | |
| ) | Adv. Case No. 1:16-ap-01120 |
|    v. ) | |
| ) | |
| VADIM KAGAN, TATIANA KAGAN, ) | |
| KAGAN DEVELOPMENT KDC, CORP. and ) | |
| PROEXCAVATION CORP. ) | |
| ) | |
|       Defendants. ) | |

## PLAINTIFFS' REPLY TO COUNTERCLAIMS

Plaintiffs Lyman-Cutler, LLC (the "LLC"), Alex Filippov ("Filippov"), and Nickolay Lipetsker ("Lipetsker") (collectively, "Plaintiffs") submit their Reply to the Counterclaims filed by Defendants Vadim Kagan, Tatiana Kagan, Kagan Development KDC Corp., and ProExcavation Corp. (collectively, "Defendants").

### The Parties

1. Upon information and belief, Plaintiffs admit the allegations in this paragraph.

2. Upon information and belief, Plaintiffs admit the allegations in this paragraph.

3. The Plaintiffs deny the allegations in this paragraph.

4. The Plaintiffs deny the allegations in this paragraph.

1

5. The Plaintiffs deny that the LLC "was" a limited liability company as it continues to operate for the purposes of winding down its affairs, including prosecuting and defending the claims involved in this dispute. Otherwise, admitted.

6. The Plaintiffs deny that Filippov "was" a member of the LLC as he continues to be a member of the LLC. Otherwise, admitted.

7. The Plaintiffs deny that Lipetsker "was" a member of the LLC as he continues to be a member of the LLC. Otherwise, denied.

### Jurisdiction and Venue

8. The Plaintiffs admit that the Court has jurisdiction over this matter.

9. The Plaintiffs admit that this is a core proceeding and that venue is appropriate in the Bankruptcy Court.

### Facts Common to All Counts

10. Upon information and belief, Plaintiffs admit the allegations in this paragraph.

11. The Plaintiffs admit the allegations contained in the first sentence of this paragraph. They lack sufficient knowledge or information to form a belief as to the allegations in the second paragraph and, therefore, deny them.

12. The Plaintiffs admit that Kagan approached Lipetsker, that the two had been acquainted, and that Lipetsker introduced Kagan to Filippov. The Plaintiffs deny the remaining allegations contained in this paragraph.

13. The Plaintiffs admit that they met with Kagan to discuss the project and that they had more than one conversation about it. The Plaintiffs deny the implication that they did not rely on Kagan's representations when deciding to invest, and deny the remaining allegations contained in this paragraph.

14. The Plaintiffs admit that Mr. Zhukovsky is the nephew of Lipetsker's wife and that he was hired by Kagan to assist with preparing certain documents in accordance with Kagan's directions and based upon information supplied by him. The Plaintiffs deny the remaining allegations contained in this paragraph.

15. The Plaintiffs admit the allegations in the first sentence of this paragraph. The Plaintiffs further admit that the paperwork to formally create the LLC had not yet been filed with the Massachusetts Secretary of State's Office at the time the parties signed the Operating Agreement. The Plaintiffs deny the remaining allegations contained in this paragraph.

16. The Plaintiffs admit that the LLC's Operating Agreement was prepared by Attorney Boris Maiden and that he did so in consultation with all three members. The Plaintiffs admit that Attorney Maiden had previously created an Operating Agreement for a project in which Kagan and Lipetsker were involved. The Plaintiffs deny the remaining allegations contained in this paragraph.

17. The Plaintiffs admit the allegations in the first four sentences of this paragraph. The fifth sentence purports to summarize a written document whose terms speak for themselves.

18. The Plaintiffs admit that Filippov was the LLC's largest investor and that neither he nor Lipetsker wanted to manage the construction aspect of the Project. The Plaintiffs deny that Filippov did not want to manage the LLC and otherwise deny the remaining allegations contained in this paragraph.

19. The Plaintiffs admit that Kagan was not entitled to receive any form of compensation for any personal time spent managing the construction aspect of the Project and that Tatiana Kagan was permitted to list the properties for sale for a certain, defined period of

time.  The second sentence refers to a written document whose terms speak for themselves.  Plaintiffs deny the remaining allegations contained in this paragraph.

