UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants. | Adv. Proc. No. 16-01120 |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the stipulation of all parties to this action, in order to provide for the protection of confidential American Express Company documents which have been produced by American Express Company during discovery.

IT IS HEREBY ORDERED THAT:

1. **Scope.** This stipulation and [proposed] protective order (the "Stipulated Protective Order") shall supplement the prior stipulation and protective order approved by the Court on February 16, 2018, Doc. No. 118, for the purpose of adding a category of confidential documents

{S1123620.1}                                                    1

that shall be maintained as "Attorneys Eyes Only" ("AEO") and which shall govern the personal credit card account statements and information of Vadim Kagan and Tatiana Kagan produced by American Express Company pursuant to a subpoena served by the Plaintiffs, which documents consist of statements from American Express Company Account ending in 5-12008 and 5-13022, which are found at page numbers 916 – 1238 of the American Express Company subpoena production: (the "AMEX Documents"). This stipulation shall not limit the confidentiality designation afforded to the remainder of the documents produced by American Express Company pursuant to the parties' prior stipulation (Docket No. 118). The AEO designation for the AMEX Documents shall continue in effect after the conclusion of this litigation. This Order is subject to the Local Bankruptcy Rules of this District and to the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     **Form and Timing of Designation.** In addition to the designation of the AMEX Documents as "CONFIDENTIAL" in accordance with the parties' stipulation dated February 1, 2018 (A.P. Doc. 107), the parties agree that the AMEX Documents shall be further protected pursuant to the AEO designation hereunder.

3.     **Documents Designated ATTORNEYS' EYES ONLY.** "ATTORNEYS' EYES ONLY" refers to the AMEX Documents that the Defendant(s) have in good faith regarded as containing confidential or proprietary information which could be used by the Plaintiff(s) to the detriment of the Defendant(s), as well as any copies or summaries of such information or materials that otherwise reveal the contents of such information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.

4. **Protection of ATTORNEY EYES ONLY Documents.**

    a.    <u>General Protections</u>.  Under this Order, the AMEX Documents shall not be disclosed to anyone by counsel for the Plaintiff(s) or any other persons, including their client(s) for any purpose except as provided in sub paragraph 4(b).

    b.    <u>Limited Third-Party Disclosures</u>.  Subject to paragraph 4.a., counsel for the Plaintiff(s) shall not disclose or permit the disclosure of the AMEX Documents to any third person or entity except as set forth in subparagraphs 1 – 3 below.

        1.    <u>Counsel</u>.  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

        2.    <u>Court Reporters and Recorders</u>.  Court reporters and recorders engaged for depositions;

        3.    <u>Others by Consent</u>.  Other persons only by written consent of the Defendant(s) or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

    c.    <u>Control of Documents</u>.  Counsel for Plaintiff(s) shall make reasonable efforts to prevent unauthorized disclosure of the AMEX Documents pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

    d.    <u>Copies</u>.  All copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of the AMEX Documents shall be subject to the protection of this Order.

  e. <u>Filing of the AMEX Documents</u>. In the event that the Plaintiff(s) seeks to file, or reference in any filing, any of the AMEX Documents that are protected under this Protective Order, the Plaintiff(s) shall first consult with the Defendant(s) to determine whether they consent to filing the document in whole or in part on the public docket. If the parties are unable to reach an agreement, the filing shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court subject to a motion under seal pursuant to Local Bankruptcy Rule 9018-1 indicating that the Defendant(s) seek to maintain the confidentiality of the filing.

5. **Challenged by a Party to a Designation.** The designation of the AMEX Documents as ATTORNEY EYES ONLY is subject to challenge by any party or non-party pursuant to the Court's procedures for discovery disputes in general.

6. **Court Not Bound By Parties' Designation.** Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

7. **Use of Confidential Documents or Information at Hearing or Trial.** If Plaintiff(s) intend to present or anticipate that another party may present at any hearing or at trial the AMEX Documents, or any portion of them or information derived therefrom, Plaintiff(s) shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

8. **Obligation on Conclusion of Litigation.**

  a. <u>Order Remains in Effect</u>. Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final

judgment not subject to further appeal. Actions to enforce the terms of the order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

    b.    <u>Return of ATTORNEYS' EYES ONLY</u>. Within thirty days after dismissal or entry of final judgment not subject to further appeal, the Plaintiff(s) shall return the AMEX Documents to the Defendant(s), including copies as defined in ¶ 3(d), unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summaries, or other mental impressions of the Plaintiff(s), Plaintiff(s) elect to destroy the documents and certifies to the Defendant(s) that they have done so.

    c.    <u>Deletion of documents Filed under Seal from ECF System</u>. Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

**9. Order Subject to Modification.** This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Bankruptcy Rules.

**10. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**11.** Nothing in this Order shall be construed to limit Defendants' use or disclosure of the AMEX Documents.

{S1123620.1}    5

Dated: March 14, 2018

          Respectfully Submitted,

          VADIM KAGAN,
          TATIANA KAGAN,
          KAGAN DEVELOPMENT KDC, CORP. and
          PROEXCAVATION CORP.,

          By their Attorneys,

          /s/ John H. Perten
          Christopher M. Candon, BBO# 650855
          John H. Perten, BBO# 548728
          SHEEHAN PHINNEY BASS & GREEN, PA
          255 State Street, 5th Floor
          Boston, MA 02109
          Tel: 617-897-5641
          Fax: 617-439-9363
          E-mail: Jperten@sheehan.com

| LYMAN-CUTLER, LLC | ALEX FILIPPOV<br>NICKOLAY LIPETSKER |
|---|---|
| By its Attorney, | By their Attorneys, |
| THE TAMPOSI LAW GROUP, P.C. | O'CONNOR, CARNATHAN AND MACK, LLC |
| /s/ Peter N. Tamposi<br>Peter N. Tamposi, BBO# 639497<br>The Tamposi Law Group, P.C.<br>159 Main St.<br>Nashua, NH 03060<br>Tel: 603-204-5513<br>peter@thetamposilawgroup.com | /s/ Sean T. Carnathan<br>Sean T. Carnathan, BBO# 636889<br>O'Connor, Carnathan and Mack, LLC<br>1 Van De Graaff Drive<br>Suite 104<br>Burlington, MA 01772<br>Tel: 781-359-9021<br>scarnathan@ocmlaw.net |

ENTERED AS AN ORDER OF THIS COURT, THIS __ DAY OF _____, 2018.

          _____
          Hon. Frank J. Bailey, Bankruptcy Judge

# ATTACHMENT A

{S1125107.1}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants. | Adv. Proc. No. 16-01120 |

ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned, _____, hereby declares and affirms that he/she/it has been provided with a copy of the Stipulation and Order dated _____, 2018 attached hereto as Exhibit A, and agrees to be bound thereby to the same extent as the Plaintiffs identified therein.


Dated:

Name: _____

Title:

{S1123623.1}