# SHEEHAN PHINNEY

Boston, MA | Manchester, NH | Concord, NH | Hanover, NH

John H. Perten, Esq.
Direct Dial: 617-897-5641
jperten@sheehan.com

Reply to: Boston Office
255 State Street
Boston, MA  02109

March 14, 2018

<u>Via E-Mail</u>
Honorable Frank J. Bailey
United States Bankruptcy Court
John W. McCormack Post Office and Courthouse
5 Post Office Square
Boston, MA 02109-3945

      Re:    *In re: Lyman-Cutler, LLC, Chapter 7, Docket No. 15-13881; A.P. 16-1120*

Dear Judge Bailey,

      In accordance with this Court's order regarding informal pre-motion conferences relating to discovery disputes, I write to request a conference to resolve a current discovery dispute. The dispute relates to conflicting orders regarding limitations on discovery.

      On August 8, 2016, the Court issued a Scheduling and Pretrial Order (Main Docket No. 155; A.P. No. 8). Among the many items addressed by the order, were that the parties were limited to two fact witness depositions which could not exceed four hours in duration each, while depositions of the parties could not exceed seven hours. At that time, the complaint had not yet been amended, the Filippov Parties had not yet intervened, counterclaims had not been asserted, and a motion to dismiss the adversary complaint was pending. As this Court is aware, the scope of the litigation has expanded significantly since that initial order issued.

      Nine months later, on May 2, 2017, this Court issued a Contested Matter Pretrial Order (Main Docket No. 222) which appeared to supersede the original order. This order covered most of the same areas as the August 8, 2016 orders but, significantly, did not impose any limitation on the number or length of depositions.

      As this Court is aware, there is approximately $3.3 million held by the trustee, and allegations of fraud and abuse going both ways for which affirmative recovery is sought over and above the funds held by the trustee. Thus, this is no longer simply a claims objection proceeding. For example, in their opposition to the motion to dismiss the original complaint, issued after this Court's initial scheduling order, the Filippov Parties submitted eight affidavits, five of whom were from witnesses who claim to have been similarly defrauded by Mr. Kagan. Although Mr. Kagan vehemently denies the allegations, obviously each of these affiants will need to be deposed, which cannot occur if the two fact witness deposition limit is still in effect. Additionally, many of the witnesses do not speak English as a native tongue, which already has resulted in a much slower pace of testimony than would be expected with a native speaker. The parties have also exchanged several thousand pages of documents. Thus, a four hour limit would

Honorable Frank J. Bailey
March 14, 2018
Page 2

be a significant impediment, even if the deposition was for a relatively minor player. Given the multitude of issues and allegations, seven hours for party depositions is also unworkable. Because of the developments in the case since the August 8, 2016 orders issued, an alteration of the discovery limits was warranted, and the May 2, 2017 order appeared to do this. The Fillipov Parties, however, disagree with this position.

    The parties have conferred and have agreed to share proposed lists of fact witnesses they would each like to depose in the hope that they can reach agreement on some additional number of depositions without the need for further court intercession. However, the parties have not been able to reach agreement on the duration of the depositions and whether the four hour cap for fact witnesses and seven hour cap for party depositions still applies. The parties would like to discuss these issues with the Court so that appropriate motions can be filed, if necessary. It should be noted that none of the parties is seeking to alter the discovery schedule at this time.

    Thank you.

Very truly yours,

John H. Perten

JHP

cc: Sean Carnathan, Esq. (via e-mail)
    Peter Tamposi, Esq. (via e-mail)