04/16/2018 Granted. The Court shall hold an Off the Record Conference on Wednesday, April 18, 2018 at 3:00 P.M. The parties may call conference number (617) 748-6691; passcode: 123456 at the appointed time of hearing.

# O'Connor Carnathan and Mack LLC

Landmark One
1 Van De Graaff Drive
Suite 104
Burlington, MA 01803

Tel: 781.359.9000
Fax: 781.359.9001

www.ocmlaw.net

Sean T. Carnathan
Direct Line: 781.359.9002
scarnathan@ocmlaw.net

April 13, 2018

*By Electronic Filing*

Honorable Frank J. Bailey
United States Bankruptcy Court
John W. McCormack Post Office and Courthouse
5 Post Office Square
Boston, MA 02109-3945

Re: **Lyman Cutler, LLC et al. v. Vadim Kagan, et al.
Chapter 7 No. 15-13881-FJB, A.P. No. 16-1120**

Dear Judge Bailey:

Pursuant to your pretrial order, and on behalf of Alex Filippov and Nickolay Lipetsker (together, the "Plaintiffs"), I write to request an off the record conference to resolve an intractable discovery dispute.

On January 9, 2018, you granted the Plaintiffs' Motion to Compel and denied the Kagan Parties' Motion to Quash the Subpoenas to Jason Gordon and American Express. The written order on the Motion to Compel entered on January 10, 2018 (A.P Docket No. 95). Among the compliance by the Kagan Parties that you ordered was: "KDC, ProEx, and Kagan shall produce all of the documents requested in the motion to compel that concern the Project (as defined in the Plaintiffs' discovery requests). The Motion to Compel, in turn, sought: **"KDC and ProEx to produce their company books and records**, including complete bank statements and copies of all cancelled checks, payroll records and their **Quickbooks data files in native format**, for the same time period." Motion to Compel (A.P. Docket No. 75) at 2. This request was supported by an affidavit from Plaintiffs' forensic account, Michael Goldman.

After more than three months of follow up with the Kagan Parties, it is clear that they refuse to produce their Quickbooks data files in native format. The Plaintiffs respectfully request a conference to resolve this issue.

Very truly yours,

Sean T. Carnathan