# SHEEHAN PHINNEY

Boston, MA | Manchester, NH | Concord, NH | Hanover, NH

**John H. Perten, Esq.**
Direct Dial: 617-897-5641
jperten@sheehan.com

Reply to: Boston Office
255 State Street
Boston, MA  02109

May 8, 2018

<u>Via E-Mail</u>
Honorable Frank J. Bailey
United States Bankruptcy Court
John W. McCormack Post Office and Courthouse
5 Post Office Square
Boston, MA 02109-3945

   Re:  In re: Lyman-Cutler, LLC., Chapter 7, Docket No. 15-13881; A. P. 16-1120

Dear Judge Bailey,

  In accordance with this Court's order regarding informal pre-motion conferences relating to discovery disputes, I write to request a conference to resolve a current discovery dispute. This request supplements the request for an informal conference filed on May 4, 2018.

  On May 7, 2018, the Filippov Parties served an additional deposition notice, this one for RAV & Associates. A copy of this notice and the corresponding subpoena is enclosed. The stated date for compliance with the subpoena is May 30, 2018. The Kagan Parties object to this new discovery as they view this deposition too as yet another "fishing expedition." As with the other four additional depositions, this deposition was not part of the stipulation approved by this Court identifying permissible depositions.

  We respectfully request an opportunity to conference this matter informally with the Court in the hope that we may avoid the need for motion practice. As the Court has already scheduled an informal conference for May 11, 2018, if it is convenient for the Court we could conference this matter at the same time.

  Thank you.

Very truly yours,

John H. Perten

JHP
cc: Sean Carnathan, Esq. (via e-mail)
   Peter Tamposi, Esq. (via e-mail)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:*<br><br>LYMAN-CUTLER, LLC,<br>    Debtor | Chapter 7<br>Case No. 15-13881 FJB |
| LYMAN-CUTLER, LLC, ALEX FILIPPOV,<br>and NICKOLAY LIPETSKER,<br><br>    Plaintiffs,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP. and<br>PROEXCAVATION CORP.<br><br>    Defendants. | Adv. Case No. 1:16-ap-01120 |

## DEPOSITION NOTICE

To:   *John H. Perten, Esq.*
*Sheehan Phinney Bass + Green*
*Professional Association*
*255 State Street, Fifth Floor*
*Boston, MA 02109*

Please take notice that commencing at 10:00 A.M. May 30, 2018, at the offices of O'Connor, Carnathan and Mack, LLC, Lyman-Cutler LLC, Alex Filippov, and Nickolay Lipetsker, by their attorneys, will take the deposition by oral examination of RAV & Associates, to testify before a Notary Public, or before some other officer authorized by law to administer oaths. The oral examination will continue by adjournment until the same shall be completed. A copy of the corresponding Subpoena is attached.

1

You are invited to attend and cross-examine.

PLEASE TAKE NOTICE A SUBPOENA DUCES TECUM WILL BE SERVED.

| | |
|---|---|
| LYMAN-CUTLER, LLC,<br>By its attorney, | ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br>By their attorneys, |
| /s/ Peter Tamposi<br>Peter N. Tamposi, BBO No. 639497<br>The Tamposi Law Group, P.C.<br>159 Main Street<br>Nashua, NH 03060<br>T: (603) 204-5513 | /s/ Sean T. Carnathan<br>Sean T. Carnathan, BBO No. 636889<br>scarnathan@ocmlaw.net<br>Joseph P. Calandrelli, BBO No. 666128<br>jcalandrelli@ocmlaw.net<br>O'Connor, Carnathan and Mack, LLC<br>1 Van de Graaff Dr. Suite 104<br>Burlington, MA 01803<br>T: 781-359-9000 |

Dated: May 7, 2018

Certificate of Service

I hereby certify that a copy of the foregoing document was served by first class mail on counsel of record for all of the parties on May 7, 2018.

/s/ Sean T. Carnathan
Sean T. Carnathan

4824-1458-3909, v. 1

2

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of     Massachusetts

In re Lyman-Cutler, LLC
                      Debtor

Case No.    15-13881 FJB

*(Complete if issued in an adversary proceeding)*

Chapter    7

Lyman-Cutler, LLC, et al
                   Plaintiff
                    v.

Adv. Proc. No.   1:16-ap-01120

Vadim Kagan, et al.
                   Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: RAV & Associates, 21 Highland Ave., Needham, MA 02494
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Per the attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| O'Connor, Carnathan & Mack, 1 van de Graaff Drive, Burlington, MA 01803 | 05/30/18     10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/7/18

CLERK OF COURT

                                             OR

*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Lyman-Cutler, LLC, who issues or requests this subpoena, are:
Joseph Calandrelli, 1 van de Graff Dr., Burlington, MA 01803; 781-359-9000; jcalandrelli@ocmlaw.net

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

*Definitions*

1. The term "LLC" refers to Lyman-Cutler, LLC and any and all of its members, managers, agents, or representatives.

2. The term "Kagan" refers to Vadim Kagan, and any and all of his agents or representatives.

3. The term "KDC" refers to Kagan Development KDC Corp., and any and all of its officers, directors, shareholders, agents, or representatives, including Kagan.

4. The term "you," "your," or "RAV" refers to RAV & Associates, and any and all of its subsidiaries, parents, and affiliates, and their respective current and former officers, directors, employees, attorneys, departments, agents and any other person or entity acting on their behalf.

5. The term "Properties" refers to that parcel of land once known as 77 Lyman Road, Brookline, MA, now subdivided and known as 55 Lyman Road, Brookline, MA and 88 Cutler Lane, Brookline, MA.

*Documents Requested*

1. Your complete files concerning the LLC.

2. Your complete files concerning the Properties.

3. Any documents concerning plans for the Properties, including but not limited to the plans, drawings, and specifications for improvements to the Properties.

4. All correspondence between RAV and the LLC.

5. All correspondence between RAV and Kagan or KDC concerning the LLC or Properties.