# SHEEHAN PHINNEY

Manchester, NH | Concord, NH | Hanover, NH | Boston, MA

**James P. Harris, Esq.**
Direct Dial: 603-627-8152
jharris@sheehan.com

Reply to: Manchester Office
1000 Elm Street, 17th floor
Manchester, NH  03101

June 8, 2018

<u>Via E-Mail</u>
Honorable Frank J. Bailey
United States Bankruptcy Court
John W. McCormack Post Office and Courthouse
5 Post Office Square
Boston, MA 02109-3945

    Re:    *In re: Lyman-Cutler, LLC., Chapter 7, Docket No. 15-13881; A. P. 16-1120*

Dear Judge Bailey:

    In accordance with this Court's order regarding informal pre-motion conferences relating to discovery disputes, I write to request a conference to resolve a current discovery dispute.

    On May 30, 2018, we received by email notice from counsel for the Debtor and two of its members, Alex Filippov and Nickolay Lipetsker (collectively, the "Filippov Parties"), that they served a subpoena duces tecum on Bluehost Endurance International Group ("Bluehost"), the internet service provider ("ISP") for Kagan Development KDC Corporation.  In addition to requiring Bluehost to produce documents, the subpoena requires that Bluehost present a witness for examination at a deposition to be conducted on June 15, 2018.  A copy of the subpoena served on Bluehost and the corresponding Notice of Deposition are enclosed with this letter.

    As you can see, the subpoena calls upon Bluehost to produce the <u>content</u> of all email communications by and between any email address with the kagandevelopment.com domain and five other email addresses.  While the subpoena seeks the content of email communications for only a one month period, August 1, 2013 to September 1, 2013, the subpoena seeks all email communications and not just those limited to any issues pertaining to this litigation.  Based on discussions with counsel, we understand that the impetus for the Bluehost subpoena is to obtain another version of a single email and attachment that we have already produced.  We produced the email with a load file containing metadata, the same format we have used throughout discovery.  The Filippov parties indicated that the metadata in the load file in "inadequate" but they did not elaborate on the purported inadequacy.  In a further effort to resolve any dispute about the particular email, we produced another copy of the email natively in an effort to re-convey the metadata information.  Obtaining content information from Bluehost would constitute the third or fourth production of the same email and attachment, which is unnecessary.

Honorable Frank J. Bailey
June 8, 2018
Page 2

In addition to being overly broad and not limited to issues related to this case, the subpoena on Bluehost is unlawful in accordance with the Stored Communications Act, 18 U.S.C. §§ 2701-2712. That statute prohibits Electronic Communications Services such as Bluehost from disclosing email communication <u>content</u> and courts have acknowledged that the statute does not authorize the use of subpoenas in civil cases to compel disclosure of such content. Bluehost has objected to the subpoena and the Filippov parties have responded to that objection. Copies of those letters are also enclosed. The current status, as we understand it, is that the testimonial deposition planned for June 15th is postponed, but, as you can see, the Filippov parties persist in seeking information from Bluehost.

Moreover, on February 16, 2018, this Court adopted a discovery plan calling for the close of discovery by May 31, 2018. The Bluehost subpoena expressly calls for the production of documents and a deposition to occur on June 15th, well past the close of discovery. My clients object to continuing such discovery after the court-approved deadline.

Also on May 30th, we received by email notice that the Filippov Parties served a subpoena dues tecum on two Comcast entities looking for documents pertaining to the assignment of telephone numbers to various individuals and entities. Copies of the two Comcast subpoenas are enclosed. Again, these subpoenas perpetuate discovery well past the court-approved schedule as each requires the production of documents by June 14th. The Kagan Parties, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation and Tatiana Kagan, object to the effort to undertake new discovery after the court's deadline.

In an effort to avoid formal motion practice, the Kagan Parties respectfully request an informal pre-motion conference to discuss these subpoenas, which should be withdrawn or quashed. Counsel for the parties have engaged in several email communications and telephone conferences in an effort to resolve this dispute, but our disagreement persists.

