# SHEEHAN PHINNEY

Manchester, NH | Concord, NH | Hanover, NH | Boston, MA

**James P. Harris, Esq.**
Direct Dial: 603-627-8152
jharris@sheehan.com

Reply to: Manchester Office
1000 Elm Street, 17th floor
Manchester, NH 03101

June 13, 2018

<u>Via E-Mail</u>
Honorable Frank J. Bailey
United States Bankruptcy Court
John W. McCormack Post Office and Courthouse
5 Post Office Square
Boston, MA 02109-3945

Re:    In re: Lyman-Cutler, LLC., Chapter 7, Docket No. 15-13881; A. P. 16-1120

Dear Judge Bailey:

In accordance with this Court's order regarding informal pre-motion conferences relating to discovery disputes, I write to request a conference to resolve a current discovery dispute.

On May 23, 2018, our office served a subpoena duces tecum on Attorney Boris Maiden. A copy of the subpoena is enclosed with this letter. Attorney Maiden has been involved in many aspects of the parties' dealings including forming the Lyman-Cutler, LLC entity and representing the bank, Rockland Trust Company, that loaned money for the project at issue in this case. As you know, the Debtor and two of its members, Alex Filippov and Nickolay Lipetsker (collectively, the "Filippov Parties") recently sought discovery regarding five so-called "Other Projects" in which Vadim Kagan and/or his companies were involved. The Filippov Parties have secured information from several investors on projects other than the Lyman Cutler project at issue in this case and the parties have engaged in discovery about those projects as well. Attorney Maiden provided legal services in connection with these projects and possesses documents relevant to them. Consequently, the subpoena enclosed with this letter was served on Attorney Maiden.

Attorney Maiden, though his recently retained counsel, objected to the subpoena and refused to produce any documents. A copy of a letter received from Attorney Maiden's counsel is enclosed with this letter. The objections posited are not well-founded and we responded with a letter of our own, a copy of which is also enclosed with this letter. We requested a further response from and conference with Attorney Maiden's counsel, but we remain at a standstill, as Attorney Maiden refuses to comply with the subpoena. By e-mail, Attorney Maiden's counsel confirmed today that he will not produce any responsive documents absent a court order.

In an effort to avoid formal motion practice, the Kagan Parties respectfully request an informal pre-motion conference to discuss the subpoena served on Attorney Maiden. Please note

Honorable Frank J. Bailey
June 13, 2018
Page 2

that I have sent a copy of this letter via email to Attorney Maiden's counsel and will provide notice to him of any conference scheduled with the Court.

          Very truly yours,

          /s/ James P. Harris

          James P. Harris

Encls.

cc: Peter Tamposi, Esq. (via e-mail)
    Sean Carnathan, Esq. (via e-mail)
    David Madoff, Esq., Chapter 7 Trustee (via e-mail)
    Val Gurvits, Esq. (via email)

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

District of Massachusetts

In re: Lyman-Cutler, LLC
Debtor

Case No. 15-13881-FJB
Chapter 7

(Complete if issued in an adversary proceeding)

Lyman-Cutler, LLC
Plaintiff

v.

Vadim Kagan, Tatiana Kagan, Kagan Development KDC Corp., Proexcavation Corp.
Defendant

Adv. Proc. No. 16-01120

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Boris Maiden, 14 Webster Street, Brookline, MA 02446

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Sheehan Phinney Bass & Green, 255 State Street, Boston, MA 02109 | May 31, 2018 at 10:00 a.m. |

The deposition will be recorded by this method:

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Exhibit A for documents to be produced

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 23, 2018

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature
                                                     John H. Perten

The name, address, email address, and telephone number of the attorney representing *(name of party)* Vadim Kagan, Tatiana Kagan, Kagan Development KDC Corp., Proexcavation Corp., who issues or requests this subpoena, are:
John H. Perten, Esq., Sheehan Phinney, 255 State Street, Boston, MA 02109; 617-897-5600

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: Boris Maiden
on *(date)* May 23, 2018

[X] I served the subpoena by delivering a copy to the named person as follows: by handing true and attested copies thereof to the within named Boris Maiden, In Hand. Said service was made at 14 Webster Street, Brookline, MA
on *(date)* May 24, 2018 ; or

[ ] I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 0.00

My fees are $ 14.00 for travel and $ 25.00 for services, for a total of $ 39.00.

I declare under penalty of perjury that this information is true and correct.

Date: May 24, 2018

*Server's signature*
Samuel Desrosiers, Constable

*Printed name and title*
204 Cambridge Street, Suite 204
Cambridge MA  02141

*Server's address*

Additional information concerning attempted service, etc.:

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 1581CV03977

LYMAN-CUTLER, LLC,
    Plaintiff,

VS.

