UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br>Defendants in Counterclaim,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants,<br>Plaintiffs in Counterclaim. | Adv. Proc. No. 16-01120 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND
SCHEDULING ORDER DEADLINES
AND OBJECTION TO REQUEST FOR EXPEDITED RULING**

Defendants Vadim Kagan, Tatiana Kagan, Kagan Development KDC, Corp. and ProExcavation (collectively, "Defendants") oppose Plaintiffs' motion to extend scheduling order deadlines and the recent request that the ruling on that motion be expedited.[1] In support of their opposition, Defendants state that this action has been pending for over two years, the schedule has been amended multiple times, and it is time to put a stop to the endless delays. It is apparent

---

[1] Despite knowing that Defendants' opposition to the motion was not even due until after the deadline for expert disclosure, Plaintiffs did not initially request an expedited ruling. At the eleventh hour, they now professes that they need expedited action.

that Plaintiffs seek extend the deadlines solely in an attempt to continue their endless fishing expedition in the hope that they will find something, anything, to support their baseless claims. In further support hereof, Defendants state as follows:

1. The original scheduling order called for discovery to be completed by December 1, 2016 (120 days after the 8/3/16 date of the initial Scheduling and Pretrial Order). (Main Case Docket No. 155; Adversary Proceeding Docket No. 8). On May 2, 2017, this Court extended discovery until July 12, 2017. (Main Case Docket No. 222). On August 25, 2017, the Court again extended discovery, this time until January 31, 2018 (Main Case Docket No. 232; Adversary Proceeding Docket No. 39). Subsequently, this Court approved the parties' stipulation establishing May 31, 2018 as the discovery cut-off date, with expert disclosures due on June 30, 2018. (Main Case Docket No. 271, Adversary Proceeding Docket No. 115, 117). **To date, the parties have had almost two years to complete discovery, plus additional discovery obtained in the state court proceedings prior to filing of the bankruptcy petition.**

2. As of the date of this Opposition, all depositions have been completed.

3. This whole dispute revolves around Plaintiffs' claim that Defendants fraudulently billed the project, though they have yet to articulate any specifics as to the allegations of fraud. That information, presumably, will be in their expert reports. Plaintiffs' averment that because certain limited document discovery from third-parties is still outstanding the deadline for discovery and expert disclosures should be extended yet again is meritless. The only outstanding discovery sought by Plaintiffs is the provision of records by Comcast Business Communications, ostensibly to establish the date on which ProExcavation received its phone number. The date ProExcavation obtained its phone number should not change any expert opinion as to whether

the charges for ProExcavation's services were fair and reasonable. The suggestion that Plaintiffs cannot finalize their expert reports without this information is ludicrous.

4. Also outstanding is a subpoena issued by Defendants to Attorney Boris Maiden to produce documents relating to his representation on other projects and the flow of monies paid in connection therewith. Defendants are still hoping to resolve the open issues relative to that subpoena without the necessity of a motion to compel. Regardless, this is not discovery that Plaintiffs sought, and Plaintiffs have failed to articulate how Attorney Maiden's additional documents, if any, would impact their ability to finally disclose the details of the allegedly fraudulent billing on the Lyman-Cutler project. In short, this is just another delay tactic and there is absolutely no reason to extend the discovery and expert disclosure deadlines.

Based upon the foregoing, Defendants respectfully request that Plaintiff's Motion to Extend Scheduling Order Deadlines be denied.

Dated: June 27, 2018

VADIM KAGAN,
TATIANA KAGAN,
KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP.,

By their Attorneys,

/s/ John H. Perten
Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
James P. Harris, BBO# 678283
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA 02109
Tel: 617-897-5600
Fax: 617-439-9363
E-mail: ccandon@sheehan.com
jperten@sheehan.com
jharris@sheehan.com

3

CERTIFICATE OF SERVICE

I hereby certify that on this 27 day of June, 2018, a copy of the foregoing was served upon the parties listed below via ECF and/or first class mail, postage prepaid.

Eric K. Bradford
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

Amy M. McCallen
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

/s/ John H. Perten
John H. Perten