UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:          ) <br>            ) <br> LYMAN-CUTLER, LLC,    ) <br>            ) <br>    Debtor.       ) | Chapter 7 <br> Case No. 15-13881-FJB |

| | |
|---|---|
| LYMAN-CUTLER, LLC,    ) <br>            ) <br>    Plaintiff,      ) <br>            ) <br>    v.         ) <br>            ) <br> VADIM KAGAN, TATIANA KAGAN, ) <br> KAGAN DEVELOPMENT KDC, CORP. ) <br> and PROEXCAVATION CORP.   ) <br>            ) <br>    Defendants.     ) | Adv. Case No.16-01120 |

MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM
SERVED ON BORIS MAIDEN, ESQ.

Now come Kagan Development KDC, Corp., Vadim Kagan, Tatiana Kagan and

ProExcavation Corp. (the "Kagan Parties") and move, pursuant to Fed. R. Civ. P. 37

(a)(1), 37(a)(3)(B), 37(a)(5) and Local Bankruptcy Rule 7031-1(a), that this Court

compel Attorney Boris Maiden ("Attorney Maiden") to produce documents requested in

a subpoena *duces tecum* served on him on May 23, 2018.  Despite efforts by the Kagan

Parties to narrow the issues and work with Attorney Maiden, to date he has refused to

produce <u>any</u> documents thereby necessitating this motion.  Pursuant to Rule 37(a)(5) of

the Federal Rules of Civil Procedure and Local Bankruptcy Rule 7037-1(c), the Kagan

Parties further seek attorneys' fees and costs incurred in having to file this motion.  In

further support hereof, the Kagan Parties state as follows:

1.   Attorney Maiden's fingerprints permeate all aspects of this dispute.  He was the

attorney who drafted and filed the organizational documents for the Debtor, Lyman-

Cutler, LLC ("Lyman-Cutler" of "Debtor").  He also handled the purchase of the

underlying property on behalf of Lyman-Cutler.  He simultaneously represented

Rockland Trust Company, who provided the purchase money loan and the construction

loans to the Debtor.  He received a fee for his services out of the loan proceeds.  He had a

pre-existing relationship with Vadim Kagan, Alex Filippov and Nickolay Lipetsker

(together with the Debtor, Filippov and Lipetsker are referred to herein as the "Filippov

Parties") and had worked with each of them on other projects.  Additionally, he drafted

the organizational documents, and handled the financing and real estate purchases and

sales on several other Kagan related projects which the Filippov Parties have been made

an issue in this litigation.  In short, he is a key figure and his communications and records

are directly relevant to the issues that have been raised.

2.   Prior to the filing of the instant bankruptcy petition  when this dispute was

pending in the state court, the Kagan Parties subpoenaed Attorney Maiden's records

relating solely to Lyman-Cutler and commenced Attorney Maiden's testimonial

deposition.  After a few hours, that deposition was suspended to accommodate scheduling

issues raised by Attorney Maiden.  Shortly thereafter, the Filippov Parties filed the

petition for bankruptcy, thereby staying the state court actions. The parties never

concluded Attorney Maiden's deposition.

3.   Though there is clearly some overlap between the issues in the state court litigation and the instant proceedings, the scope of relevant issues has been expanded, over the objection of the Kagan Parties, to include not just the Lyman-Cutler project, but multiple other projects in which the Kagan Parties participated.  The Filippov Parties have presented affidavits from investors on other projects who claim to have also experienced malfeasance (though based upon depositions taken of these individuals their stories are clearly are not supportable) and have sought and obtained information on five additional Kagan projects as well as accounting records which cover other projects. Thus, the scope of discovery has expanded exponentially from when this action was first filed in the state court.

4.   On May 23, 2018, the Kagan Parties served Attorney Maiden with a subpoena *duces tecum*, requesting that documents be produced by May 31, 2018.  They did not seek a testimonial deposition.  A true and accurate copy of the subpoena, with the officer's return of service, is annexed hereto as Exhibit A.  It should be noted that the Filippov Parties did not object to the issuance of the subpoena and at no time did Attorney Maiden move to quash or seek a protective order.

