UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| *In re:* | ) | |
| | ) | |
| LYMAN-CUTLER, LLC, | ) | Chapter 7 |
| Debtor | ) | Case No. 15-13881 FJB |
| | ) | |

| | | |
|---|---|---|
| LYMAN-CUTLER, LLC, ALEX FILIPPOV, | ) | |
| and NICKOLAY LIPETSKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adv. Case No. 1:16-ap-01120 |
| v. | ) | |
| | ) | |
| VADIM KAGAN, TATIANA KAGAN, | ) | |
| KAGAN DEVELOPMENT KDC, CORP. and | ) | |
| PROEXCAVATION CORP. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO RESCHEDULE DEADLINE FOR FILING PRETRIAL MEMORANDUM**

Plaintiffs Lyman-Cutler, LLC, Alex Filippov, and Nickolay Lipetsker oppose the

Defendants' request to reschedule the deadline for filing the pretrial memorandum.

Fact discovery was completed over a month ago, subject to wrapping up subpoenas to

Boris Maiden and Comcast, which will not affect any dispositive motion.  With the exception of

the documents the Court recently ordered to be produced by Comcast – which the parties expect

to be produced on August 21, 2018 and which will not determine the outcome of any dispositive

motion – the parties are already in possession of the factual evidence they will use to try the case

as well as the opening expert reports.

1

The plaintiffs do not believe that dispositive motions are warranted for any party.  The case is too factually-dependent to dispose of the claims without a trial.  If the Defendants believe in good faith that they can prevail on a dispositive motion, then they are in a position to prepare and file it now and do not need to wait until the October 15, 2018 deadline previously set by the Court.  Indeed, a trial will be necessary in any event given Defendants' statement that all they intend to file is a motion for <u>partial summary judgment</u>, which, plaintiffs expect in all likelihood, will simply be a rehashing of the arguments the Defendants have argued repeatedly in their motions to dismiss.

This Court may be aware that the Business Litigation Session in the Massachusetts State Court does not permit the filing of partial dispositive motions without Court permission.  <u>See</u> Procedural Order, June 1, 2015 (attached as <u>Exhibit 1</u>).  Given the length of time this matter has been pending, and the punishing costs of litigation to date, plaintiffs respectfully suggest that entertaining a partial motion for summary judgment will inflict significant cost and delay on the parties (and the Court) to no meaningful end, and the Court should exercise its discretion to decline to entertain such a motion.

LYMAN-CUTLER, LLC,
By its attorney,

ALEX FILIPPOV and
NICKOLAY LIPETSKER,
By their attorneys,

/s/ Peter Tamposi
Peter N. Tamposi, BBO No. 639497
The Tamposi Law Group, P.C.
159 Main Street
Nashua, NH 03060
T: (603) 204-5513

/s/ Sean T. Carnathan
Sean T. Carnathan, BBO No. 636889
scarnathan@ocmlaw.net
Joseph P. Calandrelli, BBO No. 666128
jcalandrelli@ocmlaw.net
O'Connor, Carnathan and Mack, LLC
1 Van de Graaff Dr. Suite 104
Burlington, MA 01803
T:  781-359-9000

Dated:  August 20, 2018

Certificate of Service

I hereby certify that a copy of the foregoing document was served on counsel of record
for all of the parties on August 20, 2018.

/s/ Sean T. Carnathan
Sean T. Carnathan

4815-4492-5552, v.  1