UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br>Defendants in Counterclaim,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants,<br>Plaintiffs in Counterclaim. | Adv. Proc. No. 16-01120 |

<u>MOTION TO STRIKE AMENDED EXPERT DISCLOSURE, LATE EXPERT REBUTTAL
AND SUR-REPLY EXPERT REPORT</u>
(Request for Expedited Ruling)

Vadim Kagan, Tatiana Kagan, Kagan Development KDC, Corp. and ProExcavation Corp. ("ProExcavation") (collectively, the "Kagan Parties"), move that this court strike the amended expert disclosure of D.A. Doddridge & Associates, Inc. and the "Supplemental Report of David Doddridge in Response to Von Salmi & Associates Report Dated August 29, 2018, and in Rebuttal to Report Dated July 26, 2018 as Supplemented August 15, 2018", which report was served <u>over two weeks late</u>. Plaintiffs intentionally ignored the filing deadlines to gain a tactical

advantage by reviewing the Kagan Parties' rebuttal report before committing themselves to their own position. The late filed "rebuttal" is actually an improper sur-reply and, if allowed to stand, will cause substantial prejudice to the Kagan Parties and needlessly complicate and extend the upcoming trial. By this filing, plaintiffs have undermined potential dispositive motions and avenues for cross-examination, needlessly ensuring that issues that should have fallen from this case will remain. This is gamesmanship at its worst, and should not be countenanced by this Court.

As the ruling on this motion will necessarily impact the filing of potentially dispositive motions which are due on October 15, 2016 and the scope, or even the necessity, of expert depositions and testimony, and the parties are already scheduled for a hearing before this Court on October 2, 2018, the Kagan Parties respectfully request that this matter be heard on an expedited basis. In further support hereof, the Kagan Parties state as follows:

1. Initial expert disclosures, after plaintiffs' requested and received a thirty day extension, were due on July 30, 2018. After filing their initial disclosure, which was not received until after the expiration of the deadline due to plaintiffs' claim of an e-mail glitch, plaintiffs filed an "amended disclosure." This "amendment" added a new report by D.A. Doddridge and Associates, Inc. (the "Doddridge Report") and was filed only after the Kagan Parties had timely submitted their own initial disclosure (the "Von Salmi Report). The Doddridge Report only addressed the ProExcavation costs, thereby leaving plaintiffs' challenge to the balance of the project costs unsupported by any expert opinion. The lack of an expert report on the total project cost would undoubtedly shorten and simplify the issues in this case.

2. Rebuttal expert reports were due on August 29, 2018. The Kagan Parties timely filed their rebuttal report (the "Von Salmi Rebuttal"). In his rebuttal, the Kagan Parties' expert, Von

Salmi, properly critiqued the Doddridge Report. The rebuttal pointed out, *inter alia*, that the Doddridge Report failed to include multiple construction details in its analysis, miscalculated multiple items, and relied upon the wrong set of architectural plans.

3. Plaintiffs failed to serve a timely rebuttal to the Von Salmi Report and failed seek an extension from the Court's deadline for serving rebuttal. On September 13, 2018, **over two weeks after the deadline and after having had over two weeks to review and analyze the Von Salmi Rebuttal**, plaintiffs served a purported "rebuttal" (the "Doddridge Rebuttal"). The Doddridge Rebuttal, almost exclusively, improperly focuses on the issues raised in the Von Salmi Rebuttal and sought to correct the deficiencies pointed out therein. Moreover, plaintiffs are using the Doddridge Rebuttal in a wrongful attempt to expand the scope of their initial disclosure by, for the first time, purporting to set forth an opinion as to the fair and reasonable costs for the entire Lyman-Cutler project, as opposed to addressing simply the ProExcavation costs as they had in their the initial disclosure.

4. The Kagan Parties have been substantially prejudiced by these late filings. The exchange of expert reports and rebuttals were designed to be simultaneous so that the parties were on an even playing field and neither side had the benefit of reviewing the other side's position before committing to their own. By taking an additional, unauthorized, two weeks to review and analyze the Von Salmi Rebuttal, plaintiffs have given themselves an unfair advantage and have thereby subverted the whole concept of fairness inherent in this Court's order. By using the Doddridge Rebuttal, for the first time, to address the deficiencies in their initial disclosures, plaintiffs have significantly undermined the Kagan Parties' ability to conduct an efficient cross-examination and are improperly attempting to expand the scope of their previously disclosed expert testimony.

5. As discussed in more detail by the supporting memorandum filed herewith, in the Doddridge Rebuttal, Mr. Doddridge admits that he was engaged to review the Von Salmi Rebuttal. Indeed, even the title of his report references the August 29, 2018 Von Salmi Rebuttal and it is also mentioned in the recitation of the scope of his engagement. This admission makes it crystal clear that the late filing, which should have exclusively addressed only the initial Von Salmi Report, was an intentional and wrongful manipulation of the Rules and this Court's scheduling orders, all to the significant detriment of the Kagan Parties. The Kagan Parties should not be penalized by their compliance with the orders of this Court while the plaintiffs get a free pass to ignore those same orders.

6. In further support hereof, the Kagan Parties rely upon their supporting memorandum and exhibits.

WHEREFORE, the Kagan Parties respectfully move that the Doddridge Report and the Doddridge Rebuttal be stricken, and Mr. Doddridge be precluded from testifying as to the matters contained therein. The Kagan Parties further request that this motion be heard on an expedited basis, respectfully suggesting that this matter be heard on October 2, 2018 when the parties are already scheduled to be before this Court.

VADIM KAGAN, et als

By their attorneys,

/s/ John H. Perten, Esq.
John H. Perten (BBO# 548728)
SHEEHAN PHINNEY BASS & GREEN, P.A.
255 State Street, Fifth Floor
Boston, MA 02109
(617) 897-5600
jperten@sheehan.com

Dated: September 24, 2018

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2018, a copy of the foregoing was served upon the parties listed below via ECF and/or first class mail, postage prepaid.

Eric K. Bradford
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

Amy M. McCallen
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

/s/ John H. Perten
John H. Perten