# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>LYMAN-CUTLER, LLC<br>Debtor | Chapter 7<br>Case No. 15-13881 FJB |
| LYMAN-CUTLER, LLC, ALEX FILIPPOV,<br>and NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP. and<br>PROEXCAVATION CORP.<br><br>Defendants. | Adv. Case No. 1:16-ap-01120 |

**PLAINTIFFS' AMENDED EXPERT DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(2), made applicable to this proceeding through Fed. R. Bankr. P. 7026, Plaintiffs Lyman-Cutler, LLC, Alex Filippov, and Nickolay Lipetsker (the "Plaintiffs") state that they intend to call the following individuals as expert witnesses at the trial of this action:

1. Michael Goldman
   KCP Advisory Group, LLC
   655 Deerfield Road, Suite 100
   Deerfield, IL 60015

2. Hugh Morgan Fennell
   Vice President
   The Appraisers Group
   44 Trapelo Road
   Belmont, MA 02478

1

3. David A. Doddridge
   President
   D.A. Doddridge & Associates, Inc.
   27 June Street
   Worcester, MA 01602

Reports for the individuals identified above are enclosed.

| | |
|---|---|
| LYMAN-CUTLER, LLC,<br>By its attorney, | ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br>By their attorneys, |
| */s/ Peter Tamposi*<br>Peter N. Tamposi, BBO No. 639497<br>The Tamposi Law Group, P.C.<br>159 Main Street<br>Nashua, NH 03060<br>T: (603) 204-5513 | */s/ Sean T. Carnathan*<br>Sean T. Carnathan, BBO No. 636889<br>scarnathan@ocmlaw.net<br>Joseph P. Calandrelli, BBO No. 666128<br>jcalandrelli@ocmlaw.net<br>O'Connor, Carnathan and Mack, LLC<br>1 Van de Graaff Dr. Suite 104<br>Burlington, MA 01803<br>T:  781-359-9000 |

Dated:  July 30, 2018

## Certificate of Service

I hereby certify that a copy of the foregoing document was served on counsel of record for all of the parties on July 30, 2018.

*/s/ Sean T. Carnathan*
Sean T. Carnathan

**D.A. DODDRIDGE & ASSOCIATES, INC.**

July 30, 2018

Mr. Sean Carnathan, Esq.
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Dr., Suite #104
Burlington, MA 01803

Page | 1

Re: LYMAN-CUTLER, LLC, ALEX FILIPPOV and NICKOLAY LIPETSKER,
Plaintiffs, v. VADIM KAGAN, TATIANA KAGAN, KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP. Defendants. Adv. Case No. 16-01120-FJB, Chapter 7 Case No. 15-13881 FJB

Dear Attorney Carnathan,

At your request, and at the request of Attorney Peter Tamposi, I have reviewed the documents enumerated below with respect to the above-captioned civil litigation matter. The purpose of my review was to express my opinions on certain issues in the litigation. My opinions are expressed within this report.

My opinions are based upon my review of the documents enumerated below, the facts of the case, and my education, experience and training as it relates to this case. If further evidence becomes available in this case my opinions may change as a result of my review of such evidence. I reserve the right to supplement this report at any time in the future.

SCOPE OF ENGAGEMENT:

The scope of my engagement is as follows:
1. Render an opinion of the value of the construction costs for the following;
    a. Site work, including;
        i. Mobilization
        ii. Demolition of house, pool and tennis court
        iii. Stump removal and disposal
        iv. Strip & stockpile loam

**D.A. DODDRIDGE & ASSOCIATES, INC.**

Page | 2

      v. Excavate, backfill and stone interior of both new foundations
     vi. Cost of interior stone
    vii. Perimeter drain and material
   viii. Storm-Tech installation
    ix. SDR purchase and install
     x. Driveway layout, excavation and sub-gravel
    xi. Underground electric trenching
   xii. Water line installation
  xiii. Sewer line installation
  xiv. Catch basins installed
   xv. Stone walls installed
  xvi. Patios, walkways and steps installed
 xvii. Rake and seed both properties
xviii. Install foundations and concrete floors in basement and garage
  xix. "Tuff-N-Dri" foundation waterproofing

In order to be able to form such an opinion, I needed to establish a fair and reasonable cost of the above work items by performing a detailed estimate using historical construction cost guides, namely R.S. Means Residential Cost Data-2014.

