UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| *In re:* ) | |
| ) | |
| LYMAN-CUTLER, LLC, ) | Chapter 7 |
| Debtor ) | Case No. 15-13881 FJB |
| ) | |
| | |
| ) | |
| LYMAN-CUTLER, LLC, ALEX FILIPPOV, ) | |
| and NICKOLAY LIPETSKER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Adv. Case No. 1:16-ap-01120 |
| v. ) | |
| ) | |
| VADIM KAGAN, TATIANA KAGAN, ) | |
| KAGAN DEVELOPMENT KDC, CORP. and ) | |
| PROEXCAVATION CORP. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE THE EXPERT REPORTS OF DAVID A. DODDRIDGE**

Plaintiffs Lyman-Cutler, LLC, Alex Filippov, and Nickolay Lipetsker oppose the Defendants' motion to strike the expert reports of David A. Doddridge. The Court should deny their motion because the Plaintiffs' tardiness was both "substantially justified [and] harmless." Fed. R. Civ. P. 37(c)(1). The Doddridge supplemental report was produced two weeks late as a result of a miscommunication between counsel and the expert. Affidavit of Sean T. Carnathan, September 28, 2018. No unfair tactical advantage was sought or gained, and the Defendants' have identified no actual prejudice resulting from Plaintiffs' mistake.

1

>Both Rule 26(a) and Rule 37(c)(1) "seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and thereby potentially deprive a plaintiff of the opportunity to 'depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery.'" Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004). Thus, "[i]n determining whether plaintiff's submission of [an expert] report was harmless, the Court must balance 'a multiplicity of pertinent factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects.'" Bay State Sav. Bank v. Baystate Fin. Servs., LLC, No. 03-cv-40273-FDS, 2007 U.S. Dist. LEXIS 104117, 2007 WL 6064455, at *7 (D. Mass. Mar. 23, 2007) (citation omitted).

4 MVR, LLC v. Warren W. Hill Constr. Co., 2016 U.S. Dist. LEXIS 124108, at *22 (D. Mass. Sept. 13, 2016).

## I.  **The Defendants have no Basis to Challenge the Doddridge Opening Report.**

The Defendants' challenge to Doddridge's opening report is difficult to understand where it was produced without prior objection on the July 30, 2018 in compliance with the Court's order. They vaguely assert that it was untimely but it was produced on July 30, 2018 (albeit late in the day). Carnathan Aff. ¶ 2 & Exhibit A.

In any event, Plaintiffs do not believe that undertaking some sort of hypothetical analysis of "reasonable" construction costs is a component of their case in case in chief.[1] The only purpose of Doddridge's testimony as set forth in the Supplemental Report is rebuttal to the proffered testimony of Von Salmi for the Defendants – if the Court admits Von Salmi's testimony during Defendants' case.

---

[1]  Defendants are incorrect when they say that Plaintiffs' challenge to the Project costs is unsupported by an expert opinion because Doddridge's opening report addressed only the ProExcavation costs. Plaintiffs will present forensic accounting expert, Michael Goldman, whose report is attached hereto as Exhibit 1. Plaintiffs do not need to engage in a battle of the experts concerning the reasonableness hypothetical construction costs to prove their case.

2

## II. The Tardiness of the Supplemental Report is the Substantially Justified Product of a Miscommunication between Counsel and Plaintiffs' Expert.

As stated in the letter to John Perten dated September 13, 2018 (Exhibit 6 to Defendants' Memorandum), the tardiness of the Doddridge Supplemental Report was the product of a miscommunication with Plaintiffs' expert, exacerbated by Plaintiff's counsel's heavy travel and deposition schedule in August 2018. See also Affidavit of Sean T. Carnathan, Sept. 28, 2018, filed herewith. Defendants' contention that the timing was tactical is baseless.

Shortly after the Parties exchanged their opening reports, Plaintiffs' counsel forwarded a copy of the Von Salmi report to Mr. Doddridge for evaluation of submitting a rebuttal report. Carnathan Aff. ¶ 3. On August 9, 2018, counsel contacted Mr. Doddridge to discuss submitting a rebuttal report. Id. ¶ 4. At this time, however, Mr. Von Salmi's report was incomplete as he had not produced the specifications Von Salmi had to draft himself in order to estimate the costs of construction and had not produced the underlying estimates he had secured from various subcontractors to generate the figures he put in his report. Carnathan Aff. ¶ 5 & Exhibit B; see Von Salmi Report, Defendants' Memorandum Exhibit 1, at 4 ("The MV plans were basic and had minimal specifications. There were no details provided on finishes, finish schedules and execution details. . . . Therefore, VSA first undertook to develop a set of construction specifications suitable for use, in conjunction with the Plans, when 'bidding' the Project.") (emphasis added). Counsel contacted Mr. Doddridge again on August 14, 2018 to set up a conference call to discuss producing a rebuttal report. Carnathan Aff. ¶ 6.

