UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* ) <br> ) <br> LYMAN-CUTLER, LLC, ) <br>  Debtor ) <br> ) | Chapter 7 <br> Case No. 15-13881 FJB |
| ) <br> LYMAN-CUTLER, LLC, ALEX FILIPPOV, ) <br> and NICKOLAY LIPETSKER, ) <br> ) <br>  Plaintiffs, ) <br> ) <br>  v. ) <br> ) <br> VADIM KAGAN, TATIANA KAGAN, ) <br> KAGAN DEVELOPMENT KDC, CORP. and ) <br> PROEXCAVATION CORP. ) <br> ) <br>  Defendants. ) | Adv. Case No. 1:16-ap-01120 |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Bankr. Rule 7056 and this Court's October 10, 2018 order as modified on November 6, 2018 (Docket No. 215), Plaintiffs Lyman-Cutler, LLC (the "LLC"), Alex Filippov ("Filippov"), and Nickolay Lipetsker ("Lipetsker") (collectively, the "Plaintiffs") respectfully move for summary judgment in their favor on the following Proofs of Claims in the Bankruptcy, Claims of the Amended Adversary Proceeding Complaint and Defendants' Amended Counterclaims in the Adversary Proceeding:

(1) Kagan Development KDC Corp.'s ("KDC") Proof of Claim (Claim Register No. 1-2) and the corresponding Counts IX (breach of contract), X (breach of implied covenant) and XII (mechanic's lien) of the Amended Counterclaim (Adv. Proc. Doc. No. 106),

1

with regard to which KDC has no reasonable prospect of proving the entire fairness of the transaction;

(2) Proofs of Claim by Tatiana Kagan, KDC and ProExcavation Corp. ("ProEx") (Claims Register 4-1, 5-1, 7-1) and the corresponding Counts VI, VII and VIII of the Amended Counterclaim (Adv. Proc Doc. 106) because they are not agents of any Member of the LLC under the Operating Agreement entitled to indemnification;

(3) Count I of the Amended Adversary Complaint (Adv. Proc. Doc. 52) asserting breach of contract by Vadim Kagan ("Kagan"), for failing to obtain Filippov's and Lipetsker's approval for cost overruns in a manner that satisfies his fiduciary obligation of entire fairness;

(4) Count II of the Amended Adversary Complaint (Adv. Proc. Doc. 52), alleging breach of fiduciary duty by Kagan;

(5) Counts I, II, IV, XVII, XVIII of the Amended Counterclaim (Adv. Proc. Doc. 106) to the extent predicated on the assertion that Filippov and Lipetsker "suborned perjury," interfered with Kagan's relationships by interviewing witnesses, or wrongly asserted claims against the Defendants because, as a matter of law, Filippov and Lipetsker have an absolute privilege to assert claims, investigate, interview witnesses, and solicit testimony in support of their claims;

(6) Count II of the Amended Counterclaim (Adv. Proc. Doc. 106) because there is no cause of action for "freeze out," which is simply a type of breach of fiduciary duty and wholly duplicative of Count I of the Amended Counterclaim and because there is no evidence of any "freeze out";

(7) Counts XI, XIII and XIV of the Amended Counterclaim (Adv. Proc. Doc. 106), alleging unjust enrichment, promissory estoppel, and quantum meruit because the relationship of the Parties is governed by a written contract and Kagan cannot rely upon equitable claims to avoid his obligation to prove entire fairness; and

(8) Counts I, II, and IV of the Amended Counterclaim (Adv. Proc. Doc. 106) to the extent predicated on Kagan's contention that Filippov was not the Managing Member or otherwise lacked authority to operate the LLC.

This Motion is based upon the pleadings, materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.  This Motion is supported by the accompanying D. Mass. Bankr. L.R. 7056-1 Concise Statement of Undisputed Material Facts, Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment and the Transmittal Affidavit of Sean T. Carnathan with attached Exhibits.

WHEREFORE, the Court should grant the Plaintiffs summary judgment on the Proofs of Claim, Claims of the Amended Adversary Complaint and Counterclaims of the Amended Counterclaim as set forth herein.

| | |
|---|---|
| LYMAN-CUTLER, LLC,<br>By its attorney, | ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br>By their attorneys, |
| */s/ Peter Tamposi*<br>Peter N. Tamposi, BBO No. 639497<br>The Tamposi Law Group, P.C.<br>159 Main Street<br>Nashua, NH 03060<br>T: (603) 204-5513 | */s/ Sean T. Carnathan*<br>Sean T. Carnathan, BBO No. 636889<br>scarnathan@ocmlaw.net<br>Joseph P. Calandrelli, BBO No. 666128<br>jcalandrelli@ocmlaw.net<br>O'Connor, Carnathan and Mack, LLC<br>1 Van de Graaff Dr. Suite 104<br>Burlington, MA 01803<br>T: 781-359-9000 |

Dated: November 16, 2018

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 16, 2018.

                                            */s/ Sean T. Carnathan*