UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: <br><br> LYMAN-CUTLER, LLC, <br><br> Debtor. | ) ) ) ) ) ) ) | Chapter 7 <br> No. 15-13881-FJB |
| LYMAN-CUTLER, LLC, <br> ALEX FILIPPOV and <br> NICKOLAY LIPETSKER, <br><br> Plaintiffs, <br> Defendants in Counterclaim, <br><br> v. <br><br> VADIM KAGAN, TATIANA KAGAN, <br> KAGAN DEVELOPMENT KDC, CORP. <br> and PROEXCAVATION CORP. <br><br> Defendants, <br> Plaintiffs in Counterclaim. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adv. Proc. No. 16-01120 |

**MOTION OF VADIM KAGAN, KAGAN DEVELOPMENT KDC, CORP.
AND PROEXCAVATION CORP. FOR SUMMARY JUDGMENT ON THE
AMENDED COMPLAINT AND CLAIM NOS. 1, 4, 6 AND 7**

NOW COME defendants Vadim Kagan ("Kagan"), Kagan Development KDC, Corp. ("KDC") and ProExcavation Corp. ("ProExcavation") (collectively, Kagan, KDC and ProExcavation shall be referred to herein as "Defendants") and move, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure, that this Court enter summary judgment in their favor on all counts of the

Amended Complaint[1] and on Claim Nos. 1 (KDC), 4 (KDC), 6 (Kagan) and 7(ProExcavation)(which correspond to Counts IX, V, VIII and VII of Defendants' counterclaims). As set forth in the supporting memorandum and affidavits filed herewith, there is no genuine issue of material fact as to any of these counts and claims, and Defendants are therefore entitled to judgment as a matter of law. In further support hereof, Defendants state as follows:

1. This is a fraud case. The underlying factual predicate for all but Count VII (which alleges breach of contract by KDC for allegedly failing to construct the underlying project in a good and workmanlike manner), is that Defendants altered, forged, and/or created invoices and other documents to justify claims for additional monies due in connection with the underlying project. Despite years of litigation and multiple depositions, plaintiffs have failed to come forward with any admissible evidence supporting their claims.

2. Plaintiffs claim that they agreed to a fixed price for the construction of the underlying homes. That fixed price was reflected in the amount of money borrowed for construction. As a fixed price contract, the actual price of the project, whether more or less than the agreed upon price, is irrelevant. It flows therefrom that even if Defendants' books and records are inaccurate, which is denied, unless plaintiffs paid anything beyond the fixed price amount in reliance on those books and records, there are no damages. Neither the plaintiffs nor their experts have identified a single dime spent over and above the alleged fixed price. Therefore, due to the lack of reliance on those books and records and the absence of any damages flowing therefrom, the entire "house of cards" falls. While the alleged lack of reliable

---

[1] As against Kagan, Counts I, II, III, IV, V and VIII; as against KDC, Counts III, IV, V, VI, VII and VIII; as against ProExcavation, Counts III, IV, V, VI and VIII

2

records may be grounds to challenge KDC's proof of claim for additional monies, it provides no grounds for any affirmative recovery by plaintiff.

3. As to the fraud relating to the construction charges, there is no allegation that the Debtor's books and records, maintained by plaintiffs, are fraudulent. Rather, the allegation is that KDC and ProExcavation, entities in which plaintiffs had no interest and to whom these entities owed no duty, kept false records. Plaintiffs never saw those records until receiving them through discovery and there is no allegation that plaintiffs relied on those entities' records in any manner or that they spent a single dollar in reliance on those records. Plaintiffs' expert forensic accountant, David Goldman, was unable to identify a single entry that he concluded was fraudulent. Rather, he simply opined that he did not believe that the records were credible. As credibility is an issue for the fact finder, and for other reasons stated therein, defendants incorporate by reference their motion in limine to preclude the testimony by Mr. Goldman.

4. Plaintiffs claim that due to Defendants' conduct, the properties were sold by the bankruptcy for below market value, and that plaintiffs should be responsible for the delta between the sale price and market price. There is no evidence establishing that any of Defendants' acts or omissions are causally connected to the allegedly diminished sale price. In fact, there is no admissible evidence even establishing that that sale price was diminished. In further support of this position, Defendants incorporate their motion in limine to preclude the admission of the expert testimony by plaintiffs' appraiser, Hugh Fennell. Additionally, plaintiffs failed to object to the sale price in these proceedings and therefore it is too late to now complain.

5. Plaintiffs seek to recover fees and costs incurred in the administration of the bankruptcy estate, including bank charges and fees paid to the Trustee. As plaintiffs chose the forum and elected to place the Debtor into bankruptcy, without any consultation with Mr. Kagan

and in a wrongful effort to avoid honoring terms of the Operating Agreement to which they agreed, they cannot now claim the administrative costs incurred due to their election as compensable damages.

6. Plaintiffs seek a 5% return on the monies held in escrow by the Trustee, despite that fact that there was no guaranteed rate of return on their investment and the Trustee is holding those monies in accordance with bankruptcy rules and regulations. More importantly, to support this claim, plaintiffs are relying on Section 8.2 of the Operating Agreement despite the fact that this section does not provide for any guaranteed rate of return or even that there will be any return. Moreover, there is no expert testimony as to what rate of return plaintiffs would have received on their investment but for the alleged transgressions by Defendants.

7. Plaintiffs seek to recover for carrying costs advanced by Mr. Filippov. The Operating Agreement, Section 8.1, provides, as liquidated damages, that if Mr. Filippov pays carrying costs, it will trigger an increase to his capital account and equity interest. In fact, Mr. Filippov filed a proof of interest invoking that very clause. He cannot simultaneously claim this same amount as damages.

8. Count VII alleges that KDC failed to construct the properties in a good and workmanlike manner. There is no expert testimony supporting this claim and, in fact, plaintiffs' own expert appraiser opined that the quality of construction was good.

9. Plaintiffs failed to object to Claim No. 4, which was a claim for indemnity by KDC. As such, Claim No. 4 should be allowed.

10. Plaintiffs have failed to come forward with "substantial evidence" to support their objections to Claim Nos. 6 and 7 which sought indemnity on behalf of Kagan and ProExcavation.

11. Plaintiffs have failed to come forward with "substantial evidence" to support their objection to KDC's claim, Claim No. 1, for additional costs of construction. Given this Court's order, assented to by plaintiffs, that their expert is precluded from opining as to the value of KDC's work as part of their case in chief, plaintiffs are unable to come forward with any evidence that KDC overcharged for its work – assuming there is such evidence which is vehemently denied by defendants.

12. In further support hereof, plaintiffs rely on their supporting memorandum, affidavits, motions in limine, and the parallel motion for summary judgment filed by co-defendant, Tatiana Kagan.

WHEREFORE  Kagan Development KDC, Corp., ProExcavation Corp. and Vadim Kagan respectfully move that summary judgment enter in their favor dismissing all counts against them and allowing Claim Nos. 1, 4, 6 and 7.


Dated:  November 16, 2018

Respectfully submitted,

VADIM KAGAN,
KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP.,

By their Attorneys,

/s/ John H. Perten
John H. Perten, BBO# 548728
James P. Harris, BBO# 678283
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  617-897-5600
Fax: 617-439-9363
E-mail: jperten@sheehan.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2018, a copy of the foregoing was served upon the parties listed below via ECF and/or first class mail, postage prepaid.

Eric K. Bradford
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

Amy M. McCallen
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

/s/ John H. Perten
John H. Perten