UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>    Plaintiffs,<br>    Defendants in Counterclaim,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>    Defendants,<br>    Plaintiffs in Counterclaim. | Adv. Proc. No. 16-01120 |

## DEFENDANTS' MOTION IN LIMINE TO
## PRECLUDE OPINIONS OF MICHAEL GOLDMAN

Defendants Vadim Kagan ("Kagan"), Tatiana Kagan, Kagan Development KDC, Corp. ("KDC") and ProExcavation ("ProExcavation") submit this Motion in Limine to Preclude Opinions of Michael Goldman. In support of their Motion, Defendants state as follows:

1. Plaintiffs have alleged that Defendants engaged in fraud, breached fiduciary duties and breached contracts through a scheme of fraudulent billing. Defendants have continually pressed Plaintiffs to provide actual evidence to support these allegations. When asked to identify and describe the fraud they alleged, Plaintiffs consistently deferred to their

forthcoming expert report, which finally came in the form of a report authored by Michael Goldman, who, among other things, is a "Certified Fraud Examiner."

2. Rather than support Plaintiffs' claims of fraud, Mr. Goldman was hired by Plaintiffs for the express purpose of opining as to the ***credibility*** and ***veracity*** of Defendants' documents and he goes out of his way ***not*** to opine that Defendants engaged in fraud.

3. Mr. Goldman's opinions are inadmissible because experts cannot usurp the role of the fact finder to determine credibility and his opinion that "maybe" there was fraud is not helpful to the trier of fact.

4. Mr. Goldman opines that third parties, the subcontractors and suppliers, utilized substandard recordkeeping practices and their documents are not credible, even though there is no suggestion Mr. Goldman ever spoke to any of these third parties. Mr. Goldman refrains from alleging that any of the subcontractors and suppliers fabricated invoices. He carefully concludes that some invoices from third parties are "possibly fabricated", "appear to be a fabrication", or the circumstances "often indicate fabrication."

5. Mr. Goldman had access to thousands of pages of business records produced in discovery and hundreds of pages of deposition testimony. After all that, he deliberately refrains from signing his name to a report alleging Defendants committed fraud. For example, Mr. Goldman writes, "The claim as it is presented now is not supported with reliable information and, based on how pervasive the problems are, ***may be*** knowingly fraudulent." Exhibit A to Memo. of Law, ¶ 39 (emphasis added).

6. At another point in his report, Mr. Goldman equivocates, stating that the records demonstrate either incompetence or fraud, but he does not conclude a fraud was

perpetrated. "While none of these findings by themselves are proof of fraud, the pervasive presence of all of the findings together in the presence of accountants who should know better are strongly indicative of either gross incompetence *or* fraud." Exhibit A, ¶ 47(emphasis added). In the end, Mr. Goldman hedges his bets and leaves open the possibility that the inconsistencies he identified are entirely innocent. Mr. Goldman concedes that he has been unable to find any direct proof that KDC overpaid subcontractors and then took kickbacks. Exhibit A, ¶ 53. Rather, he suggests there is a "possibility" kickbacks were paid. *Id.*

7. Mr. Goldman's report is inadmissible because it usurps the role of the trier of fact to determine credibility and he ultimately offers such a couched opinion that he is not helpful to the trier of fact. Defendants therefore ask that Mr. Goldman's opinions be excluded.

8. A memorandum of law accompanies this Motion.

WHEREFORE, Defendants respectfully request that this honorable Court:

   A. Issue an order prohibiting the introduction of evidence and argument concerning the opinions of Michael Goldman; and

   B. Grant such additional and further relief as the Court deems necessary.

Dated: November 16, 2018

Respectfully submitted,

VADIM KAGAN,
TATIANA KAGAN,
KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP.,

By their Attorneys,

/s/ John H. Perten
Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
James P. Harris, BBO# 678283
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  617-897-5600
Fax: 617-439-9363
E-mail: ccandon@sheehan.com
          jperten@sheehan.com
          jharris@sheehan.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2018, a copy of the foregoing was served upon the parties listed below via ECF and/or first class mail, postage prepaid.

Eric K. Bradford
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

Amy M. McCallen
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

/s/ John H. Perten
John H. Perten