UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>Plaintiffs,<br>Defendants in Counterclaim,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>Defendants,<br>Plaintiffs in Counterclaim. | Adv. Proc. No. 16-01120 |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE
EVIDENCE RELATING TO "OTHER PROJECTS"**

Defendants Vadim Kagan ("Kagan"), Tatiana Kagan, Kagan Development KDC, Corp. ("KDC") and ProExcavation ("ProExcavation") submit this Motion in Limine to Preclude Evidence Relating to "Other Projects." In support of their Motion, Defendants state as follows:

1. Plaintiffs proffered to this Court affidavits from investors in construction projects in which Kagan was an investor and/or managed the construction. The affidavits include vague and unspecific allegations of fraud, which Plaintiffs used to convince this Court to expand discovery into documents and testimony about those projects, referred to as the

"Other Projects" throughout this litigation. Plaintiffs presumably wish to admit testimony and evidence about these "Other Projects" to try to show that is more likely that Kagan, KDC and/or ProExcavation submitted fraudulent invoices on the project that is the subject of this litigation, the Lyman-Cutler project.

2. Although Defendants gained access to discoverable information about the "Other Projects," they are unable to carry their burden of proving any of it is admissible. First, evidence regarding the "Other Projects" constitutes inadmissible character evidence, as Plaintiffs intend to use it solely to try to demonstrate some character trait of Kagan's and that he acted in conformance with that propensity on the Lyman-Cutler project. There are too many inherent differences between the "Other Projects" and the Lyman-Cutler project for a fact finder to draw any valuable conclusions.

3. Second, when the affiants were pressed for details at deposition, none of them could provide any specific information to support any conclusion that fraud was committed on their projects. In other words, there is no probative value to the evidence in the vignettes that are the "Other Projects" and without real proof of fraud on those projects, it is impossible for Plaintiffs to use them to demonstrate a fraud was committed in the Lyman-Cutler project.

4. Third, plaintiffs disclosed that there were approximately 25 other projects in which they were involved during the pendency of the Lyman-Cutler project. Cherry-picking a handful of these other projects and ignoring the other twenty, highlights the unreliability of this non-representative selection.

5. Finally, because there is no probative value to the evidence regarding the "Other Projects", the evidence of those projects results in unfair prejudice, confusion and

substantial prolongation of the trial of this case. Each vignette requires multiple witnesses and exhibits to conduct mini-trials of those "Other Projects" – all of which will take days of trial time. None of this has any bearing on issues disputed in this litigation and it should all be excluded.

6. Defendants therefore request that evidence of the "Other Projects" be excluded from trial.

7. A memorandum of law accompanies this Motion.

WHEREFORE, Defendants respectfully request that this honorable Court:

A. Issue an order prohibiting the introduction of evidence and argument concerning the "Other Projects", projects other than the Lyman-Cutler project at issue in this litigation; and

B. Grant such additional and further relief as the Court deems necessary.

Dated:  November 16, 2018

Respectfully submitted,

VADIM KAGAN,
TATIANA KAGAN,
KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP.,

By their Attorneys,

/s/ John H. Perten
Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
James P. Harris, BBO# 678283
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA  02109
Tel: 617-897-5600
Fax: 617-439-9363
E-mail: ccandon@sheehan.com
           jperten@sheehan.com
           jharris@sheehan.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2018, a copy of the foregoing was served upon the parties listed below via ECF and/or first class mail, postage prepaid.

Eric K. Bradford
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

Amy M. McCallen
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

/s/ John H. Perten
John H. Perten