UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>　　　　Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>　　Plaintiffs,<br>　　Defendants in Counterclaim,<br><br>　　v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>　　Defendants,<br>　　Plaintiffs in Counterclaim. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Proc. No. 16-01120 |

**AFFIDAVIT OF JAMES P. HARRIS SUPPORTING
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE**

I, James P. Harris, Esq., under oath, state as follows:

1. I am over the age of eighteen years.  My firm represents Defendants Vadim Kagan ("Kagan"), Tatiana Kagan, Kagan Development KDC, Corp. ("KDC") and ProExcavation ("ProExcavation") in this matter. I submit this affidavit in connection with Defendants' Opposition to Plaintiffs' Motion in Limine (Docket Nos. 218 and 348).

2. Attached to Defendants' Opposition to Plaintiffs' Motion in Limine is a true and accurate copy of the transcript of the parties' hearing before the Court which took place on October 9, 2018.

3. Attached to Defendants' Opposition to Plaintiffs' Motion in Limine is a true and accurate copy of portions of the transcript of the deposition of Tatiana Kagan.

4. Attached to Defendants' Opposition to Plaintiffs' Motion in Limine is a true and accurate copy of is a true and accurate copy of portions of the transcript of the deposition of Von Salmi.

5. On or about May 23, 2018, my firm generated a production of documents in response to requests from Plaintiffs. That production included an email dated June 24, 2013 from Joseph Cohen to Vadim Kagan that included an attachment named "CONSTRUCTION MANAGEMENT Lyman Cutler Executable.docx." The email and accompanying Word document attachment were produced as TIFF images, but we also included a load file containing metadata available regarding the email and its attachment. This was the same format of production we has used on other productions in this litigation. The purpose of the load file was to transmit metadata about the documents in a format that is useable by the software system employed by Plaintiffs' counsel.

6. Subsequent to the May 23, 2018 production, Plaintiffs' counsel sent a letter dated June 5, 2018 requesting that the construction contract (the subject of the email described above) be produced "in native format with all meta data [sic]." Plaintiffs' counsel did not explain why the TIFF production with a load file was "inadequate."

7. On June 6, 2018, I sent a letter back to Plaintiffs' counsel acknowledging the request for native production and offering to email the file, with the expectation that the transmission by email would not alter the files' metadata.

8. In accordance with the June 6th letter, I emailed the requested files to Plaintiffs' counsel on June 6, 2018, in an effort to comply with their request for a native production. See June 14, 2018 Email, a true and accurate copy of which is attached to Defendants' Opposition to Plaintiffs' Motion in Limine.

9. A week passed after the email transmittal of the native files and I did not hear from Plaintiffs' counsel, so I followed-up by sending an email to confirm that the files' metadata were not compromised in the transmittal. *Id.*

10. Plaintiffs' counsel did not express any problems with the native file and confirmed that the metadata matched the information previously provided in the load file.

Signed under pains and penalties of perjury,

December 7, 2018                                      ___/s/ James P. Harris_____
                                                      James P. Harris, Esq.