UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>  Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>  Plaintiffs,<br>  Defendants in Counterclaim,<br><br>  v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>  Defendants,<br>  Plaintiffs in Counterclaim. | Adv. Proc. No. 16-01120 |

**DEFENDANTS' REPLY TO PLAINTIFFS' OBJECTION TO
MOTION IN LIMINE TO PRECLUDE OPINIONS OF MICHAEL GOLDMAN**

Defendants Vadim Kagan ("Kagan"), Tatiana Kagan, Kagan Development KDC, Corp. ("KDC") and ProExcavation ("ProExcavation") submit this Reply to Plaintiffs' Opposition to Defendants' Motion in Limine to Preclude Opinions of Michael Goldman. In support thereof, Defendants state as follows:

**I.
The Burden of Proof is Irrelevant to Whether an Expert Can Opine on Credibility.**

Rather than take on the central defect plaguing Mr. Goldman's opinions, Plaintiffs first re-package their arguments on the burden of proof. While Defendants disagree with Plaintiffs' position on the burden of proof,[1] who bears the burden of proof has no material impact on whether an expert hired solely for the purpose of opining as to reliability and credibility should be permitted to testify. Mr. Goldman's report makes clear that he was hired to "***opine on the veracity*** of the accounting information and documentary support provided by the Defendants with regard to the mechanic's lien." Exhibit A to Defs.' Motion, ¶ 21 (emphasis added). Plaintiffs' Opposition re-confirms the task that was fulfilled by Mr. Goldman. Pls.' Opposition at 5 ("He concludes that the documentation provided is not credible."). Regardless of who bears the burden of proof, no expert should be permitted to opine on veracity or credibility. Plaintiffs offer no plausible counter to this maxim.

Plaintiffs overstate Mr. Goldman's opinion, at least in one respect. According to the Opposition, Mr. Goldman examined the records of ProExcavation but that he could only "confirm" $345,335 in materials and other costs expended by ProExcavation on the subject project. Pls.' Opposition at 4. Mr. Goldman addresses ProExcavation's costs for the Lyman-Cutler Project at paragraphs 74-75 of his report, where he states merely that "the claim for Pro Excavation does not enumerate all of the costs being claimed" (without additional detail), and that some of the QuickBooks entries were made after a particular date. At paragraph 107 of his report, Mr. Goldman observes that the general ledger reports he created from ProExcavation's QuickBooks files do not total the amount claimed by ProExcavation. This is the extent to which Mr. Goldman attempted to "confirm" ProExcavation's charges. Otherwise, Mr. Goldman resorts to opining that the recordkeeping practices were not to his standards and therefore none of the

---

[1] *See* Defendants' Opposition to Plaintiffs' Motion in Limine (Docket No. 245, 375) and Defendants' Opposition to Plaintiffs' Motion for Summary Judgment (Docket No. 241, 371).

documents, including those created by third parties, should be credited.  Plaintiffs extrapolate from Mr. Goldman's disregard of the documentary evidence to miscalculate ProExcavation's profit.  Given that Mr. Goldman's "confirmation" is nothing more than his discrediting the veracity of some documents and simple resulting math, none of this warrants or justifies expert testimony.

Because Mr. Goldman was hired to do what the fact-finder in this case must do, Plaintiffs couch their expert as merely providing "circumstantial evidence" of fraud.  The documents are what they are.  Whatever criticisms Plaintiffs have for the documents, they can be addressed by examining witnesses about them and allowing the fact-finder to draw conclusions.  Mr. Goldman's opinions as to their credibility are merely cumulative and reduces to Plaintiffs' attempt to make a closing argument through a witness on the stand rather than after the close of evidence.  *Jones v. Anderson*, No. 5:17-cv-77, 2018 U.S. Dist. LEXIS 95315, at *29 (S.D. Ga. June 6, 2018) ("Furthermore, Mr. Berg repeatedly offers conclusions that the Court would expect lawyers to argue in closing arguments and would not allow an expert to espouse from the witness stand."); *Summers v. A. L. Gilbert Co.*, 69 Cal. App. 4th 1155, 1185, 82 Cal. Rptr. 2d 162, 180 (1999) ("In essence, cloaked with the impressive mantle of 'expert,' Anderson made plaintiffs' closing argument from the witness stand. This is a misuse of expert witnesses, and renders his testimony inadmissible under [California] Evidence Code section 801.").[2]

Despite Plaintiffs' prior allegations and representations, they have now retreated to trying to establish "circumstantial evidence" of fraud, and proffer Mr. Goldman's credibility determinations as circumstantial evidence.  That some courts recognize the possibility of

---

[2] Plaintiffs point to a section of Mr. Goldman's report in which he compares the cost per square foot of homes constructed by Kagan's companies in which investors are involved versus the cost per square foot when investors are not involved.  Aside from the fundamental flaws in this type of "analysis", it is based on evidence of the so-called "other projects", which are inadmissible in accordance with Defendants' Motion in Limine to Preclude Evidence Relating to "Other Projects" (Docket No. 233, 362).

