UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____

In re:                                      )       Chapter 7
                                            )       No. 15-13881-FJB
LYMAN-CUTLER, LLC,                          )
                                            )
          Debtor.                           )
_____)


_____
                                            )
LYMAN-CUTLER, LLC,                          )
ALEX FILIPPOV and                           )
NICKOLAY LIPETSKER,                         )
                                            )
          Plaintiffs,                       )
          Defendants in Counterclaim,       )
                                            )       Adv. Proc. No. 16-01120
          v.                                )
                                            )
VADIM KAGAN, TATIANA KAGAN,                 )
KAGAN DEVELOPMENT KDC, CORP.                )
and PROEXCAVATION CORP.                     )
                                            )
          Defendants,                       )
          Plaintiffs in Counterclaim.       )
_____)

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATING
TO APPRAISAL OPINION OF HUGH MORGAN FENNELL**

Defendants Vadim Kagan ("Kagan"), Tatiana Kagan, Kagan Development KDC, Corp.

("KDC") and ProExcavation ("ProExcavation") submit this Reply to Plaintiffs' Opposition (Doc.

250) to Defendants' Motion in Limine to Preclude Evidence Relating to Appraisal Opinion of

Hugh Morgan Fennell (Doc. 231).  In support thereof, Defendants state as follows:

**I.**
**Mr. Fennell Does Not Explain How He Determined That**
**Plaintiffs' Bankruptcy Filing Resulted In Lower Sale Prices**

Plaintiffs contend that the two homes sold for less than market value *because* they filed bankruptcy.[1]  Pls.' Opp. at 3 ("The LLC's damages claim is based upon the price difference between what the Properties' fair market value was in 2016 compared to what they were forced to sell for through the bankruptcy."); *id*. at 5 ("the LLC is clearly seeking damages arising from the reduced selling price of the Properties due to the bankruptcy.").  Their expert, Hugh Morgan Fennell, never articulates *how* he determined that the bankruptcy negatively impacted the prices obtained.  Without such a connection, all Plaintiffs offer is the temporal coincidence that the homes were sold after they filed the bankruptcy petition.  There could have been dozens of reasons why these homes sold for less than what Mr. Fennell claims they were worth and discerning which of them was the cause requires expert testimony.  Plaintiffs claim Mr. Fennell relied upon his "experience" but he failed to explain how his experience led to the conclusion that the bankruptcy suppressed value and without such an explanation, his opinion is inadmissible.  *Brown v. Wal-Mart Stores, Inc.*, 402 F. Supp. 2d 303, 308 (D. Me. 2005) ("However, 'if the [expert] witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'") (citing Fed. R. Evid. 702, advisory committee note); Fed. R. Civ. P. 26 (requiring disclosure of the bases for all opinions).

In fact, there is a disconnect between the damage theory Plaintiffs articulate in their Opposition and Mr. Fennell's opinion because he does not even identify the bankruptcy as one of the factors negatively impacting the sales.  Rather, Mr. Fennell identifies three causes, without expressly identifying the bankruptcy, as depressing the values.  He identifies the length of time

---

[1] In footnote 2 of their Opposition, Plaintiffs appear to suggest that even if Defendants did not cause the bankruptcy filing, Defendants should be responsible for all financial consequences flowing from the decision to file.  This remarkable position shows the extent to which Plaintiffs strain to avoid a real causation analysis.

to construct, deficient marketing of the homes, and the parties' "legal dispute" as driving down the values. He writes:

> **Based on the appraisers [sic] findings in this report, the extended construction period, lack of effective marketing, and legal dispute between the builder and investors significantly impacted the eventual selling price of both new homes. This is reflected in the difference between the appraised value of the subject property and the actual selling price.**

Exhibit A at Addendum pg. 1; Exhibit B at Addendum pg. 1 (bold in original). Mr. Fennell does not link the lower sale prices to Plaintiffs' apparent damage theory – that the bankruptcy negatively impacted the sales. As Mr. Fennell's opinion does not align with Plaintiffs' theory, Mr. Fennell's opinion is irrelevant and not helpful to the trier of fact. Moreover, Mr. Fennell does make any "findings" – he simply regurgitates what Plaintiffs told him.

Without a valid expert opinion, Plaintiffs resort to arguing that the trier of fact should "infer" that the bankruptcy had a negative effect on the sale prices. The cases Plaintiffs cite for this proposition are inapposite. *Wagenmann v. Adams*, 829 F.2d 196, 218 (1st Cir. 1987) involved errors by an attorney representing a client in a criminal matter that were so fundamental that expert testimony was not necessary. Here, in contrast, Plaintiffs make the more complicated assertion that bankruptcy impacted the value of real estate in an exact, mathematical amount, which certainly requires expert opinions. *Crooker v. United States*, Civil Action No. 13-30199-FDS, 2015 U.S. Dist. LEXIS 12386, at *8 (D. Mass. Feb. 3, 2015) involved a claim that a doctor negligently delayed in providing treatment, which, on those specific facts, did not require expert testimony. In *Fibermark, Inc. v. Merrimac Paper Co.*, No. 01-CV-11159-DPW, 2003 U.S. Dist. LEXIS 26866, at *94 (D. Mass. Mar. 11, 2003), the court held that the jury could compare sales records to determine lost profit without an expert, which is a far cry from the claims made by Plaintiffs in this case. In *United States v. Corey*, 207 F.3d 84, 97 (1st Cir. 2000), the court held

that jurors did not need an expert to discern where a firearm was manufactured. *Weitz Co., LLC v. MH Wash., LLC*, No. 06-0559-CV-W-DGK, 2008 U.S. Dist. LEXIS 123223, at *84 (W.D. Mo. Aug. 19, 2008) stands for the unremarkable proposition that when experts are admitted, jurors can combine the opinion testimony with other facts to draw conclusions as to the cause of damage to floors.

