UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>      Debtor. | ) )<br>) )<br>) )<br>) )<br>) | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC,<br>ALEX FILIPPOV and<br>NICKOLAY LIPETSKER,<br><br>    Plaintiffs,<br>    Defendants in Counterclaim,<br><br>v.<br><br>VADIM KAGAN, TATIANA KAGAN,<br>KAGAN DEVELOPMENT KDC, CORP.<br>and PROEXCAVATION CORP.<br><br>    Defendants,<br>    Plaintiffs in Counterclaim. | ) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) | Adv. Proc. No. 16-01120 |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATING TO "OTHER PROJECTS"**

Defendants Vadim Kagan ("Kagan"), Tatiana Kagan, Kagan Development KDC, Corp. ("KDC") and ProExcavation ("ProExcavation") submit this Reply to Plaintiff's Opposition to Motion in Limine to Preclude Evidence Relating to "Other Projects."

**I.**
**Plaintiffs Concede Evidence of "Other Projects" Has No Material Value in this Case.**

When pressed to explain why evidence of the "Other Projects" has any logical connection to this case, Plaintiffs concede it has none, or at least very little. They state, "The Plaintiffs do

not need the evidence of the other construction costs to prove [they allegedly might lose a substantial portion of their investment], and whether or not the other investors ultimately received any profit on their own projects is irrelevant." Pls.' Opp. at 3. Later, Plaintiffs acknowledge that the financial outcome of the "Other Projects" is "completely immaterial" to the claims made by Plaintiffs. *Id*. at 8 ("That [Kagan] may have ultimately left some of the investors with some profit to placate them is completely immaterial to the Plaintiffs' assertion that Kagan has knowledge and experience with construction costs, that he intentionally misrepresented those costs to induce the Plaintiffs to invest, and that he artificially increased his costs on this project …."). If the profits earned by the other investors are "immaterial," it necessarily follows that the other details of those projects are also "immaterial." Plaintiffs' admission that they do not need evidence of the "Other Projects" and their concession that it is immaterial erode its usefulness in this upcoming trial. Its only possible value to Plaintiffs is to further their attempt to besmirch Kagan, which is not permitted by the Rules of Evidence. *Huddleston v. United States*, 485 U.S. 681 (1988) (The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material fact *other than character*.").

As explained in the Motion in Limine, there are significant dissimilarities between the Other Projects and the Lyman-Cutler project. During the Lyman-Cutler project, Kagan was involved in 20 additional projects, and Plaintiffs' small sampling of "Other Projects" proves nothing. If permitted, Plaintiffs will open a "Pandora's Box" as before any of the "Other Projects" can possibly have any relevance, exhaustive analysis must be undertaken of all the Other Projects to ensure that Plaintiffs' cherry picking is truly an "apples to apples" comparison, which will necessarily add multiple witnesses and wasted time. In fact, even the investors in the

2

Other Projects cannot identify **any** fraud that occurred on their projects, so Plaintiffs fail to carry the initial burden of proving that prior bad acts actually occurred. *United States v. Trujillo*, 376 F.3d 593, 605 (6th Cir. 2004) ("First, the district court must decide whether there is sufficient evidence that the act in question actually occurred.").

Plaintiffs' concessions also lead to the conclusion that the evidence's limited (if any) probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the fact-finder, undue delay, wasting time, and needlessly presenting cumulative evidence. Federal R. Evid. 403 therefore mandates that the evidence be excluded, because it has so little (if any) probative value. *United States v. Garcia*, 983 F.2d 1160, 1172 (1st Cir. 1993); *United States v. Zeuli*, 725 F.2d 813, 816 (1st Cir. 1984) (applying Fed. R. Evid. 403 when considering other-acts evidence).

Plaintiffs also dramatically understate the length of trial time it will take for the parties to litigate the details of the "Other Projects." They contend they have no intention to "run through a tedious forensic analysis of the costs incurred on each of Kagan's other projects." Pls.' Opp. at 10. However, Plaintiffs intend to use facts relating to the finances of the Other Projects in an attempt to show misrepresentations were made on the Lyman-Cutler project. This will necessarily require thorough financial analysis of those Other Projects. Recognizing that such an analysis would undoubtedly reveal no wrongdoing, as each of the other investors conceded, Plaintiffs want to select only those parts of the story they believe favor them. This is impermissible. Even if their abridged examination was permissible – it is not – they neglect to include in their analysis that Defendants actually get to inquire and present evidence as well – which at least doubles the amount of time required to examine stories that Plaintiffs characterize as "immaterial." The depositions of these other investors, even without a "tedious forensic

analysis", spanned hours and hours of testimony and required the use of multiple exhibits that would not be used if the evidence of the "Other Projects" is excluded. In an effort to minimize the time impact which this marginal evidence would have at trial, Plaintiffs also contend that the Court should allow the introduction of some evidence pertaining to the Other Projects but then "limit this portion of the case" if necessary. *Id*. at 11. Of course, the parties will have expended hours of effort (at significant expense to their respective clients) preparing for witnesses only to then have the Court "limit" them mid-trial. This is hardly an efficient outcome. As there is no material benefit to the testimony and exhibits of the "Other Projects," they should be deemed inadmissible.

