# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
## Proceeding Memorandum/Order

**In Re:** Lyman-Cutler, LLC v. Kagan et al          **Case/AP Number** 16-01120 -FJB
**Chapter**

#228 Motion filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. In Limine to Preclude Opinions of Michael Goldman

#251 Opposition filed by Intervenor-Plaintiffs Alex Filippov, Nickolay Lipetsker, Plaintiff Lyman-Cutler, LLC  (Carnathan, Sean)

**COURT ACTION:**

_____Hearing held

_____Granted     _____Approved     _____Moot

_____Denied      _____Denied without prejudice     _____Withdrawn in open court

_____Overruled _____Sustained

_____Continued to_____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by_____

_____No appearance by _____

Show Cause Order      _____Released _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Order: For the following reasons, the Defendants' Motion in Limine to Preclude Opinions of Michael Goldman is hereby denied.

By this motion defendants Vadim Kagan, Kagan Development KDC Corp., Tatiana Kagan, and ProExcavation Corp. (collectively the "Defendants") seek an order precluding plaintiffs Lyman-Cutler, LLC, Alex Filippov, and Nickolay Lipetsker (collectively the "Plaintiffs") from presenting Michael Goldman as an expert witness at the trial.  Goldman is a certified public accountant, a certified fraud examiner, and a certified valuation analyst, and he is certified in financial forensics.  The Plaintiffs have identified him as an expert witness and provided the report required by Fed.R.Civ.P. 26.  Defendants argue that Goldman should not be permitted to testify for three reasons:  first, he "was hired by the Plaintiffs for the express purpose of opining as to the credibility and veracity of Defendants' documents," which they say is improper; second, they assert that "his opinions are inadmissible because experts may not usurp the role of the fact finder to determine credibility and his opinion that 'maybe' there was fraud is not helpful to the trier of fact;" finally, they suggest that the methodology used by Goldman is not reliable or well established.

I do not understand that Goldman will testify as to the lack of credibility of any witness.  Rather, having examined documentation provided by the Defendants in support of their claims, he will testify about the veracity of accounting records produced in this case.  While I agree that expert testimony is not admissible to assist the trier of fact in determining the credibility of a witness, expert testimony as to the veracity and credibility of documentation is surely admissible and hardly novel.  Moreover, it appears that the methodology employed by Goldman is fully reliable and established and has been the basis for expert testimony in many cases. See, e.g., WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1039-40 (8th Cir. 2011); Minh Vu v. Rosen (In re: Minh Vu), 2013 WL 4804822, *10 (D. Md. 2013) (forensic accounting is not a field where controversial scientific methods are used).  Experts with Goldberg's education, training and experience regularly testify about the veracity, credibility and provenance of documentary evidence (or the lack of such documentation).  Finally, subject to the limitations of Fed. R. Evid. 704, testimony by an expert as to the ultimate issue – in this case, fraud and breach of contract – is not automatically inadmissible for that reason alone, which is not to say that the trier of fact will find such testimony helpful in determining any issue.  The motion is accordingly denied.

IT IS SO ORDERED:

*Frank J. Bailey* (signature)

_____Dated: 01/11/2019
Frank J. Bailey
United States Bankruptcy Judge