UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

**In Re:** Lyman-Cutler, LLC v. Kagan et al          **Case/AP Number** 16-01120 **-FJB**
                                                     **Chapter**

#231 Motion filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. In Limine to Preclude Evidence Relating to Appraisal Opinion of Hugh Morgan Fennell

#250 Opposition filed by Intervenor-Plaintiffs Alex Filippov, Nickolay Lipetsker, Plaintiff Lyman-Cutler, LLC

**COURT ACTION:**

_____Hearing held

_____Granted   _____Approved   _____Moot

_____Denied   _____Denied without prejudice   _____Withdrawn in open court

_____Overruled   _____Sustained

_____Continued to _____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by _____

_____No appearance by _____

Show Cause Order   _____Released   _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

ORDER: For the following reasons, the Defendants' Motion in Limine to Preclude Evidence Relating to Appraisal Opinion of Hugh Morgan Fennell is hereby denied.

By this motion (doc. # 360) defendants Vadim Kagan, Kagan Development KDC Corp., Tatiana Kagan, and ProExcavation Corp. (collectively the "Defendants") seek an order "precluding evidence relating to the appraisal opinion of Hugh Morgan Fennell," which I understand to be a motion to preclude Fennell from testifying at trial. Plaintiffs Lyman-Cutler, LLC, Alex Filippov, and Nickolay Lipetsker (collectively the "Plaintiffs") oppose the motion (doc. # 380). Plaintiffs identified Fennell as an expert witness and provided the report required by Fed.R.Civ.P. 26(a)(2). Fennell is a licensed and certified real estate appraiser in Massachusetts. He has testified as an expert in many courts. The Plaintiffs have disclosed that they intend to call Fennell to offer an opinion of the fair market value of each of the two homes on the dates of their actual sale by the chapter 7 trustee. He will also opine as to the how certain alleged misconduct of the Defendants affected the actual sale prices that the trustee received.

The Defendants support their motion by arguing that Fennell's opinions are not based on "reliable methodology," specifying three grounds: first, that the report offers an opinion of fair market value of the homes on the date of the trustee sale, but Fennell does not state why that is the relevant date; second, that Fennell opines that the project lacked effective marketing, but he never defines what effective marketing would have been; and third, that although Fennell attributes a lower than expected selling price to the "legal disputes" between the Plaintiffs and Defendants, he fails to quantify the impact of the disputes.

The Defendants attack Fennell's work because they say he has no independent knowledge of the alleged misconduct of the Defendants. The Plaintiffs agree that Fennell has no independent knowledge. Indeed, counsel told Fennell to assume that there was a delay in construction, that there was a failure to properly market the properties, and that there were legal disputes among the LLC members and their affiliates. There is nothing improper about that procedure. Rule 703 of the Federal Rules of Evidence states that "an expert may base an opinion on facts or data in the case that the expert has been made aware of . . . .," which is precisely what has happened here. But the Plaintiffs must in turn prove the alleged misconduct.

(Continued on succeeding page.)

IT IS SO ORDERED:

*Frank J Bailey*

_____Dated: 01/11/2019
Frank J. Bailey
United States Bankruptcy Judge

The Defendants do not argue that Fennell is not qualified to offer an opinion of the value of the two homes on their sale dates in 2016.  Rather, they argue that he has failed to state (presumably in his report) the reason he has chosen to appraise their value in 2016 as opposed to another time.  Again, Fennell chose those dates because that is what he was asked to do.  The Plaintiffs' theory of damages is that the Defendants' alleged misconduct resulted in a reduction in the value of the homes.  Fennell's opinion contrasts the fair market value of the homes in 2016 with what the trustee received in the bankruptcy sale, which was affected by the Defendants' alleged conduct.  That evidence is relevant.

Finally, the Defendants argue that the Plaintiffs are "estopped" from alleging that the sales prices for the homes were inadequate because they failed to object to the trustee's sale.  According to the First Circuit, equitable estoppel requires "an affirmative representation . . . directed to [another] for the purpose of inducing [the other] to act or fail to act to his injury." *Cahoon v. Shelton*, 647 F.3d 18, 28 (1st Cir.2011).  Here the Defendants have not alleged an affirmative representation from the Plaintiffs regarding the trustee's sale of the two homes.  Nor have they stated how they relied on the lack of an objection to the sale from the Plaintiffs.  The cases cited by the Defendants offer no support for their contention here.  Those cases involved a debtor's (or other party's) late objection to a trustee's sale where the trustee relied on the debtor's failure to object at or before the time of the sale.  See, e.g., *Gazes v. DeArakie (In re DeArakie)*, 199 B.R. 821, 827 (Bankr. S.D.N.Y. 1996) (where debtor complained about sale of real estate four years after closing but failed to object at the time of the sale).  The Plaintiffs are not estopped from offering evidence that the Defendants' conduct caused the trustee to receive less in the sale.