UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

**In Re:** Lyman-Cutler, LLC v. Kagan et al            **Case/AP Number** 16-01120 **-FJB**
                                                       Chapter

#233 Motion filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp. In Limine to Preclude Evidence Relating to 'Other Projects'.

#249 Opposition filed by Intervenor-Plaintiffs Alex Filippov, Nickolay Lipetsker, Plaintiff Lyman-Cutler, LLC  (Carnathan, Sean)

**COURT ACTION:**

_____Hearing held

_____Granted         _____Approved         _____Moot

_____Denied          _____Denied without prejudice         _____Withdrawn in open court

_____Overruled _____Sustained

_____Continued to_____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by_____

_____No appearance by _____

Show Cause Order        _____Released  _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

ORDER: By this motion, defendants Vadim Kagan, Kagan Development KDC Corp., Tatiana Kagan and ProExcavation Corp. (collectively the "Defendants") seek an order "precluding evidence relating to 'Other Projects.'"  Plaintiffs Lyman-Cutler, LLC, Alex Filippov, and Nickolay Lipetsker (collectively the "Plaintiffs") oppose the motion.  For the reasons set forth below, the motion is hereby denied.

Defendants make four arguments in support of this motion: (a) the proposed evidence that Kagan engaged in fraud on several other construction projects is inadmissible as character evidence; (b) none of the people that will provide such testimony were able to identify specific evidence of Kagan's fraud; (c) the four or five examples of Kagan's fraud in other projects are a small fraction of his total work and thus are "cherry picked;" and (d) the evidence of other projects will needlessly prolong the trial.

The Plaintiffs' basis for offering the evidence of Kagan's conduct in other projects where he was the builder is to help establish that he uses a common plan in defrauding home owners. That plan, at least in part, is alleged to be that he fails to report cost over runs and engages in intentional delays.  Then, at the end of the project, he demands that the owners pay the over runs in construction costs, which are usually due to entities that Kagan owns and controls.  The Plaintiffs argue that the proposed evidence does not run afoul of F.R.Evid. 404, which prohibits the use of "Character Evidence" to prove a person acted in conformity with such evidence, because in this instance the "other project" evidence is offered for a permitted purpose: to prove that Kagan acted pursuant to a plan.  See Fed.R.Evid. 404(b)(2) (expressly permitting evidence of prior bad acts and wrongs where the reason for the evidence is for a purpose other than proving character, such as to prove plan, intent, preparation, etc.)

(Continued on succeeding page.)

IT IS SO ORDERED:

_/s/ Frank J. Bailey_____Dated: 01/11/2019
Frank J. Bailey
United States Bankruptcy Judge

None of the Defendants' arguments are sufficient. First, the Plaintiffs are not offering the evidence to establish Kagan's character so that the trier of fact will conclude he acted in conformity therewith. Rather, as noted, it is offered to prove his plan, which is a permitted use. Second, the fact that none of the proposed witnesses provided deposition testimony of Kagan's alleged fraud in their projects, even if true, is not a reason to exclude them as witnesses. Third, perhaps the other projects selected by the Plaintiffs were in fact "cherry picked," but if there are five other projects where Kagan employed this plan, that evidence is relevant. Finally, the court will manage the trial in a manner so as to ensure that all parties are provided with due process while ensuring that the trial is handled efficiently.

In this case the use of evidence of other projects is appropriate. That evidence, essentially evidence of other alleged wrongs by Kagan, is offered for a permissible purpose under F.R.Evid. 404. Moreover the probative value of such evidence outweighs the potential for undue prejudice to the Defendants. This is a bench trial, and the court can undertake that balancing test.