United States Bankruptcy Court
District of Massachusetts

Lyman-Cutler, LLC,
       Plaintiff
                                  Adv. Proc. No. 16-01120-fjb

Kagan,
       Defendant

# CERTIFICATE OF NOTICE

```
District/off: 0101-1          User: ncalvo              Page 1 of 2              Date Rcvd: Jan 11, 2019
                              Form ID: pdf012           Total Noticed: 9
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 13, 2019.

```
tr            +David Madoff,    Madoff & Khoury LLP,    124 Washington Street,    Foxboro, MA 02035-1368
ip            +Alex Filippov,    130 Trapelo Road,    Belmont, Ma 02478-1873
dft           +Kagan Development KDC, Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
pla           +Lyman-Cutler, LLC,    Lyman-Cutler, LLC,    130 Trapelo Rd.,    Belmont, MA 02478-1873
ip            +Nickolay Lipetsker,    52 Stony Brae Road,    Newton, MA 02461-1727
dft           +ProExcavation Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
dft           +Tatiana Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
dft           +Vadim Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust           +E-mail/Text: ustpregion01.bo.ecf@usdoj.gov Jan 12 2019 00:31:47     John Fitzgerald,
               Office of the US Trustee,   J.W. McCormack Post Office & Courthouse,
               5 Post Office Sq., 10th Fl, Suite 1000,   Boston, MA 02109-3901
                                                                                              TOTAL: 1
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cd*           +Alex Filippov,    130 Trapelo Road,    Belmont, Ma 02478-1873
cc*           +Kagan Development KDC, Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
cd*           +Lyman-Cutler, LLC,    Lyman-Cutler, LLC,    130 Trapelo Rd.,    Belmont, MA 02478-1873
cd*           +Nickolay Lipetsker,    52 Stony Brae Road,    Newton, MA 02461-1727
cc*           +ProExcavation Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
cc*           +Tatiana Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
cc*           +Vadim Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
                                                                                   TOTALS: 0, * 7, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 13, 2019                                                 Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 11, 2019 at the address(es) listed below:

```
          Christopher M. Candon    on behalf of Defendant Vadim  Kagan ccandon@sheehan.com,
           ntoli@sheehan.com
          Christopher M. Candon    on behalf of Defendant    ProExcavation Corp. ccandon@sheehan.com,
           ntoli@sheehan.com
          Christopher M. Candon    on behalf of Defendant Tatiana   Kagan ccandon@sheehan.com,
           ntoli@sheehan.com
          Christopher M. Candon    on behalf of Defendant    Kagan Development KDC, Corp. ccandon@sheehan.com,
           ntoli@sheehan.com
          David B. Madoff    on behalf of Trustee David  Madoff madoff@mandkllp.com,   alston@mandkllp.com
          James   Harris    on behalf of Counter-Claimant Vadim  Kagan jharris@sheehan.com,
           dhemeon@sheehan.com
          James   Harris    on behalf of Counter-Claimant    ProExcavation Corp. jharris@sheehan.com,
           dhemeon@sheehan.com
          James   Harris    on behalf of Defendant    Kagan Development KDC, Corp. jharris@sheehan.com,
           dhemeon@sheehan.com
          James   Harris    on behalf of Defendant Tatiana   Kagan jharris@sheehan.com,  dhemeon@sheehan.com
          James   Harris    on behalf of Defendant Vadim   Kagan jharris@sheehan.com,  dhemeon@sheehan.com
          James   Harris    on behalf of Defendant    ProExcavation Corp. jharris@sheehan.com,
           dhemeon@sheehan.com
          James   Harris    on behalf of Counter-Claimant    Kagan Development KDC, Corp. jharris@sheehan.com,
           dhemeon@sheehan.com
          James   Harris    on behalf of Counter-Claimant Tatiana   Kagan jharris@sheehan.com,
           dhemeon@sheehan.com
```

```
District/off: 0101-1           User: ncalvo              Page 2 of 2               Date Rcvd: Jan 11, 2019
                               Form ID: pdf012           Total Noticed: 9
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        John  Perten    on behalf of Defendant Vadim  Kagan jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John  Perten    on behalf of Defendant    ProExcavation Corp. jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John  Perten    on behalf of Counter-Claimant Tatiana  Kagan jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John  Perten    on behalf of Defendant    Kagan Development KDC, Corp. jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John  Perten    on behalf of Counter-Claimant    ProExcavation Corp. jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John  Perten    on behalf of Defendant Tatiana  Kagan jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John  Perten    on behalf of Counter-Claimant Vadim  Kagan jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John  Perten    on behalf of Counter-Claimant    Kagan Development KDC, Corp. jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Nickolay  Lipetsker jcalandrelli@ocmlaw.net,  hwolti@ocmlaw.net
        Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Alex  Filippov jcalandrelli@ocmlaw.net, hwolti@ocmlaw.net
        Joseph P. Calandrelli    on behalf of Plaintiff    Lyman-Cutler, LLC jcalandrelli@ocmlaw.net, hwolti@ocmlaw.net
        Peter N. Tamposi    on behalf of Plaintiff    Lyman-Cutler, LLC peter@thetamposilawgroup.com, Judy@tlgnh.com
        Sean T. Carnathan    on behalf of Intervenor-Plaintiff Nickolay  Lipetsker scarnathan@ocmlaw.net, hwolti@ocmlaw.net
        Sean T. Carnathan    on behalf of Plaintiff    Lyman-Cutler, LLC scarnathan@ocmlaw.net, hwolti@ocmlaw.net
