UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re<br><br>    LYMAN-CUTLER, LLC,<br><br>              Debtor | Chapter 7<br>Case No. 15-13881-FJB |
| LYMAN-CUTLER, LLC, et al.,<br><br>              Plaintiffs<br><br>    v.<br><br>VADIM KAGAN et al.,<br><br>              Defendants | Adv. Pro. No. 16-1120 |

**MEDIATION SCHEDULING ORDER**

The parties having requested that this matter, including this adversary proceeding and the related objections to claims in the bankruptcy case1 be referred to mediation, and it appearing from the record before the Court that sufficient cause exists for the entry of this order (this "Order"), it is HEREBY ORDERED THAT:

1.  The Parties shall submit their respective claims and disputes with respect to the above-referenced cases (collectively, the "Mediation Matters") to nonbinding mediation (the "Mediation").

2.  The Mediation shall be conducted by the Honorable Christopher J. Panos (the "Settlement Judge"), at a time and location to be determined by the Settlement Judge after consulting with the parties. Within seven (7) days of the date of the Order, the Parties shall contact Judge Panos's Courtroom Deputy, Halina Magerowski, at (508) 770-8927 to request a time for a preliminary conference call with Judge Panos (the "Preliminary Conference").

1

3. The Settlement Judge shall control all procedural aspects of the Mediation.

4. The Mediation session is private. Unless the Settlement Judge determines otherwise, only the Parties and their relatives and legal representatives, including at least one individual with final authority to settle the Mediation Matters, may attend the Mediation. There shall be no recording of the Mediation. The Settlement Judge and the Parties shall be allowed to take personal notes during the Mediation.

5. The Parties shall participate in the Mediation in good faith to explore the possibility of a consensual resolution; provided, however, that no Party shall be required to reach a consensual resolution and the failure to reach a consensual resolution may not be used against any Party for any purpose.

6. Any oral or written statements or information made or disclosed by the Settlement Judge, by the Parties or by others in the course of the Mediation, and all records, reports, or other documents received or made by the Settlement Judge while serving in such capacity, including, without limitation, any mediation statements the Settlement Judge may direct the Parties to submit pursuant to the Preliminary Conference ("Mediation Statements") or any written comments or recommendations by the Settlement Judge as described herein, shall be confidential and shall not be divulged, shared or otherwise provided by any of the participants in the Mediation (or their agents or legal representatives) or by the Settlement Judge to the Court or to any third party; provided, however, that records, reports, or other documents received by the Settlement Judge while serving in such capacity, other than the Mediation Statements or any written comments or recommendations by the Settlement Judge may be provided to the Court, if the record, report or document would be otherwise admissible. No person may rely on or introduce as evidence in any arbitral, judicial, or other proceedings, including any hearing held by this Court in connection with the referred Mediation Matters, evidence or information pertaining to any aspect of the mediation effort, whether occurring before, during or subsequent to the mediation session, including, but not limited to: (a) views expressed or suggestions made by a Party with respect to a

possible settlement of the dispute; (b) the fact that another Party had or had not indicated willingness to accept a proposal for settlement made by the Settlement Judge; (c) proposals made or views expressed by the Settlement Judge; (d) statements or admissions made by a Party in the course of the mediation; (e) documents prepared for the purpose of, in the course of, or pursuant to the Mediation; (f) statements or actions which may otherwise constitute a waiver of a legally protected privilege; and (g) documents prepared subsequent to the Mediation which refer to any of the foregoing.

7. In addition, without limiting the foregoing, Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediation or other alternative dispute resolution procedure shall apply. Parties and their counsel may disclose information obtained at the mediation session to related individuals or members of their respective firms, who shall also be bound by the confidentiality provisions of this agreement. Information otherwise discoverable or admissible in evidence, however, does not become exempt from discovery, or inadmissible in evidence, merely by being used by a Party in or relating to a mediation session. These provisions shall not preclude a Party, its counsel, or the Settlement Judge from responding in confidence to appropriately conducted inquiries or surveys concerning the use of mediation generally. The disclosure by a Party of privileged information to the Settlement Judge shall not waive or otherwise adversely affect the privileged nature of the information.

8. Within fourteen (14) days of the conclusion of the Mediation, the Settlement Judge may notify, or instruct the parties to notify, the Court whether the matter has been settled, and the Parties shall then file the appropriate motions for approval of any settlement as may be required or appropriate under the Bankruptcy Code or Federal or Local Rules. No other information concerning the mediation may be given to the Court by the Settlement Judge or any Party.

9. The Settlement Judge shall have no obligation to make any recommendations to the Parties; provided, however, that to the extent the Settlement Judge determines productive to

resolution of any of the Mediation Matters, the Settlement Judge may furnish the attorneys for the Parties with a nonbinding written settlement recommendation. Any such written recommendation shall not be filed with the Court by the Settlement Judge or any Party.

10. The Settlement Judge shall not divulge or be compelled to divulge such records or to testify or be compelled to testify in regard to the Mediation in connection with any arbitral, judicial or other proceeding. To be clear, nothing in this Order precludes the Settlement Judge from reporting the status (though not content) of the mediation effort to the Court, or to report failures to attend or to participate in good faith in the Mediation. Aside from any complaint of judicial misconduct, there shall be no liability on the part of, and no cause of action shall arise against, any person who serves as a Settlement Judge hereunder on account of any act or omission in the course and scope of such person's duties as a Settlement Judge.

11. No subpoena, summons, citation, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

By the Court,

Date: January 16, 2019

Frank J. Bailey
United States Bankruptcy Judge