United States Bankruptcy Court
District of Massachusetts

Lyman-Cutler, LLC,
    Plaintiff

Adv. Proc. No. 16-01120-fjb

Kagan,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0101-1    User: jregan    Page 1 of 2    Date Rcvd: Jan 17, 2019
    Form ID: pdf012    Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 19, 2019.
```
tr           +David Madoff,    Madoff & Khoury LLP,    124 Washington Street,    Foxboro, MA 02035-1368
ip           +Alex Filippov,    130 Trapelo Road,    Belmont, Ma 02478-1873
dft          +Kagan Development KDC, Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
pla          +Lyman-Cutler, LLC,    Lyman-Cutler, LLC,    130 Trapelo Rd.,    Belmont, MA 02478-1873
ip           +Nickolay Lipetsker,    52 Stony Brae Road,    Newton, MA 02461-1727
dft          +ProExcavation Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
dft          +Tatiana Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
dft          +Vadim Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
ust          +E-mail/Text: ustpregion01.bo.ecf@usdoj.gov Jan 18 2019 00:30:50     John Fitzgerald,
               Office of the US Trustee,    J.W. McCormack Post Office & Courthouse,
               5 Post Office Sq., 10th Fl, Suite 1000,    Boston, MA 02109-3901
                                                                                              TOTAL: 1
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cd*          +Alex Filippov,    130 Trapelo Road,    Belmont, Ma 02478-1873
cc*          +Kagan Development KDC, Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
cd*          +Lyman-Cutler, LLC,    Lyman-Cutler, LLC,    130 Trapelo Rd.,    Belmont, MA 02478-1873
cd*          +Nickolay Lipetsker,    52 Stony Brae Road,    Newton, MA 02461-1727
cc*          +ProExcavation Corp.,    239 Nahanton St.,    Newton, MA 02459-2909
cc*          +Tatiana Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
cc*          +Vadim Kagan,    239 Nahanton St.,    Newton, MA 02459-2909
                                                                                   TOTALS: 0, * 7, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 19, 2019                                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 17, 2019 at the address(es) listed below:
```
              Christopher M. Candon    on behalf of Defendant Vadim  Kagan ccandon@sheehan.com,
               ntoli@sheehan.com
              Christopher M. Candon    on behalf of Defendant    ProExcavation Corp. ccandon@sheehan.com,
               ntoli@sheehan.com
              Christopher M. Candon    on behalf of Defendant Tatiana  Kagan ccandon@sheehan.com,
               ntoli@sheehan.com
              Christopher M. Candon    on behalf of Defendant    Kagan Development KDC, Corp. ccandon@sheehan.com,
               ntoli@sheehan.com
              David B. Madoff    on behalf of Trustee David  Madoff madoff@mandkllp.com,    alston@mandkllp.com
              James   Harris    on behalf of Counter-Claimant Vadim  Kagan jharris@sheehan.com,
               dhemeon@sheehan.com
              James   Harris    on behalf of Counter-Claimant    ProExcavation Corp. jharris@sheehan.com,
               dhemeon@sheehan.com
              James   Harris    on behalf of Defendant    Kagan Development KDC, Corp. jharris@sheehan.com,
               dhemeon@sheehan.com
              James   Harris    on behalf of Defendant Tatiana  Kagan jharris@sheehan.com,    dhemeon@sheehan.com
              James   Harris    on behalf of Defendant Vadim  Kagan jharris@sheehan.com,    dhemeon@sheehan.com
              James   Harris    on behalf of Defendant    ProExcavation Corp. jharris@sheehan.com,
               dhemeon@sheehan.com
              James   Harris    on behalf of Counter-Claimant    Kagan Development KDC, Corp. jharris@sheehan.com,
               dhemeon@sheehan.com
              James   Harris    on behalf of Counter-Claimant Tatiana  Kagan jharris@sheehan.com,
               dhemeon@sheehan.com
```

