**Plaintiff's Witnesses**

| Witness | Objection |
|---|---|
| Alex Filippov<br>c/o Counsel<br>Sean Carnathan<br>O'Connor, Carnathan & Mack | |
| Nick Lipetsker (with interpreter)<br>c/o Counsel<br>Sean Carnathan<br>O'Connor, Carnathan & Mack | |
| Dimitry Zhukovskiy<br>6 Lanark Road<br>Brookline, MA 02445 | *Defendants object to Mr. Zhukovskiy's testimony to the extent that he is anticipated to testify as to matters which relate to projects other than the Lyman-Cutler project. Testimony regarding other projects would also violate Rule 403 as it could be confusing, misleading, prejudicial, cause an undue delay and waste time.* |
| Arina Rudyakova<br>c/o Counsel<br>Sean Carnathan<br>O'Connor, Carnathan & Mack | |
| Boris Maiden<br>59 Canterbury Lane<br>Needham, MA 02492 | *Defendants object to Mr. Maiden's testimony to the extent that he is anticipated to testify as to matters which relate to projects other than the Lyman-Cutler project. Testimony regarding other projects would also violate Rule 403 as it could be confusing, misleading, prejudicial, cause an undue delay and waste time.* |
| Kristina Brusenkova<br>2 Village Rock Lane<br>Natick, MA 01760 | *Defendants object to the testimony of Ms. Brusenkova to the extent that she lacks personal knowledge as to the details of the Lyman-Cutler project or intends to testify as to matters relating to other projects. Testimony regarding other projects would also violate Rule 403 as it could be confusing, misleading, prejudicial, cause an undue delay and waste time.* |

| Witness | Objection |
|---|---|
| Elena Lande<br>One Richard Road<br>Marblehead, MA 01945 | *Defendants object to the testimony of Ms. Lande to the extent that her anticipated testimony relates to a different project and has nothing to do with the Lyman-Cutler project. Therefore, her testimony is not relevant. Defendants also assert an objection pursuant to Rule 403 as this testimony would be confusing, misleading, potentially prejudicial, cause an undue delay and waste time.* |
| Vladislav Abramskiy<br>c/o Counsel<br>R. Victoria Fuller<br>White & Williams, LLP<br>101 Arch Street, Suite 1930<br>Boston, MA 02110<br>617-748-5211 | *Defendants object to the testimony of Mr. Abramskiy to the extent that his anticipated testimony relates to a different project and has nothing to do with the Lyman-Cutler project. Therefore, his testimony is not relevant. Testimony regarding other projects would also violate Rule 403 as it could be confusing, misleading, prejudicial, cause an undue delay and waste time.*<br><br>*At deposition, Mr. Abramskiy testified that he asked unnamed contractors in Newton, Massachusetts how much it should have cost to remove ledge from one of the "Other Projects." The responses from the unnamed contractors constitute inadmissible hearsay and should be excluded per Fed. R. Evid. 801 and 802. Similarly, Mr. Abramskiy testified that Vadim Kagan allegedly told Vitaly Gassel it would have cost $30,000 to $40,000 to remove the ledge. Mr. Abramskiy's knowledge of the alleged conversation is based solely on what Mr. Gassel told him and is therefore inadmissible hearsay barred by Fed. R. Evid. 801 and 802.* |

| Witness | Objection |
|---|---|
| Mark Kayserman<br>16 Mohawk Road<br>Canton, MA 02021 | *Defendants object to the testimony of Mr. Kayserman to the extent that his anticipated testimony relates to a different project and has nothing to do with the Lyman-Cutler project. Therefore, his testimony is not relevant. Testimony regarding other projects would also violate Rule 403 as it could be confusing, misleading, prejudicial, cause an undue delay and waste time.* |
| Alexander Fodymanow<br>Believed to be in Germany | *Defendants object to the testimony of Mr. Fodymanow to the extent that his anticipated testimony relates to a different project and has nothing to do with the Lyman-Cutler project. Therefore, his testimony is not relevant. Testimony regarding other projects would also violate Rule 403 as it could be confusing, misleading, prejudicial, cause an undue delay and waste time.* |
| Tatiana Kagan<br>c/o Counsel<br>John Perten<br>Sheehan Phinney Bass + Green | |
| Joseph Cohen<br>4 79th Street<br>Newburyport, MA 01950 | |

