UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>LYMAN-CUTLER, LLC,<br><br>    Debtor. | Chapter 7<br>No. 15-13881-FJB |
| LYMAN-CUTLER, LLC, et al.,<br>    Plaintiffs,<br>    Defendants in Counterclaim,<br><br>v.<br><br>VADIM KAGAN, et al.<br>    Defendants,<br>    Plaintiffs in Counterclaim. | Adv. Proc. No. 16-01120 |

**DEFENDANTS' MEMORANDUM OF LAW
REGARDING ADMISSIBILITY OF PRIOR CRIMINAL CONVICTIONS**

Plaintiffs attempt to examine a witness, Joseph Cohen, regarding prior criminal convictions under Fed. R. Evid. 609 and 404. The records Plaintiffs filed reveal that Mr. Cohen was convicted of bank fraud in the Commonwealth of Massachusetts in July 2005. The records also indicate that in January 2007 he was convicted in Louisiana for failing to pay child support. Mr. Cohen testified at his deposition (and then corrected in his errata sheet) that his incarceration for the bank fraud charge ended in February 2008. The records provided by Plaintiffs suggest that Mr. Cohen's conviction for failing to pay child support resulted in an incarceration that ran consecutively with the bank fraud matter. That is to say, it was apparently tacked on to the end of his bank fraud incarceration. Mr. Cohen has represented that his incarceration for this crime, the failure to pay child support, ended in 2011, which is consistent with the affidavit Plaintiffs

supply with their papers.[1]  In other words, after serving his time for the bank fraud convictions which appear to have concluded in 2008, he remained incarcerated into 2011 due to the child support conviction.  The records offered by Plaintiffs lack clear indication as to when Mr. Cohen's incarceration for the bank fraud ended.  Accordingly, they have failed to meet their burden of establishing that Mr. Cohen remained incarcerated for his bank fraud conviction less than ten years prior to today's date.

In other similar circumstances, courts have analyzed each conviction in a witnesses' past separately, even when the sentences were, unlike here, served concurrently.  *See, e.g.*, *In re M&M Wireline & Offshore Servs., LLC*, No. 15-4999, 2017 U.S. Dist. LEXIS 16550, at *26 (E.D. La. Feb. 6, 2017); *Shaw v. Dodson*, No. 6:04-cv-122, 2011 U.S. Dist. LEXIS 65629, at *3 (S.D. Ga. June 21, 2011) ("Shaw is serving a life sentence and has not shown which, if any, of his convictions resulted in shorter concurrent sentences that may have elapsed more than ten years ago."); *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993).  The same mechanical process should be undertaken here.[2]  Otherwise, Plaintiffs improperly extend the admissibility of Mr. Cohen's conviction for bank fraud longer than ten years solely because he apparently was convicted of another crime (failing to pay child support) that was tacked on at the end of Mr. Cohen's punishment for bank fraud.  Such a ruling would undermine the ten year limit imposed by Rule 609(b).

---

[1] At the outset of trial, the Court instructed that witnesses are not permitted to speak to anyone, including counsel for the parties, while they remain under oath.  Given that Mr. Cohen commenced his testimony on Thursday, May 9, 2019, and will not resume until Monday, May 13, 2019, Defendants' counsel presently are unable to discuss with him the factual and procedural assertions made by Plaintiffs in their brief, on the chance that Mr. Cohen's prior convictions are the subject of future testimony.  Had Plaintiffs raised the admissibility of Mr. Cohen's convictions before trial, Defendants' counsel would have been able to obtain such information from Mr. Cohen.  Defendants' brief is therefore constrained to interpreting the documents provided by Plaintiffs without the benefit of additional information from Mr. Cohen himself.  Plaintiffs' arguments for admissibility frequently turn on assertions of fact that require testimony of Mr. Cohen, which, under the current posture, cannot be supplied.

[2] Plaintiffs attempt to lump together the prison sentences simply because Mr. Cohen stated in an affidavit that he was incarcerated for "white collar crimes" until August 4, 2011.  Mr. Cohen's used of the term "white collar crimes" presumably to describe mortgage fraud and failing to pay child support.  His characterization of failing to pay child support as a "white collar crime" does not warrant skipping the required analysis of each conviction separately.

**Mr. Cohen's Conviction for Bank Fraud**

    A. **Federal Rule of Evidence 609**

For the crime of bank fraud, Mr. Cohen was released from incarceration in 2008. As such Fed. R. Evid. 609 (b) applies. That portion of the Rule reads:

> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

*Id*.

Plaintiffs fail the second prong, as they failed to provide ***any*** written notice of intent to use Mr. Cohen's prior conviction and therefore deprived Defendants of any opportunity to contest its use prior to, or even at, commencement of trial. Failing to provide written notice is fatal. *See Denoux v. Dann Marine Towing*, CIVIL ACTION NO. 97-409 SECTION "I" (2), 1998 U.S. Dist. LEXIS 11728, at *5 (E.D. La. July 22, 1998). Providing notice, even on the eve of trial, let alone in the middle of it, has been found to be insufficient. *Ricciuti v. N.Y.C. Transit Auth.*, 90 Civ. 2823 (CSH), 94 Civ. 141 (CSH), 1998 U.S. Dist. LEXIS 5083, at *1-2 (S.D.N.Y. Apr. 13, 1998) ("Any notice given now, on the eve of trial, would be untimely."). The *Ricciutti* court noted that the required notice usually includes the date of the conviction, the jurisdiction, and the offense or statute involved, none of which was provided to Defendants. *Id*. If the words of 609 (b) (2) have any meaning, they require the exclusion of this prior conviction for purposes of impeaching Mr. Cohen's trustworthiness.