20. The Plaintiffs admit that a construction company owned by Kagan was hired to serve as the general contractor for the Project.  The Plaintiffs deny the remaining allegations contained in this paragraph.

21. The allegations in this paragraph refer to a written document whose terms speak for themselves.  The Plaintiffs deny that paragraph 21 accurately reflects the terms of the agreement among the Parties.

22. The Plaintiffs admit the allegations in the first sentence of this paragraph.  They further admit that they had to borrow funds from Rockland Trust Company to pay for the remaining balance of the purchase price and to pay for the budgeted construction costs.  Otherwise, denied.

23. The allegations in this paragraph refer to a written document whose terms speak for themselves. The Plaintiffs deny that paragraph 23 accurately recounts the "pertinent" terms of the agreement among the Parties.

24. The Plaintiffs are unaware of precisely what the Defendants are referring to when they assert that Filippov "negotiated" the loan terms, nor do the Defendants identify what specific terms they allege Filippov negotiated.  The Plaintiffs admit that Filippov communicated with the bank with respect to certain loan terms, but otherwise deny the allegation that he negotiated all of the loan terms with the bank.  They further deny that it was Kagan who introduced Filippov or the project to the bank.  Otherwise, admitted.

25. The allegations in this paragraph refer to a written document whose terms speak for themselves. The Plaintiffs deny that paragraph 25 accurately recounts the terms of the agreement among the Parties.

26. The Plaintiffs admit the allegations in this paragraph.

27. The Plaintiffs admit that Filippov signed the Operating Agreement over the heading "Managing Manager," which is an obvious typographical error intended to refer to "Managing Member." The Plaintiffs deny that they agreed that Kagan would be selected the manager of the LLC and otherwise deny the remaining allegations in this paragraph.

28. The Plaintiffs admit that the LLC's Certificate of Organization was filed on or around December 26, 2012 at the direction of, and with the approval of, the LLC's members, and that Filippov was designated and identified as the LLC's Manager. The Plaintiffs deny the remaining allegations in the first two sentences of this paragraph. The third sentence refers to a written document whose terms speak for themselves.

29. The Plaintiffs deny the allegations in this paragraph.

30. The Plaintiffs admit that the LLC's members have never met to vote to replace Filippov as the LLC's Managing Member. The allegations referring to Kagan keeping Filippov and Lipetsker "generally apprised" about the project status are too ambiguous and vague to ascertain precisely what Kagan is alleging and, therefore, Plaintiffs deny these allegations. The Plaintiffs deny that Kagan timely or accurately kept them informed of the project status or provided them with sufficient information to the LLC's financial records and otherwise deny the remaining allegations in this paragraph.

31. The Plaintiffs admit the allegations in this paragraph.

32. The Plaintiffs deny the allegations in this paragraph. To the extent they refer to a written document, the terms of the written document speak for themselves.

33. The Plaintiffs admit that Kagan was responsible for managing the construction aspect of the Project after the LLC entered into a written contract with one of Kagan's companies, Classic Homes. The Plaintiffs further admit that Tatiana Kagan was authorized to serve as the initial listing agent for the properties once they went to market, but only for a limited period of time. The Plaintiffs deny the remaining allegations in this paragraph.

34. The Plaintiffs admit that Filippov and Lipetsker each visited the project site on more than one occasions during construction. The Plaintiffs deny the remaining allegations in this paragraph.

35. The Plaintiffs admit the allegations in this paragraph.

36. The Plaintiffs admit that, generally speaking, Kagan's construction company incurred costs for construction and prepared paperwork that it submitted to Rockland Trust for the purpose of obtaining draw downs on the loans. The Plaintiffs lack knowledge or information sufficient to determine whether Rockland Trust actually conducted inspections of the Property before disbursing any money. The Plaintiffs admit that Filippov received electronic copies of the monthly bank statements but deny that this information was sufficient to adequately monitor or determine the price of construction. The Plaintiffs deny the remaining allegations contained in this paragraph.

37. The Plaintiffs deny the allegations contained in this paragraph.

38. The Plaintiffs admit that the Certificates of Occupancy were issued in October 2014. The Plaintiffs deny the remaining allegations contained in this paragraph.