Very truly yours,

/s/ James P. Harris

James P. Harris

Encl.

cc:  Peter Tamposi, Esq. (via e-mail)
     Sean Carnathan, Esq. (via e-mail)
     David Madoff, Esq., Chapter 7 Trustee (via e-mail)

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Massachusetts__

In re __Lyman-Cutler, LLC__
    Debtor

*(Complete if issued in an adversary proceeding)*

__Lyman-Cutler, LLC, et al__
    Plaintiff
        v.
__Vadim Kagan, et al.__
    Defendant

Case No. __15-13881 FJB__

Chapter __7__

Adv. Proc. No. __1:16-ap-01120__

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Bluehost - Endurance International Group, 10 Corporate Drive, Suite #300, Burlington, MA 01803__
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Per the attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| O'Connor, Carnathan & Mack, 1 van de Graaff Drive, Burlington, MA 01803 | 06/15/18   10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __5/30/18__
    CLERK OF COURT

                                OR    ___/s/ Joseph Calandrelli___
_____              _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Lyman-Cutler, LLC__, who issues or requests this subpoena, are:
Joseph Calandrelli, 1 van de Graaff Dr., Burlington, MA 01803; 781-359-9000; jcalandrelli@ocmlaw.net

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Schedule A

*Definitions*

1. The "Domain" means kagandevelopment.com.

2. All of the terms defined in the federal and Bankruptcy Court of Massachusetts local rules are hereby incorporated by reference in their entirety.

*Documents Requested*

### Request No. 1

All emails to or from the Domain between August 1, 2013 and September 1, 2013, which included any of the following email addresses in the to, from or cc fields:

(a) monique.plasse@rocklandtrust.com
(b) lymancutlerllc@gmail.com
(c) polysavant@hotmail.com
(d) kagandevelopment@gmail.com; and/or
(e) vadim.kagan@yahoo.com

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* <br><br> LYMAN-CUTLER, LLC, <br>    Debtor | Chapter 7 <br> Case No. 15-13881 FJB |
| LYMAN-CUTLER, LLC, ALEX FILIPPOV, and NICKOLAY LIPETSKER, <br><br>    Plaintiffs, <br><br> v. <br><br> VADIM KAGAN, TATIANA KAGAN, KAGAN DEVELOPMENT KDC, CORP. and PROEXCAVATION CORP. <br><br>    Defendants. | Adv. Case No. 1:16-ap-01120 |

## DEPOSITION NOTICE

To: *John H. Perten, Esq.*
*Sheehan Phinney Bass + Green*
*Professional Association*
*255 State Street, Fifth Floor*
*Boston, MA 02109*

Please take notice that commencing at 10:00 A.M. June 15, 2018, at the offices of O'Connor, Carnathan and Mack, LLC, Lyman-Cutler LLC, Alex Filippov, and Nickolay Lipetsker, by their attorneys, will take the deposition by oral examination of Bluehost – Endurance International Group to testify before a Notary Public, or before some other officer authorized by law to administer oaths. The oral examination will continue by adjournment until the same shall be completed. A copy of the corresponding Subpoena is attached.

1

You are invited to attend and cross-examine.

PLEASE TAKE NOTICE A SUBPOENA DUCES TECUM WILL BE SERVED.

| | |
|---|---|
| LYMAN-CUTLER, LLC,<br>By its attorney, | ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br>By their attorneys, |
| */s/ Peter Tamposi*<br>Peter N. Tamposi, BBO No. 639497<br>The Tamposi Law Group, P.C.<br>159 Main Street<br>Nashua, NH 03060<br>T: (603) 204-5513 | */s/ Sean T. Carnathan*<br>Sean T. Carnathan, BBO No. 636889<br>scarnathan@ocmlaw.net<br>Joseph P. Calandrelli, BBO No. 666128<br>jcalandrelli@ocmlaw.net<br>O'Connor, Carnathan and Mack, LLC<br>1 Van de Graaff Dr. Suite 104<br>Burlington, MA 01803<br>T: 781-359-9000 |

Dated: May 30, 2018

Certificate of Service

I hereby certify that a copy of the foregoing document was served by first class mail on counsel of record for all of the parties on May 30, 2018.