VADIM KAGAN, TATIANA KAGAN,
And CENTURY 21 COMMONWEALTH
    Defendants.

### SUBPOENA DUCES TECUM

To:    Keeper of Records
Law Office of Boris B. Maiden
1 Webster Street
Brookline, MA 02446

**GREETINGS, YOU HEREBY ARE COMMANDED**, in the name of the Commonwealth of Massachusetts, pursuant to the provisions of Rule 45 of the Massachusetts Rules of Civil Procedure, to appear and testify on behalf of Defendant, Vadim Kagan, , at the offices of Sheehan Phinney Bass + Green PA, 255 State Street, 5th Floor, Boston, Massachusetts, on **Thursday, June 25, 2015, at 10:00 a.m.**, and to testify as to your knowledge, at the taking of the deposition in the above-entitled action, before a Notary Public in and for the Commonwealth of Massachusetts.

**FURTHERMORE**, you are required to bring the Documents listed in Schedule of Documents attached hereto.

05/30/2018  13:51     16179281802                BOSTON LAW GROUP PC                       PAGE  04/05

HEREOF FAIL NOT, as failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court in which the action is pending.

Respectfully submitted,

VADIM KAGAN and TATIANA KAGAN,

By their attorneys,

John H. Perten, Esq. (BBO# 548728)
Michael J. Lambert, Esq. (BBO# 632053)
Sheehan Phinney Bass + Green PA
255 State Street, 5th Floor
Boston, MA 02109
Tel: (617) 897-5600
jperten@sheehan.com
mlambert@sheehan.com

Dated: June 12, 2015

Barbara Ann Capone
Notary Public
My Commission Expires: 5/12/17

## Exhibit A

### RECORDS REQUESTED*

1. Any and all documents, including but not limited to files, e-mails, texts, correspondence, drafts, notes, memoranda, engagement letters or other communications, relating to the formation and operation of the Lyman-Cutler, LLC.

2. Any and all documents, including but not limited to files, e-mails, texts, correspondence, drafts, notes, memoranda, engagement letters or other documents constituting or referencing communications between or among any of the following:

    a. Boris Maiden, Esq.
    b. Vadim Kagan
    c. Tatiana Kagan
    d. Century 21 Commonwealth
    e. Nickolay Lipetsker
    f. Alex Filippov

    which relate to the formation, management or operation of the Lyman-Cutler, LLC.

3. Any and all documents which relate to any negotiations leading to the formation of the Lyman-Cutler, LLC.

4. Any and all documents which relate to the management of Lyman-Cutler, LLC.

5. Any and all documents which relate to the listing of real estate owned by Lyman-Cutler, LLC by Tatiana Kagan and/or Century 21 Commonwealth.

6. Any and all documents relating to Lyman-Cutler, LLC.

*All documents which are stored or created electronically are also to be produced in their native format. While we are open to other options, downloading onto a thumb drive may be the easiest way to accomplish this.

3

# BOSTON LAW GROUP, PC
## ATTORNEYS AT LAW

825 BEACON STREET, SUITE 20
NEWTON CENTRE, MASSACHUSETTS 02459

Main (617) 928-1800

Fax (617) 928-1802

**Via fax 617-439-9363 – 5 pages**
**and email jperten@sheehan.com**

May 30, 2018

John H. Perten, Esq.
Sheehan Pinney
255 State Street
Boston, Massachusetts 02109

Re:   **Lyman-Cutier, LLC v. Vadim Kagan et al**
      **D. Mass. Bankruptcy Court, Adversary Proceeding No. 16-01120**

Dear Mr. Perten,

This law firm is legal counsel to Attorney Boris Maiden. Please direct all future communications to my attention. We in are in receipt of your Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) issued by you to Attorney Maiden in the above referenced case. We respond to the Subpoena herewith.

Attorney Maiden objects to the entirety of the Subpoena and will not produce records to the Subpoena on the following grounds:

1. As a threshold matter, your Subpoena (which is dated May 23, 2018) requires Attorney Maiden to produce documents by May 31, 2018. You served your Subpoena on Friday, May 25, 2018, right before the long Memorial Day weekend, effectively giving Attorney Maiden one business day to respond to a subpoena that is already improper, harassing and overbroad. Therefore, your Subpoena fails to comply with the requirements of FRCP Rule 45 (c)(1) because you failed to take proper steps to avoid imposing an unreasonable burden on Attorney Maiden.

2. Attorney Maiden has already appeared for a deposition and produced hundreds of documents in the present litigation pursuant to your 2015 subpoena, a copy of which I attach hereto for your reference. Pursuant to that deposition and the previously produced documents, Attorney Maiden has already provided you testimony and all documents related to the present litigation which are under his care, custody and control.

3. The document requests in your Subpoena are unreasonably broad, not calculated to lead to the discovery of admissible evidence, and constitute an undue burden on Attorney Maiden (particularly in the context of the other points herein).