5.   On May 30, 2018, counsel for Attorney Maiden, issued a letter wherein he objected to the production of any documents.  A true and accurate copy of this letter is annexed hereto as Exhibit B.  Counsel raised four primary objections: 1) Attorney Maiden was not provided sufficient time to respond; 2) Attorney Maiden already produced documents in the state court action; 3) the subpoena was "unreasonably broad, not reasonably calculated to lead to the discovery of admissible evidence, and constitute and undue burden on Attorney Maiden…:" and 4) the requested documents are

privileged.  Based upon these objections, Attorney Maiden refused to provide any

documents whatsoever and threatened to request for sanctions if the Kagan Parties

refused to back down.

6.  By letter dated June 4, 2018, the Kagan Parties responded to each of the

objections raised by Attorney Maiden.  A true and accurate copy of this letter is annexed

hereto as Exhibit C.  In that response, the Kagan Parties 1) offered additional time to

respond; 2) pointed out that the scope of discovery had expanded since the state court

action; 3) asked for more information to assess the claimed "undue burden"; and 4)

requested additional information, including a privilege log, to respond to any claims of

attorney-client privilege.  Notwithstanding, this response, Attorney Maiden has still not

produced documents.

7.  On June 21, 2018, the parties and Attorney Maiden's counsel conducted an

informal conference with the Court and, thereafter this Court granted leave to file a

discovery motion, if necessary.[1]  (Docket No. 300; A. P. Docket No. 169).  In response to

Attorney Maiden's counsel's request during that conference to identify the specific

projects of interest, on June 29, 2018, the Kagan Parties provided Attorney Maiden with a

list of the requested list of projects.  Counsel acknowledged receipt of the list and

promised to respond with his client's position by July 3, 2018.

8.  On July 3, 2018, Attorney Maiden's counsel e-mailed the promised response.  He

stated that Attorney Maiden would produce some, but not all, documents; refused to

produce documents relating to the specified individuals; and continued to assert the

attorney-client privilege as a basis for withholding some of the documents.  A copy of

---

[1] To accommodate the schedule of Attorney Maiden's counsel, the conference which had originally been
scheduled for June 15, 2018 was continued until June 21, 2018.  See Docket No. 295; A.P. Docket No. 158.

this response is annexed hereto as Exhibit D.  Attorney Maiden did not commit to

producing documents by any specific date.

9.  On July 9, 2018, having received no documents and in an effort to avoid motion

practice, the Kagan Parties wrote to Attorney Maiden demanding that responsive

documents be provided no later than July 13th.  A copy of this letter is annexed hereto as

Exhibit E.  July 13th came and went, and still no documents were produced and no further

communication occurred from Attorney Maiden, thereby necessitating this motion.

10. None of the objections asserted by Attorney Maiden in his letter of May 30, 2018

(Exhibit B) are valid.  The Kagan Parties' response to that letter on June 4, 2018 (Exhibit

C) and their follow-up letter of June 9, 2018 (Exhibit E) are incorporated herein by

reference, as summarized and augmented below:

    a.  Time for responding:  Over six weeks has passed since service of the

        subpoena and almost a month since the parties' informal conference with the

        Court.  To the extent that Attorney Maiden had a valid objection based on the

        amount of time needed to locate and produce the documents, that objection is

        now moot.

    b.  Documents already produced in state court litigation:  The Kagan Parties are

        not requesting that documents previously produced be produced a second

        time.  The document request annexed to the subpoena *duces tecum* is broader

        than the one served during the state court litigation, reflecting the expansion

        of the issues in the bankruptcy court when compared to those at issue in the

        state court litigation.   The state court subpoena focused only on the Lyman-

Cutler project while the current subpoena focusses on other projects and

witnesses which have become issues in these proceedings.