2. Review the project records to determine whether the plaintiff's claim that the project was not substantially complete by March 31, 2014 is accurate.

**DOCUMENTS REVIEWED, DATA & INFORMATION CONSIDERED:**

1. R.S. Means Residential Cost Data-2014
2. Means Illustrated Construction Dictionary, 3rd ed., unabridged
3. Site plan by Peter Nolan and Associates, LLC for 55 Lyman Rd., Brookline, MA, "Final As-Built Plan" dated 9/18/14

**Cape Cod, MA:** 179 Brick Hill Rd, Orleans, MA 02653
**Worcester, MA:** 27 June St., Worcester, MA 01602

P: 800.717.7523 | E: info@DADoddridge.com | W: www.DADoddridge.com

**D.A. DODDRIDGE & ASSOCIATES, INC.**

4. Site plan by Peter Nolan and Associates, LLC for 88 Cutler Ln., Brookline, MA, "Final As-Built Plan" dated 8/27/14
5. Building plans by RAV & Assoc., Inc., sheets A-1 & A-2 dated 03/18/2013 and sheets A-3 through A-6 dated 12/14/2012
6. Amended Adversary Complaint dated November 7, 2017
7. Rockland Trust Company-Construction Advance Request Forms
8. Town of Brookline-Certificate of Occupancy for 55 Lyman Rd., dated 10/02/2014
9. Town of Brookline-Certificate of Occupancy for 88 Cutler Ln., dated 10/02/2014

METHODS AND PRINCIPLES USED:

In order to establish my opinions with respect to the scope of this engagement, I relied upon several recognized and reliable methods and principles of construction estimating, including;

1. Using the blueprints submitted, I performed computerized quantity take-offs using a program called "Blue Beam" by Revu Software, which is a highly accurate method of measuring quantities from electronic copies of blueprints.
2. To establish the per-unit cost of each construction cost line item, I identified the item(s) in the R.S. Means Residential Construction Cost Data, published for the year 2014.
3. After establishing quantity take-offs from the blueprints submitted, I then identified the appropriate category within the above-referenced R.S. Means publication for the purpose of establishing the associated per-unit cost of each unit measured (square feet, lineal feet, quantity of each, etc.) The significant majority of all costs used came from the R.S. Means Cost Guides.
4. Once I established the quantity of each unit and identified the appropriate cost-per-unit from the above-referenced construction cost guide, I then entered each in their respective cost categories in order to establish an accurate breakdown of the fair and reasonable costs to construct the above-referenced work.

Page | 3

**Cape Cod, MA:** 179 Brick Hill Rd, Orleans, MA 02653
**Worcester, MA:** 27 June St., Worcester, MA 01602

P: 800.717.7523 | E: info@DADoddridge.com | W: www.DADoddridge.com



5. In order to form an opinion on the Plaintiff's claim that the subject project was "substantially completed" as of March 31, 2014 I reviewed Construction Advance Request Forms by Rockland Trust Company and the Certificates of Occupancy issued by the Town of Brookline. Based upon my review of those records, I established that substantial completion had not been accomplished by March 31, 2014.

Page | 4

CONCLUSION & OPINION:

It is important to note that prior to establishing an estimate of the fair and reasonable cost of each of the work item I did not ask, and was not informed about, what were the actual costs incurred prior to establishing an estimate of the fair and reasonable cost for each work item. By "going in blind" and being completely unaware of the actual costs of construction, my opinion was not impacted or influenced by any actual costs. It is also important to note that the decision to proceed in this fashion was upon my requirement to accept this engagement, so I was able to render a completely non-biased opinion.

I used the R.S. Means 2014 cost guides as a representative cost guide for the scope of my engagement because as I understand it, the work was performed in the years 2013 and 2014.

The above-cited R.S. Means publications are widely recognized sources of accurate construction cost data. Established in 1942, the R.S. Means Construction Cost Guides are an invaluable resource to the construction industry for the purpose of accurately estimating construction costs related to any number of different types of construction projects, including the costs of the buildings which are the subject of this civil litigation matter. Aside from being widely used and relied upon by contractors, engineers and architects, the R.S. Means Construction Cost Guides are also used by government entities and recognized by numerous courts as a reliable construction cost resource. The R.S. Means Cost Guides are widely used in the construction industry and I have personally used these guides for approximately 20 to 25 years.