On August 15, 2018, after Plaintiffs' counsel had to threaten to involve the Court, Defendants finally produced the Von Salmi specifications and bids, by overnight mail, which was received by Plaintiffs' counsel on August 16, 2018. Carnathan Aff. ¶ 7 & Exhibit C and Exhibit D. Prior to August 16, 2018, Von Salmi's report was not complete without these

3

materials. Plaintiff's counsel immediately forwarded the balance of the Von Salmi report to Mr. Doddridge and held a call on August 17, 2018 to discuss preparing a rebuttal. Carnathan Aff. ¶ 8. Plaintiffs' counsel believed he was clear with Mr. Doddridge about the deadline to file the report, but there was a miscommunication. Id.

Over the following two weeks, Plaintiffs' lead counsel took four depositions in Minnesota and prepared another witness and defended him in Boston in connection with a large dispute arising out of a failed tax equity investment in an alternative power plant located in Ione, California. Id. ¶ 9. This heavy period of depositions involved flying to and from Minnesota three times in two weeks, reviewing thousands of pages of documents and spending significant time on non deposition/travel days on site with the client team. Id. As a result, Plaintiffs' counsel did not follow up with Mr. Doddridge again until the rebuttal deadline was imminent. Id.

When Plaintiffs' counsel followed up with Mr. Doddridge just before the deadline, Mr. Doddridge seemed surprised and had not even started work on a rebuttal report. Id. ¶ 10. Work began immediately and the Plaintiffs' produced the Doddridge report as soon as they were able – on September 13, 2018 (by electronic and first class mail). Carnathan Aff. ¶ 11 and Exhibit E. Plaintiffs' counsel also emailed Defendants' counsel on September 7, 2018 to request deposition dates for Von Salmi, inform Defendants' counsel of Plaintiff's intention to present a rebuttal report, and offer to defer the Von Salmi deposition until he had an opportunity to evaluate what Doddridge had to say. Carnathan Aff ¶ 12 and Exhibit F.

### III. The Tardiness of the Doddridge Supplemental Report is Harmless.

Plaintiffs neither sought nor gained any unfair tactical advantage and specifically offered to delay the Von Salmi deposition to avoid unfairness. Carnathan Aff. Exhibit E. Defendants' protests of prejudice from the tardiness of the Doddridge Supplemental Report are hollow. If anything, Von Salmi benefits from having in writing a complete account of Doddridge's criticism of his work in advance of his deposition. As of September 13, 2018, there was (and still is) no trial date set. The deadline for dispositive motions was still a month away. The production was within 30 days of receipt of the balance of the Von Salmi report on August 16, 2018 (itself more than two weeks after the deadline for producing his report, which was incomplete when produced on July 30, 2018). Defendants' protests of "unfair advantage" are rhetorical only and have no substance. They have ample time and opportunity to "depose the proposed expert, challenge his credentials, solicit expert opinions of [their] own" or otherwise respond to the Doddridge Supplemental Report. Poulis-Minott, 388 F.3d at 358.[2]

---

[2] Moreover, Rule 26(e) requires that the Doddridge report be supplemented where a party learns something in the original disclosure is incomplete or incorrect. Defendants' counsel makes much of Doddridge's error in relying on what he says were the wrong plans in his opening report (without identifying any substantive differences). Doddridge reviewed every set of plans in preparing his Supplemental Report.

## CONCLUSION

Defendants' motion is another in a long series of procedural and discovery battles, .the ferocity of which should tell the Court all it needs to know about the Defendants' case on the merits. The Court should deny the Defendants' Motion to Strike the Doddridge Reports.

| | |
|---|---|
| LYMAN-CUTLER, LLC, | ALEX FILIPPOV and |
| By its attorney, | NICKOLAY LIPETSKER, |
| | By their attorneys, |

*/s/ Peter Tamposi*  
Peter N. Tamposi, BBO No. 639497  
The Tamposi Law Group, P.C.  
159 Main Street  
Nashua, NH 03060  
T: (603) 204-5513  

*/s/ Sean T. Carnathan*  
Sean T. Carnathan, BBO No. 636889  
scarnathan@ocmlaw.net  
Joseph P. Calandrelli, BBO No. 666128  
jcalandrelli@ocmlaw.net  
O'Connor, Carnathan and Mack, LLC  
1 Van de Graaff Dr. Suite 104  
Burlington, MA 01803  
T: 781-359-9000  

Dated: September 28, 2018

Certificate of Service

      I hereby certify that a copy of the foregoing document was served on counsel of record for all of the parties on September 28, 2018.

                                                        */s/ Sean T. Carnathan*
                                                        Sean T. Carnathan

4815-4492-5552, v. 1