3

demonstrating fraud by circumstantial evidence does not mean these Plaintiffs can do so. *See Rentas v. Olavarria (In re Editorial Flash, Inc.)*, Nos. 13-08014 BKT, 14-00224 BKT, 2016 Bankr. LEXIS 2435, at *14 (Bankr. D.P.R. June 29, 2016) ("Plaintiff has failed to provide this court with the indicia or badges of fraud from where fraudulent intent could be inferred."); *Poultry Processing, Inc. v. Old Orchard Ocean Pier Co.*, 780 F. Supp. 846, 865 (D. Me. 1991) (Defendants failed to meet their burden because the circumstantial evidence of fraud was insufficient). The possibility of proving a fraud cause with circumstantial evidence does not transform what is otherwise an inadmissible opinion into admissible evidence.

## II.
## The Cases Cited by Plaintiffs Do Not Resuscitate Mr. Goldman's Opinions.

Not one of the cases cited by Plaintiffs supports the conclusion that Mr. Goldman should be permitted to testify as to the credibility. In *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1037 (8th Cir. 2011), the forensic accountant expert actually found checks were cashed by the defendant even though they were intended for the plaintiff and he quantified the loss. This stands in stark contrast to Mr. Goldman who repeatedly stopped short of opining that any fraud actually occurred. *BL Dev. Corp. v. Masella (In re Masella)*, Nos. 05-24302, 06-2010, 2007 Bankr. LEXIS 2719, at *3 (Bankr. D. Conn. Aug. 7, 2007) involved a forensic examiner hired to opine as to whether the debtor failed to keep and preserve any books or records from which the debtor's financial condition or business transactions might be ascertained so as to prevent discharge of debts pursuant to Bankruptcy Code §727(a)(3). This inquiry is far different than hiring an expert to opine as to the reliability of records that do exist. In *United States ex rel. Baker v. Cmty. Health Sys.*, No. 05-279 WJ/ACT, 2012 U.S. Dist. LEXIS 186854, at *17 (D.N.M. Mar. 30, 2012), the expert calculated the difference between what the federal government should have reimbursed and the excess above that amount received by the health

4

system. Contrary to Plaintiffs' Opposition, this is not a case where the expert was hired to opine as to the reliability of the documentation. In *Jenkins v. CST Timber Co.*, 761 So. 2d 177, 181 (Miss. 2000), the expert actually opined that certain transactions were fraudulent, that check-kiting occurred, and that a bank knowingly overstated its financial position. The court held that the expert could not opine as to intent. *Id.* The case of *Farris v. State*, NO. 01-95-00437-CR, 1999 Tex. App. LEXIS 5457, at *6 (App. July 22, 1999) involved assessment of insurance files, medical records, and bank accounts. The parties operated under numerous assumed names, and the business relationships between them were complex and overlapping. In that context, the court found that the expert's testimony and knowledge of insurance claims assisted the jury in understanding the claims process and in determining the validity or falsity of claims submitted. Here, Mr. Goldman was hired expressly to supplant the trier of fact's role in determining whether Defendants' documents are credible.

Plaintiffs attempt the linguistic trick of arguing that Mr. Goldman has opined as to the credibility of documents, not people. As described above, none of the cases cited by Plaintiffs stand for the proposition that an expert is allowed to opine as to the reliability of documents, as that falls to the fact-finder. Beyond that, Mr. Goldman implicitly casts aspersions on the people who created and maintained those documents. Of course, Mr. Goldman does so only implicitly because he deliberately refrained from labelling anyone as a fraudster or identifying any transaction as fraudulent. Despite the promises Plaintiffs made in their bombastic pleadings and to this Court, Mr. Goldman cannot identify a single fraudulent transaction. Having stopped short, Mr. Goldman undermined his usefulness and his testimony should be excluded.

WHEREFORE, Defendants respectfully request that this honorable Court:

A. Issue an order prohibiting the introduction of evidence and argument concerning the opinions of Michael Goldman; and

B. Grant such additional and further relief as the Court deems necessary.

Dated:  December 17, 2018          Respectfully submitted,

VADIM KAGAN,
TATIANA KAGAN,
KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP.,

By their Attorneys,

/s/ John H. Perten
Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
James P. Harris, BBO# 678283
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA  02109
Tel:  617-897-5600
Fax: 617-439-9363
E-mail: ccandon@sheehan.com
        jperten@sheehan.com
        jharris@sheehan.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2018, a copy of the foregoing was served upon the parties listed below via ECF and/or first class mail, postage prepaid.

Eric K. Bradford
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

/s/ John H. Perten
John H. Perten