Courts have recognized that it is inappropriate to infer a causal link to damages, particularly where there are multiple forces at play and the cause of damage requires expert opinion. *See MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1362 (Fed. Cir. 2005) ("This testimony coupled with other entries in the record show that, as the district court correctly perceived, a reasonable jury would not be able to infer that the torts caused the damage alleged by MicroStrategy."); *Hoffman v. Vulcan Materials Co.*, 91 F. Supp. 2d 881, 888-89 (M.D.N.C. 1999) ("As a matter of law, the Court finds that plaintiffs' evidence is insufficient to allow a reasonable jury to infer that defendant's blasting is the probable cause of the damage complained of by plaintiffs."); *THN Physicians Ass'n v. Tiscareno*, 495 S.W.3d 599, 612 (Tex. App. 2016) ("A court may not fill in missing gaps by drawing inferences or guessing what the expert likely meant or intended, nor may we infer causation.").

## II.
### Plaintiffs Failed to Object to the Sales

Plaintiffs attempt to evade the impact of their failing to object to the Trustee's sales of the properties. They argue that their failure to object was not "intentional". The Court's docket provides all the required proof that Plaintiffs acted intentionally. Plaintiffs placed the Debtor into bankruptcy and actively litigated their claims by the time the Trustee proposed to sell the properties. The Trustee sought permission to list the properties for $4.5 million, and Plaintiffs did not object to such a low listing price. Despite notice from the Trustee, Plaintiffs remained

4

silent.  The Trustee provided Plaintiffs with notice of his intention to sell the properties for $4.4

million each, Plaintiffs attended the hearing at which the sales were discussed, and again

Plaintiffs remained silent.  Plaintiffs remarkably argue that neither the Trustee, the Court, nor

Defendants should have relied upon their silence.  Had they raised an objection, the listing and

sale price of the properties would have been litigated.   Their silence led to the properties being

marketed for far less than what they were worth, according to Plaintiffs.  In other words,

Plaintiffs never insisted that the properties be marketed for closer to their apparent fair market

value to test whether the bankruptcy actually had any impact on the sale price.  Given that they

had actual knowledge of the events as they unfolded, their silence was certainly intentional and it

caused the Trustee, the Court, and Defendants to proceed with the very sales that Plaintiffs now

challenge as deficient.  *BAC Home Loans Servicing LP v. Grassi (In re Grassi)*, No. EP 11-010,

2011 Bankr. LEXIS 4362, at *14-16 (B.A.P. 1st Cir. Nov. 21, 2011) (a failure to object to a free

and clear sale, despite notice, constitutes consent to the sale order and its provisions. ); *see also*

*In re Vista Mktg. Grp. Ltd*., No. 12-B-83168, 2014 Bankr. LEXIS 1441, at *12-13 (Bankr. N.D.

Ill. Mar. 28, 2014) ("[L]ack of objection (provided of course there is notice) counts as

consent."  (quotation marks omitted) (citing *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281,

285 (7th Cir. 2002)).

WHEREFORE, Defendants respectfully request that this honorable Court:

A.  Issue an order prohibiting the introduction of evidence and argument concerning

the appraisal opinion of Hugh Morgan Fennell;

B.  Issue an order precluding Plaintiffs from arguing that the "extended construction"

period, "ineffective marketing" or initiation of the litigation caused the homes to

sell for less than market value; and

5

C.  Grant such additional and further relief as the Court deems necessary.


Dated:   December 17, 2018                    Respectfully submitted,

                                              VADIM KAGAN,
                                              TATIANA KAGAN,
                                              KAGAN DEVELOPMENT KDC, CORP. and
                                              PROEXCAVATION CORP.,

                                              By their Attorneys,

                                              /s/ John H. Perten
                                              Christopher M. Candon, BBO# 650855
                                              John H. Perten, BBO# 548728
                                              James P. Harris, BBO# 678283
                                              SHEEHAN PHINNEY BASS & GREEN, PA
                                              255 State Street, 5th Floor
                                              Boston, MA  02109
                                              Tel:  617-897-5600
                                              Fax: 617-439-9363
                                              E-mail: ccandon@sheehan.com
                                                      jperten@sheehan.com
                                                      jharris@sheehan.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of December, 2018, a copy of the foregoing was

served upon the parties listed below via ECF and/or first class mail, postage prepaid.

Eric K. Bradford
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

/s/ John H. Perten
John H. Perten