## II.
## The Cases Cited by Plaintiffs are Inapposite

In *United States v. Oppon*, 863 F.2d 141, 146-47 (1st Cir. 1988), the defendant was charged with misrepresenting citizenship status on a job application. He denied checking the box indicating that he was a U.S. citizen. As part of his defense, the defendant presented testamentary evidence that he usually left the citizenship question blank on job applications. To rebut this defense, the government sought to introduce other job applications completed by the defendant in which he affirmatively described himself as a citizen of the United States. In other words, the prior bad act evidence directly contradicted the defense raised by the defendant, which buoyed the court's conclusion that Fed. R. Evid. 404(b) permitted use of other job applications completed by the defendant. That is not even remotely similar to the issues in the instant matter, as the relevant inquiry for fraud is whether Kagan knew his statements were false when he uttered them. In *United States v. Cassiere*, 4 F.3d 1006, 1022 (1st Cir. 1993), the prior acts were ones in which the defendants actually committed fraud on lenders, unlike these in which the investors in the Other Projects cannot identify any fraud at all. Similarly, in *United

4

*States v. Scelzo*, 810 F.2d 2, 4 (1st Cir. 1987), a former secret service agent testified that the defendants previously provided him with counterfeit credit cards, the same crime with which they were charged in the subsequent case. Again, the prior acts constituted actual, provable fraud whereas the investors in the Other Projects have no such similar accusations to make against Kagan.

*United States v. Parker*, 872 F.3d 1, 11 (1st Cir. 2017) involved evidence of uncharged crimes but they were part of the scheme to purchase weapons illegally and therefore directly relevant to the charged crimes. The defendant claimed he was an "unknowing innocent," which the prosecutors used as the hook for introducing evidence of participation in other gun purchases to demonstrate his knowledge of the gun laws. Similarly, in *United States v. Kakande*, 771 F. Supp. 2d 86, 89 (D. Me. 2011), the government had to prove that the defendant was "sufficiently sophisticated in U.S. immigration policies" to arrange for a sham marriage to improve his citizenship status. To do this, the government introduced evidence that the defendant's previous marriages actually resulted in his improving his citizenship status. In other words, he had been through the process before and therefore should have anticipated the outcome with his later marriage. Each of these criminal cases is factually and legally distinctive from the issues in this civil action. In this case, Defendants attempt to manufacture a reason to introduce what they claim is evidence of Kagan's "intent", but it is too dissimilar and attenuated to warrant introduction in this case. *Cf. United States v. Varoudakis*, 233 F.3d 113, 120 (1st Cir. 2000) ("When prior bad act evidence is offered to prove a motive for the crime, courts must be on guard to prevent the motive label from being used to smuggle forbidden evidence of propensity to the jury.") (quotation omitted).

WHEREFORE, Defendants respectfully request that this honorable Court:

5

A. Issue an order prohibiting the introduction of evidence and argument concerning the "Other Projects", projects other than the Lyman-Cutler project at issue in this litigation; and

B. Grant such additional and further relief as the Court deems necessary.

Dated: December 17, 2018

Respectfully submitted,

VADIM KAGAN,
TATIANA KAGAN,
KAGAN DEVELOPMENT KDC, CORP. and
PROEXCAVATION CORP.,

By their Attorneys,

/s/ John H. Perten
Christopher M. Candon, BBO# 650855
John H. Perten, BBO# 548728
James P. Harris, BBO# 678283
SHEEHAN PHINNEY BASS & GREEN, PA
255 State Street, 5th Floor
Boston, MA 02109
Tel: 617-897-5600
Fax: 617-439-9363
E-mail: ccandon@sheehan.com
  jperten@sheehan.com
  jharris@sheehan.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December, 2018, a copy of the foregoing was served upon the parties listed below via ECF and/or first class mail, postage prepaid.

Eric K. Bradford
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

/s/ John H. Perten
John H. Perten