        Sean T. Carnathan    on behalf of Intervenor-Plaintiff Alex  Filippov scarnathan@ocmlaw.net, hwolti@ocmlaw.net
        Valentin D. Gurvits    on behalf of Miscellaneous Participant Boris  Maiden vgurvits@bostonlawgroup.com

                                                                                                         TOTAL: 29

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

In Re: Lyman-Cutler, LLC v. Kagan et al

Case/AP Number 16-01120 -FJB
Chapter

#218 Motion filed by Intervenor-Plaintiffs Alex Filippov, Nickolay Lipetsker, Plaintiff Lyman-Cutler, LLC In Limine.

#245 Opposition to Plaintiffs' Motion in Limine filed by Defendants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp., Counter-Claimants Tatiana Kagan, Vadim Kagan, Kagan Development KDC, Corp., ProExcavation Corp.

**COURT ACTION:**

_____Hearing held

_____Granted    _____Approved    _____Moot

_____Denied    _____Denied without prejudice    _____Withdrawn in open court

_____Overruled    _____Sustained

_____Continued to _____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by_____

_____No appearance by _____

Show Cause Order    _____Released    _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

ORDER: By this motion Lyman-Cutler, LLC ("LLC"), Alex Fillipov, and Nickolay Lipetsker (collectively the "Plaintiffs"), seek five rulings: (a) that defendant Vadim Kagan ("Kagan") and the "companies that he controls" bear the burden of persuasion at trial; (b) that Kagan must prove "entire fairness" with respect to the construction contract between KDC and the LLC dated June 24, 2013 (the "KDC Contract") and all charges by defendant Kagan Development Corp. ("KDC") and ProExcavation Corp. ("ProEx") to the LLC; (c) exclusion of the KDC "binders" of alleged documentary evidence because they lack proper authentication, contain inadmissible hearsay, and violate the best evidence rule; (d) exclusion of the KDC Contract as violative of the best evidence rule; and (e) exclusion of the proffered expert opinions of Von Salmi and Paul H. McDonald.  The Defendants oppose each of these requests for rulings.  Based on the following, the motion is allowed in part and denied in part.

(Continued on succeeding page.)

IT IS SO ORDERED:

*/s/ Frank J. Bailey*
_____ Dated: 01/11/2019
Frank J. Bailey
United States Bankruptcy Judge

1. Requests (a) and (b). In these requests the Plaintiffs seek a ruling that Kagan, KDC and ProEx bear the burden of proof at trial and that Kagan must prove "entire fairness" with respect to each of the transactions he undertook with LLC. A claim properly filed in this court constitutes prima facie evidence as to the validity and amount of such claim. An objecting party must then come forth with substantial evidence that the claim should be disallowed as to validity, or amount, or both. At the hearing the parties agreed and I so order that the Plaintiffs will start the trial with evidence that the Kagan Parties' claims should be disallowed. The Defendants will then have the burden of proving that their claims should be allowed in full in the amounts stated in such claims. Request (b) is related. The plaintiffs argue that Kagan must prove that he and his companies acted with entire fairness in the transactions with the Plaintiffs. In *Allison v. Ericksson*, 479 Mass. 626, 634 (2018), the SJC ruled that members of an LLC, at least one such as we have here, owe one another the duties of fiduciaries, meaning the duty to act with the utmost fairness and loyalty in dealing with the entity and its members. *Donahue v. Rodd Electrotype of New England, Inc.*, 367 Mass. 578, 587 (1975). Thus, in this case, whether acting on his own or through entities that he controls, Kagan has the burden of proving that his actions were entirely fair to the LLC and its members.

2. Requests (c) and (d). Plaintiffs request an order barring the introduction of certain binders of documents that the Defendants have assembled. The binders contain documents that support the Defendants' claims. The Plaintiffs argue that the binders are inadmissible because KDC "cannot lay a foundation" for their introduction, because they are inadmissible hearsay, and because they violate the best evidence rule. These objections are overbroad and premature. The Defendants are entitled to establish at trial that the documents are what they purport to be, that they are either non-hearsay or are subject to an exception to that rule, and that they meet the requirements of Fed.R.Evid. 1002, 1003. Plaintiffs also request an order excluding the KDC Contract because it is not the original agreement and they have not produced the original KDC Contract for inspection even though it has been properly requested. At the hearing the Defendants stated that they have possession of the original agreement and that they would produce it for inspection. They are hereby ordered to produce it for inspection by counsel for the Plaintiffs upon 7 days notice. If they do produce it and provided they offer the original document at trial, this objection will be overruled.

3. Request (e). By this request the Plaintiffs seek to exclude the proffered expert opinions of Messrs. Von Salmi and Paul H. McDonald at trial. With respect to both of these experts the Plaintiffs' motion is unsound. As to Von Salmi, the objections go to his methodology. As the Plaintiffs describe it, Von Salmi created his own set of building specifications based on the finished construction because Kagan lacked such actual specifications. Von Salmi's methodology may be flawed, but that is not cause to block his testimony. Salmi may testify, and the court will determine what weight to accord his testimony. As to McDonald, a hand-writing expert, Plaintiffs' argue that his testimony, which goes to the truthfulness of a witness that the Plaintiffs intend to call, is collateral to the issues in this case. Truthfulness of a witness is never collateral. McDonald may testify after the subject witness testifies.