```
District/off: 0101-1           User: jregan              Page 2 of 2              Date Rcvd: Jan 17, 2019
                               Form ID: pdf012           Total Noticed: 9
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        John Perten    on behalf of Defendant Vadim  Kagan jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John Perten    on behalf of Defendant    ProExcavation Corp. jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John Perten    on behalf of Counter-Claimant Tatiana  Kagan jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John Perten    on behalf of Defendant  Kagan Development KDC, Corp. jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John Perten    on behalf of Counter-Claimant   ProExcavation Corp. jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John Perten    on behalf of Defendant Tatiana  Kagan jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John Perten    on behalf of Counter-Claimant Vadim  Kagan jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        John Perten    on behalf of Counter-Claimant    Kagan Development KDC, Corp. jperten@sheehan.com, bcapone@sheehan.com;akelleher@sheehan.com
        Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Nickolay  Lipetsker jcalandrelli@ocmlaw.net,  hwolti@ocmlaw.net
        Joseph P. Calandrelli    on behalf of Intervenor-Plaintiff Alex  Filippov jcalandrelli@ocmlaw.net, hwolti@ocmlaw.net
        Joseph P. Calandrelli    on behalf of Plaintiff   Lyman-Cutler, LLC jcalandrelli@ocmlaw.net, hwolti@ocmlaw.net
        Peter N. Tamposi    on behalf of Plaintiff   Lyman-Cutler, LLC peter@thetamposilawgroup.com, Judy@tlgnh.com
        Sean T. Carnathan    on behalf of Intervenor-Plaintiff Nickolay  Lipetsker scarnathan@ocmlaw.net, hwolti@ocmlaw.net
        Sean T. Carnathan    on behalf of Plaintiff   Lyman-Cutler, LLC scarnathan@ocmlaw.net, hwolti@ocmlaw.net
        Sean T. Carnathan    on behalf of Intervenor-Plaintiff Alex  Filippov scarnathan@ocmlaw.net, hwolti@ocmlaw.net
        Valentin D. Gurvits    on behalf of Miscellaneous Participant Boris  Maiden vgurvits@bostonlawgroup.com

                                                                                             TOTAL: 29

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re <br><br> LYMAN-CUTLER, LLC, <br><br> Debtor | Chapter 7 <br> Case No. 15-13881-FJB |
| LYMAN-CUTLER, LLC, et al., <br><br> Plaintiffs <br><br> v. <br><br> VADIM KAGAN et al., <br><br> Defendants | Adv. Pro. No. 16-1120 |

**MEDIATION SCHEDULING ORDER**

The parties having requested that this matter, including this adversary proceeding and the related objections to claims in the bankruptcy case1 be referred to mediation, and it appearing from the record before the Court that sufficient cause exists for the entry of this order (this "Order"), it is HEREBY ORDERED THAT:

1. The Parties shall submit their respective claims and disputes with respect to the above-referenced cases (collectively, the "Mediation Matters") to nonbinding mediation (the "Mediation").

2. The Mediation shall be conducted by the Honorable Christopher J. Panos (the "Settlement Judge"), at a time and location to be determined by the Settlement Judge after consulting with the parties. Within seven (7) days of the date of the Order, the Parties shall contact Judge Panos's Courtroom Deputy, Halina Magerowski, at (508) 770-8927 to request a time for a preliminary conference call with Judge Panos (the "Preliminary Conference").

1

3. The Settlement Judge shall control all procedural aspects of the Mediation.

4. The Mediation session is private. Unless the Settlement Judge determines otherwise, only the Parties and their relatives and legal representatives, including at least one individual with final authority to settle the Mediation Matters, may attend the Mediation. There shall be no recording of the Mediation. The Settlement Judge and the Parties shall be allowed to take personal notes during the Mediation.