**Plaintiff's Experts**

| Witness | Objection |
|---|---|
| David Doddridge<br>c/o Counsel<br>Sean Carnathan<br>O'Connor, Carnathan & Mack | *Defendants object to the testimony of Mr. Doddridge to the extent that he utilizes a methodology that is not sound and lacks the competence and background to testify.* |

| Witness | Objection |
|---|---|
| Morgan Fennell<br>c/o Counsel<br>Sean Carnathan<br>O'Connor, Carnathan & Mack | *Defendants object to the testimony of Mr. Fennell on the grounds of relevance, and the lack of any basis to support the opinions set forth in his expert report. Moreover, he lacks demonstrated competence to testify as to the matters set forth in his report, as more particularly set forth in Defendants' previously filed motion in limine.* |
| Michael Goldman<br>c/o Counsel<br>Sean Carnathan<br>O'Connor, Carnathan & Mack | *Defendants object to the testimony of Mr. Goldman as his opinions are neither admissible nor relevant to this dispute. Moreover, he opines on matters outside of his self-professed expertise. Defendants further refer the Court to their motion in limine to exclude Mr. Goldman's testimony.* |

## If Need Arises

| Witness | Objection |
|---|---|
| William Hartzell<br>O'Connor, Carnathan and Mack, LLC | *Defendants object to any testimony by Mr. Hartzell. Mr. Hartzell is a paralegal in plaintiffs' counsel's office. He has no personal knowledge about anything relevant to this dispute and is clearly biased. Defendants do not know what he could possibly add to this trial nor the subject matter of his potential testimony. Defendants therefore reserve all objections.* |

| Witness | Objection |
|---|---|
| Deborah Gordon<br>Coldwell Banker<br>1375 Beacon Street<br>Brookline, MA 02446 | *Defendants object to any line of questioning relating to what Ms. Gordon typically does to market real estate she has listed, and other similar testimony.  Plaintiffs do not state a negligence claim against Tatiana Kagan relating to her efforts to market the subject properties.  Plaintiffs have not identified any expert (and did not disclose Deborah Gordon as an expert at all) to opine on Tatiana Kagan's marketing efforts.  Therefore, what Ms. Gordon typically does to market properties is irrelevant and improper expert testimony.  Defendants also object to any line of questioning regarding the standard of care applicable to real estate licensees (such as Tatiana Kagan), including, but not limited to, any testimony regarding the standard of care for listing agents to present "offers" to purchase to their seller-clients.  Plaintiffs do not state a negligence claim against Tatiana Kagan.  Plaintiffs have not identified any expert (and did not disclose Deborah Gordon as an expert at all) to opine on the standard of care applicable to Tatiana Kagan.* |
| John McGregor<br>111 Standish Road<br>Milton, MA 02186 | |
| Nick Morris<br>Rockland Trust | |
| Vadim Kagan<br>c/o Counsel<br>John Perten<br>Sheehan Phinney Bass + Green | |
| Dan Gersh<br>c/o Counsel<br>John Perten<br>Sheehan Phinney Bass + Green | |

| Witness | Objection |
|---|---|
| Kirill Kagan<br>c/o Counsel<br>John Perten<br>Sheehan Phinney Bass + Green | |
| Jason Gordon<br>S. Gordon Corporation<br>87 Terrace Hall Ave.<br>Burlington, MA 01803 | |
| Greg Kiely<br>Sotheby's Realty<br>851 Main Street<br>Osterville, MA 02655 | |
| Keeper of Records Kagan Development KDC Corp. | |
| Keeper of Records ProExcavation Corp. | |
| Jose Pedro Porto<br>120 Mt. Washington Street<br>Everett, MA 02149 | |
| Erik Babayan<br>84 Warwick Ave.<br>Waltham, MA 02452 | |
| Viktor Y Ispravnikov<br>52 Charles Street<br>Natick, MA 01760 | |
| Boris Stanik<br>18 Alden Road<br>Swampscott, MA 01907 | |
| Viktor Sergeev<br>25 Van Wart Path<br>Newton, MA 02459 | |
| Sergei Nikolaev<br>29 Jayne Rd. (?)<br>Needham, MA  02484 | |

| Witness | Objection |
|---|---|
| Paul Cordeiro<br>DaCosta Construction<br>P.O. Box 4732<br>Framingham, MA  01702 | |