Plaintiffs contend that they should be excused from providing the type of written notice usually required, but their arguments are unavailing. First, Plaintiffs cite to *United States v. Sloman*, 909 F.2d 176, 180 (6th Cir. 1990) for the proposition that written notice is not required if the opposing party has actual knowledge of the conviction. The *Sloman* case does not stand for that proposition. *Sloman* is a criminal case and the defense did not determine that the defendant would take the stand, waiving his constitutional right against self-incrimination, until after trial was underway. Under those unique circumstances, the court excused the government's lack of additional notice. Here, Mr. Cohen was on Plaintiffs' pretrial witness list, so they knew he would testify but Plaintiffs failed to provide the notice required by the Rule.

Plaintiffs next contend that references to convictions in other pleadings should suffice. For this, they cite to cases involving motions *in limine*,[3] which Defendants concede **would have been** sufficient notice, had Plaintiffs actually filed such a motion so this issue could have been decided before trial. Without an actual pretrial motion directly on the admissibility of the convictions, Plaintiffs can point only to a footnote in a summary judgment motion, which does not provide the kind of notice contemplated by the Rule that the topic would be a part of the subsequent trial.

Even if Plaintiffs provided reasonable written notice, the crime of bank fraud has no logical connection to the facts of this case, and therefore Plaintiffs cannot satisfy their burden of demonstrating that its probative value substantially outweighs the prejudicial effect. There is no evidence in the record that Mr. Cohen had anything to do with the Lyman-Cutler construction project or the maintenance of KDC's or ProExcavation's records. There is no evidence in the record that Mr. Cohen had anything to do with the financial records of the two companies. The

---

[3] Plaintiffs cite to *Jones v. Walters*, 2016 U.S. Dist. Lexis 57454, at * 12-13 (N.D. Ill. Apr. 29, 2016) and *United States v. Morton*, 461 F. App'x 252, 254 (4th Cir. 2012), both of which involved pretrial motions *in limine* specifically addressing the admissibility of prior convictions.

only testimony so far is that Mr. Cohen drafted a construction contract in 2013 before the project started, and had no further significant involvement in that project until authoring a letter and the mechanic's lien paperwork after the project was complete in June 2015, and, for that he relied upon Dan Gersh, another KDC employee, to supply the numbers. There is nothing to connect Mr. Cohen to any of the subcontractors' or vendors' records either. Plaintiffs' entire case rests on their ability to prove the *numbers* are inaccurate, but the record indicates that Mr. Cohen was not involved with the numbers and even their own expert could only opine that although he found some of the financial records questionable, he expressly could not opine that there had been any improper payments. Whereas Plaintiffs try to connect forging documents provided to a bank, there is no evidence Mr. Cohen actually touched any of the financial documents at issue in this case.[4] Lacking probative value, the evidence is inadmissible.

Finally, Plaintiffs contend that Mr. Cohen was untruthful about his criminal background generally, which opens the door to all evidence of prior convictions, regardless of age or relevance. This argument asks too much. One cannot inquire of a witness on a topic that is otherwise inadmissible in the hopes that he/she will provide a different response than expected, and then manufacture admissibility as to credibility. Plaintiffs still must establish that the relevance of the prior conviction is not substantially outweighed by the prejudicial effect, which they cannot do.

Plaintiffs must satisfy both prongs of Fed. R. Evid. 609, but satisfy neither, so evidence of the prior conviction for mortgage fraud cannot be used to impeach Mr. Cohen's credibility.

### B. Federal Rule of Evidence 404

---

[4] There is a certain irony in this situation as Mr. Filippov testified that he himself committed bank fraud by submitting a construction contract that he believed to be non-operative and a construction loan disbursement schedule that he claimed was inflated in order to support Lyman-Cutler's application for the construction loans.

Plaintiffs offer the alternative argument that the evidence of conviction of mortgage fraud should be admitted, not to impugn Mr. Cohen's character, but for another permissible purpose under Fed. R. Evid. 404. *See* Fed. R. Evid. 404 (a) (1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). The other permissible uses are limited and narrow. They are:

> This evidence [of a prior conviction] may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404 (b) (2).

Whether Mr. Cohen defrauded a bank many years ago has no logical connection to the facts of this case. Plaintiffs contend that Mr. Cohen's prior conviction for bank fraud is probative of an "intentional plan" to defraud the investors in the Lyman-Cutler project. There is no evidence Mr. Cohen had anything to do with the financial records of KDC, ProExcavation, the subcontractors or suppliers. At best, the evidence shows that Mr. Cohen assisted in communicating those numbers to Plaintiffs. There remains, then, many broken links in the chain between Mr. Cohen's prior conduct and the acts Plaintiffs wish to prove in this case.