39. The Plaintiffs deny the allegations contained in this paragraph.

6

40. The Plaintiffs admit that the loans were scheduled to mature in June 2015 and that the LLC did not have the ability to repay the loans in full until the homes were sold. The Plaintiffs further admit that Kagan breached his obligation to pay the carrying costs. The Plaintiffs deny the remaining allegations contained in this paragraph.

41. The Plaintiffs admit that counsel for Kagan sent a letter to them on or around May 7, 2015. The remaining allegations refer to a written document whose terms speak for themselves.

42. The first two sentences of this paragraph refer to written documents whose terms speak for themselves. The Plaintiffs lack sufficient knowledge or information to form a belief as to the remaining allegations in this paragraph, which all concern Kagan's purported motivation for sending the May 7, 2015 letter, and therefore deny them.

43. The allegations in this paragraph refer to a written document whose terms speak for themselves. The Plaintiffs deny the mischaracterization of the May 7, 2015 letter.

44. The allegations in this paragraph refer to a written document whose terms speak for themselves. The Plaintiffs deny any allegations that do not refer to the terms of the written document and deny the mischaracterization of the written document.

45. The allegations in this paragraph refer to a written document whose terms speak for themselves. The Plaintiffs deny any allegations that do not refer to the terms of the written document and deny the mischaracterization of the written document.

46. The Plaintiffs deny the allegations contained in this paragraph.

47. The allegations in this paragraph refer to a written document whose terms speak for themselves. The Plaintiffs deny any allegations that do not refer to the terms of the written document.

48. The Plaintiffs deny the allegations contained in this paragraph.

49. The Plaintiffs deny the allegations contained in this paragraph.

50. The Plaintiffs admit that Filippov contacted Century 21 in or around May 2015 to inquire about its marketing efforts and that Century 21 provided some information in response. The Plaintiffs deny the remaining allegations contained in this paragraph.

51. The Plaintiffs admit that they sent a letter to Century 21 in or around May 26, 2015. They deny that this letter contained any false allegations. The remaining allegations refer to a written document whose terms speak for themselves.

52. The Plaintiffs admit that Filippov spoke with Tatiana Kagan in or around April 2014. They deny the remaining allegations contained in this paragraph.

53. The allegations in this paragraph refer to a written document whose terms speak for themselves.

54. The Plaintiffs deny the allegations contained in this paragraph.

55. The Plaintiffs admit that they refused to pay the additional money requested by KDC in or around June 2015. The Plaintiffs deny that these purported costs were legitimate or that Kagan or any of his companies were entitled to be paid for these alleged costs.

56. The Plaintiffs admit that KDC filed a mechanics' lien against the two properties in or around June 2015. The Plaintiffs deny that these liens were legitimate or timely recorded and deny the remaining allegations contained in this paragraph.

57. The Plaintiffs admit that Filippov contacted Kristina Brusenkova in or around June 2015 for the purpose of asking her some questions regarding Kagan's operation of his companies. The Plaintiffs deny the remaining allegations contained in this paragraph.

58. The Plaintiffs currently lack sufficient knowledge or information to form a belief as to the allegations concerning the current status of any MCAD complaint brought by Ms. Brusenkova. The Plaintiffs deny the remaining allegations contained in this paragraph.

59. The Plaintiffs admit that they contacted former investors on some of Kagan's prior projects to interview them as witnesses and that these investors uniformly shared experiences with them that revealed Kagan's fraudulent practices. The Plaintiffs deny the remaining allegations contained in this paragraph.

60. The Plaintiffs deny that it was only Filippov who directed the LLC to file suit in or around June 2015. Otherwise, the Plaintiffs admit the allegations contained in this paragraph.

61. The allegations contained in this paragraph refer to a written document whose terms speak for themselves. The Plaintiffs deny any allegations that do not refer to the terms of the written document and deny the mischaracterization of the written document.

62. The Plaintiffs admit that KDC filed suit in Norfolk Superior Court in or around July 2015 and that this action was ultimately consolidated into the lawsuit pending in Middlesex County. The Plaintiffs deny that the genuine purpose of filing this lawsuit was to enforce the lien.