*/s/ Sean T. Carnathan*
Sean T. Carnathan

4843-6120-6631, v. 1

**O'Connor Carnathan and Mack LLC**

Landmark One
1 Van De Graaff Drive
Suite 104
Burlington, MA 01803

Tel: 781.359.9000
Fax: 781.359.9001

www.ocmlaw.net

Joseph P. Calandrelli
Direct Line: 781.359.9034
jcalandrelli@ocmlaw.net

May 30, 2018

John H. Perten, Esq.
Sheehan Phinney Bass + Green
255 State Street
Boston, MA 02109

Re: **Lyman Cutler, LLC et al. v. Vadim Kagan, et al.
Chapter 7 No. 15-13881-FJB, A.P. No. 16-1120**

Dear John:

Enclosed is a Notice of Taking Deposition of Bluehost – Endurance International Group and a copy of the corresponding subpoena.

Please contact me if you have any questions.

Very truly yours,

*Joseph P. Calandrelli*
Joseph P. Calandrelli

Encl.

cc: Sean T. Carnathan, Esq.
Peter Tamposi, Esq.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____Massachusetts_____

In re  Lyman-Cutler, LLC
_____
Debtor

Case No.  15-13881 FJB

(Complete if issued in an adversary proceeding)

Lyman-Cutler, LLC, et al
_____
Plaintiff

Chapter  7

v.

Vadim Kagan, et al.
_____
Defendant

Adv. Proc. No.  1:16-ap-01120

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Comcast Cable Communications Management, LLC
_____
*(Name of person to whom the subpoena is directed)*

[■] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Per the attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| O'Connor, Carnathan & Mack, 1 van de Graaff Drive, Burlington, MA 01803 | 06/14/18  10:00 am |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/25/18

CLERK OF COURT

OR

_____          *Joseph P. Calandrelli*
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Lyman-Cutler, LLC, who issues or requests this subpoena, are:
Joseph Calandrelli, 1 van de Graaff Dr., Burlington, MA 01803; 781-359-9000; jcalandrelli@ocmlaw.net

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Schedule A

*Definitions*

1. "Vadim Kagan" shall refer to Vadim Kagan and any and all of his agents, servants, representatives, employees, attorneys, or other persons or entities acting on his behalf.

2. "KDC" shall refer to Kagan Development KDC, Corp., as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

3. "ProExcavation" shall refer to ProExcavation Corp., as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

4. All of the terms defined in the federal and Bankruptcy Court of Massachusetts local rules are hereby incorporated by reference in their entirety.

*Documents Requested*

**Request No. 1**

Documents sufficient to reflect the owner or assignee of the number 617-610-1276 from January 1, 2012 to date, and the dates during which each person or company held or holds that telephone number.

**Request No. 2**

Documents sufficient to reflect all telephone numbers owned by or assigned to KDC from January 1, 2012 to date and the dates during which KDC has held or holds each telephone number.

**Request No. 3**

Documents sufficient to reflect all telephone numbers owned by or assigned to ProExcavation from January 1, 2012 to date and the dates during which ProExcavation has held or holds each telephone number.