4. The document requests in your Subpoena seek documents that constitute attorney-client communications, such as attorney/client engagement letters. As an example, surely as a practicing attorney, you recognize that an engagement letter between an attorney and his client are privileged.

Accordingly, Attorney Maiden objects to the Subpoena in its entirety and will not produce any documents in response thereof. Should Attorney Maiden be required to take any further action in connection with your Subpoena or any other request from you, Attorney Maiden will seek relief from the Court and request appropriate sanctions against you and your client.

This letter is not intended to constitute, nor shall it be deemed to constitute, a full statement of all facts, rights or claims relating to this matter, nor is it intended, nor shall it be construed as, a waiver, release or relinquishment of any defenses, rights or remedies available to my client, whether legal or equitable, all of which are hereby expressly reserved.

Please govern yourself appropriately.

Very Truly Yours,

Val Gurvits, Esq.

Enclosures as stated

# SHEEHAN PHINNEY

Manchester, NH | Concord, NH | Hanover, NH | Boston, MA

James P. Harris, Esq.
Direct Dial: 603-627-8152
jharris@sheehan.com

Reply to: Manchester Office
1000 Elm Street, 17th floor
Manchester, NH 03101

June 4, 2018

<u>Via Facsimile (617-928-1802)</u>
<u>And First Class Mail</u>

Val Gurvits, Esq.
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459

    Re:    *In re: Lyman-Cutler, LLC., Chapter 7, Docket No. 15-13881; A. P. 16-1120*

Dear Attorney Gurvits:

    I write in response to your letter to John Perten dated May 30, 2018, regarding the subpoena served on Attorney Boris Maiden (the "Subpoena"). For the reasons stated below, the objections are not well founded and we insist on compliance with the subpoena.

    Attorney Maiden protests that he produced documents three years ago and appeared for a deposition, so he should not be required to produce additional documents. First, as you may know, Attorney Maiden's deposition was suspended, as opposed to concluded. Second, the basis for Attorney Maiden's assertion that he has "already provided you ... all documents related to the present litigation which are under his care, custody and control" is unclear. The reality is that the Plaintiffs in the case have significantly expanded the scope of discovery, over our objection, and the Court ordered production of documents and testimony regarding more than just the Lyman-Cutler project. While we respectfully resisted the efforts to expand the scope of discovery, the Court overruled our objections and we stand in the position of conducting discovery on a broader range of projects. As such, Attorney Maiden incorrectly posits that the information sought in the recent subpoena is beyond the scope of discoverable information. I note that, to my knowledge, the Plaintiff did not object to the scope of the subpoena served on Attorney Maiden.

    To the extent Attorney Maiden claims that the subpoena imposes an undue burden on him because of its breadth, he has failed to articulate the burden he faces. He does not, for example, give any indication as to the volume of responsive information he possesses. Without a more specific articulation, we remain of the view that the subpoena is reasonably tailored to elicit documents relevant to the claims and defenses in the case.

Val Gurvits, Esq.
June 4, 2018
Page 2

    Attorney Maiden provides a generalized, unspecific objection that the subpoena requires him to produce attorney-client communications. First, it is an overstatement to suggest that each category of requested documents requires the production of attorney-client communications. Several of the categories seek financial documents, which are not attorney-client communications. Second, if Attorney Maiden truly feels that portions of the subpoena require the production of privileged communications, the proper course is to itemize those on a privilege log, so we can examine specific assertions of privilege rather than deal in generalities. It is improper to flatly object to the subpoena in its entirety, particularly where some portion of the subpoena calls for information that clearly cannot be privileged.

    In the context of reviewing Attorney Maiden's assertion of the attorney-client privilege, we are keenly interested in examining who is/was Attorney Maiden's actual client. The subpoena calls for documents pertaining to Mr. Kagan and various entities in which he has been involved. To the extent Attorney Maiden now understands Mr. Kagan to be the client, Attorney Maiden should have no objection to producing the documents, as Mr. Kagan controls the privilege. To the extent Attorney Maiden claims that he represented the single project limited liability companies, Mr. Kagan as a member has a right to access information about those entities and Attorney Maiden cannot object to the production. If Attorney Maiden claims someone else controls the privilege, he must identify those individuals so we can examine the assertion of privilege more fully. Suffice it to say, however, that we find the assertion of privilege dubious and without more information assume Attorney Maiden will be unable to carry his burden.

    While we are willing to discuss a reasonable time for Attorney Maiden to produce the responsive documents, we can entertain such a request only after resolving that Attorney Maiden will in fact provide a substantive response. Kindly contact me at your earliest convenience to discuss.

Very truly yours,

James P. Harris

cc: John Perten, Esq. (via e-mail)