c.   <u>Request not reasonably calculated to lead to the discovery of admissible</u>

<u>evidence and undue burden</u>:  As Attorney Maiden presumably knows,

admissibility is not the standard provided by Fed. R. Civ. P. 26(b).  That rule

provides:

> Parties may obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense and proportional to the needs of
> the case, considering the importance of the issues at stake in the action, the
> amount in controversy, the parties' relative access to relevant information,
> the parties' resources, the importance of the discovery in resolving the
> issues, and whether the burden or expense of the proposed discovery
> outweighs its likely benefit. Information within this scope of discovery
> need not be admissible in evidence to be discoverable.

Here, the amount in controversy exceeds $3.5 million and this Court

has already permitted discovery into other projects which the Filippov Parties

have made an issue.  The information sought is directly relevant to the defense

and proportional to the amount in controversy.  As to "undue burden,"

Attorney Maiden has failed to provide any evidence that he would be unduly

burdened, especially after the Kagan Parties, in an effort to avoid motion

practice, were willing to agree to limit their request to only the specific

projects they identified, though that offer appears to have been rebuffed.

Moreover, Kagan was either a direct client or a member (and/or managing

member) of the companies for which Attorney Maiden created the documents

and received payment therefor.  Merely reciting an objection based on undue

burden, without providing any of the factual basis to support it, is invalid.

Attorney Maiden has made no case for undue burden and all the subpoenaed documents should be produced.

d.  Attorney-client privilege: Attorney Maiden blanketly asserts the privilege, yet has failed, despite repeated demand, to produce a privilege log. At a minimum, Attorney Maiden must produce a privilege log so his assertion of the privilege can be examined. To the extent documents are withheld on any other purported basis, the log must include information on those documents too. See Fed. R. Civ. P. 26(b)(5). To the extent that Attorney Maiden believes that some information, but not all, contained in a document is privileged, he is still obligated to produce redacted documents subject, of course, to a proper privilege log which will enable the Kagan Parties to review the validity of the claimed privilege. If the requested documents are engagement letters (see Document Request No. 7), certainly, the name of the client and the scope of the engagement is not privileged while the balance could be redacted.

11. Rule 37(a)(5) obligates a federal court to assess costs associated with a successful discovery motion, provided that the parties have conferred in good faith in an effort to resolve the issues and the objections asserted were without basis. Local Bankruptcy Rule 7031-1(c) grants this same authority to this Court. As set forth herein and in the supporting documentation annexed hereto, the Kagan Parties have been diligent in trying to compel compliance with the subpoena without having to burden this Court or incur the cost associated with preparation of the instant motion. They responded to each and every objection asserted, they participated in an informal discovery conference with this Court,

they voluntarily agreed to narrow the scope of their requests in an effort to meet the

stated concerns raised by Attorney Maiden's counsel, and voluntarily agreed to provide

additional time for Attorney Maiden to respond.  Despite all these efforts, Attorney

Maiden has remained steadfast in his position and has refused to produce **any** documents

or communicate further, thereby remaining in contempt of the subpoena and delaying the

prompt resolution of these claims.  An award of fees and costs is clearly warranted.

WHEREFORE, the Kagan Parties respectfully request that this Court (1) overrule

any objections asserted by Attorney Maiden to the subpoena *duces tecum*; (2) order the

production of all responsive documents within five (5) days from the allowance of this

motion; (3) order the production of a privilege log if any documents are withheld; (4)

award the Kagan Parties fees and costs in connection with this motion; and (5) such other

relief as is equitable and just.

KAGAN DEVELOPMENT KDC, CORP. et
als.