**Cape Cod, MA:** 179 Brick Hill Rd, Orleans, MA 02653
**Worcester, MA:** 27 June St., Worcester, MA 01602

P: 800.717.7523 | E: info@DADoddridge.com | W: www.DADoddridge.com



D.A. DODDRIDGE & ASSOCIATES, INC.

In my many years of residential and light commercial construction experience, and in my duties as a principal owner of a construction company, I have relied upon the R.S. Means Construction Cost Guides to accurately estimate construction projects. In fact, my father first introduced me to these guides and instructed me as to the proper usage of them. As with most construction techniques, there is naturally a "learning curve" at the beginning however at this point I consider myself proficient in the use of these guides and I am confident that I have accurately extracted relevant per-unit pricing from each cost guide and applied that per-unit pricing to each work item, thus establishing reliable and accurate costs to each.

Page | 5

Contained in each per-unit cost within the above-cited R.S. Means publications is the overhead and profit for the *installing contractor* and therefore, once the installing contractor's construction costs are established, it is important to note that the overhead and profit for the *General Contractor* must then be added to the overall established costs. In other words, the R.S. Means publications are used to establish what the "direct costs" are for labor, materials, equipment, permits, professional services, etc. and those are the costs that the General Contractor would expect to pay before adding in their own required overhead and profit necessary for the General Contractor to earn its money on the project. Overhead and profit for the General Contractor was therefore excluded from my estimate.

In my opinion, the construction costs stated below are objective, accurate, fair and reasonable and are based upon non-biased third-party resources and opinions. The costs stated below are based upon the documents cited above.

My estimates using the above-cited methods and principles for each identified work item is as follows;

1. To provide the labor, materials and equipment outlined in "Scope of Engagement"-1(a), above, the total estimate cost is $521,22.18

The costs itemized above represent what a General Contractor would expect to pay directly to subcontractors for each item of work shown. The above costs do not include General

**Cape Cod, MA:** 179 Brick Hill Rd, Orleans, MA 02653
**Worcester, MA:** 27 June St., Worcester, MA 01602

P: 800.717.7523 | E: info@DADoddridge.com | W: www.DADoddridge.com



D.A. DODDRIDGE & ASSOCIATES, INC.

Contractor's overhead and profit, nor do they include any associated "soft" costs (permits, engineering/architectural design, administrative, etc.) It is important to note that my estimate was based only upon the blueprints and site plans submitted and therefore, certain assumptions had to be made.

Page | 6

As per the Means Illustrated Construction Dictionary the definition of "substantial completion" is defined as *"The condition of the work when the project is substantially complete, and ready for owner acceptance and occupancy. Any items remaining to be completed should, at this point, be duly noted or stipulated in writing"*. As with the R.S. Means Construction Cost Data books, the Means Illustrated Construction Dictionary is a widely recognized and reliable construction terminology resource.

Based upon the above-referenced Construction Advance Request Forms and Certificates of Occupancy, it is my opinion that the subject construction projects were not substantially complete as of March 31, 2014. The Certificates of Occupancy were issued on October 2, 2014, a full 6 months after substantial completion was to have been established. As per the above definition of substantial completion, the issuance of a Certificate of Occupancy is also a strong indication of the point at which a project is considered to be substantially complete.

As examples of work being performed on or around March 31, 2014, the Construction Advance Request Forms are also a strong indication that substantial completion had not been accomplished as of the agreed upon date. For example, the Construction Advance Request Form for 88 Cutler Ln., dated 4/2/14 indicates that the "interior finish (woodwork)" was completed however there are numerous other construction advances that occurred after that date, including the next construction advance form dated 5/30/14 which indicates that the finish heat, bath and kitchen floors and kitchen cabinets were installed. There still remains a considerable amount of work beyond that which was approved for construction advance requests after the above dates and substantial completion would still be months away.

Please understand that my opinions are based upon my review of the documents enumerated above, the facts of the case, and my education, experience and training as it relates to



this case. If further evidence becomes available in this case, my opinions may change as the result of my review of such evidence. I reserve the right to supplement this report at any time in the future.

Thank you for the opportunity to be of service, if you have any questions or comments with respect to the facts stated within this report, please do not hesitate to contact me.

Page | 7

Respectfully,

David A. Doddridge, Pres.
D.A. Doddridge & Associates, Inc.

Enclosures & Exhibits;
    Curriculum Vitae