5. The Parties shall participate in the Mediation in good faith to explore the possibility of a consensual resolution; provided, however, that no Party shall be required to reach a consensual resolution and the failure to reach a consensual resolution may not be used against any Party for any purpose.

6. Any oral or written statements or information made or disclosed by the Settlement Judge, by the Parties or by others in the course of the Mediation, and all records, reports, or other documents received or made by the Settlement Judge while serving in such capacity, including, without limitation, any mediation statements the Settlement Judge may direct the Parties to submit pursuant to the Preliminary Conference ("Mediation Statements") or any written comments or recommendations by the Settlement Judge as described herein, shall be confidential and shall not be divulged, shared or otherwise provided by any of the participants in the Mediation (or their agents or legal representatives) or by the Settlement Judge to the Court or to any third party; provided, however, that records, reports, or other documents received by the Settlement Judge while serving in such capacity, other than the Mediation Statements or any written comments or recommendations by the Settlement Judge may be provided to the Court, if the record, report or document would be otherwise admissible. No person may rely on or introduce as evidence in any arbitral, judicial, or other proceedings, including any hearing held by this Court in connection with the referred Mediation Matters, evidence or information pertaining to any aspect of the mediation effort, whether occurring before, during or subsequent to the mediation session, including, but not limited to: (a) views expressed or suggestions made by a Party with respect to a

possible settlement of the dispute; (b) the fact that another Party had or had not indicated willingness to accept a proposal for settlement made by the Settlement Judge; (c) proposals made or views expressed by the Settlement Judge; (d) statements or admissions made by a Party in the course of the mediation; (e) documents prepared for the purpose of, in the course of, or pursuant to the Mediation; (f) statements or actions which may otherwise constitute a waiver of a legally protected privilege; and (g) documents prepared subsequent to the Mediation which refer to any of the foregoing.

7. In addition, without limiting the foregoing, Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediation or other alternative dispute resolution procedure shall apply. Parties and their counsel may disclose information obtained at the mediation session to related individuals or members of their respective firms, who shall also be bound by the confidentiality provisions of this agreement. Information otherwise discoverable or admissible in evidence, however, does not become exempt from discovery, or inadmissible in evidence, merely by being used by a Party in or relating to a mediation session. These provisions shall not preclude a Party, its counsel, or the Settlement Judge from responding in confidence to appropriately conducted inquiries or surveys concerning the use of mediation generally. The disclosure by a Party of privileged information to the Settlement Judge shall not waive or otherwise adversely affect the privileged nature of the information.

8. Within fourteen (14) days of the conclusion of the Mediation, the Settlement Judge may notify, or instruct the parties to notify, the Court whether the matter has been settled, and the Parties shall then file the appropriate motions for approval of any settlement as may be required or appropriate under the Bankruptcy Code or Federal or Local Rules. No other information concerning the mediation may be given to the Court by the Settlement Judge or any Party.

9. The Settlement Judge shall have no obligation to make any recommendations to the Parties; provided, however, that to the extent the Settlement Judge determines productive to

resolution of any of the Mediation Matters, the Settlement Judge may furnish the attorneys for the Parties with a nonbinding written settlement recommendation. Any such written recommendation shall not be filed with the Court by the Settlement Judge or any Party.

10. The Settlement Judge shall not divulge or be compelled to divulge such records or to testify or be compelled to testify in regard to the Mediation in connection with any arbitral, judicial or other proceeding. To be clear, nothing in this Order precludes the Settlement Judge from reporting the status (though not content) of the mediation effort to the Court, or to report failures to attend or to participate in good faith in the Mediation. Aside from any complaint of judicial misconduct, there shall be no liability on the part of, and no cause of action shall arise against, any person who serves as a Settlement Judge hereunder on account of any act or omission in the course and scope of such person's duties as a Settlement Judge.

11. No subpoena, summons, citation, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

By the Court,

Date: January 16, 2019

_____
Frank J. Bailey
United States Bankruptcy Judge

4