The passage of time also hurts Plaintiffs' argument. Even though Fed. R. Evid. 404 does not have a hard-and-fast temporal limitation like the one found in Fed. R. Evid. 609 (b) (2), courts do require a close temporal connection between the prior conviction and the conduct that is the subject of the present litigation. *See United States v. Ford*, 839 F.3d 94, 110 (1st Cir. 2016) (the passage of nine years weighed against the admissibility of the proposed evidence); *United States v. Ashley*, No. CR 04-2497 JB, 2006 U.S. Dist. LEXIS 95638, at *7-8 (D.N.M. Aug. 7, 2006) (prior convictions inadmissible because, among other things, they were not close

in time to the crime for which the defendant was charged in this matter). When applying Rule 404, courts conduct an analysis under Fed. R. Evid. 403 to determine that the probative value significantly outweighs the prejudicial effect. *Ford*, 839 F.3d at 109. The last eleven years have severed any possible connection between the prior conviction for mortgage fraud and this dispute in which, the evidence will show, Mr. Cohen had very little involvement until the parties reached an impasse on paying for the cost of construction.

**Mr. Cohen's Conviction for Failing to Pay Child Support**

    **A. Federal Rule of Evidence 609**

Mr. Cohen indicates that he was convicted of the felony of failing to pay child support. Unlike the conviction for mortgage fraud, his release from incarceration on that conviction occurred within the prior ten years, so Fed. R. Evid. 609 (b) does not apply. Under those circumstances, Defendants do not contest the admissibility of the prior conviction for failing to pay child support for the limited purpose of impeaching Mr. Cohen's credibility. As discussed below, however, Defendants object to its use for any other purpose.

    **B. Federal Rule of Evidence 404**

Plaintiffs' contention that failing to pay child support constitutes evidence of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident is specious. A wide gulf exists between failing to pay child support and allegedly spending too much to build two luxury homes. *See United States v. Biswell*, 700 F.2d 1310, 1317-18 (10th Cir. 1983) (There must be a clear and logical connection between the evidence and the case being tried; thus, the evidence must be relevant.). As the court stated in *Leon v. FedEx Ground Package Sys.*, 313 F.R.D. 615, 624 (D.N.M. 2016), "When bad-act evidence is both relevant and admissible for a proper purpose, the proponent must clearly articulate how that

7

evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the bad act." (internal quotation omitted). At best, the act of not paying child support might have a tendency to show Mr. Cohen did not pay his financial obligations. This case is the opposite, however, as it relates to the Plaintiffs' refusal to pay for the homes that were constructed.

Again, the temporal distance also undercuts Plaintiffs' attempt to use Mr. Cohen's prior conviction for failing to pay child support. Twelve years have passed since Mr. Cohen's conviction and eight years have passed since he was released from incarceration for that crime. Whether Mr. Cohen failed to pay child support over a decade ago is too distant in time to have any relevance to this case, and, as such, the evidence is inadmissible.

WHEREFORE, Defendants respectfully request that this honorable Court:

A. Hold that, except for Mr. Cohen's prior conviction for failing to pay child support being used to impeach Mr. Cohen's credibility, evidence of his prior convictions are otherwise inadmissible; and

B. Grant such additional and further relief as the Court deems necessary.

Dated:  May 11, 2019                VADIM KAGAN, ET AL.

By their attorneys,

/s/ John H. Perten, Esq.
John H. Perten (BBO# 548728)
James P. Harris (BBO # 678283)
SHEEHAN PHINNEY BASS & GREEN, P.A.
255 State Street, Fifth Floor
Boston, MA 02109
(617) 897-5600
jperten@sheehan.com
jharris@sheehan.com

## CERTIFICATE OF SERVICE

I, John H. Perten, hereby certify that on May 11, 2019, copies of the foregoing Defendants' Memorandum of Law Regarding Admissibility of Prior Criminal Convictions was served by the Court's ECF system or by first class U.S. mail on those parties listed on the attached service list:


Dated:  May 11, 2019              /s/ John H. Perten
                                  John H. Perten

## SERVICE LIST

Eric K. Bradford
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Sean T. Carnathan
O'Connor, Carnathan and Mack, LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

David B. Madoff
Madoff & Khoury LLP
124 Washington Street - Suite 202
Foxborough, MA 02035

Steffani Pelton Nicholson
Madoff & Khoury LLP
124 Washington Street
Foxborough, MA 02035

Sarah A Smegal
Hackett Feinberg P.C.
155 Federal Street
9th Floor
Boston, MA 02110

Joseph P. Calandrelli
O'Connor Carnathan and Mack LLC
1 Van De Graaff Drive
Suite 104
Burlington, MA 01772

Stephen G. DeLisle
Rubin and Rudman LLP
50 Rowes Wharf
3rd Floor
Boston, MA 02110

Peter N. Tamposi
The Tamposi Law Group
159 Main Street
Nashua, NH 03060

David C. Phalen
Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

/s/ John H. Perten
John H. Perten