63. The allegations contained in this paragraph refer to a written document whose terms speak for themselves. The Plaintiffs deny the remaining allegations in this paragraph.

64. The Plaintiffs admit the allegations contained in this paragraph.

65. The Plaintiffs admit that the LLC filed for bankruptcy on or around October 7, 2015. The Plaintiffs deny the remaining allegations contained in this paragraph.

66. The Plaintiffs admit that they reject the claims by Kagan and KDC but otherwise deny the allegations contained in this paragraph.

### Count I:  Breach of Fiduciary Duty
**(Vadim Kagan v. Filippov and Lipetsker)**

67. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

68. This paragraph purports to set forth a conclusion of law to which Plaintiffs are not required to respond.

69. This paragraph purports to set forth a conclusion of law to which Plaintiffs are not required to respond.

70. The Plaintiffs deny the allegations in this paragraph and each of its sub-paragraphs.

71. The Plaintiffs deny the allegations in this paragraph.

72. The Plaintiffs deny the allegations in this paragraph.

### Count II:  Freeze Out
**(Vadim Kagan v. Filippov and Lipetsker)**

73. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

74. The Plaintiffs admit the allegations contained in this paragraph.

75. The Plaintiffs deny the allegations contained in this paragraph and each of its sub-paragraphs.

76. The Plaintiffs deny the allegations contained in this paragraph.

77. The Plaintiffs deny the allegations contained in this paragraph.

78. The Plaintiffs deny the allegations contained in this paragraph.

### Count III: Breach of Contract
### (Vadim Kagan v. Filippov and Lipetsker)

79. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

80. This paragraph purports to set forth a conclusion of law to which Plaintiffs are not required to respond.

81. The allegations in this paragraph refer to a written document whose terms speak for themselves. The Plaintiffs deny that this paragraph and each of its sub-paragraphs accurately reflects the terms of the written contract.

82. The Plaintiffs deny the allegations in this paragraph.

83. The Plaintiffs deny the allegations in this paragraph.

84. The Plaintiffs deny the allegations in this paragraph.

### Count IV: Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Vadim Kagan v. Filippov and Lipetsker)

85. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

86. This paragraph purports to set forth a conclusion of law to which Plaintiffs are not required to respond.

87. The Plaintiffs deny the allegations contained in this paragraph.

88. The Plaintiffs deny the allegations contained in this paragraph.

89. The Plaintiffs deny the allegations contained in this paragraph.

90. The Plaintiffs deny the allegations contained in this paragraph.

### Count V:  Indemnification
### (Vadim Kagan v. Lyman Cutler, LLC)

91. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

92. This paragraph refers to a written document whose terms speak for themselves.

93. The Plaintiffs admit the allegations contained in this paragraph.

94. The Plaintiffs deny the allegations contained in this paragraph.

95. The Plaintiffs deny the allegations contained in this paragraph.

96. The Plaintiffs deny the allegations contained in this paragraph.

### Count VI:  Indemnification
### (Tatiana Kagan v. Lyman Cutler, LLC)

97. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

98. This paragraph refers to a written document whose terms speak for themselves.

99. The Plaintiffs deny the allegations contained in this paragraph.

100. The Plaintiffs deny the allegations contained in this paragraph.

101. The Plaintiffs deny the allegations contained in this paragraph.

102. The Plaintiffs deny the allegations contained in this paragraph.

### Count VII:  Indemnification
### (ProExcavation v. Lyman Cutler, LLC)

103. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

104. This paragraph refers to a written document whose terms speak for themselves.

105. The Plaintiffs deny the allegations contained in this paragraph.

106. The Plaintiffs deny the allegations contained in this paragraph.

107. The Plaintiffs deny the allegations contained in this paragraph.

108. The Plaintiffs deny the allegations contained in this paragraph.

### Count VIII:  Indemnification
### (KDC v. Lyman Cutler, LLC)

109. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

110. This paragraph refers to a written document whose terms speak for themselves.

111. The Plaintiffs deny the allegations contained in this paragraph.

112. The Plaintiffs deny the allegations contained in this paragraph.

113. The Plaintiffs deny the allegations contained in this paragraph.

114. The Plaintiffs deny the allegations contained in this paragraph.

### Count IX:  Breach of Contract
### (KDC v. Lyman Cutler, LLC)

115. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

116. The Plaintiffs deny the allegations contained in this paragraph.

117. This paragraph refers to a written document whose terms speak for themselves. The Plaintiffs deny that this purported contract, or any terms contained therein, are enforceable.