**Request No. 4**

Documents sufficient to reflect all telephone numbers owned by or assigned to Vadim Kagan from January 1, 2012 to date and the dates during which Vadim Kagan has held or holds each telephone number.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Massachusetts _____

In re Lyman-Cutler, LLC
                Debtor

Case No.  15-13881 FJB

*(Complete if issued in an adversary proceeding)*

Lyman-Cutler, LLC, et al
                Plaintiff
            v.
Vadim Kagan, et al.
                Defendant

Chapter  7

Adv. Proc. No.  1:16-ap-01120

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Comcast Business Communications, LLC c/o CT Corporation Systems, 155 Federal Street, #700, Boston, MA 02110
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Per the attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| O'Connor, Carnathan & Mack, 1 van de Graaff Drive, Burlington, MA 01803 | 06/14/18    10:00 am |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/29/18

CLERK OF COURT

OR

_____          Joseph P. Calandrelli (HC)
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Lyman-Cutler, LLC                  , who issues or requests this subpoena, are:
Joseph Calandrelli, 1 van de Graff Dr., Burlington, MA 01803; 781-359-9000; jcalandrelli@ocmlaw.net

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Schedule A

*Definitions*

1.      "Vadim Kagan" shall refer to Vadim Kagan and any and all of his agents, servants, representatives, employees, attorneys, or other persons or entities acting on his behalf.

2.      "KDC" shall refer to Kagan Development KDC, Corp., as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

3.      "ProExcavation" shall refer to ProExcavation Corp., as well as any and all of its agents, representatives, employees, officers, directors, members, affiliates, parent companies, or subsidiaries, and any attorney retained by or otherwise working on its behalf.

4.      All of the terms defined in the federal and Bankruptcy Court of Massachusetts local rules are hereby incorporated by reference in their entirety.

*Documents Requested*

### Request No. 1

Documents sufficient to reflect the owner or assignee of the number 617-610-1276 from January 1, 2012 to date, and the dates during which each person or company held or holds that telephone number.

### Request No. 2

Documents sufficient to reflect all telephone numbers owned by or assigned to KDC from January 1, 2012 to date and the dates during which KDC has held or holds each telephone number.

### Request No. 3

Documents sufficient to reflect all telephone numbers owned by or assigned to ProExcavation from January 1, 2012 to date and the dates during which ProExcavation has held or holds each telephone number.

### Request No. 4

Documents sufficient to reflect all telephone numbers owned by or assigned to Vadim Kagan from January 1, 2012 to date and the dates during which Vadim Kagan has held or holds each telephone number.

1



## ENDURANCE
International Group

**VIA ELECTRONIC MAIL**

May 31st, 2018

jcalandrelli@ocmlaw

Attn: Joseph Calandrelli

Re: Subpoena / Our Reference: ELSD-1165 / Customer Domain: Kagandevelopment.com

Dear Mr. Caladrelli,

Bluehost has reviewed the request dated May 30, 2018, regarding Kagandevelopment.com (the "Request") and wishes to bring the following to your attention.

Pursuant to the Stored Communications Act ("SCA"), Bluehost is considered an electronic communications service ("ECS) provider and is prohibited from producing customer content such as customer files, emails and contact lists ("Content") to non-governmental entities, even pursuant to a subpoena or court order. See 18 U.S.C. § 2702(a)(1) and 18 U.S.C. § 2702(a)(2). Bluehost is considered an electronic communications service ("ECS) provider and is prohibited from producing customer content such as customer files, emails and contact lists ("Content") to non-governmental entities, even pursuant to a subpoena or court order. See 18 U.S.C. § 2702(a)(1) and 18 U.S.C. § 2702(a)(2).

As you are only requesting Bluehost produce customer content, we do not have any information responsive to your request. Bluehost is unable to make any exceptions and will not produce any Content in response to the Request. We regret any inconvenience caused by this issue.

Please contact me if you have any questions. My contact information is below.