By their attorneys,

/s/ John H. Perten

John H. Perten, Esq. (BBO# 548728)
James P. Harris, Esq.
SHEEHAN PHINNEY BASS & GREEN, P.A.
255 State Street, Fifth Floor
Boston, MA 02109
(617) 897-5600
jperten@sheehan.com

Dated:  July 17, 2018

## CERTIFICATE OF SERVICE

I, John H. Perten, Esq., certify that on July 17, 2018 I served the foregoing document on all counsel of record via ECF and/or first class mail.  I further served non-party, Attorney Boris Maiden c/o his counsel, Val Gurvits, Esq., Boston Law Group, LLC, 825 Beacon Street, Suite 20, Newton Centre, MA  02459 via e-mail and first class mail, postage prepaid.

/s/ John H. Perten

# EXHIBIT A

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

District of    Massachusetts

In re      Lyman-Cutler, LLC

Debtor

*(Complete if issued in an adversary proceeding)*

Lyman-Cutler, LLC

Plaintiff

Vadim Kagan, Tatiana Kagan, Kagan Development KDC
Corp., Proexcavation Corp.

Defendant

Case No.    15-13881-FJB

Chapter    7

Adv. Proc. No.    16-01120

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:      Boris Maiden , 14 Webster Street, Brookline, MA  02446

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE                                                               | DATE AND TIME                    |
|---------------------------------------------------------------------|----------------------------------|
| Sheehan Phinney Bass & Green, 255 State Street, Boston, MA  02109    | May 31, 2018 at 10:00 a.m.       |

The deposition will be recorded by this method:

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Exhibit A for documents to be produced

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    May 23, 2018

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*
John H. Perten

The name, address, email address, and telephone number of the attorney representing *(name of party)* Vadim Kagan, Tatiana Kagan, Kagan Development KDC Corp., Proexcavation Corp.
, who issues or requests this subpoena, are:
John H. Perten, Esq., Sheehan Phinney, 255 State Street, Boston, MA 02109; 617-897-5600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:   Boris Maiden
on *(date)* May 23, 2018

[X] I served the subpoena by delivering a copy to the named person as follows:  by handing true and attested copies thereof to the within named Boris Maiden, In Hand.  Said service was made at 14 Webster Street, Brookline, MA
on *(date)* May 24, 2018  ; or

[ ] I returned the subpoena unexecuted because: _

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $    0.00

My fees are $  14.00  for travel and $  25.00 for services, for a total of $  39.00

I declare under penalty of perjury that this information is true and correct.

Date:  May 24, 2018

*Server's signature*
Samuel Desrosiers, Constable

*Printed name and title*
204 Cambridge Street, Suite 204
Cambridge MA  02141

*Server's address*

Additional information concerning attempted service, etc.:

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A – DOCUMENTS TO BE PRODUCED

### BORIS MAIDEN

1.  Any and all documents which evidence or reference any money received from any party
    who invested in any projects in which Vadim Kagan, individually or through any company
    in which he held an equity interest such as single project limited liability companies
    (collectively, "Kagan").  Included in this request are bank records which reflect the transfer
    of such funds.

2.  Any and all documents which reflect any and all payments from Vadim Kagan,
    individually or through any company in which he held an equity interest such as single
    project limited liability companies, to Boris Maiden or his assigns.

3.  Any and all engagement or conflict of interest letters relating any project in which Vadim
    Kagan, individually or through any company in which he held an equity interest such as
    single project limited liability companies, participated.

5.  Any and all documents reflecting the amount and source of payment of any monies from
    anyone to Boris Maiden, individually or as escrow agent, relating to any project in which
    Vadim Kagan, individually or through any company in which he held an equity interest
    such as single project limited liability companies, participated.

6.  Any and all documents constituting or referencing communications between Boris Maiden
    and the following persons: Alex Filippov, Sean Carnathan, Esq., Joseph Calandrelli, Esq.,
    Nickolay Lipetsker,  Kristina Brusenkova, Elena Lande, Alexander Fodymanow, Mark
    Kayserman, Vladislav Abramskiy, Dmitriy Zhukovskiy.

7.  Any and all documents, including but not limited to engagement letters, setting forth the
    terms and conditions under which Boris Maiden agreed to represent the Rockland Trust
    Company's interests with respect to any project in which Vadim Kagan, individually or
    through any company in which he held an equity interest such as single project limited
    liability companies, was involved.