118. The Plaintiffs deny the allegations contained in this paragraph.

119. The Plaintiffs deny the allegations contained in this paragraph.

120. The Plaintiffs deny the allegations contained in this paragraph.

### Count X:  Breach of the Implied Covenant of Good Faith and Fair Dealing
### (KDC v. Lyman Cutler, LLC)

121. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

122. This paragraph purports to set forth a conclusion of law to which Plaintiffs are not required to respond.

123. The Plaintiffs deny the allegations contained in this paragraph.

124. The Plaintiffs deny the allegations contained in this paragraph.

### Count XI:  Unjust Enrichment
### (KDC v. Lyman Cutler, LLC)

125. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

126. The Plaintiffs admit that the LLC was aware that one of Kagan's construction companies was serving as the general contractor for the project.  Otherwise, denied.

127. The Plaintiffs deny the allegations contained in this paragraph.

128. The Plaintiffs deny the allegations contained in this paragraph.

129. The Plaintiffs deny the allegations contained in this paragraph.

130. The Plaintiffs deny the allegations contained in this paragraph.

131. The Plaintiffs deny the allegations contained in this paragraph.

132. The Plaintiffs deny the allegations contained in this paragraph.

### Count XII:  Mechanic's Lien Pursuant to M.G.L. c. 254
### (KDC v. Lyman Cutler, LLC)

133. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

134. The Plaintiffs deny the allegations contained in this paragraph.

135. The Plaintiffs admit the allegations contained in this paragraph.

136. The Plaintiffs admit that, at some point, they received copies of the notices of contract referenced in paragraph 135. Otherwise, denied.

137. The Plaintiffs deny that a "notice of claim" is a recognized document under G.L. c. 254, § 8 and deny the remaining allegations contained in paragraph 137.