Sincerely,
Jenessa Smith
Endurance International Group
Phone: 602-817-5086
Email: jenessa.smith@endurance.com

O'Connor
Carnathan
and Mack LLC

Landmark One
1 Van De Graaff Drive
Suite 104
Burlington, MA 01803

Tel: 781.359.9000
Fax: 781.359.9001

www.ocmlaw.net

Joseph P. Calandrelli
Direct Line: 781.359.9034
jcalandrelli@ocmlaw.net

June 6, 2018

**By Electronic Mail**

Jenessa Smith
Endurance International Group
*jenessa.smith@endurance.com*

    Re:    Subpoena / Your Reference: ELSD-1165 / Domain: kagandevelopment.com

Dear Ms. Smith:

    I write in response to your May 31, 2018 letter in which you assert an objection on behalf of Bluehost to the subpoena I served in connection with the *Lyman Cutler, LLC v. Vadim Kagan et al.* bankruptcy proceedings, Case Nos. 15-13881-FJB and A.P. No. 1:16-ap-01120, currently pending in the United States Bankruptcy Court for the District of Massachusetts. For the reasons set forth below, I believe your objection is overly broad in scope and that Bluehost is not prohibited from producing certain specified information.

    Your blanket objection states that you will not produce any "Content" in response to the subpoena. While the Stored Communications Act ("SCA") prohibits the disclosure of customer "content" unless an exception applies, it does not prohibit, and in fact it expressly permits, the disclosure of non-content "records" or "other information" pertaining to a customer to any non-governmental entity. *Id.* at § 2702(c)(6); *see also Graf v. Zynga Game Network, Inc.*, 750 F.3d 1098, 1104 (9th Cir. 2014). The "contents" of a communication is the "intended message conveyed by the communication." *Graf*, 750 F.3d at 1107. The "records" are the information such as the name, address, or client ID of the entity's customer or the "information regarding the characteristics of the message that is generated in the course of the communication." *Id.*; *see also Svenson v. Google, Inc.*, 65 F. Supp. 3d 717, 728 (N.D. Ca. 2014). In other words, even if a certain email is prohibited from disclosure by the SCA as protected "content", Bluehost is still required to provide the non-contents portion of the communication (i.e., the "to" "from" and "date" fields). *See id.* (ruling that header information transmitted to third parties was a "record" that was not protected by the SCA); *Ajemian v. Yahoo!, Inc.*, 478 Mass. 169, 172 n.8 (2017) (subscriber information not prohibited by the SCA "includes e-mail 'header' information – i.e., the sender, addresses, and time stamp for e-mail messages – for each e-mail message send and received, and basic information about the subscriber"). Accordingly, if Bluehost has any protected "content" in its possession, it is still required to identify whether it has any such

content and to produce the non-protected email headers of those communications as well as basic information pertaining to the subscriber and the date of the account creation.

Furthermore, your objection fails to take into account that certain emails, if they exist, fall within the well-established "agency" or "consent" exceptions. Under the SCA, Bluehost is entitled to disclose the contents of any requested email "to an addressee or intended recipient of such communication or an agent of such addressee or intended recipient" or with the lawful consent of the addressee or its intended recipient. *18 U.S.C. § 2702(b)(1) and (3)*; *see also Ajemian*, 478 Mass. at 175. As attorneys for Alex Filippov, Nick Lipetsker, and Lyman-Cutler, LLC in the subject bankruptcy proceedings, this office and The Tamposi Law Group are authorized agents for these individuals and entities and are permitted to receive the content of any communications addressed to or intended to be addressed to them during the requested time period. As a result, if there are any emails that were addressed to alex.filippov@onesimcard.com (Mr. Filippov), nlipetsker@gmail.com (Mr. Lipetsker), or lymancutlerllc@gmail.com (Lyman-Cutler, LLC) during the requested time period, Bluehost must produce them.

For the reasons set forth above, I request that Bluehost supplement its response and promptly produce any emails addressed to the three addresses identified above as well as any header or subscriber information for all communications that are responsive to the subpoena.

Thank you for your prompt attention to this matter.

Sincerely,

Joseph P. Calandrelli

-and-

Peter N. Tamposi