# EXHIBIT B

05/30/2019   13:51    16179201802                    BOSTON LAW GROUP PC                              PAGE  01/05

# BOSTON LAW GROUP, PC

ATTORNEYS AT LAW

825 BEACON STREET, SUITE 20
NEWTON CENTRE, MASSACHUSETTS 02459

Main (617) 928-1800

Fax (617) 928-1802

**Via fax 617-439-9363 – 5 pages**
**and email jperten@sheehan.com**

May 30, 2018

John H. Perten, Esq.
Sheehan Pinney
255 State Street
Boston, Massachusetts 02109

Re:   **Lyman-Cutler, LLC v. Vadim Kagan et al**
      **D. Mass. Bankruptcy Court, Adversary Proceeding No. 16-01120**

Dear Mr. Perten,

This law firm is legal counsel to Attorney Boris Maiden. Please direct all future communications to my attention. We in are in receipt of your Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) issued by you to Attorney Maiden in the above referenced case. We respond to the Subpoena herewith.

Attorney Maiden objects to the entirety of the Subpoena and will not produce records to the Subpoena on the following grounds:

1.    As a threshold matter, your Subpoena (which is dated May 23, 2018) requires Attorney Maiden to produce documents by May 31, 2018. You served your Subpoena on Friday, May 25, 2018, right before the long Memorial Day weekend, effectively giving Attorney Maiden one business day to respond to a subpoena that is already improper, harassing and overbroad. Therefore, your Subpoena fails to comply with the requirements of FRCP Rule 45 (c)(1) because you failed to take proper steps to avoid imposing an unreasonable burden on Attorney Maiden.

2.    Attorney Maiden has already appeared for a deposition and produced hundreds of documents in the present litigation pursuant to your 2015 subpoena, a copy of which I attach hereto for your reference. Pursuant to that deposition and the previously produced documents, Attorney Maiden has already provided you testimony and all documents related to the present litigation which are under his care, custody and control.

05/30/2019   13:51   16179281902                 BOSTON LAW GROUP PC                    PAGE   02/05

3.  The document requests in your Subpoena are unreasonably broad, not calculated
    to lead to the discovery of admissible evidence, and constitute an undue burden on
    Attorney Maiden (particularly in the context of the other points herein).

4.  The document requests in your Subpoena seek documents that constitute attorney-
    client communications, such as attorney/client engagement letters.  As an
    example, surely as a practicing attorney, you recognize that an engagement letter
    between an attorney and his client are privileged.

Accordingly, Attorney Maiden objects to the Subpoena in its entirety and will not
produce any documents in response thereof.  Should Attorney Maiden be required to take any
further action in connection with your Subpoena or any other request from you, Attorney Maiden
will seek relief from the Court and request appropriate sanctions against you and your client.

This letter is not intended to constitute, nor shall it be deemed to constitute, a full
statement of all facts, rights or claims relating to this matter, nor is it intended, nor shall it be
construed as, a waiver, release or relinquishment of any defenses, rights or remedies available to
my client, whether legal or equitable, all of which are hereby expressly reserved.

Please govern yourself appropriately.

Very Truly Yours,

Val Gurvits, Esq.

Enclosures as stated

# EXHIBIT C

# SHEEHAN PHINNEY

Manchester, NH | Concord, NH | Hanover, NH | Boston, MA

James P. Harris, Esq.
Direct Dial: 603-627-8152
jharris@sheehan.com

Reply to:  Manchester Office
1000 Elm Street, 17th floor
Manchester, NH  03101

June 4, 2018

<u>Via Facsimile (617-928-1802)</u>
<u>And First Class Mail</u>

Val Gurvits, Esq.
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459

Re:    In re: Lyman-Cutler, LLC., Chapter 7, Docket No. 15-13881; A. P. 16-1120

Dear Attorney Gurvits:

I write in response to your letter to John Perten dated May 30, 2018, regarding the subpoena served on Attorney Boris Maiden (the "Subpoena"). For the reasons stated below, the objections are not well founded and we insist on compliance with the subpoena.