138. The Plaintiffs deny the allegations contained in this paragraph.

### Count XIII: Promissory Estoppel
**(KDC v. Lyman Cutler, LLC)**

139. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

140. The Plaintiffs deny the allegations contained in this paragraph.

141. The Plaintiffs deny the allegations contained in this paragraph.

142. The Plaintiffs deny the allegations contained in this paragraph.

143. The Plaintiffs deny the allegations contained in this paragraph.

144. The Plaintiffs deny the allegations contained in this paragraph.

145. The Plaintiffs deny the allegations contained in this paragraph.

### Count XIV: Quantum Meruit
**(KDC v. Lyman Cutler, LLC)**

146. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

147. The Plaintiffs deny the allegations contained in this paragraph.

148. The Plaintiffs deny the allegations contained in this paragraph.

149. The Plaintiffs deny the allegations contained in this paragraph.

150. The Plaintiffs deny the allegations contained in this paragraph.

151. The Plaintiffs deny the allegations contained in this paragraph.

### Count XV: Interference with Contract
### (Vadim Kagan v. Lyman Cutler, LLC)

152. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

153. The Plaintiffs admit the allegations contained in this paragraph.

154. The Plaintiffs admit the allegations contained in this paragraph.

155. The Plaintiffs deny the allegations contained in this paragraph.

156. The Plaintiffs deny the allegations contained in this paragraph and each of its sub-paragraphs.

157. The Plaintiffs deny the allegations contained in this paragraph.

158. The Plaintiffs deny the allegations contained in this paragraph.

### Count XVI: Promissory Estoppel
### (Vadim Kagan v. Lyman Cutler, LLC and Filippov and Lipetsker)

159. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

160. The Plaintiffs deny the allegations contained in this paragraph.

161. The Plaintiffs deny the allegations contained in this paragraph.

162. The Plaintiffs deny the allegations contained in this paragraph.

163. The Plaintiffs deny the allegations contained in this paragraph.

164. The Plaintiffs deny the allegations contained in this paragraph.

165. The Plaintiffs deny the allegations contained in this paragraph.

166. The Plaintiffs deny the allegations contained in this paragraph.

## Count XVII:  Conspiracy
### (Vadim Kagan v. Lyman Cutler, LLC and Filippov and Lipetsker)

167. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

168. The Plaintiffs deny the allegations contained in this paragraph.

169. The Plaintiffs deny the allegations contained in this paragraph.

170. The Plaintiffs deny the allegations contained in this paragraph.

171. The Plaintiffs deny the allegations contained in this paragraph.

172. The Plaintiffs deny the allegations contained in this paragraph.

173. The Plaintiffs deny the allegations contained in this paragraph.

## Count XVIII:  Tortious Interference with Advantageous Business Relations
### (Vadim Kagan v. Filippov and Lipetsker)

174. The Plaintiffs repeat and incorporate their responses from each of the foregoing paragraphs as if fully set forth herein.

175. The Plaintiffs deny the allegations contained in this paragraph.

176. The Plaintiffs deny the allegations contained in this paragraph.

177. The Plaintiffs deny the allegations contained in this paragraph.

178. The Plaintiffs deny the allegations contained in this paragraph.

179. The Plaintiffs deny the allegations contained in this paragraph.

180. The Plaintiffs deny the allegations contained in this paragraph.

181. The Plaintiffs deny the allegations contained in this paragraph.

182. The Plaintiffs deny the allegations contained in this paragraph.

## **Relief Requested**

The Plaintiffs deny that the Defendants/Plaintiffs-in-Counterclaim are entitled to any of the relief sought in sub-paragraphs (A) – (S).

The Court should enter judgment in favor of the Counterclaim Defendants on all counts of the Counterclaims, award the Counterclaim Defendants their costs and such other and further relief as the court deems just. The Court should also award the Counterclaim Defendants their attorneys' fees under a right to indemnification and because the Counterclaims are knowingly false and frivolous.

## **Affirmative Defenses**

1. The Defendants/Plaintiffs-in-Counterclaim's claims are barred in whole or in part by their own breaches of fiduciary duty.

2. The Defendants/Plaintiffs-in-Counterclaim's claims are barred in whole or in part by their own material breaches of contract.

3. The Defendants/Plaintiffs-in-Counterclaim's claims are barred in whole or in part by their own bad faith conduct.

4. The Defendants/Plaintiffs-in-Counterclaim's claims are barred in whole or in part by their failure to mitigate their alleged damages.

5. The Defendants/Plaintiffs-in-Counterclaim's claims are barred in whole or in part by the doctrines of unclean hands and estoppel.

6. The Defendants/Plaintiffs-in-Counterclaim's claims are barred in whole or in part by their failure to strictly comply with G.L. c. 254, § 1 *et seq.*

7. The Defendants/Plaintiffs-in-Counterclaim's claims fail to state a claim upon which relief can be granted.

8. The Defendants/Plaintiffs-in-Counterclaim's claims are barred in whole or in part by the doctrines of set-off and/or recoupment.

9. The Defendants/Plaintiffs-in-Counterclaim's claims are barred in whole or in part by the conduct specified in the Plaintiffs' Amended Complaint.

10. The Defendants/Plaintiffs-in-Counterclaim's quasi-contractual theories are barred by the express contract among the Parties.

11. The purported Mechanic's Lien is fatally defective and based upon fraudulent charges.

| | |
|---|---|
| LYMAN-CUTLER, LLC,<br>By its attorney, | ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br>By their attorneys, |
| */s/ Peter Tamposi*<br>Peter N. Tamposi, BBO No. 639497<br>The Tamposi Law Group, P.C.<br>159 Main Street<br>Nashua, NH 03060<br>T: (603) 204-5513 | */s/ Sean T. Carnathan*<br>Sean T. Carnathan, BBO No. 636889<br>*scarnathan@ocmlaw.net*<br>Joseph P. Calandrelli, BBO No. 666128<br>*jcalandrelli@ocmlaw.net*<br>O'Connor, Carnathan and Mack, LLC<br>1 Van de Graaff Dr. Suite 104<br>Burlington, MA 01803<br>T: 781-359-9000 |

Dated: February 6, 2018

<u>Certificate of Service</u>

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 6, 2018.

                                                               */s/ Sean T. Carnathan*