Attorney Maiden protests that he produced documents three years ago and appeared for a deposition, so he should not be required to produce additional documents. First, as you may know, Attorney Maiden's deposition was suspended, as opposed to concluded. Second, the basis for Attorney Maiden's assertion that he has "already provided you ... all documents related to the present litigation which are under his care, custody and control" is unclear. The reality is that the Plaintiffs in the case have significantly expanded the scope of discovery, over our objection, and the Court ordered production of documents and testimony regarding more than just the Lyman-Cutler project. While we respectfully resisted the efforts to expand the scope of discovery, the Court overruled our objections and we stand in the position of conducting discovery on a broader range of projects. As such, Attorney Maiden incorrectly posits that the information sought in the recent subpoena is beyond the scope of discoverable information. I note that, to my knowledge, the Plaintiff did not object to the scope of the subpoena served on Attorney Maiden.

To the extent Attorney Maiden claims that the subpoena imposes an undue burden on him because of its breadth, he has failed to articulate the burden he faces. He does not, for example, give any indication as to the volume of responsive information he possesses. Without a more specific articulation, we remain of the view that the subpoena is reasonably tailored to elicit documents relevant to the claims and defenses in the case.

Val Gurvits, Esq.
June 4, 2018
Page 2

Attorney Maiden provides a generalized, unspecific objection that the subpoena requires him to produce attorney-client communications. First, it is an overstatement to suggest that each category of requested documents requires the production of attorney-client communications. Several of the categories seek financial documents, which are not attorney-client communications. Second, if Attorney Maiden truly feels that portions of the subpoena require the production of privileged communications, the proper course is to itemize those on a privilege log, so we can examine specific assertions of privilege rather than deal in generalities. It is improper to flatly object to the subpoena in its entirety, particularly where some portion of the subpoena calls for information that clearly cannot be privileged.

In the context of reviewing Attorney Maiden's assertion of the attorney-client privilege, we are keenly interested in examining who is/was Attorney Maiden's actual client. The subpoena calls for documents pertaining to Mr. Kagan and various entities in which he has been involved. To the extent Attorney Maiden now understands Mr. Kagan to be the client, Attorney Maiden should have no objection to producing the documents, as Mr. Kagan controls the privilege. To the extent Attorney Maiden claims that he represented the single project limited liability companies, Mr. Kagan as a member has a right to access information about those entities and Attorney Maiden cannot object to the production. If Attorney Maiden claims someone else controls the privilege, he must identify those individuals so we can examine the assertion of privilege more fully. Suffice it to say, however, that we find the assertion of privilege dubious and without more information assume Attorney Maiden will be unable to carry his burden.

While we are willing to discuss a reasonable time for Attorney Maiden to produce the responsive documents, we can entertain such a request only after resolving that Attorney Maiden will in fact provide a substantive response. Kindly contact me at your earliest convenience to discuss.

Very truly yours,

James P. Harris

cc: John Perten, Esq. (via e-mail)

# EXHIBIT D

**John Perten**

| | |
|---|---|
| **From:** | Val Gurvits <vgurvits@bostonlawgroup.com> |
| **Sent:** | Tuesday, July 03, 2018 5:42 PM |
| **To:** | John Perten |
| **Subject:** | Re: Lyman-Cutler, LLC/Vadim Kagan - Subpoena to Boris Maiden |

John,

Please excuse the brevity of this response, as I am on a family vacation. Thank you for providing a specific list of entities. Attorney Maiden notes that your list includes 55 Lyman Road/88 Cutler Lane. Attorney Maiden has already provided to you in 2015 all documents in his care, custody or control pertaining to that entity. Accordingly, he will not provide those documents again.

Attorney Maiden will provide documents with respect to the other entities in accordance with the responses below. For the sake of a clear record, the entities, excluding 55 Lyman Road/88 Cutler Lane (collectively "Entities") are:

40 Druid Hill Road

6 Deborah Road

104 Dorcar Road

73 Fuller Street

30 Hyde Avenue

143 I 145 Florence Street

24 Druid Hill Road

50 Yarmouth Road

10 Lyman Road

<u>80 Dorcar Road</u> (which became <u>2 Eastham Road</u>after an address change)

<u>137 Cynthia Road</u> (could be listed as <u>131 Cynthia Road</u>)

<u>1657 Centre Street</u>

With respect to the numbered Requests, Mr. Maiden responds as follows:

1.  My client will produce all Entity-related documents in his care, custody of control, responsive to this Request.

2.  My client will produce all Entity-related documents in his care, custody of control, responsive to this Request.

3.  My client will produce all Entity-related documents in his care, custody of control, responsive to this Request.

4.  [sic]

5.  My client will produce all Entity-related documents in his care, custody of control, responsive to this Request.

6.  My client objects to this Request as being overbroad and not being reasonably calculated to the discovery of admissible evidence.  My client further objects to this request to the extent it seeks attorney-client communications.  Subject to the preceding objections, my client will produce (a) all Entity-related documents and (b) all documents discussing or pertaining to Mr. Kagan, that are in my client's care, custody of control, responsive to this Request.

7.  My client objects to this Request because it seeks documents constituting confidential attorney-client communications.  My client will not produce any documents responsive to this request.

I will be out of the office for the remainder of this week, returning to the office on Monday. Enjoy the 4th of July holiday.

Best regards,


Val Gurvits
Boston Law Group, PC
825 Beacon Street, Suite 20 | Newton Centre, MA 02459
Direct: (617) 928-1804 | Tel: (617) 928-1800 | Fax: (617) 928-1802
vgurvits@bostonlawgroup.com


--------------------------------------------------------------------------
The contents of this message and any attachments are confidential and intended only for the addressee(s). This message
may also be subject to attorney-client privilege. If you received this message in error, please notify Boston Law Group,
PC immediately and destroy the original message. Boston Law Group, PC | Tel: (617) 928-1800 | E-
mail: info@bostonlawgroup.com
In compliance with IRS regulations, we advise you that any discussion of Federal tax issues is not intended or written to
be used, and may not be used, by you to avoid any penalties imposed under the Internal Revenue Code or to promote,
market or recommend to another party any transaction or matter addressed.

On Jul 2, 2018, at 6:13 PM, John Perten <jperten@sheehan.com> wrote:

> Val, please respond to me by tomorrow as if we cannot reach an
> accommodation, I will need to file a motion to compel by week's end.
>
> Thank you.
>
> **John H. Perten, Esq.**
>
> <image001.png>
>
> Sheehan Phinney Bass & Green
> 255 State Street, 5th Floor
> Boston, MA  02109
> T 617.897.5641
> F 617.439.9363
> jperten@sheehan.com
> www.sheehan.com

> **From:** Val Gurvits [mailto:vgurvits@bostonlawgroup.com]
> **Sent:** Friday, June 29, 2018 5:40 PM
> **To:** John Perten
> **Subject:** Re: Lyman-Cutler, LLC/Vadim Kagan - Subpoena to Boris Maiden
>
> John,
>
> I will discuss with my client and get back to you early next week.
>
> Best,
>
> Val Gurvits
> Boston Law Group, PC

3

825 Beacon Street, Suite 20 | Newton Centre, MA 02459
Direct: (617) 928-1804 | Tel: (617) 928-1800 | Fax: (617) 928-1802
vgurvits@bostonlawgroup.com

------------------------------------------------------------------------

The contents of this message and any attachments are confidential and intended only for the
addressee(s). This message may also be subject to attorney-client privilege. If you received this message
in error, please notify Boston Law Group, PC immediately and destroy the original message. Boston Law
Group, PC | Tel: (617) 928-1800 | E-mail: info@bostonlawgroup.com
In compliance with IRS regulations, we advise you that any discussion of Federal tax issues is not
intended or written to be used, and may not be used, by you to avoid any penalties imposed under the
Internal Revenue Code or to promote, market or recommend to another party any transaction or matter
addressed.

On Jun 29, 2018, at 5:08 PM, John Perten <jperten@sheehan.com> wrote:

> Please see attached.
>
> **John H. Perten, Esq.**
>
> <image001.png>
>
> Sheehan Phinney Bass & Green
> 255 State Street, 5th Floor
> Boston, MA  02109
> T 617.897.5641
> F 617.439.9363
> jperten@sheehan.com
> www.sheehan.com

> <~WRD372.jpg>

> SHEEHAN PHINNEY BASS & GREEN PRIVILEGED AND CONFIDENTIAL: This electronic mail
> transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed.
> If you have received this transmission in error, please notify the sender immediately by reply e-mail and delete the
> transmission. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

> <20180629170756.pdf>



SHEEHAN PHINNEY BASS & GREEN PRIVILEGED AND CONFIDENTIAL: This electronic mail transmission is
privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this
transmission in error, please notify the sender immediately by reply e-mail and delete the transmission. Unintended transmission shall
not constitute waiver of the attorney-client or any other privilege.

# EXHIBIT E

# SHEEHAN PHINNEY

Boston, MA | Manchester, NH | Concord, NH | Hanover, NH

John H. Perten, Esq.
Direct Dial: 617-897-5641
jperten@sheehan.com

Reply to: Boston Office
255 State Street
Boston, MA 02109

July 9, 2018

Via E-Mail and Regular Mail
Val Gurvits, Esq.
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459

Re: *Lyman-Cutler, LLC v. Vadim Kagan, et al./Subpoena Duces Tecum Served on Boris Maiden, Esq.*

Dear Mr. Gurvits,

I am in receipt of your e-mail response dated July 3, 2018 with respect to the outstanding subpoena duces tecum served on your client, Attorney Boris Maiden. While we may have narrowed some of the issues, we still are not in agreement on everything.

First, you carefully limited your response to Request Nos. 1, 2, 3 and 5 to "Entity related" documents. I am not sure what you mean by that. The requests are not limited to "Entity related" documents. If there is a subset of documents relating to the projects that I identified that you are withholding as you do not deem them "Entity related," but rather "individual related" or something else, please provide me with a log of the withheld documents and the basis for withholding them. If you are not withholding documents, please confirm that to me.

As to Request No. 6, there is nothing overly broad in that request. That aside, you again assert the attorney-client privilege which I find very curious as most if not all of the persons listed testified at deposition that Attorney Maiden either did not represent them or represented them in only a very limited capacity, i.e. relating to their purchase of a personal residence. If you are claiming attorney-client privilege, I renew my request for a privilege log. Moreover, I have the same question as to the "Entity-related" qualification discussed above. This is especially so insofar as Request No 6 was directed at communications with individuals, and not communications with entities.

As to Request No. 7, you have again asserted the attorney-client privilege. Please provide a privilege log. Even assuming, *arguendo*, that some of the documents are privileged, the subject matter of an attorney's representation is not privileged. I am willing to entertain the redaction of attorney-client communications, coupled with a privilege log, provided that the name of the client, the date, and the scope of the representation is revealed. Moreover, to the extent that Kagan or his companies were the borrowers, and Attorney

Val Gurvits, Esq.
July 9, 2018
Page 2

Maiden was paid by Kagan out of the loan proceeds at closing, I am not even sure that there
is a privilege.

Finally, you did not commit to providing any documents by a date certain and, as of
the date of this letter, I have received nothing further from you. It has been several weeks
since the subpoena was served. Accordingly, I respectfully request that all documents and
associated privilege logs be provided to me by close of business on Friday, July 13th in order
to avoid motion practice.

Thank you.

Very truly yours,

John H. Perten

JHP